LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS KNOWLES and THOMAS HICKS,

Plaintiffs,

vs.

PACIFIC GAS AND ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,

Defendant.

Case No. C 07-2284 JCS

**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: September 4, 2007
Time: 1:30 p.m.
Dept: A
Judge: Hon. Joseph C. Spero

Complaint Filed: April 27, 2007

# TABLE OF CONTENTS


Page

NOTICE OF MOTION AND MOTION TO DISMISS ..... 1

STATEMENT OF ISSUES AND RELIEF REQUESTED ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. SUMMARY OF ARGUMENT ..... 2

II. STATEMENT OF FACTS AND COMPLAINT ALLEGATIONS ..... 2

III. DISCUSSION ..... 5

A. All of Plaintiffs' Claims Require Interpretation of the Collective Bargaining Agreement and are Therefore Preempted by Section 301 of the Labor Management Relations Act. ..... 5

1. Plaintiffs' Breach of Contract Claim Requires Interpretation of the Collective Bargaining Agreement. ..... 6

2. Plaintiffs' Breach of the Covenant of Good Faith Claim Is Preempted Because Resolution of the Claim Requires Interpretation of the Collective Bargaining Agreement. ..... 7

3. Plaintiffs' Age Discrimination Claim Is Preempted Because Resolution of the Claim Requires Interpretation of the Collective Bargaining Agreement. ..... 8

B. Plaintiffs Waived Their Right To Sue For Breach Of Contract Pursuant To The Severance Agreements ..... 9

C. Plaintiffs' "Specific Performance" Count and "Malice, Oppression and Fraud" Count are Mispled Damage Prayers and Not Claims. ..... 11

IV. CONCLUSION ..... 12


LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# TABLE OF AUTHORITIES

Page

## Federal Cases

Abrego Abrego v. The Dow Chem. Co.
443 F.3d 676 (9th Cir. 2006) ........ 10

Allis-Chalmers Corp. v. Lueck
471 U.S. 202 (1985) ........ 5, 8, 9

Audette v. ILWU
195 F.3d 1007 (9th Cir. 1999) ........ 8

Beals v. Kiewit Pacific Company, Inc.
114 F.3d 892 (9th Cir. 1997) ........ 6, 7

Branch v. Tunnell
14 F.3d 449 (9th Cir. 1994) ........ 3

Busey v. P.W. Supermarkets, Inc.
368 F.Supp.2d 1045 (N.D. Cal. 2005) ........ 3

Caterpillar Inc. v. Williams
482 U.S. 386 (1987) ........ 5

Eaton v. Siemens
2007 WL 1500724, #1, fn. 5 (E.D. Cal. 2007) ........ 3

Franchise Tax Board v. Construction Laborers Vacation Trust of So. Cal.
463 U.S. 1 (1983) ........ 1, 3, 4, 5

Harara v. ConocoPhillips Co.
377 F.Supp.2d 779 (N.D. Cal. 2005) ........ 11

Humble v. Boeing
305 F.3d 1004 (9th Cir. 2002) ........ 5

Laws v. Calmat
852 F.2d 430 (9th Cir. 1988) ........ 6

Lingle v. Norge Division of Magic Chef, Inc.
486 U.S. 399 (1988) ........ 5, 9

Local 174, Teamsters v. Lucas Flour Co.
369 U.S. 95, 103 (1962) ........ 5

Madison v. Motion Picture Set Painters and Sign Writers Local 729
\ 132 F.Supp.2d 1244 (C.D.Cal. 2000) ........ 9

McGowen v. Nestle Food Co.
2007 WL 173768, *4-*5 (E.D.Cal. 2007) ........ 8

Olguin v. Sipiration Conol. Copper Co.
740 F.2d 1468 (9th Cir. 1984) .......... 6

Parrino v. FHP, Inc.
146 F.3d 699 (9th Cir.1998) .......... 10

Young v. Anthony's Fish and Grotto's, Inc.
830 F.2d 993 (9th Cir. 1987) .......... 6, 7, 8

## State Cases

Casa Herrera, Inc. v. Beydoun
(2004) 32 Cal.4th 336 .......... 10

Foley v. Interactive Data Corp.
(1988) 47 Cal. 3d 654 .......... 7

Grieves v. Sup. Ct.
(1984) 157 Cal.App.3d 159 .......... 11

Linsley v. Twentieth Century Fox Film Corp.
(1999) 75 Cal.App.4th 762 .......... 10

Marani v. Jackson
(1986) 183 Cal.App.3d 695 .......... 11

## Federal Statutes

29 U.S.C. § 185(a) .......... 5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on September 4, 2007 at 1:30 p.m., or as soon thereafter as counsel may be heard in the above-titled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Pacific Gas and Electric Company ("PG&E") will, and hereby does, move this Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7 of the Northern District Local Rules of Court for an order dismissing this action for failure to state a claim upon which relief can be granted and for lack of jurisdiction.

The Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Requests for Judicial Notice, the pleadings on file herein and such arguments and admissible evidence as may be presented at the time of hearing.

**STATEMENT OF ISSUES AND RELIEF REQUESTED**

1. **PG&E requests dismissal of the Complaint because all claims[1] are preempted by Section 301 of the Labor Management Relations Act ("Section 301").** Section 301 completely preempts state law claims that are based on the interpretation of a collective bargaining agreement. The collectively-bargained agreement in this case was negotiated between PG&E and the International Brotherhood of Electrical Workers, Local 1245 ("IBEW"), and each of Plaintiffs' claims alleges a violation of terms and conditions of that labor agreement. "[T]he preemptive force of Section 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" Franchise Tax Board v. Construction Laborers Vacation Trust of So. Cal. (1983) 463 U.S. 1.

2. **PG&E requests dismissal of the Second Cause of Action (Specific Performance) and the Fifth Cause of Action (Malice, Oppression and Fraud) because these claims for relief do not state causes of action.** Under California law, the second and fifth causes of action state requests for remedies and do not state causes of action.

[1] Plaintiffs' claims are for Breach of Contract, Specific Performance, Breach of the Covenant of Implied Good Faith and Fair Dealing, Age Discrimination, and Malice, Fraud and Oppression.

**3. PG&E requests dismissal of the Complaint because all claims were waived upon plaintiffs entering into Severance Agreements with PG&E.** These agreements contain a release of said claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Plaintiffs Knowles and Hicks ("plaintiffs"), former fleet maintenance employees for PG&E, were members of a collective bargaining unit – The International Brotherhood of Electrical Workers, Local 1245. The terms and conditions of plaintiffs' employment were governed by only one agreement – a PG&E-IBEW collective bargaining agreement, and any claims alleging violation of collectively-bargained agreements are exclusively governed by federal law.

Plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act ("LMRA") because they are based upon the terms of a collective bargaining agreement between PG&E and IBEW.

Also, plaintiffs knowingly waived any alleged rights to sue PG&E for breach of contract or discrimination by entering into Severance Agreements for which they received valuable consideration for a release of all claims related to their employment.

## II. STATEMENT OF FACTS AND COMPLAINT ALLEGATIONS

The complaint contains little detail of the employment of plaintiffs Knowles and Hicks at PG&E. Plaintiffs claim they were employed in a classification that included "power generation" employees.[2] Power generation employees are represented for collective bargaining purposes by the IBEW and because plaintiffs were members of the bargaining unit, the terms and conditions of their employment were governed by a collective bargaining agreement entered into by IBEW and PG&E. (See Agreement Between Pacific Gas & Electric Company and Local Union

2 While plaintiffs argue that they were power generation employees, they were actually employed as mechanics assigned to manage PG&E's automotive fleet. See Complaint, Dec. of Hollingshead, ¶ 6. For purposes of this motion, the actual job title is irrelevant because both positions are covered by the PG&E-IBEW collective bargaining agreement. Ex. A, pp. 117, 128-34.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Number 1245 of the International Brotherhood of Electrical Workers ("the CBA") Ex. A.[3]) The CBA established the IBEW as the exclusive representative "with respect to rates of pay, hours of employment and other conditions of employment" for all unionized positions. (CBA, Ex. A, § 2.1 at p. 1.)

Though plaintiffs do not explicitly so state, the complaint seems to indicate they were employed at a PG&E power plant called the Geysers. (Complaint, ¶¶ 2, 4-5.) PG&E operated the Geysers until 1999 when it sold the plant. (Id., ¶ 4.) To ensure the new owners could safely continue operations of the plant, the California Public Utilities Commission required that PG&E enter into two-year agreements for the operation and maintenance of the plant. (Id., ¶¶ 4-5.)

From time to time, as part of the negotiated labor relationship, PG&E and the IBEW form Ad Hoc Negotiating Committees to agree upon and create letter agreements to resolve pending issues. Once executed by PG&E and the IBEW, these letter agreements become part of the collective bargaining agreement and are enforceable as part of that agreement. (CBA, Ex. A, §§ 400.1-400.4.)

