1  LAFAYETTE & KUMAGAI LLP
2  GARY T. LAFAYETTE (State Bar No. 088666)
   SUSAN T. KUMAGAI (State Bar No. 127667)
3  GLEN TURNER (State Bar No. 212417)
   100 Spear Street, Suite 600
4  San Francisco, California 94105
   Telephone:   (415) 357-4600
5  Facsimile:    (415) 357-4605
   skumagai@lkclaw.com
6  gturner@lkclaw.com

7  STEPHEN L. SCHIRLE (State Bar No. 96085)
   MARK H. PENSKAR (State Bar No. 77725)
8  DARREN P. ROACH (State Bar No. 159998)
   77 Beale Street, B30A
9  P.O. Box 7442
   San Francisco, California 94105
10 Telephone: (415) 973-6345
   Facsimile: (415) 973-5520
11 dprc@pge.com

12 Attorneys for Defendant
   PACIFIC GAS AND ELECTRIC COMPANY

13                UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 THOMAS KNOWLES and THOMAS            Case No. C 07-2284 JCS
   HICKS,
17
              Plaintiffs,
18
   vs.
19                                       **PACIFIC GAS AND ELECTRIC**
   PACIFIC GAS & ELECTRIC COMPANY,      **COMPANY'S COUNTERCLAIM FOR**
20 DEANNA RADFORD, and DOES 1-20,       **BREACH OF CONTRACT AGAINST**
                                         **COUNTERDEFENDANTS THOMAS**
21            Defendants.                **KNOWLES AND THOMAS HICKS**

22 ─────────────────────────────────

23 PACIFIC GAS & ELECTRIC COMPANY,

24            Counterclaimant,

25 vs.                                   **JURY DEMANDED**

26 THOMAS KNOWLES and THOMAS
   HICKS,
27
              Counterdefendants.
28 ─────────────────────────────────

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

PG&E'S COUNTERCLAIM FOR BREACH OF CONTRACT AGAINST COUNTER-
DEFENDANTS THOMAS KNOWLES AND THOMAS HICKS
Case No. C07-2284 JCS

Counterclaimant Pacific Gas and Electric Company ("PG&E") alleges as follows:

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

1.     Counterclaimant PG&E is a regulated utility that provides gas and electric power to Northern and Central California. PG&E is a California corporation with its principal place of business in San Francisco, California.

2.     This Court has jurisdiction to adjudicate this matter because a defendant may, and in some cases must, state a counterclaim it possesses against any opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. (Federal Rules of Civil Procedure 13)  The damages requested by PG&E exceed $50,000.00 per counterdefendant.

3     This Court is the proper court because of operation of Federal Rules of Civil Procedure 13, and because the contracts at issue in this action were executed in Northern California.

4.     Counterdefendants Thomas Knowles ("Knowles") and Thomas Hicks ("Hicks") are former PG&E employees. They were employed as Fleet Maintenance mechanics and were members of a bargaining unit represented by the Local Union Number 1245 of the International Brotherhood of Electrical Workers ("IBEW"). While employed by PG&E, Knowles and Hicks' employment was governed by the terms of an agreement between Pacific Gas and Electric Company and the IBEW ("the CBA").

5.     On or about May 7, 2001, Knowles and Hicks were laid off.

6.     Knowles and Hicks each entered into a Severance Agreement and Release with PG&E, which agreement related to his separation from PG&E.  Among other things, Knowles and Hicks each agreed to release PG&E from any claims, rights or privileges that they may have had relating to their employment with PG&E in exchange for valuable consideration. The valuable consideration included the cash payment of $58,183.24 to Knowles and $67,520.59 to Hicks.  (Exhibit "A," Knowles' Severance Agreement and Release, Pg. 1; Exhibit "B," Hicks' Severance Agreement and Release, Pg. 1 (collectively referred to herein as the "Severance

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PG&E'S COUNTERCLAIM FOR BREACH OF CONTRACT AGAINST COUNTER-
DEFENDANTS THOMAS KNOWLES AND THOMAS HICKS
Case No. C07-2284 JCS

1  Agreements").)

2       7.    Under the Severance Agreements, Knowles and Hicks each agreed to hold PG&E

3  harmless from actions, causes of action and claims relating to his employment with PG&E

4  including those arising under federal, state or local laws relating to employment discrimination

5  based on age, contract or tort.  (Severance Agreements, ¶ 4)  Further, each counterdefendant

6  understood the release extended to all claims whatsoever, known or unknown under section 1542

7  of the California Civil Code.  (Severance Agreements, ¶ 5)

8       8.    In Paragraph 6 of the Severance Agreements, the Knowles and Hicks each

9  promised "not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any

10  claim released by him/her under this Severance Agreement and Release." They agreed that a

11  violation of this paragraph constituted a material breach of the Severance Agreements.

