Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:    (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.<br><br>Defendants. | Case No.:   C-07-2284-JCS<br><br>**PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE.**<br><br>Date: September 7, 2007<br>Time: 1:30 p.m.<br>Dept.: A<br><br>Complaint Filed: April 27, 2007 |

/ / / /

/ / / /

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:   C-07-2284
Plaintiffs' Opposition to Motion to Dismiss                                      1

# TABLE OF AUTHORITIES

Page

**Federal Cases:**

*Beneficial Nat. Bank v. Anderson*
(2003) 539 U.S. 1................................................................. 6

*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*
(1968) 390 U.S. 557............................................................. 6

*Fox v. Parker Hannifin Corp.*
(6th Cir. 1994) 914 F.2d 795.................................................. 6

*DeCoe v. Gen. Motors Corp.*
(6th Cir. 1994) 32 F.3d 212................................................... 6, 7

*Livadas v. Bradshaw*
(1994) 512 U.S. 107............................................................. 6, 7

*Lingle v. Norge Division of Magic Chef, Inc.*
(1988) 486 U.S. 399.............................................................7, 9

*Young v. Anthony's Fish Grottos, Inc.*
83 F.2d 993...................................................................... 7


**State Cases:**

*Bowman v. Santa Clara*
(1957) 153 CA2d 707.......................................................... 11

*Buckner v. A. Leon & Co.*
204 Cal.225..................................................................... 11

*Crawford v. France*
219 Cal.439..................................................................... 11

*Stockburger v. Dolan*
14 Cal.2d 313................................................................... 11

*Lindsay v. Mack*
5 Cal.App.2d 491..............................................................11

*Gibson v. De La Salle Institute*
66 Cal.App.2d 609.............................................................11

*Knowles & Hicks v. PG & E, et al.*                    2
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

*Morey v. Vannucci*
(1998) 64 CA4th 904.................................................................. 11

*Medical Operations Management v. National Health Laboratories, Inc.*
(1986) 176 Cal.App.3d 886. ..................................................... 11

*Masterson v. Sine*
(1968) 68 C2d 222.................................................................... 12

*Bionghi v. Metropolitan Water Dist. of So. Calif.*
(1999) 70 CA4th 1358............................................................. 12

*Pacific State Bank v. Greene*
(2003) 110 CA4th 375............................................................. 12

*Wallis v. Farmers Group, Inc.*
(1990) 220 Cal.App.3d 718...................................................... 12

*Esbensen v. Userware Int'l, Inc.*
(1992) 11 CA4th 631............................................................... 12

*Hayter Trucking, Inc. v. Shell Western E & P, Inc.*
18 CA4th 1............................................................................ 12

*Casa Herrera, Inc. v. Beydoun*
(2004) 32 Cal.4th 336............................................................. 12

*Allan v. Snow Summit, Inc.*
(1996) 51 CA4th 1375............................................................. 12

*Graham v. Scissor-Tail, Inc.*
28 Cal.3d 807........................................................................ 13

*Casey v. Proctor*
(1963) 59 Cal.2d 97............................................................ 13, 14

*Raynale v. Yellow Cab Co.*
115 Cal.App. 90..................................................................... 14

*Meyer v. Haas*
126 Cal.560........................................................................... 14

*Mairo v. Yellow Cab Co.*
208 Cal.350........................................................................... 14

*Knowles & Hicks v. PG & E, et al.*                    3
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

*M. G. Chamberlain & Co. v. Simpson*

173 Cal.App.2d 263.........................................................................................14

*Jordan v. Guerra*

23 Cal.2d 469..............................................................................................14


Federal Statutes:

29 U.S.C. § 185(a) ......................................................................................6,7


State Statutes:

California Civil Code § 1542.........................................................................13

/ / / /

/ / / /

*Knowles & Hicks v. PG & E, et al.*    4
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' Opposition to Defendants' Motion to Dismiss Complaint.

