LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS KNOWLES and THOMAS HICKS,

Plaintiffs,

vs.

PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,

Defendants.

Case No. C 07-2284 CW

**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Date: September 13, 2007
Time: 1:30 p.m.
Location: Courtroom 2
Judge: Hon. Claudia Wilken

Complaint Filed: April 27, 2007

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES .......... 1

I. INTRODUCTION .......... 1

II. COMPLAINT ALLEGATIONS .......... 2

III. ARGUMENT .......... 3

A. Plaintiffs' Claims are Preempted .......... 3

1. A State-Law Cause of Action that Requires Interpretation of a CBA is Preempted by Section 301 .......... 3

2. Plaintiffs' Contract Claim is Defined by the CBA .......... 4

3. Plaintiffs' Covenant of Good Faith and Fair Dealing Claim is Subsumed in Their Contract Claim .......... 5

4. Plaintiffs' Age Discrimination Claim is Subsumed in Their Contract Claim .......... 6

B. Plaintiffs' Released Their Contract Claims .......... 6

1. The Severance Agreements Were Fully Integrated .......... 6

2. The Severance Agreement is a Valid Release of All Claims .......... 7

a) The Severance Agreement specifically and generally released all claims Plaintiffs raise in this action .......... 7

b) The Parol Evidence Rule Bars Consideration of the Oral Contract Alleged by Plaintiffs .......... 8

c) The Release of Plaintiffs' Claims Was Clearly Known at the Time of Execution of the Agreements .......... 9

3. The Validity of the Release of Claims Should be Decided by the Court .......... 9

4. The Severance Agreements are Not Unconscionable .......... 10

C. Plaintiffs' Remaining Claims Lack Merit .......... 11

1. Plaintiff's Malice, Fraud and Oppression Count Fails to State a Cause of Action .......... 11

2. Plaintiff's "Specific Performance" Claim Does Not State a Cause of Action .......... 12

IV. CONCLUSION .......... 12

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

Allis-Chalmers Corp. v. Lueck
471 U.S. 202 (1985) ....... 4

American Title Ins. Co. v. Lacelaw Corp.
861 F.2d 224 (9th Cir. 1988) ....... 5

Audette v. ILWU
195 F.3d 1007 (9th Cir. 1999) ....... 5

Beals v. Kiewit Pacific Company, Inc.
114 F.3d 892 (9th Cir. 1997) ....... 5

DeCoe v. Gen. Motors Corp.
32 F.3d 212 (6th Cir. 1994) ....... 4

Eugene N. Gordon, Inc. v. La-Z-Boy, Inc.
2007 WL 1101456 (E.D.Cal. 2007) ....... 11

Foley v. Interactive Data Corp.
47 Cal. 3d 654 (1988) ....... 5

Franchise Tax Board v. Construction Laborers Vacation Trust of So. Cal.
463 U.S. 1 (1983) ....... 1, 4

Harara v. ConocoPhillips Co.
377 F.Supp.2d 779 (N.D. Cal. 2005) ....... 12

Iconix, Inc. v. Tokuda
457 F.Supp.2d 969 (N.D.Cal. 2006) ....... 8

Lingle v. Norge Division of Magic Chef, Inc.
486 U.S. 399 (1988) ....... 6

Local 174, Teamsters v. Lucas Flour Co.,
369 U.S. 95 (1962) ....... 3

Parsons v. Bristol Development Co.
62 Cal.2d 861 (1965) ....... 9

Semegen v. Weidner
780 F.2d 727 (9th Cir.1985) ....... 11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Vess v. Ciba-Geigy Corp. USA
317 F.3d 1097 (9th Cir. 2003) ....................11

Young v. Anthony's Fish and Grotto's, Inc.
830 F.2d 993 (9th Cir. 1987) ....................5

**State Cases**

Bardin v. Lockheed Aeronautical Systems Co.
70 Cal.App.4th 494 (1999) ....................7

CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc.
142 Cal.App.4th 453 (2006) ....................10

