LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
PACIFIC GAS & ELECTRIC COMPANY

BECK LAW, P.C.
DANIEL B. BECK (State Bar No. 63865)
MAHSA GHOLAMI (State Bar No. 235634)
2681 Cleveland Avenue
Santa Rosa, California 95403
Telephone: (707) 576-7175
Facsimile: (707) 576-1878

Attorneys for Plaintiffs
THOMAS KNOWLES and THOMAS HICKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS KNOWLES and THOMAS HICKS,

Plaintiffs,

vs.

PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,

Defendants.

Case No. C 07-2284 CW

**JOINT CASE MANAGEMENT STATEMENT**

Date: September 27, 2007
Time: 2:00 p.m.
Location: Courtroom 2
Judge: Hon. Claudia Wilken

Plaintiffs Thomas Knowles and Thomas Hicks and defendants Pacific Gas and Electric Company ("PG&E") hereby submit the following Joint Case Management Conference Statement.

**(1) Jurisdiction and Service**

Plaintiffs' are former members of the International Brotherhood of Electrical Workers ("IBEW"). Plaintiffs filed their lawsuit in this Court bringing claims for breach of contract,

breach of the covenant of good faith and fair dealing, and age discrimination under Cal. Gov. Code § 12940. Plaintiffs admit that federal question jurisdiction is proper. Defendant contends Plaintiffs' claims are preempted and has a motion to dismiss pending based on Section 301 of the Labor Management Relations Act, 29 U.S.C. 185 et seq. Defendant filed a counter-claim for breach of contract based upon the same contract that is the basis for Plaintiffs' claims. Defendant contends that individual defendant Deanna Radford has not been served. Plaintiffs contend that Ms. Radford was served. Defendant has agreed to accept service for Ms. Radford. No dispute exists regarding venue.

**(2) Factual Issues in Dispute**

Plaintiffs argue that they are entitled to preferential re-employment rights provided under the pertinent collective bargaining agreement ("CBA") due to an oral promise by a PG&E H.R. representative that they detrimentally relied on. Plaintiffs allege they did not request their right to re-employment until shortly before the 60 months. Plaintiffs further allege that denial was based on their age in violation of the California Fair Employment and Housing Act, Cal. Govt. § 12940, et seq. PG&E denies Plaintiffs' allegations.

**(3) Legal Issues in Dispute**

1. The following principal legal issues are in dispute:

a. whether plaintiffs' claims are preempted under Section 301 of the Labor Management Relations Act ("Section 301");

b. whether plaintiffs are entitled to a 60-month re-employment preference under the collective bargaining agreement between IBEW and PG&E;

c. whether PG&E acted with a discriminatory motive in denying preferential re-employment rights to the plaintiffs because of their age;

d. whether plaintiffs have exhausted administrative remedies;

e. whether plaintiffs were injured as a result of any wrongful conduct by PG&E and, if so, how were they injured;

f. whether plaintiffs' "specific performance" and "malice, oppression and fraud" claims constitute causes of action;

g. whether, assuming plaintiffs' "malice, oppression and fraud" claim states a cause of action for fraud, that claim is pled with sufficient particularity;

h. whether PG&E acted with malice, oppression or fraud;

i. whether any one of the plaintiffs acted with unclean hands;

j. whether plaintiffs failed to mitigate alleged damages.

k. whether PG&E is contractually entitled to recover the sums it paid to plaintiffs under the Severance Agreements.

**(4) Motions**

PG&E filed a motion to dismiss the plaintiffs' claims under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 et seq. The hearing on Defendant's motion is scheduled to take place on September 27, 2007. Defendant will file a motion for summary judgment.

**(5) Amendments of Pleadings**

No amendments are expected.

**(6) Evidence Preservation**

PG&E has preserved evidence relevant to the issues reasonably evident in this action, and will continue its efforts in that regard. PG&E has taken good faith measures to avoid the risk of destruction of any new evidence discovered.

Plaintiffs request that any and all electronic mail, correspondences, memoranda, and other inter-office documents regarding the employment, benefits, and communications concerning Plaintiffs Thomas Knowles and Thomas Hicks should be preserved.

**(7) Disclosures**

The parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by September 25, 2007.

**(8) Discovery**

No discovery has been taken to date. The parties intend to take depositions of party witnesses and percipient witnesses. Plaintiffs have noticed Deanna Radford's deposition for October 4, 2007. Defendant objects to the deposition notice of Radford who has not appeared in

this action. Also, Defendant contends that the notice is improper in that it was served in violation of the Federal Rules of Civil Procedure. Therefore, Defendant contends that Radford's deposition notice served by Plaintiffs has no force or effect. The parties will also propound written discovery. The parties do not anticipate the need for limitations or modification of the discovery rules.

