LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520
dprc@pge.com

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and DEANNA RADFORD

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, LOCAL UNION NUMBER 1245 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and DOES 2-20,<br><br>Defendants. | Case No. C 07-2284 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         January 31, 2008<br>Time:        2:00 p.m.<br>Courtroom: 2<br>Judge:       Hon. Claudia Wilken<br><br>Original Complaint Filed: April 27, 2007 |

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION TO DISMISS ........................................................... 1

STATEMENT OF ISSUES AND RELIEF REQUESTED ...................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 2

    I.    SUMMARY OF ARGUMENT ................................................................................. 2

    II.    AMENDED COMPLAINT ALLEGATIONS ........................................................... 4

    III.    DISCUSSION ............................................................................................................ 7

        A.    Plaintiff Failed to State a Cause of Action Under Section 301 ....................... 7

            1.    Plaintiffs' Allegations Relating to Breach of an Oral Agreement Do Not Constitute Breach of the CBA .................. 7

            2.    Plaintiffs Failed to Properly Allege IBEW's Failure to Properly Represent them. .................................................................... 8

        B.    The Statute of Limitation for Plaintiffs' Section 301 Claim Ran Before Plaintiffs Filed Their Civil Action in State Court. ................................ 9

            1.    Equitable Tolling is Inapplicable to Plaintiffs' Claims. ....................... 9

            2.    Plaintiffs' Equitable Estoppel Agreement Is Meritless. ..................... 11

        C.    All of Plaintiffs' Claims are Barred by Their Failure to Exhaust Administrative Remedies. ............................................................................. 12

        D.    Plaintiffs' Discrimination Claim is Preempted and Should Be Dismissed ..................................................................................................... 13

        E.    Plaintiffs' Fraud Claim is Meritless. ............................................................. 13

            1.    Plaintiffs' Fraud Claim is Preempted. ................................................ 13

            2.    Plaintiffs Failed to Allege Facts to Plead a Fraud Claim. .................. 14

        F.    Radford Should Be Dismissed. ..................................................................... 15

    IV.    CONCLUSION ....................................................................................................... 15

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# TABLE OF AUTHORITIES

Page No.

**Federal Cases**

Able Bldg. Maintenance Co. v. Board of Trustees of General Employees Trust Fund,
 2003 WL 22749151, *4 (N.D.Cal. 2003) .............................................................................7

Aguilera v. Pirelli Armstrong Tire Corp.,
 223 F.3d 1010 (9th Cir. 2000) .............................................................................7, 10, 13

Allis-Chalmers Corp. v. Lueck,
 471 U.S. 202 (1985) ..........................................................................................................13

B.L.M. v. Sabo & Deitsch,
 55 Cal.App.4th 823 (1997) ................................................................................................11

Beals v. Kiewit Pacific Co., Inc.,
 114 F.3d 892 (9th Cir. 1997) ...............................................................................................8

Brazinski v. Amoco Petroleum Additives Co.,
 6 F.3d 1176 (7th Cir. 1993) .................................................................................................7

Capa, Inc. v. Anchorage Chrysler Center, Inc. Health & Welfare Plan,
 122 Fed.Appx. 298 (9th Cir. 2004) ...................................................................................11

Carr v. Pacific Maritime Ass'n,
 904 F.2d 1313 (9th Cir. 1990) ...........................................................................................12

Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,
 494 U.S. 558 (1990) ............................................................................................................7

Cicone v. URS Corp.,
 183 Cal. App. 3d 194 (1986) .............................................................................................14

Conrad v. Bank of America,
 45 Cal. App. 4th 133 (1996) ..............................................................................................14

DelCostello v. International Bhd. of Teamsters,
 462 U.S. 151 (1983) ............................................................................................................9

George Hammersmith, Inc. v. Taco Bell Corp.,
 1991 WL 159466, *4 (9th Cir. 1991) ................................................................................11

Ghahremani v. Gonzales,
 498 F.3d 993 (9th Cir. 2007) ...............................................................................................9

Humble v. Boeing,
 305 F.3d 1004 (9th Cir. 2002) ...........................................................................................13

Huseman v. Icicle Seafoods, Inc.,
 471 F.3d 1116 (9th Cir. 2006) ...........................................................................................10

