Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:    (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

THOMAS KNOWLES and THOMAS HICKS,

Plaintiffs,

v.

PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.

Defendants.

Case No.:  C-07-2284-CW

**PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE.**

Date: January 31, 2008
Time: 2:00 p.m.
Dept.: A
Judge: Honorable Claudia Wilken

Amended Complaint Filed: December 5, 2007

/ / / /

/ / / /

*Knowles & Hicks v. PG & E, et al.*                                              1
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1

## TABLE OF AUTHORITIES

2

Page

3

**Federal Cases:**

4

*Allen v. Wright* [468 U.S. 737 (1984)]...................................................... 7

5

*Atkins v. Union Pac. R.R.* [685 F.2d 1146 (9th Cir. 1982)].......................... 12

6

*Conley v. Gibson* [355 U.S. 41 (1957)].................................................. 4

7

*DeCoe v. Gen. Motors Corp.* [32 F.3d 212 (6th Cir. 1994)]........................ 10

8

*Fox v. Parker Hannifin Corp.* [914 F.2d 795 (6th Cir. 1990)]..................... 10

9

*Hishon v. King & Spaulding* [467 U.S. 69 (1984)]................................... 4

10

*Huseman v. Icicle Seafoods, Inc.* [471 F.3d 1116 (9th Cir. 2006)].......................... 10, 11

11

*In Re Plywood Antitrust Litigation* [655 F. 2d 627 (5th Cir. 1981)]........................ 15

12

*Lingle vs. Norge Division of Magic Chef, Inc.* [(1988) 486 U.S. 399]...................... 15

13

*Livadas v. Bradshaw* [512 U.S. 107 (1994)]............................................ 10

14

*Lujan v. Defenders of Wildlife* [504 U.S. 555 (1992)]................................ 7

15

*N.L.R.B. v. Allis-Chalmers Mfg. Co.* [388 U.S. 175 (1987)].......................... 8

16

*Sanders v. Kennedy* [794 F.2d 478 (9th Circuit 1986)]................................ 4

17

*United States v. Hays* [515 U.S. 737 (1995)]............................................ 7

18

*Williams v. Kiewit Pacific Co.* [2006 WL 213745]..................................... 4

19

*Young v. Anthony's Fish Grottos, Inc.* [830 F. 2d 993]................................. 10

20

**State Cases:**

21

*B.L.M. v. Sabo & Deitsch* [55 Cal.App.4th 823 (1997)]............................... 12

22

*Conrad v. Bank of America* [45 Cal.App.4th 133 (1996)]............................. 16

23

**Statutes:**

24

29 U.S.C. § 185..........................................................................throughout

25

Rule 4.1 of the ABA Model Rules of Professional Conduct............................. 12

26

National Labor Relations Act §10(b)..................................................... 13

27

Federal Rules of Civil Procedure Rule 8.................................................. 14

28

Federal Rules of Civil Procedure Rule 9(b)............................................. 15, 16

*Knowles & Hicks v. PG & E, et al.*                    2
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS'
Opposition to Defendants' Motion to Dismiss Amended Complaint.

## I.    INTRODUCTION

Plaintiffs Thomas Knowles and Thomas Hicks (hereinafter collectively called
"Plaintiffs") filed an action in Superior Court. Shortly thereafter, Plaintiffs were informed by
Defendant Pacific Gas & Electric Company (hereinafter called "Defendant PG & E") that the
case must be removed to federal court. Plaintiffs voluntarily removed the case to federal court.
Further, Plaintiffs were informed by Defendant PG & E that the entire action was bound by an
arbitration clause, and that any remedy that Plaintiffs might have would only be determined by
arbitration. Defendant PG & E notified Plaintiffs that if they did not voluntarily dismiss their
action, Defendant PG & E would make a motion to compel arbitration since arbitration was the
"exclusive remedy." Plaintiffs agreed and dismissed the action, without prejudice. The parties
agreed upon an arbitrator and submitted their arguments to arbitration.

Then, Defendant PG & E changed their argument. They notified Plaintiffs that the
arbitration clause was inapplicable and that if Plaintiffs had any recourse, it would be exclusively
through the federal court. Plaintiffs were left with no choice but to re-file in federal court.
Defendant PG & E has from the very beginning done everything possible to twist this case
around, and to prevent Plaintiffs from obtaining employee benefits that they had been promised,
and benefits that they had detrimentally relied upon. Now, Defendant PG & E has filed this
instant Motion to Dismiss Plaintiffs' Amended Complaint.

## II.    BACKGROUND

Plaintiffs were employees of Defendant PG & E. As discussed in detail in Plaintiffs'
Complaint, a divestiture occurred in 1999, where the California Public Utility Commission
placed an obligation on Defendant PG & E to have a two year Operation and Maintenance period
(hereinafter called "O & M period"). During this time, Defendant PG & E's expertise were to be
made available to whoever purchased the power plant. Defendant PG & E created a benefits
package for all power generation employees affected by the divestiture. The benefits package

*Knowles & Hicks v. PG & E, et al.*                    3
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

included a sixty (60) month right to re-employment with Defendant PG & E.  Plaintiffs were affected by the divestiture.  They were promised the 60 month right to re-employment and because of such promise, they entered into a Severance Agreement.  Further, and because of the promised 60 month right to re-employment, Plaintiffs did not exercise their right to re-employment until shortly before the 60 months had ended.

When Plaintiffs contacted their union for assistance, their union advised them that they could not assist them and that Plaintiffs would need to deal with PG & E directly and on their own.  Plaintiffs were not given any options, such as arbitration, nor were they provided assistance.  Plaintiffs retained counsel and attempted to informally resolve their dispute with PG & E.  When this did not work, Plaintiffs obtained Right to Sue letters and filed an action against PG & E.  Since then, Plaintiffs have sent a second request to their union for relief.  No response was received and Plaintiffs' filed an amended complaint.

