LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and DEANNA RADFORD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, LOCAL UNION NUMBER 1245 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and DOES 2-20,<br><br>　　　　Defendants. | Case No. C 07-2284 CW<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　　January 31, 2008<br>Time:　　　2:00 p.m.<br>Courtroom: 2<br>Judge:　　　Hon. Claudia Wilken<br><br>Original Complaint Filed: April 27, 2007 |

## I. INTRODUCTION

Plaintiffs' First Amended Complaint ("AC") fails to state a claim upon which relief can be granted under section 301 of the LMRA. Plaintiffs base their breach of contract claim on an alleged oral promise by an employee of PG&E for benefits contained in the agreement between PG&E and the International Brotherhood of Electrical Workers ("IBEW") (the "CBA"). At the time, Plaintiffs were union employees and their employment was covered by the CBA. Plaintiffs do not allege breach of the CBA. Further, Plaintiffs fail to sufficiently allege that the IBEW failed to properly represent them regarding the matters herein.

Even if Plaintiffs' claims are found to be properly pled under section 301, which they are not, they are barred because Plaintiffs admittedly ran the applicable statute of limitations before filing their section 301 action. Further, Plaintiffs failed to exhaust administrative procedures under the pertinent CBA.

Equitable tolling and/or equitable estoppel are inapplicable to this case. Plaintiffs had every opportunity to obtain information they allegedly needed to file a timely section 301 action and any allegation their counsel reasonably relied on advice of opposing counsel that prevented a timely action is meritless.

Interpretation of the CBA is required to resolve Plaintiffs' fraud claim. Therefore it is preempted under section 301.

Deanna Radford is not a proper defendant under any claim raised by Plaintiffs, therefore, she should be dismissed from this action.

The Amended Complaint should be dismissed in its entirety without leave to amend.

## II. DISCUSSION

### A. Plaintiff Failed to State a Cause of Action Under Section 301.

"[A] suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." Wooddell v. International Broth. of Elec. Workers, Local 71, 502 U.S. 93, 98 (1991); Able Bldg. Maintenance Co. v. Board of Trustees of General Employees Trust Fund, 2003 WL 22749151, *4 (N.D.Cal.

1

2003). In order for an employee to recover under section 301, he must also show that his union breached its duty of representation. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990).

### 1. Plaintiffs' Allegations for Breach of Oral Contract Fails to State a Claim for Relief Under Section 301.

Plaintiffs contend that their breach of oral contract claim under section 301 of the Labor Management Relations Act ("section 301") is based on an oral contract between them and PG&E and contained in the pertinent CBA. (Opp. at 6:10-18, 8:12-13.) The alleged oral agreement pertains to benefits found only in the CBA. Any side agreement between Plaintiffs and PG&E relating to terms of the CBA are barred. See N. L. R. B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1987); Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1048 (9th Cir. 1985). Further, section 301 preempts any individual contract inconsistent with the terms of the applicable CBA. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir. 1987). Plaintiffs failed to allege breach of the agreement between PG&E and IBEW, the CBA, as required under a section 301 claim. Therefore, their claims for breach of oral contract and breach of the covenant of good faith and fair dealing ("breach of covenant claim") are barred under section 301.

To the extent Plaintiffs contend the oral agreement is an independent agreement it is still barred because independent agreements regarding employment conditions between employers and union-member employees in the collectively-bargained workplace are barred. See N.L.R.B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1987); Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000); Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 894 (9th Cir. 1997).

Plaintiffs fail to allege facts sufficient to constitute a breach of contract cause of action under § 301 of the LMRA, therefore, their breach of contract and breach of covenant claims should be dismissed. Further, defendant Radford is an improper party defendant in either a section 301 claim or a breach of contract claim. Williams v. Kiewit Pacific Co., 2006 WL 213745, *2 (N.D. Cal. 2006). Therefore, she should be dismissed.

### 2. Plaintiffs Failed to Properly Allege a Violation of the Duty of Fair Representation.

In a section 301 action, "Whether the defendant is the union or the employer, the required proof is the same: The plaintiff must show that there has been both a breach of the duty of fair representation and a breach of the CBA." <u>Bliesner v. Communication Workers of America</u>, 464 F.3d 910, 913-914 (9th Cir. 2006). Plaintiffs conclusorily allege that "IBEW's conduct was arbitrary, discriminatory and in bad faith," (Complaint at ¶ 51). In support of this statement, Plaintiffs allege the union failed to investigate their claims. (Opp. 6:23-26.) However, the union had no duty to investigate Plaintiffs' claims for reemployment rights not provided for under the CBA. See <u>Stevens v. Moore Business Forms, Inc.</u>, 18 F.3d 1443, 1446 (C.A.9 1994) (settled 9th Circuit law is that Union's failure to investigate does not constitute breach of duty of fair representation).