In 1997, PG&E and IBEW agreed upon a benefits package for certain employees laid off by the divestiture of the power plants. (Letter Agreement, RJN, Ex. B, p. 2.[4]) The benefits package was memorialized in a Letter Agreement dated April 14, 1997, and applied only to "Title 200 Steam Generation" employees. ("Letter Agreement, Ex. B, p. 1.) The Letter Agreement was executed in Ad Hoc Negotiations pursuant to sections 400.1-400.4 of the CBA and, therefore, was incorporated into the CBA. (Ex. B, p. 2; Ex. A, §§ 400.1-400.4.) The CBA granted qualified employees preferential reemployment rights for up to 30 months after a layoff. (Ex. A, § 206.13, p. 50.) However, the Letter Agreement increased the reemployment rights for

---

[3] PG&E respectfully requests the Court take judicial notice of the pertinent CBA, Exhibit "A," attached to PG&E's Request for Judicial Notice ("RJN"), filed herewith. See, e.g., Eaton v. Siemens, 2007 WL 1500724, #1, fn. 5 (E.D. Cal. 2007) (taking judicial notice of collective bargaining agreement in evaluating motion to dismiss); Busey v. P.W. Supermarkets, Inc., 368 F.Supp.2d 1045, 1049-1050 (N.D. Cal. 2005) (same).

[4] Because the Letter Agreement is a contractual part of the collective bargaining agreement, it is a proper subject for judicial notice. See supra, fn. 1; see also Branch v. Tunnell, 14 F.3d 449, 453-4 (9th Cir. 1994), overruled on other grounds, Galbraith v. Count of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (Court may consider documents relied on in complaint but not attached to complaint in evaluating motion to dismiss, when authenticity of those documents is not questioned); see Complaint, ¶ 5; Complaint, Dec. of Hollingshead, ¶ 3.

generation employees to 60 months:

Reemployment Provisions (206.13(a)) as follows:

> Notwithstanding any other provision of this Agreement a regular employee who has been laid off for lack of work pursuant to the provision of this Agreement for a period not in excess of 60 months and who had one or more years of Service at the time of layoff.

(Letter Agreement, Ex. B, p. 4.)

PG&E sold the Geysers' plants in 1999 and continued to operate the plant for another two years. (Complaint, ¶ 4.) Plaintiffs worked at the Geysers until the end of this two-year period in 2001. (Complaint, Dec. of Hollingshead, ¶ 3.)

After the expiration of the operation and maintenance agreement, PG&E no longer required employees to work at the plant. In May 2001, plaintiffs were laid off, and on July 2, 2001, each executed a Severance Agreement and Release ("Severance Agreement"). (Ex. C-D, p. 1, ¶ 1; p. 5). These Severance Agreements specifically confirmed the parties' intent to "compromise, resolve, settle and terminate any dispute or claim between them with respect to [plaintiffs'] employment with PG&E and severance therefrom." (Id., Exs. C and D, p. 1.) Each plaintiff received more than $58,000 as consideration for promises and releases that included:

- Each plaintiff released and "agrees to hold harmless PG&E, its . . . employees . . . from all actions, causes of action, claims, disputes, judgments, obligations, damages, liabilities of whatsoever kind or character relating to [plaintiffs'] employment with PG&E." (Id., Ex. C-D, p. 1, ¶ 4.)
- Each agreed not to initiate any lawsuit or proceeding against PG&E. (Id., Ex. C-D, p. 3, ¶¶ 11-12.)
- Each affirmed that he had been given an opportunity to review the contents of the agreement and had been advised to consult legal counsel of his choosing. (Id., Ex. C-D, p. 4, ¶ 16.)

On or about August 23, 2006, plaintiffs filed a civil lawsuit raising the same causes of action reflected in the subject lawsuit (the "first action"). On or about October 30, 2006, plaintiffs voluntarily dismissed that action and later filed a demand for arbitration with the American Arbitration Association to address the claims raised in the first action. Apparently, due to a misunderstanding regarding the arbitration process, plaintiffs filed the subject lawsuit on April 26, 2007, again raising the same claims as in the first action and in the pending arbitration.

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## III. DISCUSSION

### A. All of Plaintiffs' Claims Require Interpretation of the Collective Bargaining Agreement and are Therefore Preempted by Section 301 of the Labor Management Relations Act.