12  (Severance Agreements, ¶ 6)

13      9.    In Paragraph 11 of the Severance Agreements, Knowles and Hicks agreed that if

14  they initiated a proceeding, other than a contractually-defined arbitration proceeding, that each

15  would repay the amount he received under the Severance Agreements.  They also agreed that in

16  the event of a failed challenge to the Severance Agreements, they each would "pay PG&E any

17  loss, cost, damage, or expense, including, without limitation, attorneys' fees PG&E incurred in

18  the proceeding. . . ." (Severance Agreements, ¶ 11)

19      10.   In Paragraph 12 of the Severance Agreements, Knowles and Hicks agreed to repay

20  to PG&E the valuable consideration received in exchange for the promises made by each of them

21  in the event of a material breach of the Severance Agreements.

22      11.   In Paragraph 15, Knowles and Hicks agreed that the Severance Agreements fully

23  superseded any and all prior agreements and understandings, and that any future agreements had

24  to be contained in a writing executed by an authorized PG&E official.  In Paragraph 16, Knowles

25  and Hicks agreed that they understood the terms of the Severance Agreements, had been advised

26  to seek legal counsel of their choosing, and that the only agreements made are those contained in

27  the Severance Agreements. (Severance Agreements ¶¶ 15-16)  Finally, Knowles and Hicks were

28  warned as follows: "PLEASE READ CAREFULLY.  THIS SEVERANCE AGREEMENT

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 357-4600
FAX (415) 357-4605

3

1  AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS."

2  (Severance Agreements Pg. 5)

3      12.    Counterclaimant PG&E has performed all the terms and conditions required of it

4  under the terms of the Severance Agreements and PG&E detrimentally relied upon Knowles' and

5  Hicks' promises and representations reflected in the Severance Agreements.

6      13.    Counterdefendants Knowles and Hicks initiated an action against PG&E in this

7  Court entitled *Thomas Knowles and Thomas Hicks v. Pacific Gas And Electric Company,*

8  *Deanna Radford, and Does 1-2*0, Action No. C 07-2284 on April 17, 2007, claiming breach of

9  contract, breach of the covenant of good faith and fair dealing, and age discrimination (the

10  "underlying action").   Counterdefendants' lawsuit seeks damages for alleged denial of

11  employment benefits.

12      14.    The filing of the underlying action constitutes a material breach of the Severance

13  Agreements by Knowles and Hicks.

14      15.    Each of the counterdefendants knew or should have known that the initiation of

15  the underlying action would constitute a material breach of the Severance Agreements.

16      16.    As a direct, foreseeable and proximate result of counterdefendants' material

17  breach of the Severance Agreements, counterclaimant PG&E has been damaged in amounts to be

18  proven, including the valuable consideration paid to counterdefendants pursuant to the Severance

19  Agreements and costs, interest and attorneys fees.

20              **SECOND CAUSE OF ACTION**
   **(Breach of the Covenant of Good Faith and Fair Dealing)**
21

22      17.    Counterclaimants incorporate by reference paragraphs 1 through 16 of this

23  counterclaim as though fully set forth herein.

24      18.    PG&E paid valuable consideration to Knowles and Hicks in exchange for releases

25  of claims.

26      19.    The Severance Agreements entered into by countercomplainant PG&E and

27  counterdefendants Knowles and Hicks each contained an implied covenant of good faith and fair

28  dealing, which obligated counterdefendants, and each of them, to perform the terms and

4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   conditions fairly and in good faith, and refrain from doing any act that would prevent or impede,

2   or deprive counterclaimant of the benefits of the contract.

3       20.   Counterclaimant performed all of the duties and conditions of the Severance

4   Agreements. Counterclaimant relied upon counterdefendants' promises and assurances to honor

5   their promises contained in the Severance Agreements. Counterdefendants knew that

6   counterclaimant fulfilled all of its duties and conditions under the Severance Agreements.