## I.    INTRODUCTION

Plaintiffs Thomas Knowles and Thomas Hicks (hereinafter collectively called "Plaintiffs") filed an action in Superior Court. Shortly thereafter, Plaintiffs were informed by Defendant Pacific Gas & Electric Company (hereinafter called "Defendant PG & E") that the case must be removed to federal court. Plaintiffs voluntarily removed the case to federal court. Further, Plaintiffs were informed by Defendant PG & E that the entire action was bound by an arbitration clause, and that any remedy that Plaintiffs might have would only be determined by arbitration. Defendant PG & E notified Plaintiffs that if they did not voluntarily dismiss their action, Defendant PG & E would make a motion to compel arbitration. Plaintiffs agreed and dismissed the action, without prejudice. The parties agreed upon an arbitrator and submitted their arguments to arbitration.

Then, Defendant PG & E changed their argument. They notified Plaintiffs that the arbitration clause was inapplicable and that if Plaintiffs had any recourse, it would be exclusively through the federal court. Plaintiffs were left with no choice but to re-file in federal court. Defendant PG & E has from the very beginning done everything possible to twist this case around, and to prevent Plaintiffs from obtaining employee benefits that they had been promised, and benefits that they had detrimentally relied upon. Now, Defendant PG & E has filed this instant Motion to Dismiss.

## II.    BACKGROUND

Plaintiffs were employees of Defendant PG & E. As discussed in detail in Plaintiffs' Complaint, a divestiture occurred in 1999, where the California Public Utility Commission placed an obligation on Defendant PG & E to have a two year Operation and Maintenance period (hereinafter called "O & M period"). During this time, Defendant PG & E's expertise were to be made available to whoever purchased the power plant. Defendant PG & E created a benefits package for all power generation employees affected by the divestiture. The benefits package

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

5

1   included a sixty (60) month right to re-employment with Defendant PG & E. Plaintiffs were

2   affected by the divestiture. They were promised the 60 month right to re-employment and

3   because of such promise, they entered into a Severance Agreement. Further, and because of the

4   promised 60 month right to re-employment, Plaintiffs did not exercise their right to re-

5   employment until shortly before the 60 months had ended.

6       Plaintiffs detrimentally relied on their promised 60 month right to re-employment.

    Defendant PG & E made this promise to them to induce them to accept the severance agreement

7   and work at the Geysers. Plaintiffs have already, through their own investigation and discovery,

8   obtained statements from PG & E employees and supervisors, which support and confirm such

9   oral agreement by Defendant PG & E.

10

11                          III.    ARGUMENT

12  A.    Section 301 Of The Labor Management Relations Act Does Not Preempt Plaintiffs'
           Claims Since Such Claims Are Independent Of The Rights Under The Collective
13         Bargaining Agreement.

14

15      Section 301(a) of the Labor-Management Relations Act (LMRA) provides that the

16  federal district courts have plenary jurisdiction, without regard to citizenship or amount in

17  controversy, over "[s]uits for violation of contracts between an employer and a labor

18  organization representing employees." 29 U.S.C. § 185(a). As Defendant PG & E so craftily

19  states, the Supreme Court has recognized that the "unusually powerful pre-emptive force of §

20  301," [*Beneficial Nat. Bank v. Anderson*, (2003) 539 U.S. 1, 7] places it in the small category of

21  statutes that "not only pre-emp[t] state law but also authoriz[e] removal of actions that sought

22  relief only under state law." [Ibid., quoting *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of

    Machinists and Aerospace Workers*, (1968) 390 U.S. 557]

23      However, what Defendant PG & E fails to mention is that, Section 301's sphere of

24  complete pre-emption extends to state law claims that are "SUBSTANTIALLY DEPENDENT

25  on analysis of a collective bargaining agreement." It does not reach claims that only

26  "tangentially involve CBA provisions." [*see Fox v. Parker Hannifin Corp.* (6th Cir. 1990) 914

27  F.2d 795, 799-800; *see also DeCoe v. Gen. Motors Corp.* (6th Cir. 1994) 32 F.3d 212, 216

28  ("[S]ection 301 preempts state law rules that *substantially* implicate the meaning of collective

    bargaining agreement terms."); *Livadas v.Bradshaw*, 512 U.S. 107, 124 (1994), emphasis added]