Discover Bank v. Superior Court
36 Cal.4th 148 (2005) ....................10

Edwards v. Arthur Andersen LLP
47 Cal.Rptr.3d 788 (2006) ....................7

Grieves v. Sup. Ct.
157 Cal.App.3d 159 (1984) ....................11

Sunniland Fruit, Inc. v. Verni
233 Cal.App.3d 892 (1991) ....................7

Wang v. Massey Chevrolet
97 Cal.App.4th 856 (2002) ....................8

**Code**

C.C. § 1625 ....................9

C.C.P. § 1856(a) ....................8

California Civil Code § 1542 ....................9

Fed R.Civ. P. 9(b) ....................11

Fed. R. Civ. P. 15(a) ....................11

Section 301, Labor Relations Act ....................1, 2, 3

**Other**

5 Witkin, California Procedure, Pleading § 740 (4th ed. 1997) ....................12

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## STATEMENT OF ISSUES

1. **PG&E requests dismissal of the Complaint because all claims are preempted by Section 301 of the Labor Management Relations Act.** Section 301 completely preempts state law claims that are based on the interpretation of a collective bargaining agreement. "[T]he preemptive force of Section 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" Franchise Tax Board v. Construction Laborers Vacation Trust of So. Cal., 463 U.S. 1 (1983).

2. **PG&E requests dismissal of the Second Cause of Action (Specific Performance) and the Fifth Cause of Action (Malice, Oppression and Fraud) because these claims for relief do not state causes of action.** Under California law, the second and fifth causes of action state requests for remedies and do not state causes of action.

3. **PG&E requests dismissal of the Complaint because all claims were waived upon plaintiffs entering into Severance Agreements with PG&E.** These agreements contain a release of said claims and an integration clause superseding all alleged prior agreements.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## I. INTRODUCTION

Plaintiffs admitted in their Complaint that they are seeking rights defined by the pertinent CBA and that they should be considered "power generation employees" for purposes of obtaining re-employment rights conferred upon said classification by the CBA. Plaintiffs' claims are derived from and defined by the pertinent CBA and, therefore, preempted by Section 301. Realizing their claims are preempted, plaintiffs are now attempting to shift their position and, contradicting prior admissions, allege they are not "power generation employees" and their claim to re-employment benefits is not derived from the CBA. The Court should not condone plaintiffs' attempt to change the theory of their case and should completely disregard their opposition to PG&E's motion to dismiss.

Moreover, Plaintiffs expressly released the very claims they raise in this action good and were given valid consideration in the form of significant cash payments (more than $50,000 each) in exchange for their release. Those Severance Agreements contained a clear and unambiguous integration clause which extinguishes any previous or contemporary oral contract

regarding its subject matter. Plaintiffs' claim to have gained a 60-month re-employment preference by virtue of an oral agreement pre-dating the Severance Agreements, even if true, was extinguished by the Severance Agreements. Plaintiffs do not and cannot explain how the Severance Agreements are susceptible of a meaning that allows the alleged earlier oral agreement to survive their bargained-for release of claims for which PG&E paid valuable consideration.

Plaintiffs' Covenant of Good Faith and Fair Dealing Claim is wholly subsumed within their contract claim and is thus both preempted by Section 301 and barred by the Release, and the same is true of Plaintiffs' age discrimination claim.

## II. COMPLAINT ALLEGATIONS

A 30-month re-employment preference benefit was contained in the pertinent CBA ("the CBA," Ex. A).[1] This benefit was increased to a 60-month preference for Title 200 steam generation employees and incorporated into the CBA by Letter Agreement of April 14, 1997. (Ex. A, §§ 400.1-400.4; Ex. B, pp.2-3.)

Plaintiffs admit in their Complaint that the foregoing 60-month re-employment preference was created as part of an enhanced benefits package for "power generation employees" affected by the divestiture of the Geysers power plant where Plaintiffs were employed. (Complaint, ¶¶ 4-5.) Plaintiffs further allege they were eligible for the enhanced benefits package because they fell within the union classification of "power generation employees." (Complaint, ¶ 5.)

Plaintiffs alleged they were power generation employees and thus they were given the 60-month re-employment preference. (Complaint, Decl. of Hollingshead, ¶¶ 4, 6.)

Plaintiffs further allege they were given the 60-month re-employment preference in exchange for agreeing to work for PG&E during a two-year period commencing in 1999. (Complaint, ¶ 13.) In this lawsuit, Plaintiffs request that the Court order PG&E to re-employ Plaintiffs with their "former classification," and grant "all rights under the benefits package given to power generation employees." (Complaint, p. 15.)