Pursuant to F.R.C.P. Rule 26(f) and to the Northern District of California L.R. 16.9, Plaintiffs and PG&E hereby submit with this Joint Case Management Statement a joint written report outlining their proposed discovery plan.

1. <u>Changes To Timing, Form, And Requirements of Initial Disclosures:</u>

The parties have agreed to exchange initial disclosures under F.R.C.P., Rule 26(a)(1) by September 25, 2007. Otherwise, the parties do not seek any changes in the form and requirements for initial disclosures set forth in the Federal Rules of Civil Procedure.

2. <u>Subjects On Which Discovery May Be Needed:</u>

The parties anticipate that discovery will be needed on the following subjects:

a. plaintiffs' job classification as PG&E employees during the relevant time period;

b. plaintiffs' entitlement to re-employment preference under the pertinent CBA;

c. the oral agreement as alleged by plaintiffs;

d. reasons for the denial of benefits to plaintiffs;

e. plaintiffs' alleged emotional distress.

f. plaintiffs' damages

g. mitigation of damages.

3. Dates For Completion Of Discovery:

Non-Expert Discovery is proposed to be completed by February 29, 2008. Expert witnesses are proposed to be designated and reports served by March 31, 2008. Supplemental rebuttal experts are proposed to be designated and reports served by April 30, 2008. Expert witness discovery is proposed to be completed by May 30, 2008.

4. <u>Changes To Limitation On Discovery Under Federal Rules Of Civil Procedure</u>

The parties agree to the limitations imposed on discovery under the Federal Rules of Civil Procedure.

5. <u>Other Orders That Should Be Entered Relating To Discovery</u>

None at this time.

**(9) Class Actions**

N/A.

**(10) Related Cases**

An arbitration under the auspices of the American Arbitration Association, Norman Brand, Arbitrator, AAA Case No. 74 166 039 07 TMS, is pending. The arbitration is based on the same claims as are before this Court.

**(11) Relief**

Plaintiff Hicks seeks $1,108,515.30 in lost wages and future earnings, $414,000 in medical benefits, $13,800 in utility discounts, attorney's fees and costs, and punitive damages.

Plaintiff Knowles seeks $1,414,522.50 in lost wages and future earnings, $522,000 in medical benefits, $17,400 in utility discounts, attorney's fees and costs, and punitive damages.

In its counter-claim, PG&E seeks the return of $58,183.24 from plaintiff Knowles and $67,520.59 from plaintiff Hicks, plus attorney's fees and costs.

**(12) Settlement and ADR**

See paragraph 10 above.

**(13) Consent to Magistrate Judge for All Purposes**

The parties earlier consented to the assigned Magistrate Judge Joseph Spero. However, the Court reassigned this matter to the Honorable Judge Claudia Wilken because the individual defendant Deanna Radford had not been served.

**(14) Other References**

The case is not is suitable at this time for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

**(15) Narrowing of Issues**

The parties do not agree, at this time, to the narrowing of issues. At this time, the parties do not have suggestions to expedite the presentation of evidence at trial.

**(16) Expedited Schedule**

The parties have not agreed to an expedited schedule.

**(17) Proposed Scheduling**

The parties propose the following schedule:

| | | |
|---|---|---|
| a. | Non-Expert Discovery cut-off | February 29, 2008 |
| b. | Designation of expert witnesses and reports | March 31, 2008 |
| c. | Designation of supplemental/ rebuttal experts and reports | April 30, 2008 |
| d. | Expert witness discovery cut-off | May 30, 2008 |
| e. | Last day to file dispositive motions | June 15, 2008 |
| f. | Trial | November 24, 2008 |

**(18) Trial**

Plaintiffs have demanded trial by jury. The trial is expected to last 15 days.

**(19) Disclosure of Non-party Interested Entities or Persons**

PG&E Corporation is the holding company for defendant Pacific Gas and Electric Company.

**(20) Other Matters**

None.

Dated: September 20, 2007 LAFAYETTE & KUMAGAI LLP

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant and Counterclaimant
PACIFIC GAS & ELECTRIC

Dated: September 20, 2007 BECK LAW, P.C.

Attorneys for Plaintiffs
THOMAS KNOWLES AND THOMAS HICKS

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on September 20, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI

PGE\Know\Pldg\Joint CMC stc.doc