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

In re Plywood Antitrust Litigation,
    655 F.2d 627 (5th Cir.1981) ............................................................................................. 13

LiMandri v. Judkins,
    52 Cal.App.4th 326 (1997) ............................................................................................... 10

Lingle v. Norge Division of Magic Chef, Inc.,
    486 U.S. 399 (1988) .......................................................................................................... 13

N. L. R. B. v. Allis-Chalmers Mfg. Co.,
    388 U.S. 175 (1987) ............................................................................................................ 7

Prazak v. Local 1 Intern. Union of Bricklayers & Allied Crafts,
    233 F.3d 1149 (9th Cir. 2000) ............................................................................................ 9

Rintel v. Wathen,
    806 F.Supp. 1467 (C.D.Cal. 1992) .................................................................................. 14

Sandoval v. TCI Cablevision,
    1995 WL 39444, *6 (N.D. Cal. 1995) ................................................................................ 8

Stallcop v. Kaiser Foundation Hospitals,
    820 F.2d 1044 (9th Cir. 1987) ...................................................................................... 9, 14

Stitt v. Williams,
    919 F.2d 516 (9th Cir. 1990) ............................................................................................ 11

Trifiro v. New York Life Ins. Co.,
    845 F.2d 30 (1st Cir. 1988) ............................................................................................... 11

Vaca v. Sipes,
    386 U.S. 171 (1967) .......................................................................................................... 12

Wellman v. Writers Guild of America, West, Inc.,
    146 F.3d 666 (9th Cir. 1998) .............................................................................................. 8

Williams v. Kiewit Pacific Co.,
    2006 WL 213745, *2 (N.D.Cal. 2006) ............................................................................. 15

Wooddell v. International Broth. of Elec. Workers, Local 71,
    502 U.S. 93 (1991) .............................................................................................................. 7

Young v. Anthony's Fish Grottos, Inc.,
    830 F.2d 993 (9th Cir. 1987) ............................................................................................ 13

Statutes

29 U.S.C. § 185 ............................................................................................................... passim

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on January 31, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard in the above-titled court, located at 1301 Clay Street, Oakland, California 94612-5212, Defendants Pacific Gas and Electric Company ("PG&E") and Deanna Radford (collectively referred to as "Defendants") will, and hereby do, move this Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7 of the Northern District Local Rules of Court for an order dismissing this action for failure to state a claim upon which relief can be granted.

The Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Requests for Judicial Notice, the pleadings on file herein and such arguments and admissible evidence as may be presented at the time of hearing.

## STATEMENT OF ISSUES AND RELIEF REQUESTED

**1.  Defendants Request Dismissal of Plaintiffs' Amended Complaint for their Failure to Allege Facts Sufficient to State A Claim Under § 301 of the Labor Management Relations Act ("LMRA").**

Plaintiffs failed to allege facts sufficient to state a claim under § 301 of the LMRA.

**2.  Defendants Request Dismissal of Plaintiffs' Purported Claims Because all Claims are Barred by the Statute of Limitations.**

Plaintiffs' claims are subject to the six-month statute of limitations applicable to § 301 claims, which limitation period ran before Plaintiffs filed the subject lawsuit.

**3.  Defendants Request Dismissal Of The Complaint Because Plaintiffs' Failed To Exhaust Administrative Remedies.**

Plaintiffs' purported section 301 claims are subject to the requirement that Plaintiffs exhaust administrative procedures before filing a civil action. Because Plaintiffs failed to exhaust administrative procedures, Plaintiffs' claims should be dismissed on this ground.

**4.  Deanna Radford Should Be Dismissed**

Employees are not proper party Defendants in section 301 actions.

5. **Defendants Request Dismissal Of Plaintiffs' State-Law Claims Because The Claims Were Previously Dismissed As Preempted By Section 301.**

To the extent Plaintiffs' claims for breach of an oral agreement, breach of the covenant of good faith and fair dealing, and discrimination under the Fair Employment and Housing Act ("FEHA") are simply re-plead claims, they were dismissed by the court as preempted by section 301 of the LMRA.

6. **Plaintiffs Fail To State A Cause Of Action For Fraud.**

Plaintiffs have merely re-submitted the same allegations relating to their prior "malice, oppression and fraud" claim without pleading new facts. Plaintiffs have failed to state a claim upon which relief can be granted for fraud.