Plaintiffs detrimentally relied on their promised 60 month right to re-employment.  Defendant PG & E made this promise to them to induce them to accept the severance agreement and work at the Geysers.  Plaintiffs have already, through their own investigation and discovery, obtained statements from PG & E employees and supervisors, which support and confirm such oral agreement by Defendant PG & E.  PG & E has done everything possible to twist this case out of control and prevent Plaintiffs from obtaining the relief that they are entitled to.

### III.    ARGUMENT

### Defendants' Motion to Dismiss the Amended Complaint Should Be Denied.

A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. [*see Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)] "Thus, dismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" [*see Williams v. Kiewit Pacific Co.* 2006 WL 213745, *quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)]. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. [*see Williams v. Kiewit Pacific Co., supra, quoting Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986)].  Here, as discussed below, Plaintiffs have properly

*Knowles & Hicks v. PG & E, et al.*                                    4
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

shown facts to support their claims and where ordered to by the Court, have pled certain causes of action under Section 301 of the LMRA.

A. <u>Plaintiffs Have Stated A Cause of Action Under Section 301:</u>

Plaintiffs allege that Defendants PG & E and Radford breached an oral agreement with them. Specifically, that Defendants PG & E and Radford promised to provide a 60 month right to re-employment with PG & E. Plaintiffs performed all terms and conditions required by them under the agreement; Defendants PG & E and Radford did not. The Court found that a breach of the oral agreement claimed by Plaintiffs in this case was dependent on analysis of the Collective Bargaining Agreement ("CBA"). That does not change what oral agreement Plaintiffs are claiming was breached by Defendants PG & E and Radford, nor does it change the facts surrounding that agreement.

1. <u>The Court Can Analyze Plaintiffs' First Cause of Action By Interpretation of the CBA.</u>

The Court has ruled that they will require interpretation of the CBA to analyze the oral agreement because the agreement is substantially dependent on analysis of the CBA. However, the agreement Plaintiffs contend was breached is the same one that they have been arguing from the inception of this action. The Amended Complaint is clear that Plaintiffs are alleging that (1) the parties had an oral agreement, that (2) Defendants breached that oral agreement, and that (3) Plaintiffs performed all terms and conditions under that agreement. In their instant Motion to Dismiss, Defendants argue that "plaintiff failed to state a cause of action under Section 301" (Section A of Discussion, Defendants' Motion to Dismiss Amended Complaint). This contention is baseless and untrue. In their Amended Complaint, Plaintiffs specifically state that they have exhausted all administrative relief under the CBA with Defendant IBEW. Further, Plaintiffs specifically identify that they are stating a cause of action for breach of contract under Section 301.

> This is an action to enjoin breach of a collective bargaining agreement pursuant to a collectively-bargained grievance machinery. This action arises under Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185). Jurisdiction is conferred upon this Court by the provisions of that section. (Paragraph 14, Plaintiffs' Amended Complaint)

*Knowles & Hicks v. PG & E, et al.*                                     5
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

The Court's order did not deny Plaintiffs the opportunity to plead a cause of action for breach of contract. Instead, the Court ruled that Plaintiffs' cause of action was preempted and would need to be pled under Section 301.

> In order to address Plaintiffs' claims that they were entitled to a re-employment preference described in the CBA, the Court would have to interpret provisions of the CBA and the Letter Agreement…Plaintiffs' claims of a separate oral agreement, at a time when they were covered by the CBA, require an interpretation of the terms of the CBA. Accordingly, PG & E's motion to dismiss Plaintiffs' first claim is granted, *with leave to amend as a claim under the LMRA.* (Order Granting Defendant PG & E's Motion to Dismiss With Leave To Amend, dated November 29, 2007, p. 11:1-11; emphasis added)

The Court did not bar Plaintiffs from stating a cause of action for relief of their oral contract, but only ordered Plaintiffs to make the claim under the LMRA. Plaintiffs have done so, and Defendants' contradictory assertions are frivolous. Plaintiffs exhausted their administrative remedies by contacting their union twice for assistance in this dispute. The union has ignored them and refused to participate. The CBA is silent as to what actions Plaintiffs are to take after such inaction by their union. Plaintiffs were left with no remedy but to sue Defendants PG & E and Radford directly. This action corroborates what their union originally told them: that they had to deal with PG & E on their own for relief. Therefore, Plaintiffs request that the Court deny Defendants Motion to Dismiss their cause of action for breach of contract.

2. Plaintiffs Properly Alleged IBEW's Failure to Properly Represent Them.

Plaintiffs' Amended Complaint specifically pleads a cause of action for Breach of Duty of Representation by IBEW. Plaintiffs ask that the Court review the fourth cause of action in Plaintiffs' Amended Complaint. Plaintiffs clearly discussed what administrative actions they sought and how their administrative remedies had been exhausted. Further, Plaintiffs discussed how their union did not even investigate their claims and haphazardly dismissed their complaints and told them to deal with PG & E on their own. Plaintiffs' fourth cause of action is clear and provides defendants with enough information. What Defendants fail to remember is that this is an amended complaint, and Plaintiffs are not being asked to argue their entire case therein. The amended complaint, taken as a whole, is more than sufficient to provide Defendants with an

*Knowles & Hicks v. PG & E, et al.*                    6
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1  inkling of the claim against which they must defend. Plaintiffs' cause of action for breach of

2  duty of representation provides facts sufficient to state a valid cause of action. Therefore,

3  Defendants' Motion to Dismiss the fourth cause of action under Breach of Duty of

4  Representation should be denied.

6     3. <u>Defendants Do Not Have Standing To Challenge The Cause of Action for Breach of Duty

7       of Representation.</u>

8       The fourth cause of action for Breach of Duty of Representation is against Defendant IBEW,

9  not Defendants PG & E and Radford. Plaintiffs are not claiming that Defendants PG & E and

10  Radford failed to represent them. Standing is a critically important jurisdictional limitation. It is

11  "an essential and unchanging part of the case-or-controversy requirement of Article III." [*see*

12  *Lujan v. Defenders of Wildlife* (1992) 504 US 555, 560] As such, it is not subject to waiver; like

13  subject matter jurisdiction, standing must be considered by federal courts even if the parties fail

14  to raise it. [*see United States v. Hays* (1995) 515 US 737, 742] Standing does not refer simply to

15  a party's capacity to appear in court. Rather, standing is gauged by the specific common law,

16  statutory or constitutional claims that a party presents; i.e., "whether the particular plaintiff is

17  entitled to an adjudication of the particular claims asserted." [*see Allen v. Wright* (1984) 468 US

18  737, 752 (emphasis added)] Here, it is the defendants that lack standing to challenge the fourth

19  cause of action and *Allen v. Wright* can be interpreted to evaluate whether Defendants' PG & E

20  and Radford have standing to file a Motion to Dismiss a cause of action that has nothing to do

21  with them.