Plaintiffs allege no facts or law to support their conclusion that the union's conduct was arbitrary, discriminatory, or in bad-faith because they did not investigate their request for reemployment when they were not entitled to said benefits under the CBA. See <u>Sandoval v. TCI Cablevision</u>, 1995 WL 39444, *6 (N.D. Cal. 1995) (dismissing breach of fair representation claim where Plaintiff had alleged "he was not fairly represented by his union" because "Plaintiffs' conclusory statement . . . is not sufficient to state a valid claim").

Plaintiffs contend that PG&E has no standing to argue against the breach of the union's duty of fair representation ("DFR") brought against the IBEW. However, the DFR claim must be properly pled to pursue a breach of contract claim under section 301 against PG&E. <u>Bliesner</u>, <u>supra</u> at 913. Plaintiffs cite no authority for the proposition that an employer cannot defend against an allegation that is a necessary element in making out a hybrid section 301 claim against the employer. See <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164-65 (1983) ("Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.)"

To the extent Plaintiffs must show that their union breached its duty of fair representation prior to recovery under section 301, PG&E clearly can challenge Plaintiffs' purported breach of

3

duty of representation claim against IBEW. <u>Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558, 564 (1990) ("Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation.").

Since Plaintiffs have been unable to do anything more than simply allege the same facts in support of their breach of oral contract claim, Plaintiffs' purported 301 claim should be dismissed without leave to amend. <u>See</u>, <u>Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco</u>, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint. Moreover, we agree with the district court that Fidelity was simply restating its prior claims under new labels.") (citation omitted).

**B.    Plaintiffs Admit They Ran The Six Month Statute of Limitation Before They Filed Their Action First Lawsuit.**

The statutory six month period for a section 301 claim begins to run when a plaintiff is aware the union will not assist him/her in a dispute. <u>Stallcop v. Kaiser Foundation Hospitals</u>, 820 F.2d 1044, 1049 (9th Cir. 1987)

Plaintiffs admit their first lawsuit was not a section 301 action, and was never intended to be a section 301 claim. (Opposition at 9:25-10:4.) They admit their first lawsuit was filed after the six month statute of limitations had run. Plaintiffs state as follows:

> **While it is true that Plaintiffs did not file suit until shortly after the six months had lapsed between the rejection and filing, Plaintiffs were in the process of informal discussions with PG&E. Further, they were in the process of obtaining right to sue letters on the Fair Employment Housing [sic]. Finally, Plaintiffs did not believe that this action was preempted by section 301.**

(Id.)

There is no dispute that Plaintiffs ran the 6 month statute of limitations before filing even their first lawsuit in August 2006. (AC at ¶ 75.) The statute of limitations was triggered when the union first rejected Plaintiffs' request for re-employment preference rights prior to Plaintiffs'

4

letter of January 24, 2006, to PG&E. Therefore the statute expired on Plaintiffs' section 301 claim, at the latest, on July 25, 2006. A month later, on August 23, 2006, Plaintiffs filed their first action in state court seeking re-employment rights under a breach of contract claim solely against PG&E. The lawsuit was filed over 6 months from the date Plaintiffs' requests were rejected by the IBEW and before PG&E allegedly did anything to deter Plaintiffs from pursuing their claims. (AC at ¶ 68.)

Plaintiffs' purported section 301 should be dismissed. See Adamson v. Lockheed Martin Idaho Technologies Co., 20 Fed.App. 715, 717, 2001 WL 1191907, *1 (9th Cir. 2001) (affirming dismissal based on running of statute of limitations when action filed one day after statute had run); Cline v. Brusett, 661 F.2d 108, 111 (9th Cir. 1981) (cause of action barred when filed one day after statute had run)

Plaintiffs further contend that they "had every reason to believe that they were dealing with a regular breach of oral agreement, and that the applicable statute of limitations was far from over." (Opposition at 10:11-12.)[1] Clearly, PG&E had nothing to do with Plaintiffs' late filing of the first lawsuit. Plaintiffs admittedly made a mistake as to the proper claims to raise and the time to do so.

Consequently, Plaintiffs first lawsuit filed on August 23, 2006, is inapplicable to their purported section 301 claims here.

### C. The Subject Lawsuit is Untimely and Equitable Relief is Unavailable to Plaintiffs.

The underlying original complaint which is the subject of this lawsuit was filed on April 26, 2007 (the "Original Complaint"), nine months after the accrual of Plaintiffs' section 301 claim. With regard to the instant action, Plaintiffs argue that equitable tolling and or equitable estoppel should apply. Their arguments are meritless as shown below.