When the basis of an employee's claims against his employer alleges violation of a collective bargaining agreement, that claim is cognizable only under Section 301,[5] and all state remedies based on the claim are barred as preempted by federal law. Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962). In the area of labor relations and collective bargaining, preemption converts a state common-law complaint into one stating a federal claim. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). The United States Supreme Court has held that:

> [T]he preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of Section 301. Franchise Tax board of Cal. V. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983).

Section 301's preemptive force extends beyond contract claims to any state-law claim the resolution of which needs the interpretation of a collective bargaining agreement. Humble v. Boeing, 305 F.3d 1004, 1007 (9th Cir. 2002); Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 220 (1985).

Section 301 preemption applies even if a civil complaint does not make reference to specific sections of a collective bargaining agreement. Under the "artful pleading" doctrine, a plaintiff may not avoid Section 301 by avoiding reference to the agreement:

> [I]f an employee attempts to escape application of Section 301 by alleging only state violations – when in fact the claims implicate the [CBA] – the employee will be subject to the artful pleading doctrine which 'requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be adjudicated under the appropriate federal law.' [citation omitted]. In this way, an employee subject to a [CBA] will not be able to avoid the application of federal laws

[5] Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

by filing only state claims. Laws v. Calmat, 852 F.2d 430, 432 (9th Cir. 1988) overruled on other grounds, Cramer v. Consol. Freightways, 255 F.3d 683, 691-692 (9th Cir. 2001); see also, Olguin v. Sipiration Conol. Copper Co., 740 F.2d 1468 (9th Cir. 1984).

Section 301 also prevents a plaintiffs' "artful" attempts to avoid preemption by making reference to other contracts. (See Complaint, ¶ 14.) Confirming the ruling in Laws, supra, the Ninth Circuit in Young v. Anthony's Fish and Grotto's, Inc., 830 F.2d 993, 997 (9th Cir. 1987) looked beyond the complaint to determine whether the claim was really for breach of a labor agreement.

In Young, plaintiffs' complaint alleged breach of an oral contract, but did not disclose the existence of a collective bargaining agreement. The Ninth Circuit ruled that because the subject matter of the complaint was a job position covered by the bargaining agreement, the oral agreement alleged could only be effective as part of that agreement. Therefore, "the collective bargaining agreement controls and the claim is preempted." Young, 830 F.2d at 997. Similarly, in Beals v. Kiewit Pacific Company, Inc., 114 F.3d 892, 894 (9th Cir. 1997), the court confirmed that an alleged independent employment agreement that concerns a job position covered by a collective bargaining agreement can only be effective as part of that collective bargaining agreement.

Plaintiffs here claim their alleged right to reemployment preference through two mechanisms. First, they claim they inherently had this right due to their employment status. (Complaint at ¶ 27.) Second, they claim this right due to an alleged oral contract. (Complaint at ¶ 6.)

1. Plaintiffs' Breach of Contract Claim Requires Interpretation of the Collective Bargaining Agreement.

Plaintiffs claim they were employed in positions that were part of the bargaining unit, and claim violations of the CBA. This claim alone requires interpretation of the collective bargaining agreement and therefore is preempted.

A close examination of the plaintiffs' complaint shows that their breach of contract claim is based on a purported right to a 60-month reemployment preference, a right contained only in the CBA.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Plaintiffs frequently allege in their complaint that they were entitled to preferential reemployment rights because of an alleged oral contract, or because they were steam generation employees.[6] (See, e.g., Complaint at ¶ 5 ("Plaintiffs were entitled to the benefits package because they were affected by the divestiture as well and were, by all definitions, power generation employees."); Id. at ¶ 27 ("At the time of the divestiture, plaintiffs believed that they were entitled to the entirety of the benefits package since they should have been classified as power generation employees."); Id. at ¶ 46 ("Plaintiffs were entitled to Defendant PG&E's benefits package, and in particular, the 60 month right to reemployment benefit. This is based on their job title, job description, and responsibilities following divestiture.").)

While the CBA granted 30 months of preferential reemployment rights to all members of the bargaining unit, the Letter Agreement increased this benefit to 60 months solely for steam generation employees. (Ex. A, § 206.13, p. 50; Letter Agreement, Ex. B, p. 4.)

The subject matter of the alleged oral contract was covered by the CBA. Because, "any 'independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement,'" the CBA controls and the contract claim is preempted. See, Young, 830 F.2d at 997 (holding that claim for breach of alleged oral contract was preempted because "the collective bargaining agreement controls"); Beals, 114 F.3d at 894 ("any 'independent agreement of employment [concerning a job position covered by the CBA] could be effective only as part of the collective bargaining agreement.'") (brackets in original) (citation omitted).