7       21.   Counterdefendants Knowles and Hicks breached the implied covenant of good

8   faith and fair dealing under the Severance Agreements by filing the underlying action seeking

9   alleged employment benefits, claims that counterdefendants expressly released upon execution of

10  the Severance Agreements.

11      22.   Counterdefendants' bad faith conduct caused counterclaimant to incur losses

12  including valuable consideration paid to counterdefendants for release of claims contained in the

13  Severance Agreements and attorneys fees, interest and costs.

14      23.   As a proximate result of counterdefendants' breach of the implied covenant of

15  good faith and dealing, counterclaimant continues to suffer consequential economic damages.

16      WHEREFORE, Counterclaimant prays for judgment as follows:

17      1.   Dismissal of the underlying action filed by counterdefendants;

18      2.   Damages in the amount of the valuable consideration paid to each

19  counterdefendant, plus interest;

20      3.   Costs of suit and attorney fees; and

21      4.   Such other relief as the Court may see fit to grant.

22  Dated: July 30, 2007                    LAFAYETTE & KUMAGAI LLP

23                                          /s/ Susan T. Kumagai
                                            SUSAN T. KUMAGAI
24                                          Attorneys for Defendant and Counterclaimant
                                            PACIFIC GAS & ELECTRIC COMPANY
25

26  PGE\Know\Pldg\Counter-claim.doc

27

28                                                                              5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PG&E'S COUNTERCLAIM FOR BREACH OF CONTRACT AGAINST COUNTER-
DEFENDANTS THOMAS KNOWLES AND THOMAS HICKS
Case No. C07-2284 JCS

# EXHIBIT A

 SEVERANCE AGREEMENT AND RELEASE

This Severance Agreement and Release is made and entered into between Mr. THOMAS KNOWLES and the Pacific Gas and Electric Company (PG&E). Mr. KNOWLES and PG&E (collectively referred to as "the parties"), in their wish to compromise, resolve, settle, and terminate any dispute or claim between them with respect to Mr. KNOWLES employment with PG&E and severance therefrom, have agreed as follows:

1.   Effective close of business, 5/7/2001 Mr. KNOWLES was laid off from PG&E employment.

2.   Within fourteen (14) calendar days after the effective date of this Severance Agreement and Release as determined in accordance with paragraph 14 of this agreement, PG&E shall pay to Mr. KNOWLES the amount of $58,183.24, less applicable deductions. Mr. KNOWLES understands he/she is responsible for paying any taxes on the amount paid to him/her pursuant to this Severance Agreement and Release. The parties understand and agree that the payment provided in this paragraph is in addition to, and does not affect, any payment and benefit to which Mr. KNOWLES may be otherwise entitled under PG&E's compensation, performance incentive, stock option, and other benefit programs.

3.   Mr. KNOWLES represents that he/she does not have any pending claim, charge or action in or with any federal, state or local court or any administrative agency against PG&E, its officers, attorneys, agents, employees, subsidiaries, parent company, and affiliated companies.

4.   In consideration for the payment which PG&E shall provide Mr. KNOWLES under this Severance Agreement and Release, Mr. KNOWLES in behalf of his/herself, his/her heirs, estate, executors, administrators, successors, and assigns, releases and agrees to hold harmless PG&E, its officers, attorneys, agents, employees, assigns, subsidiaries, parent company, affiliated companies, and successors, from all actions, causes of action, claims, disputes, judgments, obligations, damages, liabilities of whatsoever kind and character, relating to Mr. KNOWLES employment with PG&E, including his/her employment severance and any action which led to the severance. Specifically, Mr. KNOWLES understands and agrees that the actions, causes of action, claims, disputes, judgments, obligations, damages, and liabilities covered by the preceding sentence include, but are not limited to, those arising under any federal, state, or local law, regulation, or order relating to civil rights (including employment discrimination on the basis of race, color, religion, age, sex, national origin, ancestry, physical handicap, medical condition, veteran status, marital status, and sexual orientation), wage and hour, labor, contract, or tort.