*Knowles & Hicks v. PG & E, et al.*                    6
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

> [E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes. [*DeCoe, supra*, at p. 216]

Section 301 will *not* preempt a claim that involves rights and obligations that are independent of a Collective Bargaining Agreement. The U.S. Supreme Court has held that a state law remedy for retaliatory discharge is independent of a Collective Bargaining Agreement, and thus not subject to preemption, if its resolution involves purely factual questions pertaining to the conduct of the employee and the conduct and motivation of the employer. [*see Lingle vs. Norge Division of Magic Chef, Inc.* (1988) 486 U.S. 399,407]

The Labor Management Relations Act does not preempt every public policy claim brought by an employee covered by collective bargaining agreement; a claim is not preempted if it poses no significant threat to the collective bargaining process and furthers state interest in protecting public transcending employment relationship. [*see Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993]

The Court has stated that "...Section 301 cannot be read broadly to pre-empt non-negotiable rights conferred on individual employees as a matter of state law" [*see Livadis vs. Bradshaw* (1994) 512 U.S. 107,123] "The bare fact that the Collective Bargaining Agreement will be *consulted* in the course of the state law litigation does not require the claim to be extinguished." [*Id.*, at p. 124, emphasis added] The court applies a two-step approach to deciding whether § 301 pre-emption applies to a state-law claim. [*see DeCoe, supra*, at p. 216] First, we examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, we ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both arises from state law and does not require contract interpretation, then there is no preemption. [*see DeCoe, supra*, at p. 216]

i.    Breach of Contract and Specific Performance

In 1997, Defendant PG & E created a benefits package for certain employees laid off by the divestiture of the power plants. Part of this package granted qualified employees preferential reemployment rights. Plaintiffs were not initially part of this selective group of "qualified employees." Notwithstanding this fact, Plaintiffs wanted to be guaranteed reemployment as

*Knowles & Hicks v. PG & E, et al.*    7
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

well. As such, in 1999, Plaintiffs and Defendant PG & E, represented by Defendant Deanna Radford, entered into an oral agreement, by which Plaintiffs agreed that in exchange for working during the two year O & M period as Base Personnel, Defendant PG & E would give them a 60-month right to re-employment. This agreement was made by Defendant Deanna Radford, on behalf of Defendant PG & E, and was independent of the collective bargaining agreement.

Plaintiffs were promised a 60-month right to re-employment. This promise was conferred by oral agreement. Pursuant to such promise, Plaintiffs did not elect their rights until shortly before the 60-month period lapsed. Defendant PG & E and their employees, managers, and staff, including Defendant Deanna Radford, failed to honor their end of the agreement with Plaintiffs, and by failing to honor Plaintiffs' 60 month right to re-employment, Defendants PG & E and Deanna Radford breached their agreement. Defendants PG & E and Deanna Radford breached their oral agreement, as well as their subsequent confirmations to honor the 60 month right to re-employment.

This oral agreement was not a specific, bargained for condition of their collective bargaining agreement. At best, this oral agreement, to which they seek specific performance to remedy the breach, only tangentially involves their collective bargaining agreement (hereinafter called "CBA"). The enforcement of this oral promise is not substantially dependent on analysis of a CBA. References made to the CBA, if any, would only involve consultation of the agreement, not interpretation. Thus, their claims as to breach of contract and specific performance are not preempted.

    ii.    <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Any implied covenant of good faith and fair dealing pertains to the oral agreement between Defendant PG & E and Plaintiffs. As argued above, this oral agreement only tangentially involves their CBA. The enforcement of this oral promise and its implied covenant of good faith and fair dealing is not substantially dependent on analysis of a CBA. Therefore, this claim is not preempted by LMRA. It should be noted that Defendants, themselves, assert a cause of action for Breach of Covenant of Good Faith and Fair Dealing in their counterclaim to Plaintiffs' Complaint.