[1] All exhibits referenced herein were attached to PG&E's Request for Judicial Notice.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## III. ARGUMENT

### A. Plaintiffs' Claims are Preempted.

Plaintiffs' breach of contract claim is founded in PG&E's refusal to provide them the 60-month re-employment preference. Entitlement to the 60-month re-employment preference cannot be determined without interpreting the CBA which contains the agreement reached between IBEW and PG&E regarding reemployment rights. Plaintiffs admit that federal law clearly states that any state-law dispute, the resolution of which requires interpretation of a CBA, is preempted by Section 301. Since Plaintiffs have come to Court for the sole purpose of enforcing their alleged right to a re-employment preference that is defined by the CBA, interpretation of the CBA is necessary to determine whether the Plaintiffs are entitled to any re-employment preference and, if so, the extent of those rights. In that regard, interpretation of the CBA would be required for, among other things, the definition of "steam generation employees," and portions of the CBA applicable to re-employment rights, such as, "Part II Bidding Unit(s)" and "Part III Promotion-Demotion Geographical Area(s)" (Ex. A, CBA, § 206.13(a).)

Interpretation of the CBA is required and, therefore, section 301 preempts Plaintiff's contract claim.

#### 1. A State-Law Cause of Action that Requires Interpretation of a CBA is Preempted by Section 301.

The U.S. Supreme Court has explained that "[t]he ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to promote industrial peace." Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 104 (1962). The federal scheme seeks to avoid collective bargaining agreements being subject to the rules of contract interpretation of all fifty states.

> The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.

(Id. at 103-4.)

As a result, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either

be treated as a section 301 claim, or dismissed as preempted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-1 (1985) (citation omitted).

Plaintiffs acknowledge the law of preemption by citing to DeCoe v. Gen. Motors Corp., 32 F.3d 212 (6th Cir. 1994). In the subsequent sentence to Plaintiffs' quoted language, the DeCoe court explained that "if neither or only one criterion is satisfied, Section 301 preemption is warranted." DeCoe, 32 F.3d at 216. Here, Plaintiffs' claim to re-employment preference may not be evaluated without interpretation of the CBA, therefore, Plaintiffs' contract claim is preempted by Section 301.

**2. Plaintiffs' Contract Claim is Defined by the CBA.**

Plaintiffs allege both in their Complaint and in their Memorandum in Support of their Opposition to Defendant's Motion to Dismiss ("Opposition") that the 60-month re-employment preference was created as a benefits package for employees affected by divestiture. (Complaint, ¶ 5, Opposition, 5:27-6:3.) The benefits package was created in Ad Hoc Negotiations, as defined by the CBA, leading to a Letter Agreement incorporated into the CBA by a process defined by the CBA. (Ex. B, p.2; Ex. A, §§ 400.1-400.4.) Plaintiffs' allegations in the Opposition and their Complaint thus leave no doubt that their claim to a 60-month re-employment preference cannot be resolved without interpreting the CBA for the meaning of, among other terms, "steam generation employees," "re-employment preference," "divestiture," and the "60-month period of time."

Apparently having realized their admissions bar their contract claims, Plaintiffs are now attempting to obfuscate the matter by baldly reversing their position to state that they were **not** in the "selective group of `qualified employees' who were granted preferential reemployment rights under the benefits package created by the Letter Agreement." (Opposition, 7:27-8.) Plaintiffs alleged otherwise in their verified[2] Complaint no less than eight times, i.e., that they are entitled to claim the re-employment right or "benefits package" because of their employment status as defined by the CBA. (E.g., "Plaintiffs were entitled to the benefits package because they were

[2] Verifications executed by each Plaintiff were attached to the Complaint filed in state court. See Cal. C.C.P. § 446.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

affected by the divestiture as well and were by all definitions, power generation employees." (Complaint at ¶¶ 5, 9, 16, 20, 27, 35, 39, 46); Dec. of Hollingshead (attached to Complaint, ¶¶ 4, 6.) As stated by the Ninth Circuit, Plaintiffs may not take a position contrary to their own Complaint:

> Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them. . . . A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation.

American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (citations omitted).

Even if, arguendo, Plaintiffs could take a contrary position to their Complaint admissions, which they cannot, the fact remains that the purported right is a creation of the CBA and is measured and defined by the CBA. In such case, "the collective bargaining agreement controls and the claim is preempted." Young v. Anthony's Fish and Grotto's, Inc., 830 F.2d 993, 997 (9th Cir. 1987) ("[b]ecause any 'independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement,' the CBA controls and the contract claim is preempted."). Similarly, in Beals v. Kiewit Pacific Company, Inc., 114 F.3d 892, 894 (9th Cir. 1997), the court confirmed that an alleged independent employment agreement that concerns a job position covered by a collective bargaining agreement can only be effective as part of that collective bargaining agreement.

Clearly, the re-employment rights to which Plaintiffs' claim entitlement are a creation of the CBA, and these rights are measured and defined by the CBA.