7. **Plaintiffs' Fraud Claim is Preempted by Section 301.**

Plaintiffs' fraud claim is based on alleged violation of the CBA, therefore, the claim is preempted under § 301 of the LMRA.

8. **Plaintiffs Fail to Sufficiently Allege Facts to Support An Equitable Tolling Agreement.**

Plaintiffs fail to allege facts to show that events relating to their equitable tolling argument occurred before the untimely filing of their civil lawsuit.

9. **Plaintiffs Fail to Sufficiently Allege Facts to Support Equitable Estoppel Argument.**

Plaintiffs fail to allege facts relating to events that occurred prior to their original filing of a civil lawsuit to support their equitable estoppel argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

On November 15, 2007, the Court heard Defendant PG&E's motion to dismiss Plaintiffs' original complaint ("original complaint") based upon preemption under section 301 of the LMRA. Plaintiffs' original complaint included causes of action for breach of oral contract, breach of the covenant of good faith and fair dealing, and age discrimination under the California Fair Employment and Housing Act ("FEHA"). The Court granted PG&E's motion with leave to

2

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

amend. (Order Granting PG&E's Motion to Dismiss with Leave to Amend dated 11/29/07, (the "Court's Order")).

Plaintiffs' Amended Complaint is essentially the same as their original complaint containing claims that were dismissed by the Court. In that regard, Plaintiffs merely restate their state-law claims for breach of an oral agreement, breach of the covenant of good faith and fair dealing and age discrimination under FEHA. Plaintiffs have also recast their prior purported claim for "malice, oppression and fraud," as a claim for fraud. Like Plaintiffs' prior state-law claims, their fraud claim derives from the CBA and requires interpretation of the CBA. Therefore the fraud claim is also preempted by section 301.

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted under section 301 of the LMRA. For breach of contract, Plaintiffs again have based their claim on allegations of an oral promise by an employee of PG&E for benefits as union employees under the pertinent CBA while Plaintiffs were covered by the CBA. Plaintiffs do not allege breach of the pertinent collective bargaining agreement by PG&E. Further, Plaintiffs fail, as required, to sufficiently allege that the IBEW failed to properly represent them regarding the matters herein.

Even if Plaintiffs' claims are found to be properly pled under section 301, which they are not, they are barred because Plaintiffs ran the applicable statute of limitations before filing their civil action. Further, Plaintiffs failed to exhaust administrative procedures under the pertinent CBA.

Plaintiffs' Amended Complaint also contains equitable tolling and equitable estoppel arguments. However, Plaintiffs' allegations fail to justify either position. All alleged events in support of their equitable arguments occurred after the statute of limitations had run on their claim. Therefore, the allegations are irrelevant to Plaintiffs' equitable tolling and/or equitable estoppel claims.

The Amended Complaint should be dismissed without leave to amend.

## II. AMENDED COMPLAINT ALLEGATIONS

This action arises under section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185). (Plaintiffs' Amended Complaint (the "AC") at ¶ 14.)

Plaintiffs were members of the International Brotherhood of Electrical Workers ("IBEW") when employed by PG&E. The terms and conditions of Plaintiffs' employment were governed by an agreement entered into by IBEW and PG&E (the "CBA"). (See, Order at 2:12-14; AC ¶ 4; CBA, Ex. A.[1], § 2.1.)

The CBA contained a grievance procedure under Title 102. Among other things, the grievance subjects under the CBA included "(a) interpretation or application of any of the terms of this Agreement, including exhibits thereto, letters of agreement, and formal interpretations and clarifications executed by Company and Union." (Request for Judicial Notice Exh. A, Section 102.2) The initial step in the adjustment of a grievance not related to an employee's discharge, demotion, suspension, discipline or qualifications for promotion and transfer, was a "discussion between the unions' shop steward (or grievant or business representative if no shop steward is assigned to the work area) and the foreman or other immediate supervisor directly involved." (Section 102.6-Step One.) With regard to the timely filing of a grievance, the CBA provided as follows: "(i) a local grievance is timely filed and submitted by the Union Business Representative or his or her alternate (hereinafter either is referred to as "Business Representative") in writing on the form adopted for such purpose to the Director, HR Service Center, 245 Market Street, San Francisco or his or her alternate (hereinafter either is referred to as "Human Resources Advisor.")" (Section 102.3a-Time Limits.)