22       The burden is on the party who seeks the exercise of jurisdiction in his or her favor "clearly

23  to allege facts demonstrating that he is a proper party to invoke judicial resolution of the

24  dispute." [*see United States v. Hays, supra* at p. 743] Here, Defendants PG & E and Radford are

25  not named defendants in the fourth cause of action. Furthermore, Plaintiffs are not alleging that

26  Defendants PG & E and Radford breached their duty of representation. That cause of action

27  does not affect Defendants PG & E and Radford. Therefore, Defendants PG & E and Radford's

28  arguments under Section A, Subsection 2 of their Motion to Dismiss Amended Complaint should

be ignored altogether since they are not the proper party to argue against it.

*Knowles & Hicks v. PG & E, et al.*       7
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

4.  <u>Plaintiffs Are The Only Ones That Can Bring Forward This Dispute</u>.

Defendants PG & E and Radford's claim that Plaintiffs, as individual employees, cannot make the claims they have made in their amended complaint, is baseless. Although *N.L.R.B. v. Allis-Chalmers Mfg. Co.* [388 U.S. 175, 180 (1987)] states that the employee's representative should act on behalf of the employee, that does not mean that the employee cannot file their own action when they believe there is a breach of the CBA. This is especially true in this case, where Plaintiffs (employees) have gone to their union for representation and have been rejected. The union will not represent Plaintiffs' interests and Plaintiffs must file a claim on their own. *N.L.R.B.* is further distinguishable from the case at bar because in *N.L.R.B.*, the Court held that "the union may contract the employee's terms and conditions of employment, and provisions for processing his grievances." [*Id.*] That is not what is going on here. Plaintiffs are not arguing that the terms and conditions of their employment, or their provisions for processing their grievances, are unacceptable. They are arguing that their employer has breached an oral agreement with them, one that is contained in the CBA. No one is negotiating terms and conditions of the CBA; instead, Plaintiffs are demanding that PG & E honor their agreement under the CBA.

This is not a dispute over what terms in the CBA are fair or unfair, but only a dispute as to a breach of contract. Defendants' use of *N.L.R.B.* is only another tactic to confuse the issues and should be ignored by this court since it has nothing to do with the facts of this case. As discussed in the Amended Complaint and herein, Plaintiffs' request for assistance was rejected by their union. Their union specifically told them that they would have to deal with PG & E on their own. The union set out the next steps for Plaintiffs, and the CBA is otherwise silent about what Plaintiffs can do when they have reached the point that they have reached. They have no choice but to go forward with this instant action. The Court did not disallow Plaintiffs from pleading their causes of action—the Court only ruled that the causes of action were preempted and would have to be pled under Section 301. That is what Plaintiffs did in their amended complaint.

/ / / /
/ / / /

*Knowles & Hicks v. PG & E, et al.*                    8
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

B. The Statute of Limitations Should Not Bar Plaintiffs From Relief Under The Circumstances.

1. Plaintiffs Never Admitted That The Statute Of Limitations Had Run.

Defendants PG & E and Radford erroneously contend that "Plaintiffs admit they ran the 6 month statute of limitations" (see Motion to Dismiss Amended Complaint, p. 9:14). That is not what Plaintiffs' Amended Complaint states.

> Although Plaintiffs exhausted their administrative remedies under the CBA, the issue of timeliness is puzzling. Plaintiffs went to Defendant IBEW shortly after they were denied their right to re-employment by PG & E. Defendant IBEW specifically told Plaintiffs that they would need to deal with PG & E on their own. On or about January 24, 2006, Plaintiffs' counsel contacted PG & E with a demand to re-employ Plaintiffs (this document was previously marked as Exhibit 4). This request was denied. Plaintiffs did not file their civil action until they received Right-To-Sue letters from DFEH. Once they received said letters, Plaintiffs filed their action in August of 2006. This is just a little over 6 months from the date of the communication between Plaintiffs' counsel and PG & E. Plaintiffs understand that there is a 6 month statute of limitations, but are questioning when the statute officially began to run in this case. Assuming, arguendo, that the statute of limitations has run, Plaintiffs respectfully request that this Court toll the statute under the doctrine of equitable tolling or the doctrine of equitable estoppel. (Plaintiffs' Amended Complaint, Paragraph 68)

Plaintiffs have never admitted that the statute of limitations has run. In fact, it is important to note that on the one hand, Defendants are arguing that Plaintiffs have failed to exhaust their administrative remedies while on the other hand, Defendants simultaneously argue that Plaintiffs have exhausted their administrative remedies and the statute has run to file suit. They want to pinpoint a date to argue the statute of limitations has run, but at the same time, claim later in their motion that Plaintiffs failed to utilize the grievance process altogether. The doctrines of equitable tolling and equitable estoppel apply in this case. Therefore, Plaintiffs request that the Court deny Defendants' motion to dismiss based upon the statute of limitations running.