---

[1] Plaintiffs understood that at the time of filing their original complaint that, "even if the oral agreement was related to CBA, the CBA would only need to be consulted." (Opposition at 10:16-18.) Therefore, it is undisputed they knew the CBA was involved in their action.

5

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

### 1. Equitable Tolling is Inapplicable to Plaintiffs' Claims.

"Equitable tolling is available where 'despite all due diligence, the party invoking the [doctrine] is unable to obtain vital information bearing on the existence of the claim.' 'The party's ignorance of the necessary information must have been caused by circumstances beyond the party's control.'" Ghahremani v. Gonzales, 498 F.3d 993, 999 (9th Cir. 2007).

Plaintiffs offer basically four excuses for the failure to timely file a section 301 action in support of their argument for equitable relief:

1. they were involved in discussions with PG&E (Opposition, 10:1-2),
2. they waited until they received DFEH right-to-sue letters for their age discrimination claim (Id. at 10:2-3; 11:8-9),
3. they pursued an oral contract claim with a longer statute of limitations because they did not realize their claims were section 301 claims (Id. 10:1-4, 11:6-8),
4. PG&E advised Plaintiffs that their only recourse was arbitration during the pendency of the first action (Id. at p. 11, lns. 18-19),

None of the alleged reasons above provides a basis for equitable tolling. Plaintiffs were represented by legal counsel and had every opportunity to obtain all information needed to file a timely complaint. The fact Plaintiffs initially pursued the wrong claim is not PG&E's fault. Nor is it PG&E's fault that Plaintiffs waited for right to sue letters that have nothing to do with a section 301 claim. Even if, arguendo, the allegations against PG&E are true, they fail to support equitable relief. The conduct alleged against PG&E occurred after the filing of Plaintiffs' first lawsuit. Therefore, PG&E's alleged conduct did not prevent Plaintiffs from obtaining information bearing on the existence of their claims. Plaintiffs erroneously believed they had a state-law breach of contract claim, pursued that course of action and filed a lawsuit. It was only after the untimely filing of Plaintiffs' first lawsuit that the events involving PG&E allegedly occurred.

Plaintiffs' equitable tolling argument is meritless.

### 2.  Plaintiffs' Equitable Estoppel Argument Is Meritless.

The elements for equitable estoppel are: (1) representation of a position by conduct or word; (2) reasonable reliance thereon by another party; and (3) resulting prejudice. <u>Capa, Inc. v. Achorage Chrysler Center, Inc. Health & Welfare Plan</u>, 122 Fed.App. 298, 300 (9th Cir. 2004). "[E]quitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." <u>Stitt v. Williams</u>, 919 F.2d 516, 522 (9th Cir. 1990).

An attorney is liable for nondisclosure to opposing counsel only, "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts"); <u>See</u>, <u>LiMandri v. Judkins</u>, 52 Cal.App.4th 326, 336 (1997).

None of Plaintiffs' allegations support an argument for equitable estoppel.

First, waiting for DFEH letters and erroneously pursuing the wrong claims have nothing to do with an equitable estoppel claim. Second, the conduct alleged against PG&E occurred after the six month statute of limitations period had already expired.

Rule 4.1 of ABA Model Rules of Professional Conduct is irrelevant here. Rule 4.1 provides as follows:

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

Alleged comments attributable to PG&E, even if, <u>arguendo</u>, are true, which they are not, were made to Plaintiffs' counsel. No statements were not made to a "third party."

Plaintiffs filed the subject lawsuit nine months beyond the accrual of a section 301 action. Their arguments to support equitable and/or equitable estoppel are meritless.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

### D. All of Plaintiffs' Claims are Barred by Their Failure to Exhaust Administrative Remedies.

Before bringing a section 301 claim, "it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 184-185 (1967) (citation omitted). "Failure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court." Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990) (citation omitted).

Plaintiffs' letter dated November 26, 2007, relating to their alleged second attempt to contact the union at PG&E's HR Service Center fails to fulfill Step One of the collectively-bargained grievance procedure, wherein Plaintiffs must have discussed their dispute with a union foreman or supervisor. (Section 102.6 of the CBA.)

The purpose of Step One referenced above is to reach a satisfactory disposition of a grievance but it does not waive or delay the filing requirements set forth in section 102.3. (CBA Section 102.6).

The cite by Plaintiff to section 102.3 of the CBA relates to time limits for the filing of a local grievance. In that regard, a local grievance is timely filed when submitted by the Union Business Representative or his or her alternate in writing to the Director, H.R. Service Center. A grievance which does not involve a discharge, applicable to this case, must be filed no later than 30 calendar days after the date of the action complained of or the date the employee became aware of the incident which is the basis for the grievance, whichever is later. (CBA section 102.3(a)).