Plaintiffs' contract claim is preempted under section 301.

2. Plaintiffs' Breach of the Covenant of Good Faith Claim Is Preempted Because Resolution of the Claim Requires Interpretation of the Collective Bargaining Agreement.

Plaintiff's breach of covenant claim is equivalent to a claim for breach of an obligation arising out of the contract. Foley v. Interactive Data Corp. (1988) 47 Cal. 3d 654, 690, 696, 700. Assessing a claim of a contractual obligation of good faith inevitably involves interpretation of

[6] Steam Generation employees are members of the IBEW bargaining unit and encompassed within the CBA. Exhibit A, pp. 128-34.

the collective bargaining agreement, and it is preempted to the same extent as a breach of contract claim. Allis-Chalmers, 471 U.S. at 218-19; Audette v. ILWU, 195 F.3d 1007, 1112 (9th Cir. 1999). Allowing plaintiffs to recast contract claims as implied covenant tort claims would allow them to evade Section 301. Young, 830 F.2d at 1001. See, also, Allis-Chalmers, 471 U.S. at 218 (because a breach of the covenant of good faith and fair dealing claim not only derives from the contract, but is defined by the contractual obligation of good faith, any attempt to assess liability inevitably will involve contract interpretation.)

Plaintiffs allege that defendant acted "in bad faith with the intent to frustrate plaintiffs' enjoyment of their contractual rights" in breach of the covenant of good faith and fair dealing. Thus, it is impossible to resolve plaintiffs' claim of a breach of the covenant without reference to the CBA.

Plaintiffs' breach of covenant claim is preempted by section 301 of the LMRA.

3. Plaintiffs' Age Discrimination Claim Is Preempted Because Resolution of the Claim Requires Interpretation of the Collective Bargaining Agreement.

Plaintiffs' claim that because of their age, they were stripped of rights that were available to them by *contract.* (Complaint, ¶ 46.) Although a "free-standing" discrimination claim is not barred by section 301, courts take a different view when the factual basis of a discrimination claim is grounded in an alleged violation of a CBA.

In Audette, supra, plaintiffs sought registration as longshoremen pursuant to a settlement agreement relating to a prior gender discrimination action. Audette, 195 F.3d at 1110. Defendant refused plaintiffs' request because the registrations could not be accomplished without violating terms of the pertinent CBA. The court found that determination of whether defendant had a legitimate nondiscriminatory reason for the refusal to register plaintiffs depended on whether the registrations could be provided consistent with the terms of the CBA. Id. at 1112-3. Because resolution of the dispute required interpretation of the CBA, the court found that plaintiffs' discrimination claims were preempted by section 301. Id. at 1113. See also McGowen v. Nestle Food Co., 2007 WL 173768, *4-*5 (E.D.Cal. 2007) (finding plaintiffs' disability discrimination claim under FEHA pre-empted by section 301 because defendant could offer a



LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

legitimate, non-discriminatory reason for its actions if it could show they were done pursuant to the terms of the CBA); Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F.Supp.2d 1244, 1254, 1259 (C.D.Cal. 2000) (finding plaintiffs' race discrimination claims under FEHA pre-empted by section 301 when defendant could offer a legitimate, non-discriminatory reason for its actions if it could show they were done pursuant to the CBA).

The important principle to consider is whether plaintiffs, who are masters of their complaint, chose to frame the discrimination claim so that it turns on interpretation of a collective bargaining agreement. Preemption analysis does not turn on the label a plaintiff assigns a claim but whether interpretation of the agreement is central to the claim. Allis-Chalmers, 471 U.S. at 211; Lingle, 486 U.S. at 406.

Here, plaintiffs' only basis for discrimination is an alleged breach of a labor agreement. Central to plaintiffs' claim is the denial of a 60-month reemployment preference. Id., 44-45. They allege PG&E failed to honor its promises and in so doing, "discriminated against plaintiffs in the conditions of their reemployment." (Id., ¶ 47-48.) PG&E's denial of benefits was based upon the CBA which did not include plaintiffs within the scope of those employees entitled to increased reemployment rights. Plaintiffs' allegations and PG&E's reasons for denial benefits are all intertwined with the terms of the CBA.