5.   Mr. KNOWLES understands and agrees, that this Severance Agreement and Release extends to all claims of every nature and kind whatsoever, known or unknown, suspected or unsuspected, past or present, and all rights under Section 1542 of the California Civil Code are his/hereby expressly waived. Such section reads as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, which if known to his/her must have materially affected his/her settlement with the debtor.

6: Mr. KNOWLES agrees not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any claim released by him/her under this Severance Agreement and Release. Mr. KNOWLES understands and agrees that, if he/she violates his/her promise in the preceding sentence, he/she has engaged in a material breach of this Severance Agreement and Release. This paragraph, however, shall not prohibit Mr. KNOWLES from participating in an Equal Employment Opportunity Commission investigation or proceeding, if subpoenaed to do so by the Equal Employment Opportunity Commission. PG&E acknowledges that Mr. KNOWLES may be legally required to appear and testify at a deposition, court hearing or trial, or otherwise respond to a subpoena. In the event of any such request, Mr. KNOWLES shall notify PG&E Human Resources of such request.

7. Mr. KNOWLES represents and agrees that prior to signing this Severance Agreement and Release, he/she returned to PG&E all originals and copies of all files, memoranda, records, software, credit cards, identification cards, keys, and any other property of PG&E or its affiliates which he/she had in his/her possession, custody or control.

8. Mr. KNOWLES agrees not to use, disclose, publicize, or circulate any secret, confidential or proprietary information concerning PG&E, its subsidiaries, parent company, or affiliates, which has come to his/her attention during his/her employment with PG&E, unless his/her doing so is consistent with any rights he/she may have under any applicable whistleblower laws, is authorized in writing by PG&E's Human Resources Department or is required by law, including subpoena. Before making any legally-required disclosure, Mr. KNOWLES shall give PG&E as much advance notice as possible. Mr. KNOWLES further agrees that his/her violation of this paragraph shall constitute a material breach of this Severance Agreement and Release.

9. Mr. KNOWLES agrees that, if called upon to do so, he/she will cooperate with, and provide reasonable assistance to, PG&E to protect and further its lawful interests in all judicial, administrative, investigative, and legislative proceedings involving PG&E or any aspect of its operations. The parties agree that this paragraph does not affect Mr. KNOWLES's legitimate exercise of his/her rights under applicable whistleblower laws or his/her obligation to comply with all validly-issued court or administrative orders, including subpoenas. Mr. KNOWLES further agrees that his/her violation of this paragraph shall constitute a material breach of this Severance Agreement and Release.

10. Mr. KNOWLES understands and agrees that if he/she engages, or has engaged, in misconduct that would warrant his/her termination of employment under PG&E's employee conduct standards and the collective bargaining agreement's just cause standard, he/she shall forfeit his/her right to sign this Severance Agreement and Release.

11. Any dispute regarding any aspect of this Severance Agreement and Release, including its validity, interpretation, or any action which would constitute a violation of this Severance Agreement and Release (hereinafter referred to as an "arbitrable dispute") shall be resolved by an experienced arbitrator, selected by the parties in accordance with the rules of the American Arbitration Association. The fees of the arbitrator and the cost associated with producing a transcript of the proceedings shall be paid in equal shares by Mr. KNOWLES and PG&E. The parties agree that arbitration shall be the exclusive remedy for resolving arbitrable disputes and that the decision of the arbitrator shall be final and binding. The judgment rendered by the arbitrator on any award may be entered in any court having competent jurisdiction. The parties agree that this paragraph shall not apply to the lawful exercise of any right Mr. KNOWLES may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

Mr. KNOWLES understands and agrees that, if he/she initiates a proceeding, other than an arbitration proceeding as described above, to set aside or challenge the validity of this Severance Agreement and Release, he/she shall repay to PG&E the payment he received under this Severance Agreement and Release concurrent with his/her initiation of the proceeding. Mr. KNOWLES's failure to make the prescribed repayment shall be a basis for rejecting his attempt to set aside or challenge the validity of this Severance Agreement and Release. Mr. KNOWLES further understands and agrees that, if his/her attempt to set aside or challenge the validity of this Severance Agreement and Release is rejected, he/she shall pay to PG&E any loss, cost, damage, or expense, including, without limitation, attorney's fees PG&E incurred in the proceeding, within seven (7.) calendar days from the final decision rejecting his/her attempt. Further, not withstanding the foregoing, if Mr. KNOWLES obtains against a monetary judgment or settlement against PG&E for a claim released by him/her under this Severance Agreement and Release, the payment he/she received under this Agreement shall be deducted from any such judgment or settlement. The parties agree that this paragraph shall not apply to the lawful exercise of any right Mr. KNOWLES may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