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

8

iii.   <u>Discrimination in Employment – California Government Code § 12940(a)</u>

In *Lingle vs. Norge Division of Magic Chef, Inc.* [(1988) 486 U.S. 399], the U.S. Supreme Court held that a state law remedy for retaliatory discharge is independent of a Collective Bargaining Agreement, and thus not subject to preemption, if its resolution involves purely factual questions pertaining to the conduct of the employee and the conduct and motivation of the employer. While the claim subject to this action is based on discrimination, both discrimination and retaliatory discharge are similar in that they both require factual questions regarding knowledge and investigation pertaining to what conduct by the employee is being retaliated against and what is the motivation of the employee in taking the challenged actions. By analogy, if the state law remedy for retaliatory discharge is independent of a CBA, so is a state law action for discrimination in employment.

Both Plaintiffs are over forty years old, and they believe that their age was one of the motivating factors in Defendant PG & E's refusal to re-employ and honor their oral promise. Investigation of this claim is a factual question based on their age and the specific motivation of Defendant PG & E for not honoring their oral promise, which is again, independent of their CBA, and thus, not preempted.

iv.   <u>Malice, Oppression, and Fraud</u>

Defendant PG & E, through their employee, Defendant Deanna Radford, represented to Plaintiffs that they would have a 60-month right to re-employment. This promise was repeatedly given to Plaintiffs and pursuant to such promise, Plaintiffs worked during the O & M period. Relying reasonably and justifiably on these representations, Plaintiffs worked during the two year O & M period, and did not attempt to reclaim their right to re-employment until shortly before the 60-month time period.

When Plaintiffs asserted their right to re-employment, Defendant Deanna Radford, on behalf of PG & E, confirmed that they would have such right. Subsequent to this confirmation, Defendant Radford took her statement back and intentionally changed her position. Defendant Radford denied ever making such oral agreement (even though there were several other witnesses to such communication), and denied confirming such right when Plaintiffs made their request for re-employment. This is not a simple breach of contract case. Defendant PG & E's actions were fraudulent. Defendant PG & E is intentionally refusing to honor the 60-month right

*Knowles & Hicks v. PG & E, et al.*                                    9
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

1   to re-employment, which they offered, knowing that Plaintiffs detrimentally relied on such
2   agreement and knowing that it caused Plaintiffs inducement to enter into the Severance
3   Agreements. They are doing this in order to save themselves additional expense of re-employing
4   these plaintiffs.
5          Further, Defendant PG & E never intended to honor their agreement pursuant to the
6   benefits package or their oral agreement. Defendant PG & E intentionally and knowingly
7   concealed such information from Plaintiffs, with the intent to deceive Plaintiffs into continuing
    their employment and performing all of their duties and responsibilities under the employment
8   contract. These misrepresentations made to Plaintiffs about their right to re-employment were
9   after the CBA was negotiated. Moreover, these misrepresentations were not made during the
10  collective bargaining process and thus, did not impact Plaintiffs' decision to ratify the CBA.
11  Therefore, the claim cannot arise or relate to said CBA, and as such, it is not preempted by the
12  LMRA.
13
14  B.     Plaintiffs Have Not Waived Their Right To Sue Pursuant to the Severance Agreements.
15         Defendant PG & E wants it both ways. In arbitration, they claim that Plaintiffs' causes of
16  action are not arbitrable and they must be exclusively handled at the federal level.
17  Simultaneously, they argue in federal court that Plaintiffs' claims are bound by the severance
18  agreement and cannot be argued in federal court. Plaintiffs and Defendant PG & E entered into
19  an oral agreement, wherein Defendant PG & E promised to give each plaintiff a 60 month right
20  to re-employment. Plaintiffs accepted the offer, and justifiably and detrimentally relied on the
21  offer, and are now seriously damaged by Defendant PG & E's failure to perform under the
22  agreement.
23         While it is true that Plaintiffs entered into severance agreements with Defendant PG & E,
24  they did so after being induced to enter into the agreements because of Defendant PG & E's oral
25  agreement to provide re-employment. Plaintiffs did not assert their right to re-employment until
26  shortly before the 60 month period had lapsed. Even when they initially contacted Defendant PG
27  & E about such right, Defendant PG & E confirmed that Plaintiffs *were* entitled to a 60 month
    right to re-employment.
28