**3. Plaintiffs' Covenant of Good Faith and Fair Dealing Claim is Subsumed in Their Contract Claim.**

Plaintiff's breach of covenant claim is equivalent to a claim for breach of an obligation arising out of the contract. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 690, 696, 700 (1988). Assessing a claim of a contractual obligation of good faith inevitably involves interpretation of the collective bargaining agreement, and it is preempted to the same extent as a breach of contract claim. Audette v. ILWU, 195 F.3d 1007, 1112 (9th Cir. 1999). Plaintiffs admit the covenant claim is subsidiary to the contract claim when they state "[a]ny implied covenant of good faith and fair dealing pertains to the oral agreement between Defendant PG & E and Plaintiffs."

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

(Opposition, 8:21-2.)

All preemption arguments discussed above are equally applicable to Plaintiffs' breach of covenant claim.[3]

**4. Plaintiffs' Age Discrimination Claim is Subsumed in Their Contract Claim.**

In Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988), cited by Plaintiffs, the "purely factual" question of whether and how the employer had fired its employee did "not turn on the meaning of any provision of a collective-bargaining agreement." Id. at 407. Plaintiffs here seek re-employment preferences to which they are not entitled under the CBA. As stated by Plaintiffs, "[i]nvestigation of this claim is a factual question based on their age and *the specific motivation of Defendant PG & E for not honoring their oral promise. . . .*" (Opposition, 9:13-14) (emphasis added). The "oral promise" is the alleged promise of a 60-month reemployment preference. Plaintiffs' statement conspicuously omits that interpretation of the CBA is required to determine, among other things, whether Plaintiffs even fall within the classification of employees entitled to enhanced re-employment benefits.

Plaintiffs' age claim requires interpretation of the CBA and, therefore, is preempted.

**B. Plaintiffs' Released Their Contract Claims.**

**1. The Severance Agreements Were Fully Integrated.**

The integration clause of the Severance Agreements provides that "[t]his Severance Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter of this Severance Agreement and Release." (Exh. C-D, Severance Agreements, ¶ 15.) Nevertheless, Plaintiffs allege, with no specification, that "the parties had not incorporated all of the terms of their agreement into the Severance Agreements." (Opposition, 11:17-18.) Even less explicable is Plaintiffs' assertion that the Severance Agreements are "only final and complete with respect to a single term" (which term Plaintiffs failed to identify). (Opposition, 12:8-9.)

[3] Contrary to Plaintiffs' erroneous inference, PG&E's counterclaim is based on the Severance Agreements, not the CBA. Therefore, PG&E's breach of covenant claim is proper and any claim of preemption is inapplicable.

The Agreements' integration clause is clear and unambiguous and, therefore, plaintiffs are barred from any attempt to show a contrary interpretation. Sunniland Fruit, Inc. v. Verni, 233 Cal.App.3d 892, 898 (1991).

**2. The Severance Agreement is a Valid Release of All Claims.**

**a) The Severance Agreement specifically and generally released all claims Plaintiffs raise in this action.**

"A broadly worded release covers all claims within the scope of the language, even if the particular claim is not expressly listed." Edwards v. Arthur Andersen LLP, 47 Cal.Rptr.3d 788, 807 (2006) (review granted); see also Bardin v. Lockheed Aeronautical Systems Co., 70 Cal.App.4th 494, 505 (1999) ("Appellant argues that the release does not expressly release respondents from disseminating false or baseless statements. We do not find that limitation in the language of the release. It broadly and unambiguously releases a former employer '*from any and all liability for damage of whatever kind....*'") (emphasis in original).

By entering into the Severance Agreements, each Plaintiff agreed, in exchange for a cash payment, to:

> Release[] and agree[] to hold harmless PG&E . . . from all actions, causes of action, claims, disputes, judgments, obligations, damages, liabilities of whatsoever kind and character, relating to [Plaintiff's] employment with PG&E, including his/her employment severance and any action which led to the severance. Specifically, [Plaintiff] understands and agrees that the actions, causes of action, claims, disputes, judgments, obligations, damages, and liabilities covered by the preceding sentence include, but are not limited to, those arising under any federal, state, or local law, regulation, or order relating to civil rights (including employment discrimination on the basis of race, color, religion, age, sex, national origin, ancestry, physical handicap, medical condition, veteran status, marital status, and sexual orientation), wage and hour, labor, contract, or tort."

(Exs. C-D, ¶ 4) (emphasis added); see also Id. at ¶ 16 ("PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS").