PG&E operated the Geysers plant until 1999 when it was sold. To ensure the new owners could safely continue operations of the plant, the California Public Utilities Commission required that PG&E enter into a two-year agreement for the operation and maintenance of the plant ("O&M Agreement"). (AC, ¶ 5).

---

[1] This Court has already taken judicial notice of this document. See Order Granting Defendant PG&E's Motion to Dismiss With Leave to Amend ("Order"), p. 6, lns. 4-9.

1  Plaintiffs were employed at a PG&E power plant call the Geysers. (AC Exhs. 1 and 2, ¶ 3.)

Pursuant to Title 400.1 of the CBA, in 1997, PG&E and IBEW entered into a Letter Agreement that modified title 206.13 of the CBA. The modification increased the preferential re-employment of qualified employees from 30 months to 60 months. (Order at 3:1-8; AC, ¶ 6.)

Plaintiffs allege in 1999 defendant Deanna Radford was an employee of PG&E who worked in its Human Resources Department and they entered into an agreement with PG&E, "represented by Radford," by which Plaintiffs agreed to work an additional two years under the O&M Agreement in exchange for the 60 month re-employment rights. (AC at 2:8-11, ¶ 16.)

In May 2001, Plaintiffs were laid off. On July 2, 2001, each executed a Severance Agreement and Release ("Severance Agreement"). (Complaint Exh 2 at ¶3; Severance Agreements, Exhs. C-D, p. 1, ¶ 1; p. 5). These Severance Agreements specifically confirmed the parties' intent to "compromise, resolve, settle and terminate any dispute or claim between them with respect to [plaintiffs'] employment with PG&E and severance therefrom." (Id., Exs. C and D, p. 1.) Each plaintiff received more than $58,000 as consideration for these promises and releases.

Plaintiffs allege that they are entitled to 60 month preferential re-employment rights "because they were affected by the divestiture as well and were by all definitions, power generator employees." (AC at ¶ 6.)[2]   Before the end of the 60 month time period, on April 6, 2005, Plaintiffs elected to claim their employment with PG&E. However, PG&E refused to honor the 60 month right to re-employment. (Complaint at ¶¶ 8, 9 and 59.)

Plaintiffs "immediately" went to the IBEW requesting relief in response to PG&E's refusal to honor their right to re-employment and IBEW denied Plaintiffs request without any investigation contending that it was an issue that Plaintiffs needed to handle with PG&E directly. After being rejected by the IBEW, Plaintiffs' counsel wrote PG&E on January 24, 2006 demanding the Plaintiffs be re-employed. (AC at ¶¶ 10, 68 and AC Exh. 4.) PG&E denied this

---

[2] Plaintiffs' original complaint alleged they were "fleet maintenance employees."

5

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

1  request. (Complaint, ¶ 68.) Thereafter, more than six months later, on August 23, 2006,
2  Plaintiffs filed a lawsuit in state court against PG&E only ("first action"). (AC at ¶ 10.)

> Plaintiffs did not file their civil action until they received Right-To-Sue letters from DFEH. Once they received said letters, Plaintiffs filed their action in August of 2006. This is just a little over 6 months from the date of the communication between Plaintiffs' counsel and PG & E. Plaintiffs understand that there is a 6 month statute of limitations, but are questioning *when* the statute officially began to run in this case. Assuming, <u>arguendo</u>, that the statute of limitations has run, Plaintiffs respectfully request that this Court toll the statute under the doctrine of equitable tolling or the doctrine of equitable estoppel.

(AC at ¶ 68.)

Plaintiffs' first action was only against PG&E for breach of oral contract and age discrimination (the "first action"). The IBEW was not named in the lawsuit.

Plaintiffs allege that after initially filing the first action "defendant PG&E's counsel notified Plaintiffs that they could not pursue an action in court because of the arbitration clause and the parties' [severance] agreement." This communication was made <u>after</u> defendant PG&E had been served and reviewed the contents of Plaintiffs' complaint filed on August 27, 2006. (AC at ¶ 69.)