2. Plaintiffs Did Not Originally File An Action Under The CBA.

Defendants PG & E and Radford argue that Plaintiffs had a 6 month statute of limitations and that they should have filed an action within 6 months from the date that their union initially rejected their claim. While it is true that Plaintiffs did not file suit until shortly after the 6

*Knowles & Hicks v. PG & E, et al.*     9
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1  months had lapsed between the rejection and filing, Plaintiffs were in the process of informal

2  discussions with PG & E.  Further, they were in the process of obtaining Right-To-Sue Letters

3  from Fair Employment Housing.  Finally, Plaintiffs did not believe that this action was

4  preempted by Section 301.  In fact, they opposed Defendants' initial Motion to Dismiss

5  Complaint, arguing that the oral agreement was not substantially dependent on analysis of the

6  CBA and that the action was not preempted since the agreement only "tangentially involve[d]

7  CBA provisions." [*see Fox v. Parker Hannifin Corp.* (6th Cir. 1990) 914 F.2d 795, 799-800; *see*

8  *also DeCoe v. Gen. Motors Corp.* (6th Cir. 1994) 32 F.3d 212, 216 ("[S]ection 301 preempts

9  state law rules that substantially implicate the meaning of collective bargaining agreement

   terms."); *Livadas v.Bradshaw*, 512 U.S. 107, 124 (1994)]

10      It is true that the Court ruled that the breach of contract was preempted by Section 301.

11  However, prior to this, Plaintiffs had every reason to believe that they were dealing with a

12  regular breach of oral agreement, and that the applicable statute of limitations was far from over.

13  The Labor Management Relations Act does not preempt every public policy claim brought by an

14  employee covered by collective bargaining agreement; a claim is not preempted if it poses no

15  significant threat to the collective bargaining process and furthers state interest in protecting

16  public transcending employment relationship.  [*see Young v. Anthony's Fish Grottos, Inc.*, 830

17  F.2d 993]  Plaintiffs contended that even if the oral agreement was related to the CBA, the CBA

18  would only need to be consulted.  "The bare fact that the Collective Bargaining Agreement will

19  be *consulted* in the course of the state law litigation does not require the claim to be

20  extinguished." [*Id.*, at p. 124, emphasis added]  Equity would require that Plaintiffs, under the

    circumstances and the historical procedures of this case, have their statute of limitations tolled.

21      3.  The Action Should Not Be Dismissed Based On The Statute Of Limitations Because Of
            Equittable Tolling.

22

23      Equitable tolling "focuses on whether there was excusable delay by the plaintiff" and "may

24  be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on

25  the existence of his claim." [*see Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir.

26  2006)]  In *Huseman*, the court found that the "absolute lack of any effort [on Mr. Huseman's]

27  part to inquire about available options defeats his equitable tolling claim." (p. 1120)  This

28  situation is distinguishable from the case at bar since here, Plaintiffs made substantial efforts to

*Knowles & Hicks v. PG & E, et al.*                    10
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1   determine their available remedies.  Here, Plaintiffs have not "slept on their rights," but instead,

2   have "been prevented from asserting them" by Defendants. (*see Huseman*, supra at p. 1120)

3   　　　Furthermore, Plaintiffs did not believe that the action was preempted by Section 301.

4   Plaintiffs would hope that the Court would agree that they made reasonable and rational

5   arguments to support why they believed their causes of action were not preempted.  Until the

6   Court issued its ruling, Plaintiffs were under the reasonable assumption that they were pursuing a

7   breach of oral contract complaint, and following that reasoning, believed that they had a longer

8   statute of limitations.  Further, the Right-To-Sue letters specifically gave Plaintiffs one year from

9   the date of the letters to file suit.  The circumstances in this case, including the procedural history

10  and PG & E's deceptive response to Plaintiffs' grievances, provides the Court with ample

11  authority to apply equitable tolling principles to the statute of limitations issue since there is

    more than enough evidence to support an excusable delay by Plaintiffs.

12

13  　　　4.   The Action Should Not Be Dismissed Based On The Statute Of Limitations Because Of
         Equittable Estoppel Principles.

14

15  　　　The statute of limitations may also be tolled under the doctrine of equitable estoppel [*see*

16  *Huseman v. Icicle Seafoods, Inc., supra* at p. 1120)  As discussed in the Amended Complaint,

17  Defendant PG & E's conduct and representations have lulled Plaintiffs into a false sense of

18  security.  They falsely advised Plaintiffs that their only relief was arbitration and that the oral

19  agreement was based upon the Severance Agreements.  In Defendants' Motion to Dismiss

20  Amended Complaint, they excuse their prior express statements by arguing that "PG & E's

21  counsel in good faith informed Plaintiffs' counsel of the Severance Agreements and forwarded

22  them to Plaintiffs' counsel.  Moreover, PG & E's counsel referred Plaintiffs' counsel to the

23  arbitration clause in the Severance Agreements." (see Motion to Dismiss Amended Complaint, p.

24  10:13-16)  Nothing about PG & E's action could possibly constitute "good faith."  In fact, the

25  communications by PG & E's counsel threaten to compel arbitration if the action is not

26  dismissed.  Defendant PG & E expressly advised Plaintiffs' counsel that their <u>exclusive remedy</u>

27  was arbitration.  Defendant PG & E should not be able to take advantage of their own wrongs

28

*Knowles & Hicks v. PG & E, et al.*                      11
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1    and Plaintiffs request that the Court estop Defendants from raising the statute of limitations. [*see*

2    *Atkins v. Union Pac. R.R.*, 685 F.2d 1146, 1149 (9th Cir.1982)]

3        Plaintiffs' equitable estoppel argument is anything but meritless as Defendants argue. It is no

4    surprise that Defendants' counsel is attempting to mask the issue by trying to draw the Court's

5    attention away from the true facts of the case. Defendants' state that Plaintiffs' counsel's

6    reliance on their statements was unjustified. This self-serving opinion was based on sited case

7    law, *B.L.M. v. Sabo & Deitsch* [55 Cal.App.4th 823], that held reliance on opposing counsel's

8    representations relating to a pending litigation was unreasonable under the law. *B.L.M., supra,*

9    held, inter alia, that a person in an adverse or antagonistic position cannot justifiably rely on a

10   legal opinion of that attorney. Here, the reliance was not based on a legal opinion, rather a

11   representation from a licensed attorney stating unequivocally that the "exclusive remedy" for the

12   causes of action pled in the complaint was arbitration. This communication is marked as

13   **EXHIBIT A**, and incorporated by reference herein.