Here, Plaintiffs failed to allege that they exhausted Step One of the grievance procedure in the CBA. Second, to the extent they alleged that their November 26, 2007, letter to the PG&E H.R. Service Center constitutes the first step and/or otherwise the exhaustion of administrative remedies, the letter was sent almost two years after the union rejected their request for reemployment rights. The 30 day limitation period to file a grievance had long expired.

Plaintiffs failed to exhaust their administrative remedies as required under the law. Therefore, their section 301 claim should be dismissed.

8

**E.    Plaintiffs' Age Discrimination Claim is Preempted and Should Be Dismissed.**

Plaintiffs, again, have pled their age discrimination claim under the Fair Employment and Housing Act ("FEHA"). Further, they "are alleging that one of the reasons that PG&E refused to honor their agreement with them is that they were discriminating based on Plaintiffs' ages. This cause of action for discrimination is proper and the court can interpret the CBA in evaluating it." (Opposition at 15:21-24.) Plaintiffs contend that the Court dismissed the prior age claim and allowed them to restate it under section 301 and that they have done so. (Id. at 17-18.)

Plaintiffs have done nothing more than reallege their prior FEHA claim and claim it is a section 301 claim. Their allegations again fail to constitute a claim under section 301.

Plaintiffs' age claim is preempted under section 301 and should be dismissed without leave to amend. (Audette v. ILWU, 195 F.3rd 1007, 1112-3 (1999)).

Further, Defendant Radford must be dismissed from this claim as employees are not liable for alleged discriminatory acts. (Reno v. Baird, 18 Cal.4th 640, 663 (1998))

**F.    Plaintiffs' Fraud Claim is Preempted.**

In order to establish intentional fraud under California law, Plaintiffs must show (1) a false representation or concealment of fact; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) damages. See, Cal. Civ. Code §§ 1709, 1710; see generally, Cicone v. URS Corp., 183 Cal.App.3d 194, 203, 227 Cal.Rptr. 887 (1986).

Section 301's preemptive force extends to fraud claims when resolution of the claims is inextricably intertwined with terms in a labor contract. Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000) (holding fraud claim preempted when "appellants would be required to show that the terms of the collective bargaining agreement differed significantly from the individual employment contracts they believed they had made"); Auble v. PG&E, 55 F.Supp.2d 1019, 1023; Young v. Antony's' Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir. 1987); Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1049 (9th Cir. 1987).

PG&E's intent to not honor the alleged promise to Plaintiffs for reemployment rights could only have become known to Plaintiffs after the union rejected their request because they were not entitled to reemployment rights under the CBA and the pertinent Letter Agreement.

9

(Aguilera, at 1017.) Plaintiffs would not have even known of these rights but for negotiations related to the Letter Agreement. Plaintiffs were denied reemployment rights because of the governing CBA. "There is no way to assess the alleged misrepresentation without examining the instrument that has been misrepresented, the CBA." (Id.) "Furthermore, the enforcement of the CBA is what constitutes the rejection of the alleged promise to the [plaintiffs]." (Id.)

The re-employment preference benefit was created and defined by the CBA. The CBA is inextricably intertwined with Plaintiffs' fraud claim and interpretation of the CBA would be necessary to show how the alleged oral promise differed from the language of the CBA. Plaintiffs' fraud claim is preempted by § 301. Because the claim is preempted under § 301, Deanna Radford should be dismissed from this claim.

### G.     Radford Should Be Dismissed.

"The law is well settled that individual employees are not proper parties to a suit brought under § 301 of the Labor Management Relations Act.... Rather, § 301 suits are confined to Defendants who are signatories of the collective bargaining agreement under which they are brought." Williams v. Kiewit Pacific Co., 2006 WL 213745, *2 (N.D.Cal. 2006) (citation omitted).

Deanna Radford should be dismissed from this action.

### III.     CONCLUSION

Plaintiffs failed to state facts upon which relief can be granted. For the foregoing reasons, Defendants request the Court grant their motion to dismiss without leave to amend.

DATED: January 17, 2008                LAFAYETTE & KUMAGAI LLP


                                       /s/ Susan T. Kumagai
                                       SUSAN T. KUMAGAI
                                       Attorneys for Defendants
                                       PACIFIC GAS & ELECTRIC COMPANY and
                                       DEANNA RADFORD

10

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on January 17, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ *Susan T. Kumagai*
SUSAN T. KUMAGAI

N:\Documents\PGE\Know\Pldg\reply-mtd-1.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

11

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 07-2284 JCS