In sum, plaintiffs' claim of age discrimination against PG&E is based on an alleged denial of reemployment benefits allegedly due plaintiffs under the CBA. Therefore, interpretation of the CBA is required in order to resolve plaintiffs' age discrimination claim, and the claim is preempted under section 301 of the LMRA.

**B. Plaintiffs Waived Their Right To Sue Pursuant To The Severance Agreements**

Plaintiffs claim that they were wrongfully denied employment benefits to which they were entitled under the CBA. However, even if, *arguendo*, plaintiffs' position is correct, which PG&E denies, they waived their rights to any such employment benefits by entering into Severance Agreements with PG&E.

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

In California, "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." C.C. § 1856(a). See, also, C.C. § 1625 ("The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.")

Further, the parole evidence rule "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." The rule applies to any type of contract, and its purpose is to make sure that the parties' final understanding, deliberately expressed in writing, shall not be changed. Iconix at 977, quoting Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 343 (2004).

In the current case, the Severance Agreement entered into between each plaintiff and PG&E contained an integration clause as follows: the Agreement "sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties. . . ." (Ex. C-D, ¶ 14.[7])

By entering into the Severance Agreements, plaintiffs also released PG&E from all obligations, liabilities, and claims of any kind relating to the plaintiffs' employment with PG&E. (Ex. C-D, ¶¶ 4-6; see, also, Id. at ¶ 16 ("PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS"). Plaintiffs released claims for discrimination, including based on age; and/or any claim or obligation for any employment benefits, including preferential reemployment rights, based on the CBA and/or alleged oral agreement. (Id.) (See also Linsley v. Twentieth Century Fox Film Corp., 75 Cal.App.4th 762, 769 (1999) ("A release of unlawful discrimination claims under the FEHA under the circumstances present here was fully enforceable.")).

---

[7] A district court ruling on a motion to dismiss may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiffs'] pleading." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998) (citation omitted), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006). In addition, defendant requests the court take judicial notice of the Severance Agreements attached to defendant's counter-claim filed herewith.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Further, the Severance Agreement voided any oral agreement that may have been entered into after the signing of the Severance Agreement. Specifically, the signators to the Severance Agreement expressly "agree[d] that this Severance Agreement and Release may not be modified or canceled in any manner except by a writing signed by [plaintiff] and an authorized PG&E official." Ex. C-D, ¶ 15. Such a clause nullifies any subsequent oral modification of the contract. See, C.C. § 1698 ("Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration.") (Emphasis added) Marani v. Jackson, 183 Cal.App.3d 695, 704 (1986) ("A contract in writing may be subsequently modified by an oral agreement only if (i) the written contract does not contain an express provision requiring that modification be in writing") (citation omitted).

The Severance Agreements superseded and replaced any alleged oral agreement made prior to or after the execution of the payments. Further, plaintiffs expressly agreed to release all claims against PG&E by entering into the Severance Agreements. Therefore, plaintiffs' claims herein have been waived by them and they should be dismissed.

**C. Plaintiffs' "Specific Performance" Count and "Malice, Oppression and Fraud" Count are Mispled Damage Prayers and Not Claims.**

Finally, plaintiffs improperly denominated certain prayers for relief as "claims." Specifically, plaintiffs' Count Two is for "Specific Performance" and their Count Five is for "Malice, Oppression and Fraud." Neither count states a cause of action. Rather, each count is a prayer for relief.

Count Two for specific performance does not state a cause of action under California law. See Harara v. ConocoPhillips Co., 377 F.Supp.2d 779, 796, (N.D. Cal. 2005), citing 5 Witkin, California Procedure, Pleading § 740 (4th ed. 1997) ("Specific performance is a form of contractual relief, not an independent claim."). Similarly, as to Count Five, "[t]here is no cause of action for punitive damages. Punitive or exemplary damages are remedies. . . . Punitive damages are merely incident to a cause of action, and can never constitute the basis thereof." Grieves v. Sup. Ct., 157 Cal.App.3d 159, 163-4 (1984).

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## IV. CONCLUSION

All of plaintiffs' claims are dependent upon interpretation of a CBA, and are preempted under section 301. Further, plaintiffs waived their rights to sue PG&E for the causes of action herein.

DATED: July 30, 2007

LAFAYETTE & KUMAGAI LLP

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
PACIFIC GAS & ELECTRINC COMPANY

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on July 30, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ *Susan T., Kumagai*
SUSAN T. KUMAGAI

PGE\Know\Pldg\Motion to Dismiss.doc