12. Mr./Ms. KNOWLES agrees that, if he/she engages in a material breach of this Severance Agreement and Release, he/she shall repay to PG&E the payment he/she received under this Severance Agreement and Release within seven (7) calendar days upon written demand by PG&E. The parties agree that this paragraph shall not apply to the lawful exercise of any right Mr. KNOWLES may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

13. This Severance Agreement and Release shall not be considered an admission of liability or a violation of any applicable contract, law, rule, regulation, or order of any kind.

14. Mr. KNOWLES understands and agrees that all claims he/she may have arising under the Age Discrimination in Employment Act before he/she signs this Severance Agreement and Release are covered by paragraphs 4 and 5 of this Severance Agreement and Release and that his/her waiver of those age discrimination claims is an integral part of the release aspect of this agreement. Therefore, consistent with the Older Workers Benefit Protection Act, Mr. KNOWLES states that he/she was informed that, when given this Severance Agreement and Release, he/she could take up to 45 calendar days to consider its provisions. Mr. KNOWLES was also advised that he/she may elect to sign this Severance Agreement and Release before the expiration of the 45-day consideration period, but is under no obligation to shorten the period. Mr. KNOWLES further understands that, if he/she signs this Severance Agreement and Release by affixing his/her signature and date in the "EMPLOYEE." "*Social Security,*" and "DATE" sections of this agreement below, he/she may revoke it within seven (7) calendar days of the agreement's execution. To revoke this Severance Agreement and Release, Mr. KNOWLES must submit to the local Human Resources Department, a signed statement to that effect by close of business of the seventh (7th) day. If Mr. KNOWLES does not timely submit a revocation, this Severance Agreement and Release shall become effective on the eighth (8th) day after the date entered in the "DATE" section below.

15. This Severance Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter of this Severance Agreement and Release. This Severance Agreement and Release, however, shall not affect any right either party has or may have against the other regarding Worker's Compensation claims and Supplemental Benefit payments made for those claims. The parties agree that this Severance Agreement and Release may not be modified or canceled in any manner except by a writing signed by Mr./Ms KNOWLES and an authorized PG&E official. If any provision of this release is found to be unenforceable, all other provisions will remain fully enforceable.

16. Mr. KNOWLES states that he/he/she has read this Severance Agreement and Release in its entirety, that he/she has been given the necessary time to consider its contents, that he/he/she fully understands its terms, that he/she has been advised that he/he/she should consult legal counsel of his/her choosing, that the only promises made to him/his/her to sign are those stated herein, and that he/he/she is signing this Severance Agreement and Release voluntarily.

PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE
INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

_____          _____
PACIFIC GAS AND ELECTRIC COMPANY          EMPLOYEE

                                          558727505
                                          _____
                                          Social Security

7/6/01                                    6-29-01
_____          _____
DATE                                      DATE

**EXHIBIT B**





## SEVERANCE AGREEMENT AND RELEASE

This Severance Agreement and Release is made and entered into between Mr.
THOMAS HICKS and the Pacific Gas and Electric Company (PG&E). Mr. HICKS and PG&E
(collectively referred to as "the parties"), in their wish to compromise, resolve, settle, and
terminate any dispute or claim between them with respect to Mr HICKS employment with
PG&E and severance therefrom, have agreed as follows:

1.    Effective close of business, 5/7/2001 Mr. HICKS was laid off from PG&E employment.

2.    Within fourteen (14) calendar days after the effective date of this Severance Agreement
      and Release as determined in accordance with paragraph 14 of this agreement, PG&E
      shall pay to Mr. HICKS the amount of $67,520.59, less applicable deductions. Mr. HICKS
      understands he/she is responsible for paying any taxes on the amount paid to him/her
      pursuant to this Severance Agreement and Release. The parties understand and agree
      that the payment provided in this paragraph is in addition to, and does not affect, any
      payment and benefit to which Mr. HICKS may be otherwise entitled under PG&E's
      compensation, performance incentive, stock option, and other benefit programs.