*Knowles & Hicks v. PG & E, et al.*                    10
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

The parol evidence rule applies to writings intended by the parties as a *final expression of their agreement.* "Where the written agreement is incomplete (e.g., partly written and partly oral), the parol evidence rule does not bar extrinsic evidence on the terms not covered in the written agreement or inconsistent therewith." [*Bowman v. Santa Clara* (1957) 153 CA2d 707, 711–712]

It has long been the rule that when the parties have not incorporated into an instrument all of the terms of their contract, *evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms.* [*Id., quoting from Buckner v. A. Leon & Co.*, 204 Cal. 225, 227 (buyer of grapes deemed to have agreed to furnish lug boxes pursuant to local custom; the writing was silent on that subject); *see also Crawford v. France*, 219 Cal. 439, 443 (writing specified architect's fee as a percentage of construction cost but was silent as to latter; parol evidence competent to show agreed limit of cost of construction); *Stockburger v. Dolan*, 14 Cal.2d 313, 317 [oral understanding that lessee under oil lease would procure a zone variance, provable by parol evidence because not inconsistent with written portion which was silent on that subject]; *Lindsay v. Mack*, 5 Cal.App.2d 491, 496-497 [parol evidence rule does not apply to a collateral agreement upon which the instrument is silent and which does not purport to affect the terms of the instrument]; *Gibson v. De La Salle Institute*, 66 Cal.App.2d 609, 631-632 (writings specified kinds, quantities and prices of wine sold but were silent as to such details as storage, place of delivery, transportation to shipping point, etc., which it was proper to show if governed by usage or if orally agreed)]. [*Bowman v. Santa Clara, supra* at p. 712, emphasis added]

In the instant case, the parties had not incorporated all of the terms of their agreement into the Severance Agreements. No matter what argument the Court follows, whether we follow Defendant PG & E's contention about the time period that Plaintiffs had to pursue their right to re-employment, or we follow what Plaintiffs' assert to be their time period for their right to re-employment, such "right to re-employment" is completely silent in the Severance Agreements. Plaintiffs definitely had a right to re-employment. The amount of time for such right is a question for the trier of fact. Evidence is therefore admissible to prove the existence of the parties' oral agreement since the Severance Agreements were silent on the time period for Plaintiffs' right to re-employment. "As the trier of fact, it is the jury's responsibility to resolve any conflict in the extrinsic evidence properly admitted to interpret the language of the contract." [*see Morey v. Vannucci* (1998) 64 CA4th 904, 912–913, quoting from *Medical Operations Management, Inc. v. National Health Laboratories, Inc.* (1986) 176 Cal.App.3d 886, 891-892] The court must then base its interpretation of the contract on the jury's findings.

*Knowles & Hicks v. PG & E, et al.*     11
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

Here, Plaintiffs are claiming that the Severance Agreements are ambiguous and were not integrated written instruments. The 60 month right to re-employment does not alter or contradict the Severance Agreements. It was only an additional term of the parties' agreement. [*see Masterson v. Sine* (1968) 68 C2d 222, 225; *Bionghi v. Metropolitan Water Dist. of So. Calif.* (1999) 70 CA4th 1358, 1364; *Pacific State Bank v. Greene* (2003) 110 CA4th 375, 379] The Severance Agreements were not a final expression of the parties' agreement. Both parties understood that the 60 month right to re-employment would be part of their agreement.

Even if Defendant PG & E claims that their written agreement was final and complete, it was only final and complete with respect to a particular term, rather than the agreement in its entirety. In such a situation, the parol evidence rule bars extrinsic evidence *only as to those matters determined to be partially integrated.* [*see Masterson v. Sine* (1968) 68 C2d 222, 225; *see also Wallis v. Farmers Group, Inc.* (1990) 220 Cal.App.3d 718, emphasis added] Although parol evidence cannot be offered to *contradict* the terms of even a partially integrated writing [*Esbensen v. Userware Int'l, Inc.* (1992) 11 CA 4th 631, 638], "*extrinsic evidence may be used to prove elements of the agreement not reduced to writing.*" [*see Hayter Trucking, Inc. v. Shell Western E & P, Inc.* 18 CA4th 1, 14, emphasis added]