Plaintiffs contend without explanation, that their claim to re-employment preference is not part of "all claims" released. Plaintiffs apparently believe that because the words "right to re-employment" are not contained in the Severance Agreements, their claim to this right was

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

unknown at the time of execution. (Opposition, p. 11.) However, the plain language of the Agreement expressly released any claim related to Plaintiffs' employment or severance, including those sounding in discrimination, contract or tort. Further, even if, arguendo, the subject release was not specific to Plaintiffs' claims raised herein, California law firmly establishes that general releases are valid and that broadly-worded releases cover specific claims not mentioned by name.

Here, in exchange for consideration of over $58,000 each in cash payment, each Plaintiff knowingly and specifically agreed to release claims based on their employment, sounding in contract, tort or discrimination.

**b) The Parol Evidence Rule Bars Consideration of the Oral Contract Alleged by Plaintiffs.**

In California, "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." C.C.P. § 1856(a). The Parole Evidence Rule applies:

> . . . if the following two inquiries are answered affirmatively: "1) was the writing intended to be an integration, i.e., a complete and final expression of the parties' agreement, precluding any evidence of collateral agreements; and 2) is the agreement susceptible of the meaning contended for by the party offering the evidence?

Iconix, Inc. v. Tokuda, 457 F.Supp.2d 969, 977 (N.D.Cal. 2006), quoting Wang v. Massey Chevrolet, 97 Cal.App.4th 856, 873 (2002) (citation omitted).

Here, the Severance Agreement contains an unambiguous integration clause which "sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties. . . .," (Ex. C-D, ¶ 14). Therefore, Plaintiffs cannot establish the first prong of elements necessary to proffer evidence of an oral agreement contrary to the Severance Agreements.

Nevertheless, Plaintiffs' argue that they "definitely had a right to re-employment" after executing the Severance Agreements, and that the only question is about the time period during which the claim to re-employment preference existed. (Opposition, 11:18-25.) Assuming,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

arguendo, that Plaintiffs had some sort of claim to a re-employment preference prior to signing the Severance Agreements, *Plaintiffs released that claim*, along with all other claims against PG&E including claims relating to a purported contract, and tort, when they signed the Severance Agreements.

Plaintiffs general allegation that the Agreements do not release their particular contract claim is meaningless and makes it impossible to provide a further response because they cite to no language in the Agreements that is susceptible to a meaning asserted by them. Indeed, Plaintiffs' proposed meaning flatly contradicts the Severance Agreements. Therefore, Plaintiffs' interpretation of the Severance Agreements is barred by the Parol Evidence Rule under Iconix and Wang. (See also C.C. § 1625 ("The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.").)

**c) The Release of Plaintiffs' Claims Was Clearly Known at the Time of Execution of the Agreements.**

Plaintiffs also claim the protection of California Civil Code § 1542, which states that a release of unknown claims is not effective unless extrinsic evidence supports the parties' intent to release unknown claims. However, Plaintiffs do not identify which claim they consider unknown. Leaving aside the fact that Plaintiffs expressly waived the protection of § 1542, (Ex. C-D, ¶ 5), any claims Plaintiffs had based on their employment, including contract or tort, were identified on the face of the Agreements and cannot be considered unknown. Indeed, Plaintiffs claim to a 60-month re-employment preference based on an oral agreement can scarcely be argued to be unknown, since Plaintiffs admit in their Complaint that they made the alleged oral agreement in 1999, long before the Plaintiffs were paid consideration and the Severance Agreements were executed in 2001. (Complaint, ¶ 13; Ex. C-D, p. 1.)

Plaintiffs knowingly released the claims raised in this lawsuit.

**3. The Validity of the Release of Claims Should be Decided by the Court.**

All other matters pertaining to the interpretation of the Agreements are for the Court to decide. See, e.g., Parsons v. Bristol Development Co., 62 Cal.2d 861, 865 (1965) ("The

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

interpretation of a written instrument, even though it involves what might properly be called questions of fact (see Thayer, Preliminary Treatise on Evidence, pp. 202-204), is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect."); CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc., 142 Cal.App.4th 453, 464 (2006) ("Therefore, the issue is one of contract interpretation and is a matter of law for the court to decide.").

The Court can, and should, find Plaintiffs' contract claims were released and are barred.