Admitting their initial complaint was untimely, Plaintiffs further allege as follows:

> Defendants fraudulent conduct, misrepresentations, and deception, as described above, directly induced the Plaintiffs to delay initiating timely legal proceedings, within the 6-month statute of limitations as set out in § 10(b) of the National Labor Relations Act, preserving the Plaintiffs' claims against the Defendants. As such, Defendants are estopped from their reliance, if any, on the statute of limitations.

(AC at ¶ 75.)

Plaintiffs further allege that their claims are subject to equitable tolling because they made "substantial efforts to determine their available remedies" but were "prevented from asserting them" by Defendants. (AC at ¶ 77.)

On or about October 30, 2006, Plaintiffs voluntarily dismissed their first action and later filed a demand for arbitration with the American Arbitration Association. Plaintiffs raised the identical claims in their arbitration demand that they raised in the first action they dismissed. (Complaint at ¶ 74.)

6

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

After PG&E filed a motion to dismiss the arbitration based upon Plaintiffs' arbitration demand, Plaintiffs filed the subject lawsuit on April 26, 2007, raising the same claims as in the first action and in the pending arbitration and against PG&E and Deanna Radford. Plaintiffs failed to name IBEW as a defendant.

## III.  DISCUSSION

### A.  Plaintiff Failed to State a Cause of Action Under Section 301.

"[A] suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." Wooddell v. International Broth. of Elec. Workers, Local 71, 502 U.S. 93, 98 (1991); see also Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1179 (7th Cir. 1993); Able Bldg. Maintenance Co. v. Board of Trustees of General Employees Trust Fund, 2003 WL 22749151, *4 (N.D.Cal. 2003) ("Lawsuits properly brought under section 301 of the LMRA must be for either (1) violation of contract between an employer and a labor organization representing employees in an industry affecting commerce or (2) violation of contract between such labor organizations.") (citation omitted).

Moreover, in order for an employee to recover under section 301, he must also show that his union breached its duty of representation. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990).

#### 1.  Plaintiffs' Allegations Relating to Breach of an Oral Agreement Do Not Constitute Breach of the CBA.

Independent agreements regarding employment conditions between employers and union-member employees in the collectively-bargained workplace, such as the oral agreement for a re-employment preference benefit alleged by claimants, are forbidden by law. See N. L. R. B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1987) ("National labor policy . . . extinguishes the individual employee's power to order his own relations with his employer and creates a power vested in the chosen representative to act in the interests of all employees."); Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000) ("where the position in dispute is

7

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

"covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are preempted."); Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 894 (9th Cir. 1997); (alleged letter agreement "superseded by the CBA because any 'independent agreement of employment [concerning a job position covered by the CBA] could be effective only as part of the collective bargaining agreement.'").

Plaintiffs may sue under section 301 only for breach of the CBA. Plaintiffs allege breach of contract based on oral representations made by Deanna Radford, an employee of PG&E. Her alleged oral representations made in 1999 when Plaintiffs' employment was covered by the CBA relate to benefits provided thereunder to power generator employees. Plaintiffs allege they are entitled to these benefits because they were affected by the divestiture and were "by all definitions, power generation employees." (AC at ¶ 6).

Breach of Radford's oral agreement does not constitute breach of the CBA. Therefore, Plaintiffs fail to allege facts sufficient to constitute a cause of action under § 301 of the LMRA.

### 2. Plaintiffs Failed to Properly Allege IBEW's Failure to Properly Represent them.

Under Ninth Circuit decisional law, a plaintiff seeking to prove a breach of the duty of fair representation "may prevail if the union's conduct was arbitrary, discriminatory, or in bad faith" when the action complained of was "procedural or ministerial." Wellman v. Writers Guild of America, West, Inc., 146 F.3d 666, 670 (9th Cir. 1998). However, if the conduct involved the union's judgment, then the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith. Id.

Plaintiffs merely allege that "IBEW's conduct was arbitrary, discriminatory and in bad faith," (Complaint at ¶ 51). Plaintiffs allege no facts at all to support their conclusion that the union's conduct was arbitrary, discriminatory, or bad-faith action. See Sandoval v. TCI Cablevision, 1995 WL 39444, *6 (N.D. Cal. 1995) (dismissing breach of fair representation claim where Plaintiff had alleged "he was not fairly represented by his union" because "Plaintiffs' conclusory statement . . . is not sufficient to state a valid claim").