14       Furthermore, Rule 4.1 of the ABA Model Rules of Professional Conduct provide that a

15   lawyer shall not make a false statement of fact or law to a third party. Here, PG & E, in writing,

16   advised Plaintiffs' counsel that their exclusive remedy was arbitration. They made this

17   contention *after* reviewing the complaint. This was not a legal opinion regarding interpretation

18   of the arbitration provision of Paragraph 11 of the Severance Agreements as PG & E would like

19   the Court to believe. Instead, it was a statement made between attorneys pertaining to the

20   methods to resolve this dispute, and as such, any reliance on PG & E's written representations

21   was justified and will support Plaintiffs' equitable estoppels arguments.

22       Defendants also assert that Plaintiffs' counsel had a duty to investigate what PG & E advised

23   them. Plaintiffs did so, and after investigating the arbitration clause, Plaintiffs agreed with PG &

24   E that the Severance Agreements applied to the breach of oral agreement and that Plaintiffs'

25   relief was arbitration. Just because PG & E changed their position and the Court subsequently

26   ruled that the action was preempted does not mean that Plaintiffs' did not investigate in good

27   faith.

28

*Knowles & Hicks v. PG & E, et al.*                    12
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1    Defendants PG & E and Radford will say and do anything to manipulate the situation.

2  Defendants' circular arguments were brought in bad faith and were a premeditated plan designed

3  to bully, prejudice, delay and confuse Plaintiffs into losing any rights and protections they had

4  against Defendants' deception.  Defendants' conduct and representations lulled the Plaintiffs into

5  a false sense of security and therefore, they are estopped from raising the statute of limitations.

6  Defendants should not benefit from their own wrongful conduct and delay.  Therefore, Plaintiffs

7  request that the Court apply the doctrine of equitable estoppel in this case.

8    Defendants' fraudulent conduct, misrepresentations, and deception, as described above,

9  directly induced the Plaintiffs to delay initiating timely legal proceedings, within the six-month

10  statute of limitations as set out in § 10(b) of the National Labor Relations Act, preserving the

11  Plaintiff's claims against the Defendants.  As such, Defendants are estopped from their reliance,

12  if any, on the statute of limitations.

13    Further, the CBA is silent as to what steps Plaintiffs are to take after the union denies their

14  grievance.  This ambiguity caused confusion for Plaintiffs and caused them not to know what

15  specific action they were required to take next.  Defendant IBEW never explained or advised

16  Plaintiffs what actions they could pursue after being denied by their union.  Defendant PG & E,

17  on the other hand, advised Plaintiffs that their exclusive remedy was arbitration, a contention that

18  they now adamantly deny.  Any delay in this case caused by Plaintiffs is excusable as discussed

19  herein.

20

21    C.  Plaintiffs' Have Exhausted All Administrative Remedies.

22    Despite Defendants' assertions, Plaintiffs have exhausted all administrative remedies

23  available to them.  They clearly discuss their efforts throughout their amended complaint.

24  Plaintiffs also discuss how they have exhausted their administrative remedies in a separate

25  section entitled "PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

26  UNDER LMRA." (see Paragraphs 65 through 78 of the Amended Complaint)  This discussion

27  will not be repeated herein, and Plaintiffs request that the Court refer to the Amended Complaint,

28  paragraphs 65 through 78, for this discussion.  Therefore, Plaintiffs incorporate by reference the

Amended Complaint as though fully set forth herein.

*Knowles & Hicks v. PG & E, et al.*                    13
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1    Plaintiffs have exhausted all of their administrative remedies. PG & E places their

2  unjustified reliance that Plaintiffs have not exhausted such remedies on the fact that Plaintiffs'

3  Exhibit 1 to the Amended Complaint does not fulfill step one of the CBA. Exhibit 1 is a letter

4  dated November 26, 2007 relating to Plaintiffs' <u>second</u> attempt to contact the union for relief.

5  The letter was mailed to PG & E because that is the exact place the CBA provided the letter to be

6  sent. Specifically, section 102.3 provides in part that a local grievance is timely filed when

7  submitted in writing to the Director, HR Service Center, 245 Market Street, in San Francisco.

   Moreover, the letter specifically referenced Local Union No. 1245 International Brotherhood of

8  Electrical Workers. Assuming, arguendo, that there was another location to submit the

9  grievance, other than what was contained in the CBA, Defendants should have notified Plaintiffs

10 and/or forwarded such document. More importantly, Plaintiffs could not have reasonably known

11 any other location to send the document. A true and accurate copy of section 102.3 is marked as

12 **EXHIBIT B**, and incorporated by reference herein.

13    Plaintiffs have not failed to properly plead the exhaustion of administrative remedies.

14 Federal Rules of Civil Procedure Rule 8 provides in part:

15        A pleading that states a claim for relief must contain:

16        (1) a short and plan statement of the grounds for the court's jurisdiction, unless the court
              already has jurisdiction and the claims needs no new jurisdictional support;

17        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

18        (3) a demand for relief sought, which may include relief in the alternative or different
              types of relief.

19

20    One of the goals of the Federal Rules of Civil Procedure (FRCP), when adopted, was to relax

21 the strict rules of code pleading. FRCP Rule 8 eliminated all of those requirements except for

22 the notice requirement. The requirements that were eliminated were shifted to discovery

23 (another goal of FRCP). In notice pleadings, plaintiffs are required to state in their initial

24 complaint only a short and plain statement of their cause of action. The idea is that a plaintiff

25 and their attorney can file a complaint first, put the other side on notice of the lawsuit, and then

26 strengthen their case by compelling the defendant to produce evidence during the discovery

27 phase of litigation. Plaintiffs' Amended Complaint complied with the guidelines of FRCP Rule

   8 and properly pleaded their exhaustion of administrative remedies.