3.    Mr. HICKS represents that he/she does not have any pending claim, charge or action in or
      with any federal, state or local court or any administrative agency against PG&E, its
      officers, attorneys, agents, employees, subsidiaries, parent company, and affiliated
      companies.

4.    In consideration for the payment which PG&E shall provide Mr. HICKS under this
      Severance Agreement and Release, Mr. HICKS in behalf of his/herself, his/her heirs,
      estate, executors, administrators, successors, and assigns, releases and agrees to hold
      harmless PG&E, its officers, attorneys, agents, employees, assigns, subsidiaries, parent
      company, affiliated companies, and successors, from all actions, causes of action, claims,
      disputes, judgments, obligations, damages, liabilities of whatsoever kind and character,
      relating to Mr. HICKS employment with PG&E, including his/her employment severance
      and any action which led to the severance. Specifically, Mr. HICKS understands and
      agrees that the actions, causes of action, claims, disputes, judgments, obligations,
      damages, and liabilities covered by the preceding sentence include, but are not limited to,
      those arising under any federal, state, or local law, regulation, or order relating to civil
      rights (including employment discrimination on the basis of race, color, religion, age, sex,
      national origin, ancestry, physical handicap, medical condition, veteran status, marital
      status, and sexual orientation), wage and hour, labor, contract, or tort.

5.    Mr. HICKS understands and agrees that this Severance Agreement and Release extends
      to all claims of every nature and kind whatsoever, known or unknown, suspected or
      unsuspected, past or present, and all rights under Section 1542 of the California Civil
      Code are his/hereby expressly waived. Such section reads as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, which if known to his/her must have materially affected his/her settlement with the debtor.

6. Mr. HICKS agrees not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any claim released by him/her under this Severance Agreement and Release. Mr. HICKS understands and agrees that, if he/she violates his/her promise in the preceding sentence, he/she has engaged in a material breach of this Severance Agreement and Release. This paragraph, however, shall not prohibit Mr. HICKS from participating in an Equal Employment Opportunity Commission investigation or proceeding, if subpoenaed to do so by the Equal Employment Opportunity Commission. PG&E acknowledges that Mr. HICKS may be legally required to appear and testify at a deposition, court hearing or trial, or otherwise respond to a subpoena. In the event of any such request, Mr. HICKS shall notify PG&E Human Resources of such request.

7. Mr. HICKS represents and agrees that prior to signing this Severance Agreement and Release, he/she has returned to PG&E all originals and copies of all files, memoranda, records, software, credit cards, identification cards, keys, and any other property of PG&E or its affiliates which he/she had in his/her possession, custody or control.

8. Mr. HICKS agrees not to use, disclose, publicize, or circulate any secret, confidential or proprietary information concerning PG&E, its subsidiaries, parent company, or affiliates, which has come to his/her attention during his/her employment with PG&E, unless his/her doing so is consistent with any rights he/she may have under any applicable whistleblower laws, is authorized in writing by PG&E's Human Resources Department or is required by law, including subpoena. Before making any legally-required disclosure, Mr. HICKS shall give PG&E as much advance notice as possible. Mr. HICKS further agrees that his/her violation of this paragraph shall constitute a material breach of this Severance Agreement and Release.

9. Mr. HICKS agrees that, if called upon to do so, he/she will cooperate with, and provide reasonable assistance to, PG&E to protect and further its lawful interests in all judicial, administrative, investigative, and legislative proceedings involving PG&E or any aspect of its operations. The parties agree that this paragraph does not affect Mr. HICKS's legitimate exercise of his/her rights under applicable whistleblower laws or his/her obligation to comply with all validly-issued court or administrative orders, including subpoenas. Mr. HICKS further agrees that his/her violation of this paragraph shall constitute a material breach of this Severance Agreement and Release.

10. Mr. HICKS understands and agrees that if he/she engages, or has engaged, in misconduct that would warrant his/her termination of employment under PG&E's employee conduct standards and the collective bargaining agreement's just cause standard, he/she shall forfeit his/her right to sign this Severance Agreement and Release.