Defendant PG & E quotes *Casa Herrera, Inc. v. Beydoun* in support of their argument that the parol evidence rule "generally prohibits the introduction of any extrinsic evidence." [(2004) 32 Cal.4th 336, 343] However, *Casa Herrera, Inc.* also says that such rule "does *not prohibit* the introduction of extrinsic evidence to explain the meaning of a written contract if the meaning urged is one to which the written contract terms are reasonably susceptible." [*Id.*, emphasis added]

Defendant PG & E laboriously argues that Plaintiffs agreed to be bound by the severance agreement, that Plaintiffs understood each and every clause contained therein, and that Plaintiffs released all "known and unknown claims" when they entered into such agreement. Several terms of the Severance Agreements are vague and ambiguous, and require interpretation. The Court can consider whether the contract, considered in its entirety, is unduly conscionable. [*see Allan v. Snow Summit, Inc.* (1996) 51 C.A.4th 1375] Among the factors accorded great weight in determining whether the contract meets the adhering party's reasonable expectations is notice. Here, Plaintiffs were induced to enter the Severance Agreements because they were promised that they would get their 60 month right to re-employment. They did not enter into the

*Knowles & Hicks v. PG & E, et al.*                    12
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

1    agreements until such condition was met. Plaintiffs did not have the notice required because as

2    far as they were concerned, their right to re-employment was guaranteed. [*Id.*]

3        After determining that a contract is an adhesion contract, analysis as to its enforceability

4    is required. "[A] contract of adhesion is fully enforceable according to its terms [citations]

5    *unless* certain other factors are present which, under established legal rules-legislative or

6    judicial-operate to render it otherwise." [*Id., quoting from Graham v. Scissor-Tail, Inc.*, 28

7    Cal.3d 807, 819-820, emphasis added] Factors which may preclude enforcement of an adhesion

8    contract are as follows: First, when the contract "does not fall within the *reasonable expectations*

9    of the weaker or 'adhering' party [Plaintiffs], and, even if it does, second-a principle of equity

10   applicable to all contracts generally, when the contract is, considered in its context, ... *unduly*

11   *oppressive or 'unconscionable.*'" [*Id., quoting from Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807,

12   819-820, emphasis added] The Severance Agreements were adhesion contracts that left

13   Plaintiffs without the requisite notice or reasonable expectations that they were entitled to

14   receive. The Agreements' "release of all known and unknown claims" is unduly oppressive and

     unconscionable.

15       California Civil Code § 1542 states in its entirety: "A general release *does not extend* to

16   claims which the creditor does not know or suspect to exist in his or her favor at the time of

17   executing the release, which if known by him or her must have materially affected his or her

18   settlement with the debtor." (emphasis added) Here, Plaintiffs were promised a 60 month right

19   to re-employment and justifiably relied on such agreement when they entered into the Severance

20   Agreements. The "release of all known *and unknown* claims" clause does not extend to claims

21   that Plaintiffs did not know or suspect to exist at the time of executing the release. At that point,

22   Plaintiffs believed that they were already receiving the 60 month right to re-employment, so any

     "release of all claims" related to other benefits or claims, not their right to re-employment.

23       The mere use of the phrase "unknown claims" in a release does not itself suffice to

24   discharge unknown claims; rather, there must be evidence apart from the words of the release to

25   indicate the parties intended to cover unknown claims. [*see Casey v. Proctor* (1963) 59 C2d 97,

26   109–113] Even an enforceable release is subject to ordinary contract defenses, such as lack of

27   consideration, lack of mutual assent, fraud, or undue influence. A release may also be ruled

28   unenforceable to the extent the alleged releaser (Plaintiffs) were under a misapprehension, not

     due to their own neglect, as to the nature and scope of the release, and this misapprehension was