**4. The Severance Agreements are Not Unconscionable.**

With no attempt to even establish the elements of unconscionability, Plaintiffs make a vague reference that the Severance Agreements are unconscionable. The California Supreme Court has stated that unconsionability exists when a contract is both procedurally unconscionable (oppression or surprise existed because of unequal bargaining power) and, substantively unconscionable (the resulting contract is unfairly one-sided). Discover Bank v. Superior Court, 36 Cal.4th 148, 160 (2005) (citations omitted).

No evidence of oppression or surprise exists. Plaintiffs voluntarily executed the Severance Agreements in exchange for significant cash payments. Each Plaintiff's signature on the Severance Agreements acknowledged that he

> has been given the necessary time to consider [the Severance Agreements'] contents, that he/she fully understands its terms, that he/she has been advised that he/she should consult legal counsel of his/her choosing, that the only promises made to him/his/her to sign are those stated herein, and that he/she is signing this Severance Agreement and Release voluntarily.

(Exh. C-D, Severance Agreements, ¶ 16.)

Nor did the Agreements produce the "unfairly one-sided" result necessary to make a showing of substantive unconscionability. Again, each Plaintiff received substantial consideration for his release. Plaintiffs' argument that the Agreements were "circular" because "even if Plaintiffs do not receive what they were promised in the agreement . . . any challenge or dispute to the agreement is suddenly a 'breach'" is completely disposed of by the fact that the Plaintiffs' bargained for consideration was received up-front. Plaintiffs do not dispute receiving

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

the cash payments.

The Severance Agreements are neither procedurally nor substantively unconscionable.

**C. Plaintiffs' Remaining Claims Lack Merit.**

Plaintiffs' "Malice, Oppression and Fraud" and "Specific Performance" claims fail to state a cause of action and are improperly pled.

**1. Plaintiff's Malice, Fraud and Oppression Count Fails to State a Cause of Action.**

In their "Malice, Oppression and Fraud" count in the Complaint, Plaintiffs mislabeled a prayer for punitive damages as a cause of action. "[T]here is no cause of action for punitive damages. Punitive or exemplary damages are remedies. . . . Punitive damages are merely incident to a cause of action, and can never constitute the basis thereof." Grieves v. Sup. Ct., 157 Cal.App.3d 159, 163-4 (1984).

To the extent Plaintiffs are shifting ground once again, any attempt to change the prayer for punitive damages to state a fraud claim is completely improper. Plaintiffs may not unilaterally amend their Complaint, but must seek leave of Court. Fed. R. Civ. P. 15(a).

Even if, arguendo, and Plaintiffs could style their prayer as a fraud count, plaintiffs fail to meet the pleading requirements of FRCP 9(b). Plaintiffs fail allege a place or a time and, most importantly, the underlying words they contend constitute fraud. See Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985) (citation omitted) ("plaintiffs must identify who said what to whom, and when such statements were made"); Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., 2007 WL 1101456, *6 (E.D.Cal. 2007) ("the allegations must identify the time, place, and content of the alleged misrepresentation.")

The Ninth Circuit has held explicitly that claim dismissal is the proper remedy for the failure to plead fraud claims with sufficient particularity: "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003); see also Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., 2007 WL 1101456, *6 (E.D.Cal. 2007) (dismissing complaint for failure to state

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

fraud claims with particularity).

Further, even if Plaintiffs can allege these matters, they are unable to avoid their release of claims based on tort, discussed above, and the pertinent integration clause which acknowledged that all prior or contemporaneous agreements were superseded by the Severance Agreements.

Plaintiffs' attempt to allege a fraud claim should be disregarded by the Court.

**2. Plaintiff's "Specific Performance" Claim Does Not State a Cause of Action.**

Count Two for specific performance does not state a cause of action under California law. See Harara v. ConocoPhillips Co., 377 F.Supp.2d 779, 796, (N.D. Cal. 2005) citing 5 Witkin, California Procedure, Pleading § 740 (4th ed. 1997) ("Specific performance is a form of contractual relief, not an independent claim.").

## IV. CONCLUSION

Plaintiffs' claims require extensive interpretation of the CBA and are therefore preempted by Section 301 of the CBA. Additionally, plaintiffs' claims cannot survive their prior release. None of Plaintiff's claims have merit and Plaintiffs' entire case should be dismissed with prejudice.

Dated: August 30, 2007

LAFAYETTE & KUMAGAI LLP

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
PACIFIC GAS & ELECTRIC COMPANY

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on August 30, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ *Susan T., Kumagai*
SUSAN T. KUMAGAI

N:\Documents\PGE\Know\Pldg\Mot to dismiss\Mot to dismiss-reply doc