Plaintiffs fail to allege facts sufficient to constitute a cause of action under section 301 against PG&E. Therefore, Defendants' motion to dismiss should be sustained without leave to amend.

### B. The Statute of Limitation for Plaintiffs' Section 301 Claim Ran Before Plaintiffs Filed Their Civil Action in State Court.

Section 301 claims are subject to a six-month statute of limitations period. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983); see also Prazak v. Local 1 Intern. Union of Bricklayers & Allied Crafts, 233 F.3d 1149, 1151 (9th Cir. 2000) (six-month statute of limitations for section 301 claims); Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1049 (9th Cir. 1987) (six-month statute of limitations for hybrid section 301 claims).

The statutory period for a section 301 claim begins to run when a plaintiff is aware the union will not assist him/her in a dispute. Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1049 (9th Cir. 1987)

Plaintiffs admit they ran the 6 month statute of limitations. (AC at ¶ 75.) The statute of limitations was triggered when the union first rejected their request for re-employment rights which event occurred *before* Plaintiffs' letter of January 24, 2006, to PG&E. On August 23, 2006, Plaintiffs filed an action in state court seeking these re-employment rights under a breach of contract claim solely against PG&E. The lawsuit was filed over 6 months from the dates the Plaintiffs' requests were rejected by PG&E and the union. (Complaint, ¶ 68.)

Plaintiffs ran the statute of limitations, therefore, Defendants motion to dismiss should be entered without leave to amend.

#### 1. Equitable Tolling is Inapplicable to Plaintiffs' Claims.

"Equitable tolling is available where 'despite all due diligence, the party invoking the [doctrine] is unable to obtain vital information bearing on the existence of the claim.' 'The party's ignorance of the necessary information must have been caused by circumstances beyond the party's control.'" Ghahremani v. Gonzales, 498 F.3d 993, 999 (9th Cir. 2007). In the case at bar, Plaintiffs fail to properly allege that they lacked information needed to timely plead their claim. Nor, do their allegations show due diligence by the Plaintiffs. They alleged no reason at

9

all for their failure to file their claim between the time they learned of it prior to or no later than January 24, 2006, and the actual filing date of August 23, 2006, except that they were waiting for a DFEH right to sue letter, which PG&E had nothing to do with. See Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) ("Huseman's equitable tolling claim . . . is founded on his conduct and due diligence. The absolute lack of any effort on his part to inquire about available options defeats his equitable tolling claim.").

Moreover, all allegations constituting PG&E's conduct allegedly causing delay in Plaintiffs' action occurred *after* the filing of Plaintiffs' first lawsuit on August 23, 2006.

Even if, arguendo, Plaintiffs alleged that PG&E's conduct occurred prior to their first lawsuit, the four letters from PG&E's counsel to Plaintiffs' counsel in support of their claim and attached and incorporated into the Amended Complaint as Exhibit 5 fail to support Plaintiffs' equitable tolling argument. First, these were letters written by an attorney for PG&E engaged in litigation and addressed to Plaintiffs' counsel. PG&E's counsel in good faith informed Plaintiffs' counsel of the Severance Agreements and forwarded them to Plaintiffs' counsel. Moreover, PG&E's counsel referred Plaintiffs' counsel to the arbitration clause in the Severance Agreements. PG&E's counsel was not obligated to interpret the agreements or explain the law to Plaintiffs' counsel. See, e.g., LiMandri v. Judkins, 52 Cal.App.4th 326, 336 (1997) (attorney is liable for nondisclosure to opposing counsel only, "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts"); Wright v. Groom Trucking Co., 206 Cal.App.2d 485, 499 (1962).

There are absolutely no facts to show that partial representations were made and/or any attempt by PG&E's counsel to suppress any material facts. Moreover, PG&E was not in a fiduciary relationship with Plaintiffs and did not have exclusive knowledge of any material facts not known to Plaintiffs.

Plaintiffs' equitable estoppel argument is meritless.

### 2. Plaintiffs' Equitable Estoppel Agreement Is Meritless.

The elements for equitable estoppel are: (1) representation of a position by conduct or word; (2) reasonable reliance thereon by another party; and (3) resulting prejudice. Capa, Inc. v. Anchorage Chrysler Center, Inc. Health & Welfare Plan, 122 Fed.Appx. 298, 300 (9th Cir. 2004). "[E]quitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." Stitt v. Williams, 919 F.2d 516, 522 (9th Cir. 1990).