28

*Knowles & Hicks v. PG & E, et al.*                    14
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1    Defendant PG & E sites *In re Plywood Antitrust Litigation* [655 F.2d 627] for the proposition

2 that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice

3 pleading requirements." Plaintiffs respectfully disagree with this assertion because *In Re*

4 *Plywood Antitrust Litigation* is clearly distinguishable to the case at bar. First, *In Re Plywood*

5 *Antitrust Litigation* was an antitrust case; its holding has nothing to do with pleading

6 requirements. Second, in that case, the antitrust plaintiffs never even put a threshold element of

7 their case in issue through their complaint or through their resistance to defendants' motion for

8 summary judgment. Here, all threshold elements have been sufficiently pled. While it is

9 necessary to plead, as Plaintiffs did, facts that support exhaustion of administrative remedies,

10 such steps are not a threshold element of a Section 301 complaint. PG & E is free to use the

11 discovery process to obtain what additional facts, if any, they require to formulate a defense.

D. Plaintiffs' Discrimination Claim Is A Valid Cause of Action Under Section 301.

12    In *Lingle vs. Norge Division of Magic Chef, Inc.* [(1988) 486 U.S. 399], the U.S. Supreme

13 Court held that a state law remedy for retaliatory discharge is independent of a Collective

14 Bargaining Agreement, and thus not subject to preemption, if its resolution involves purely

15 factual questions pertaining to the conduct of the employee and the conduct and motivation of

16 the employer. In their Motion to Dismiss, Defendants argue that the Court dismissed Plaintiffs'

17 cause of action for age discrimination. Although this is true, the Court dismissed it with leave to

18 amend and restate the claim under Section 301. Plaintiffs have done so. Plaintiffs are claiming

19 that there was an oral agreement between them and Defendants' PG & E and Radford. Further,

20 they are alleging that Defendants' PG & E and Radford breached this oral agreement. During

21 the first Motion to Dismiss, the Court ruled that this cause of action was preempted, but that

22 Plaintiffs could amend this cause of action to make a claim under Section 301. Plaintiffs are

23 alleging that one of the reasons that PG & E refused to honor their agreement with them is that

24 they were discriminating based on Plaintiffs' ages. This cause of action for discrimination is

25 proper and the Court can interpret the CBA in evaluating it. Defendants do not really argue for a

26 dismissal as to this cause of action anyway, as evidenced by Section D of their Motion to

27 Dismiss the First Amended Complaint. Therefore, Plaintiffs request that the Court deny

Defendants' PG & E and Radford's motion to dismiss this cause of action.

28

*Knowles & Hicks v. PG & E, et al.*                    15
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

E.  Plaintiff Has A Valid Cause Of Action For Fraud.

This is a complaint, not the entire case argued before the Court.  Plaintiffs have not even conducted discovery at this point and through discovery, will have more substantial evidence. Plaintiffs have properly pled a cause of action for fraud against Defendants Radford and PG & E. Defendants argue that "[a]ny claim requiring interpretation of a CBA is preempted by section 301." (see Motion to Dismiss Amended Complaint, p. 13:20)  That is not what the Court held. The Court held that "Plaintiffs are given leave to amend to plead a fraud claim with particularity required by Rule 9(b)." (Order Granting Defendant PG & E's Motion to Dismiss with Leave to Amend, p. 17:9-10)  The Court did not ask Plaintiffs to plead a fraud cause of action under Section 301, but only to plead the fraud claim with particularity.  This cause of action is not preempted by Section 301.

All of the elements required for fraud have been met.  "Who" is Defendants PG & E and Radford; "What" is the making of false statements to Plaintiffs, promising to re-hire them for up to 60 months; "Where" is at PG & E; "When" is in 2001, before Plaintiffs entered into Severance Agreements; "How" is promising Plaintiffs that they had a 60 month right to re-employment; and "Why" is to induce Plaintiffs to enter into Severance Agreements and work during the O & M period.  The resulting damage is that Plaintiffs have lost their job opportunities with PG & E.  All of these allegations are pled in Plaintiffs' Amended Complaint.  Plaintiffs also discuss how the fraudulent statement was material, how PG & E knew that it was a false statement and knowingly made the statement to induce Plaintiffs into entering into Severance Agreements, and how Plaintiffs justifiably relied on such fraudulent statements.  Plaintiffs have properly pled a fraud cause of action under Rule 9(b) and therefore ask that the Court deny Defendants PG & E and Radford's request to dismiss the fraud cause of action. [see Conrad v. Bank of America, 45 Cal.App.4th 133 (1996)]

F.  Deanna Radford Should Not Be Dismissed From This Action.

Defendant Radford made material misrepresentations to Plaintiffs, on behalf of Defendant PG & E.  She did so, knowing that the statements were false and only wanting to get Plaintiffs to enter the agreements and leave her alone.  Defendant Radford is properly pled throughout the amended complaint, and therefore, should not be dismissed.  More importantly, Plaintiffs are alleging a cause of action for fraud against Defendant Radford.  This is independent of the CBA; it is an intentional tort and it was personally committed by Defendant Radford.  Therefore,

*Knowles & Hicks v. PG & E, et al.*    16
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1  Plaintiffs request that the Court deny Defendants' request to dismiss Defendant Radford from the
2  action.

3

4                                    **IV. CONCLUSION**

5          Plaintiffs were granted leave to amend their complaint. They have done so and have pled
6  causes of action under Section 301, as well as a cause of action for fraud. Based on the
7  foregoing, as well as the arguments discussed in Plaintiffs' Amended Complaint, Plaintiffs
8  respectfully request that the Court deny Defendants PG & E and Radford's Motion to Dismiss
9  Amended Complaint.