11. Any dispute regarding any aspect of this Severance Agreement and Release, including its validity, interpretation, or any action which would constitute a violation of this Severance Agreement and Release (hereinafter referred to as an "arbitrable dispute") shall be resolved by an experienced arbitrator, selected by the parties in accordance with the rules of the American Arbitration Association. The fees of the arbitrator and the cost associated with producing a transcript of the proceedings shall be paid in equal shares by Mr. HICKS and PG&E. The parties agree that arbitration shall be the exclusive remedy for resolving arbitrable disputes and that the decision of the arbitrator shall be final and binding. The judgment rendered by the arbitrator on any award may be entered in any court having competent jurisdiction. The parties agree that this paragraph shall not apply to the lawful exercise of any right        Mr. HICKS may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

Mr. HICKS understands and agrees that, if he/she initiates a proceeding, other than an arbitration proceeding as described above, to set aside or challenge the validity of this Severance Agreement and Release, he/she shall repay to PG&E the payment he received under this Severance Agreement and Release concurrent with his/her initiation of the proceeding. Mr. HICKS's failure to make the prescribed repayment shall be a basis for rejecting his attempt to set aside or challenge the validity of this Severance Agreement and Release. Mr. HICKS further understands and agrees that, if his/her attempt to set aside or challenge the validity of this Severance Agreement and Release is rejected, he/she shall pay to PG&E any loss, cost, damage, or expense, including, without limitation, attorney's fees PG&E incurred in the proceeding, within seven (7) calendar days from the final decision rejecting his/her attempt. Further, not withstanding the foregoing, if Mr. HICKS obtains against a monetary judgment or settlement against PG&E for a claim released by him/her under this Severance Agreement and Release, the payment he/she received under this Agreement shall be deducted from any such judgment or settlement. The parties agree that this paragraph shall not apply to the lawful exercise of any right Mr. HICKS may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

12. Mr./Ms. HICKS agrees that, if he/she engages in a material breach of this Severance Agreement and Release, he/she shall repay to PG&E the payment he/she received under this Severance Agreement and Release within seven (7) calendar days upon written demand by PG&E. The parties agree that this paragraph shall not apply to the lawful exercise of any right Mr. HICKS may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act.

13. This Severance Agreement and Release shall not be considered an admission of liability or a violation of any applicable contract, law, rule, regulation, or order of any kind.

14. Mr. HICKS understands and agrees that all claims he/she may have arising under the Age Discrimination in Employment Act before he/she signs this Severance Agreement and Release are covered by paragraphs 4 and 5 of this Severance Agreement and Release and that his/her waiver of those age discrimination claims is an integral part of the release aspect of this agreement. Therefore, consistent with the Older Workers Benefit Protection Act, Mr. HICKS states that he/she was informed that, when given this Severance Agreement and Release, he/she could take up to 45 calendar days to consider its provisions. Mr. HICKS was also advised that he/she may elect to sign this Severance Agreement and Release before the expiration of the 45-day consideration period, but is under no obligation to shorten the period. Mr. HICKS further understands that, if he/she signs this Severance Agreement and Release by affixing his/her signature and date in the "EMPLOYEE," "*Social Security*," and "DATE" sections of this agreement below, he/she may revoke it within seven (7) calendar days of the agreement's execution. To revoke this Severance Agreement and Release, Mr. HICKS must submit to the local Human Resources Department, a signed statement to that effect by close of business of the seventh (7th) day. If Mr. HICKS does not timely submit a revocation, this Severance Agreement and Release shall become effective on the eighth (8th) day after the date entered in the "DATE" section below.

15. This Severance Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter of this Severance Agreement and Release. This Severance Agreement and Release, however, shall not affect any right either party has or may have against the other regarding Worker's Compensation claims and Supplemental Benefit payments made for those claims. The parties agree that this Severance Agreement and Release may not be modified or canceled in any manner except by a writing signed by Mr./Ms HICKS and an authorized PG&E official. If any provision of this release is found to be unenforceable, all other provisions will remain fully enforceable.

16. Mr. HICKS states that he/he/she has read this Severance Agreement and Release in its entirety, that he/she has been given the necessary time to consider its contents, that he/he/she fully understands its terms, that he/she has been advised that he/he/she should consult legal counsel of his/her choosing, that the only promises made to him/his/her to sign are those stated herein, and that he/he/she is signing this Severance Agreement and Release voluntarily.

**PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE
INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_Arlene Lee_

PACIFIC GAS AND ELECTRIC COMPANY        EMPLOYEE

549883618
Social Security

1/2/01                                   6/25/01

DATE                                     DATE