*Knowles & Hicks v. PG & E, et al.*                    13
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

induced by misconduct of the releasee (PG & E). [*see Casey v. Proctor* (1963) 59 Cal.2d 97, 103; *see also Raynale v. Yellow Cab Co.*, 115 Cal. App. 90 (fraud); *Meyer v. Haas*, 126 Cal. 560 (misrepresentation as to the contends of the release); *Mairo v. Yellow Cab Co.*, 208 Cal.350; *M. G. Chamberlain & Co. v. Simpson*, 173 Cal.App.2d 263, 276 (deception); *Jordan v. Guerra*, 23 Cal.2d 469 ('overreaching')] Here, Plaintiffs are claiming fraud, malice, and oppression against Defendant PG & E.

Defendant PG & E's agreement is unconscionable and one-sided. Read literally, it prevents Plaintiffs from ever challenging the agreement, even if Plaintiffs do not receive what they were promised in the agreement since any challenge or dispute to the agreement is suddenly a "breach." Such circular and self-serving wording is unconscionable and fails to provide Plaintiffs with notice.

Plaintiffs were induced to enter into the Severance Agreements because they were orally promised that they would receive the 60 month right to re-employment just like all of the power generation employees. This was because for all purposes of the divestiture, they were treated as power generation employees. Initially, they did not receive the 60 month right to re-employment and because of that, they did not sign the Severance Agreements. Once such right was eventually given, they agreed to sign the Agreements.

As discussed above, not all terms of the parties' agreement were reduced to writing. The issue of the Plaintiffs' right to re-employment is silent in the Severance Agreements. It was orally promised to Plaintiffs prior to entering into the Severance Agreements, and Plaintiffs should be permitted to prove such agreement before a trier of fact. Such ruling is improper at this point in the action, before any discovery has commenced, in a Motion to Dismiss. The determination of the facts and circumstances of this case should not be left up to the trier of fact, not decided by a Motion to Dismiss.

/ / / /

/ / / /

*Knowles & Hicks v. PG & E, et al.*                                    14
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs' causes of action are properly before the federal court. Therefore, Plaintiffs respectfully request that the Court deny Defendant PG & E's Motion to Dismiss. It should also be noted that Defendants never met and conferred with Plaintiffs with regards to this instant motion.

Respectfully Submitted,

Dated: August 23, 2007                               BECK LAW, P.C.

By: _____
Mahsa Gholami, Esq.
Attorney for Plaintiffs

## REQUEST FOR JUDICIAL NOTICE

The Court is respectfully requested to take Judicial Notice of the following: *Declaration of Timothy Hollingshead, attached to Plaintiffs Complaint as Exhibit One.*

Dated: August 23, 2007                               BECK LAW, P.C.

By: _____
Mahsa Gholami, Esq.
Attorney for Plaintiffs

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Motion to Dismiss                               15

**PROOF OF SERVICE**

| | |
|---|---|
| CASE NAME: | *Thomas Knowles and Thomas Hicks vs. PG&E, et al.* |
| COURT and CASE NO.: | AAA No. 74 166 00039 07 TMS |
| DOCUMENT NAME: | Plaintiffs Thomas Knowles and Thomas Hicks' Opposition to Defendants' Motion to Dismiss Complaint; Memorandum of Points and Authorities in Support Thereof; Request for Judicial Notice |

I declare as follows:

I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my

business name and address is: 2681 Cleveland Avenue, Santa Rosa, CA 95401.

On **August 23, 2007,** I caused to be served said document on the following parties involved as

follows:

Darren P. Roach, Esq.                                    Susan Kumagai, Esq.
Pacific Gas & Electric                                   Lafayette & Kumagai LLP
P.O. Box 7442                                            100 Spear Street, Suite 600
San Francisco, CA 94120                                  San Francisco, CA 94105
(415) 973-5531                                           (415) 357-4605


  XX  BY MAIL:  I caused each such envelope above, with postage thereon fully prepaid, to be

placed in the United States mail at Santa Rosa, CA. (CCP §1013(a)(1)).

  XX VIA FACSIMILE TRANSMISSION. (CCP §1013)


*Kimala Krchnavi*
Kimala Krchnavi, Paralegal