To the extent Plaintiffs' counsel contends she relied on PG&E's counsel's representations to dismiss Plaintiffs' first action, her reliance was unjustified. See B.L.M. v. Sabo & Deitsch, 55 Cal.App.4th 823, 836 (1997) (reliance on advice of attorney representing other party in negotiations not justifiable). Plaintiffs' alleged reliance on an opposing counsel's representations relating to pending litigation was unreasonable under the law. The letters from PG&E's counsel were communications made during the course of litigation and make no statements whatsoever specifically regarding the arbitrability of any claims not relating to (1) the validity of the severance agreements, (2) an interpretation of the severance agreements, or (3) a violation of the severance agreements.

The conflict between Plaintiffs' counsel's alleged belief that PG&E would agree to arbitrate all disputed matters and the strictly limited arbitration provision of paragraph 11 of the written Severance Agreements at the very least would trigger a legal duty to investigate by Plaintiffs' counsel. See George Hammersmith, Inc. v. Taco Bell Corp., 1991 WL 159466, *4 (9th Cir. 1991) (ambiguity between representation and language of written contract triggers duty to investigate); Trifiro v. New York Life Ins. Co., 845 F.2d 30, 33-34 (1st Cir. 1988) (unreasonable to assume without investigating that an oral statement had a particular meaning when that meaning contradicted a written statement).

Plaintiffs' counsel failed to conduct an investigation into the facts and law of Plaintiffs' case after being put on notice of issues relating to the viability of their claims. Therefore, Plaintiffs have no basis to argue that the limitation period was tolled under an equitable tolling

1  theory. Further, the conduct alleged by Plaintiffs to form the basis for tolling did not begin until
2  the statute had already run.

3        Plaintiffs "relation back" argument is equally meritless: "This rule requires that in order
4  for an amendment to *relate back to the date of the original pleading*...." (emphasis added)
5  (Complaint, ¶ 78). The relation-back doctrine may serve *only* to allow an amended pleading to
6  relate back to the date of the original pleading. Even if, arguendo, Plaintiffs' Amended
7  Complaint relates back to the filing of the first action filed in August 2006, the statute had
8  already run by that date.

9        In sum, the statute of limitations for Plaintiffs' section 301 claims had already expired
10 before they filed their first lawsuit in August 2006 and there is no reason that the statute should
11 be tolled.

12   **C.**    **All of Plaintiffs' Claims are Barred by Their Failure to Exhaust Administrative Remedies.**

13       Before bringing a section 301 claim, "it is settled that the employee must at least attempt
14 to exhaust exclusive grievance and arbitration procedures established by the bargaining
15 agreement." Vaca v. Sipes, 386 U.S. 171, 184-185 (1967) (citation omitted). "Failure to utilize
16 the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing
17 remedies in court." Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990) (citation
18 omitted).

19       Plaintiffs here allege that they "went to" IBEW and "explained . . . that they need relief,"
20 and that they twice "requested relief" from IBEW. (Complaint, ¶¶ 48, 52, 66).

21       Plaintiffs' allegations are unspecific as to the first contact with the union. Although the
22 union's alleged rejection occurred before January 24, 2006, the allegations are otherwise
23 unspecific as to when, how and who was contacted. Plaintiffs' attach Exhibit 1 to the Amended
24 Complaint which is a letter dated November 26, 2007, relating to their alleged second attempt to
25 contact the union. However, the letter is not addressed to IBEW, but to PG&E's HR Service
26 Center. The writing of a letter to PG&E does not fulfill Step One of the collectively-bargained

12

grievance procedure, wherein Plaintiffs must have discussed their dispute with a union foreman or supervisor. (Section 1026 of the CBA.)

Plaintiffs' conclusory allegations are insufficient to satisfy the pleading requirements for a section 301 action. (In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir.1981), cert. dismissed, 437 462 U.S. 1125 (1983)), cert. denied, 470 U.S. 1054 (1985) ("Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.")