10

11                                         Respectfully Submitted,

12  Dated: January 10, 2008               BECK LAW, P.C.

13

14

15                      By:    _____
                                Mahsa Gholami, Esq.
16                              Attorney for Plaintiffs

17

18                       **REQUEST FOR JUDICIAL NOTICE**

19          The Court is respectfully requested to take Judicial Notice of the following: *Declaration*
20  *of Timothy Hollingshead, attached to Plaintiffs Amended Complaint as Exhibit Two.*

21

22  Dated: January 10, 2008               BECK LAW, P.C.

23

24

25                      By:    _____
                                Mahsa Gholami, Esq.
26                              Attorney for Plaintiffs

27

28

*Knowles & Hicks v. PG & E, et al.*                17
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendants PG & E and Deanna Radford's
Notice of Motion and Motion to Dismiss First Amended Complaint

1

**PROOF OF SERVICE**

2

3    CASE NAME:              *Thomas Knowles and Thomas Hicks vs. PG&E, et al.*

4

5    COURT and CASE NO.:     C-07-02284-CW

6    DOCUMENT NAME:          Plaintiffs Thomas Knowles and Thomas Hicks' Opposition to
                             Defendants' Motion to Dismiss Amended Complaint;
7                            Memorandum of Points and Authorities in Support Thereof;
                             Request for Judicial Notice

8

9    I declare as follows:

10   I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my

11   business name and address is:  2681 Cleveland Avenue, Santa Rosa, CA 95403.

12   On **January 10, 2008**, I caused to be served said document on the following parties involved as

13   follows:

14   Darren P. Roach, Esq.                    Susan Kumagai, Esq.
     Pacific Gas & Electric                   Lafayette & Kumagai LLP
15   P.O. Box 7442                            100 Spear Street, Suite 600
     San Francisco, CA 94120                  San Francisco, CA 94105
16   (415) 973-5531, fax                      (415) 357-4605, fax

17

18

19
      XX  BY MAIL:  I caused each such envelope above, with postage thereon fully prepaid, to be
20
     placed in the United States mail at Santa Rosa, CA. (CCP §1013(a)(1)).
21

22
      XX  VIA FACSIMILE TRANSMISSION. (CCP §1013)
23

24

25                                  *Kimala Krchnavi*
26                                  Kimala Krchnavi, Paralegal

27

28

**EXHIBIT A**

**PG&E**
*Pacific Gas and*
*Electric Company®*

OCT 1 3 2006

Darren P. Roach
Attorney at Law

77 Beale Street, B30A
San Francisco, CA 94105

*Mailing Address:*
P. O. Box 7442
San Francisco, CA 94120

415.973.6345
Fax: 415.973.5531

October 11, 2006

VIA FACSIMILE 707.576.1878 AND
US MAIL

Daniel Beck, Esq.
BECK LAW P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403

Re:    Knowles and Hicks v. Pacific Gas and Electric Company, et al.

Dear Mr. Beck:

PG&E is in receipt of a civil action filed on behalf of plaintiffs Thomas Knowles and Thomas Hicks in San Francisco Superior Court. The core of the civil action alleges PG&E breached contractual obligations regarding promised employment benefits, including potential preferential rights to reemployment.

PG&E is initiating communication because this civil action is in violation of severance agreements executed by Knowles and Hicks. As part of a lay off in 2001, both former employees were offered, accepted, and executed severance agreements in which, in exchange for certain promises, they each received a severance sum in excess of $50,000. In exchange for this sum, Knowles and Hicks agreed to several promises, including the following:

- The agreement resolved any dispute between the employees and PG&E with respect to their employment and severance there from.
- They agreed to release and hold harmless PG&E and its employees from all claims relating to their employment. This included a release of claims for discrimination. The agreement contained an express waiver of any rights under California Civil Code section 1542.
- They agreed not to initiate any lawsuit or proceeding against PG&E. They also agreed that any dispute regarding any aspect of the agreement shall be resolved through contractual arbitration.
- Plaintiffs agreed to repay the severance settlement sum in the case of a material breach of the agreement.

By initiating a civil action, Knowles and Hicks are in violation of a material term of the severance agreements.



Daniel Beck, Esq.
October 11, 2006
Page 2

PG&E's position is that these claims are without merit, but if they are pursued at all then plaintiffs exclusive remedy is arbitration, not a civil action. If they choose to maintain this action, PG&E will seek costs associated with having to defend a civil action, and will exercise its rights to demand return of all severance sums paid to Knowles and Hicks. For your reference, copies of the severance agreements are attached. Please call at your earliest convenience to discuss this issue.

Very truly yours,

Darren P. Roach

DPR/as

Enclosures



CALENDARED
10/31/06

Pacific Gas and
Electric Company®

Darren P. Roach          77 Beale Street, B30A
Attorney at Law          San Francisco, CA 94105

Mailing Address:
P. O. Box 7442
San Francisco, CA 94120

415.973.6345
Fax: 415.973.5531

October 11, 2006                    VIA FACSIMILE 707.576.1878,
                                       ELECTRONIC MAIL,
                                        AND US MAIL

Mahsa Gholami, Esq.
Beck Law, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403

Re:   Knowles and Hicks v. Pacific Gas and Electric Company, et al.

Dear Ms. Gholami:

This will confirm our discussions of October 16, 2006. Plaintiffs indicated receipt of copies of
severance agreements, and they are considering PG&E's request to dismiss with prejudice all
claims in the civil complaint and to submit the claims to contractual arbitration.

While plaintiffs are considering this request, they will provide PG&E an extension of time to
respond to the civil complaint. The parties agree that PG&E's response is currently due on
October 31, 2006.

Thank you for your cooperation, and I look forward to a timely response regarding contractual
arbitration. Please contact me immediately if you believe there are any misunderstandings are
reached in this letter.