Plaintiffs failed to properly plead the exhaustion of administrative remedies. As the authorities above demonstrate, such a pleading is essential to a section 301 claim, and due to its absence here, Plaintiffs' section 301 claim cannot survive dismissal.

### D. Plaintiffs' Discrimination Claim is Preempted and Should Be Dismissed.

The Court ruled that the Plaintiffs' statutory age discrimination claim is preempted by section 301 and dismissed the claim on that ground. (Order, p. 15, lns. 12-15.) Plaintiffs have pled their discrimination claim as arising under FEHA. As has been stated, the single assertion that this "action arises under" section 301 does not transmute this statutory claim into a section 301 claim.

This claims was previously dismissed by the Court.

### E. Plaintiffs' Fraud Claim is Meritless.

#### 1. Plaintiffs' Fraud Claim is Preempted.

Any claim requiring interpretation of a CBA is preempted by section 301. (Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 220 (1985); Humble v. Boeing, 305 F.3d 1004, 1007 (9th Cir. 2002).

Section 301's preemptive force extends to fraud claims when resolution of the claims is inextricably intertwined with terms in a labor contract. Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000) (holding fraud claim preempted when "appellants would be required to show that the terms of the collective bargaining agreement differed significantly from the individual employment contracts they believed they had made); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir. 1987) ("In order to prove misrepresentation, Youngs

13

would be required to show that the terms of the CBA differed significantly from the terms of the individual contract. As resolution of her misrepresentation claims would substantially depend on interpretation of the terms of the CBA, the claims are preempted."); Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1049 (9th Cir. 1987) ("Stallcop's cause of action for fraud is based upon representations Kaiser made in connection with the reinstatement agreement. As such, the fraud action depends upon an interpretation of the collective bargaining agreement, and is preempted by section 301.").

Plaintiffs' cause of action for fraud is based on their breach of contract claim and the denial of re-employment rights under the CBA.

The re-employment preference benefit was created by the CBA and is defined by the CBA. The CBA is inextricably intertwined with Plaintiffs' fraud claim and interpretation of the CBA would be necessary to show how the alleged misrepresentations differed from the language of the CBA. Plaintiffs' fraud claim is preempted by § 301.

### 2.     Plaintiffs Failed to Allege Facts to Plead a Fraud Claim.

"In order to establish intentional fraud under California law, [plaintiffs] must prove (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Conrad v. Bank of America, 45 Cal. App. 4th 133, 156 (1996) (quoting Cicone v. URS Corp., 183 Cal. App. 3d 194, 200 (1986)).

Plaintiffs have done no more than label their prior "malice, fraud and oppression" claim as a "fraud" claim and re-pled the same facts without substantive amendment, despite the Court's instruction that a fraud claim "must include the 'who, what, when, where and how' of the alleged misconduct." (Order, p. 16, lns. 17-18 (citation omitted.)). See Rintel v. Wathen, 806 F.Supp. 1467, 1472 (C.D.Cal. 1992) ("[C]lose scrutiny of the allegations fails to discover any significant change in substance or even in language. . . . Since the Court can find no assurance that a second amended complaint could identify the fraudulent activity targeted, Plaintiffs' amended complaint should be dismissed with prejudice.").

14

### F. Radford Should Be Dismissed.

"The law is well settled that individual employees are not proper parties to a suit brought under § 301 of the Labor Management Relations Act.... Rather, § 301 suits are confined to Defendants who are signatories of the collective bargaining agreement under which they are brought." Williams v. Kiewit Pacific Co., 2006 WL 213745, *2 (N.D.Cal. 2006) (citation omitted).

Deanna Radford was not a signatory to the CBA. Therefore she should be dismissed from this action arising from section 301 of the LMRA.

## IV. CONCLUSION

Plaintiffs failed to state facts upon which relief can be granted. For the foregoing reasons, Defendants request the Court grant their motion to dismiss without leave to amend.

DATED: December 26, 2007                LAFAYETTE & KUMAGAI LLP


/s/ Susan T. Kumagai
SUSAN T. KUMAGAI
Attorneys for Defendants
PACIFIC GAS & ELECTRIC COMPANY and
DEANNA RADFORD


### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on December 26, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Susan T., Kumagai
SUSAN T. KUMAGAI

N:\Documents\PGE\Know\Pldg\Motion to Dismiss Amended Complaint.doc