Very truly yours,

Darren P. Roach

DPR

Enclosures

**PG&E**
*Pacific Gas and
Electric Company®*

Darren P. Roach          77 Beale Street, B30A
Attorney at Law          San Francisco, CA 94105

*Mailing Address:*
P. O. Box 7442
San Francisco, CA 94120

415.973.6345
Fax: 415.973.5531

October 16, 2006                          VIA FACSIMILE 707.576.1878,

Mahsa Gholami, Esq.
Beck Law, P.C.
2681 Cleveland Avenue
Santa Rosa, CA  95403

    Re:    <u>Knowles and Hicks v. Pacific Gas and Electric Company, et al.</u>

Dear Ms. Gholami:

PG&E's current understanding is that plaintiffs are conferring regarding a response to the request to voluntary dismiss with prejudice all claims and, if desired, to submit those claims to contractual arbitration. PG&E requests a conference with you on Monday to discuss plaintiffs' decision, so that PG&E has time to prepare and file petition to compel arbitration, if necessary. Thank you for your continued cooperation.

Very truly yours,

Darren P. Roach

DPR



**Pacific Gas and
Electric Company**®



Darren P. Roach — 77 Beale Street, B30A
Attorney at Law      San Francisco, CA 94105

OCT 1 8 2006

Mailing Address:
P. O. Box 7442
San Francisco, CA 94120

415.973.6345
Fax: 415.973.5531

October 16, 2006                              VIA FIRST CLASS MAIL

Mahsa Gholami, Esq.
Beck Law, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403

    Re:   Knowles and Hicks v. Pacific Gas and Electric Company, et al.

Dear Ms. Gholami:

This letter serves as notice that, should plaintiffs fail to agree to dismiss the civil claims with
prejudice and to submit any claims to arbitration, PG&E will file a motion to dismiss and a
petition to compel arbitration.  9 U.S.C. §4.

Very truly yours,

Darren P. Roach

DPR/as

Enclosure:  Proof of Service

## CERTIFICATE OF SERVICE BY MAIL – FEDERAL

I, the undersigned, state that I am a resident of the United States and am employed in the City and County of San Francisco; I am over the age of eighteen (18) years and not a party to the within cause; my business address is 77 Beale Street, San Francisco, California 94105; I am familiar with the practice of Pacific Gas and Electric Company ("PG&E") for the collection and processing of items for mailing; in the ordinary course of business such items would be deposited with the United States Postal Service that same day; and on the date set out below true copies of the following:

**CORRESPONDENCE DATED OCTOBER 16, 2006,
REGARDING SERVE NOTICE OF INTENTO TO FILE
MOTION TO DISMISS AND COMPEL ARBITRATION**

were sealed in envelopes, addressed as follows, and placed for collection and mailing on that date following PG&E's ordinary business practices:

Mahsa Gholami
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed October 16, 2006 at San Francisco, California.

_____
ANNABEL STRIPLIN

**EXHIBIT B**

**101.12  ADOPTION**

Regular employees will be allowed up to 8 hours of time off with pay (as necessary) for court appearances in connection with child adoption procedures.  Such time may be taken in increments of one hour or more.  (Amended 1-1-88.)

**TITLE 102.  GRIEVANCE PROCEDURE**

**102.1   STATEMENT OF INTENT - NOTICE**

The provisions of this Title have been amended and supplemented from time to time.  Company and Union have now revised and consolidated this Title in its entirety to provide a concise procedure for the resolution of disputes.

It is the intent of both Company and Union that the processing of disputes through the grievance procedure will give meaning and content to the Collective Bargaining Agreement.

The parties are in agreement with the policy expressed in the body of our nation's labor laws that the mutual resolution of disputes through a collectively bargained grievance procedure is the hallmark of competent industrial self-government.  Therefore, apart from those matters that the parties have specifically excluded by way of Section 102.2, all disagreements shall be resolved within the scope of the grievance procedure.

Union agrees to provide grievant(s) with a copy of any settlement reached at the grievant's last known address.  Such copy shall be sent by certified, U.S. mail, or handed to the grievant, within 30 calendar days of the signing of the settlement.

**102.2   GRIEVANCE SUBJECTS**

Disputes involving the following enumerated subjects shall be determined by the grievance procedures established herein:

(a)     Interpretation or application of any of the terms of this Agreement, including exhibits thereto, letters of agreement, and formal interpretations and clarifications executed by Company and Union.

(b)     Discharge, demotion, suspension or discipline of an individual employee.

(c)     Disputes as to whether a matter is proper subject for the grievance procedure.

**102.3   TIME LIMITS**

(a)     **Filing**

It is the intent of Company, Union and the employees that timely filed grievances shall be settled promptly.  *(i)* A *local* grievance is timely filed when submitted by the Union Business Representative or his/her alternate (hereinafter either is referred to as "Business Representative") in writing on the form adopted for such purpose to the *Director, HR Service Center, 245 Market Street, San Francisco* or his/her alternate (hereinafter either is referred to as "Human Resources *Advisor* "); *or (ii) a Business Manager grievance is timely filed when submitted by Union's Business Manager to Company's Industrial Relations Manager* (iii) within the following time periods: (Amended 1-1-00)

(1)  A grievance which involves the discharge of an employee must be filed not later than 14 calendar days after the employee is notified in writing of the discharge.  Whether or not a grievance is filed, Company shall, at Union's request, state in writing the reasons therefore within two workdays of such request. (Amended 1-1-91)

(2)  A grievance which does not involve the grievant's discharge must be filed not later than 30 calendar days after the date of the action complained of, or the date the employee became aware of the incident which is the basis for the grievance, whichever is later.  The Company shall, at Union's request, state in writing the reason for an employee's discipline, demotion or suspension within seven calendar days of receipt of such request by Union.

(3)  *Business Manager grievances which may be filed pursuant to (a)(ii) above shall concern contractual interpretation matters which have system-wide or classification wide implications.  Business Manager grievances shall not involve an employee's discharge, demotion, discipline, promotion, demotion or transfer. (Added 1-1-00)*

(b)     **Steps One Through Five Extension of Time Limits**

Either the Company or Union members of any of the Committees provided for in each of the following grievance Steps One through Five may, if they agree that further determination of fact is required, request an extension of time which may be granted by the other.  In no event shall any extension by either or both parties exceed one additional time period provided for at the step where the extension is granted.