1

2  JENNIFER L. MARSTON, CSB #250018
   jmarston@leonardcarder.com
3  SANFORD N. NATHAN, CSB #47016
   snkz@mtelco.net
4  LEONARD CARDER, LLP
   1330 Broadway, Suite 1450
5  Oakland, CA 94612
   Tel: 510/272-0169
6  Fax: 510/272-0174
7

8  Attorneys for Defendant IBEW Local 1245

9

10              UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  THOMAS KNOWLES and            )  Case No.  C-07-2284-CW
    THOMAS HICKS                  )
14                Plaintiff,      )  DEFENDANT IBEW LOCAL 1245's
                                  )  MOTION TO DISMISS FOR
15  v.                            )  FAILURE TO STATE A CLAIM;
                                  )  MEMORANDUM OF POINTS AND
16                                )  AUTHORITIES
    PACIFIC GAS & ELECTRIC        )
17  COMPANY, DEANNA RADFORD,      )
    LOCAL UNION NUMBER 1245 OF    )  (Fed. R. Civ. P. 12(b)(6))
18  INTERNATIONAL BROTHERHOOD     )
    OF ELECTRICAL WORKERS         )
19                Defendants.     )  Date: March 6, 2008
                                  )  Time: 2:00 p.m.
20                                )  Courtroom: 2
                                  )  Judge: Hon. Claudia Wilken
21  _____ )

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

TABLE OF CONTENTS

MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.  STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.  LEGAL STANDARD FOR 12(B)(6) MOTION . . . . . . . . . . . . . . . . . . . . . . . 3

    III. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Plaintiffs' Claims Challenging the Alleged Actions of Union
            Representatives in 2006 Are Clearly Time-Barred Because All of
            the Events More than Six Months Before Plaintiffs Filed Their
            Complaint against Local 1245. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.    Plaintiffs' Filing Date Does Not "Relate Back" to Either of the
            Dates on Which Plaintiffs Filed Their Prior Complaints.
            Moreover, Relation Back Would be Futile Because the Events at
            Issue Undisputedly Occurred More than Six Months Prior to the
            Filing of the Plaintiffs' Very First Complaint . . . . . . . . . . . . . . . 11

            1.    Under Rule 15's plain language, plaintiffs' complaint
                cannot relate back to the August 23, 2006 complaint
                because that was a separate proceeding, and as plaintiffs
                *concede,* the events at issue occurred more than six months
                before the filing of that complaint. . . . . . . . . . . . . . . . . . 12

            2.    The Court also should also not relate back the filing date to
                April 26, 2007, and in any event, the claim would still be
                time-barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                a.    Local 1245 did not receive notice of the original
                    action within 120 days of its filing. . . . . . . . . . . 14

i

b.    Moreover, Local 1245 is prejudiced in maintaining its defense to the lawsuit because it stems from events that occurred long ago. . . . . . . . . . . . . . . 15

c.    Finally, Local 1245 did not know, nor should it have known, that but for a mistake, they would have been named as a defendant in plaintiffs' lawsuit . . . . . 16

C.    Equitable Tolling Does Not Apply Because Plaintiffs Have Not Exercised All (or Any) Due Diligence in Determining Their Legal Options against Local 1245. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

D.    Local 1245 is Not Equitably Estopped from Asserting Plaintiffs' Claims are Time-Barred Because Plaintiffs have Not Alleged that Local 1245 Acted (Deceptively or Otherwise) to Prevent Plaintiffs from Exercising Their Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

E.    Finally, as a Matter of Law, Plaintiffs Have Not and Cannot Allege Sufficient Facts to State a Claim for Breach of Duty of Fair Representation against Local 1245 . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

ii

1

2                          **TABLE OF AUTHORITIES**

3

4        FEDERAL CASES

5        Air Line Pilots Ass'n, Int'l v. O'Neill,
6               499 U.S. 65, 67 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

7        Allen v. United Food & Commercial Workers Int'l Union,
                43 F.3d 424, 427 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13
8
9        Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of America v.
                Lockridge, 403 U.S. 274, 299 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

10
         Bautista v. Pan Am. World Airlines, Inc.,
11              828 F.2d 546, 549 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

12       Burnett v. New York Cent. R. Co.,
13              380 U.S. 424, 429 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

14       Castelli v. Douglas Aircraft Co.,
                752 F.2d 1480, 1482 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
15
16       Conley v. Gibson,
                355 U.S. 41, 45-46 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
17
         Crusos v. United Trasp. Union, Local 1201,
18              768 F.2d 970, 973 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

19       DelCostello v. International Brotherhood of Teamsters,
20              462 U.S. 151, 164-165 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21       D'Orazio v. McGraw Edison Power System Div.,
                802 F.Supp. 1297, 1307 (W.D. Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 18
22
         G.F. Co. v. Pan Ocean Shipping Co., Ltd.,
23              23 F.3d 1498, 1503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

24       Harris v. Alumax Mill Prods., Inc.,
25              897 F.2d 400, 403 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

26

27

28                                                    iii
              DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



1

Huseman v. Icicle Seafoods, Inc.,
   471 F.3d 1116, 1120 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

Knievel v. ESPN,
   393 F.3d 1068, 1076 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Korn v. Royal Caribbean Cruise Line, Inc.,
   724 F.2d 1397, 1400 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

MGIC Indemnity Corp. v. Weisman,
   803 F.2d 500, 504 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

O'Donnell v. Vencor, Inc.,
   466 F.3d 1104, 1111 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 21

Parks School of Business, Inc. v. Symington,
   51 F.3d 1480 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Patterson v. Internt. Bhd. of Teamsters, Local 959,
   121 F.3d 1345, 1349 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Pembroke v. City of San Rafael,
   1994 WL 443683, *3 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Retana v. Apartment, Motel, Hotel & Elevator Operators Union, Local No. 14,
   453 F.2d 1018, 1021-22 (9th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . 23

Shwarz v. U.S.,
   234 F.3d 428, 435 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Spietz v. Kaiser Aluminum and Chemical Corp.,
   672 F.Supp. 1368 (W.D. Wash. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

United Steelworkers of America, AFL-CIO-CLC v. Rawson,
   495 U.S. 362, 372 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Vaca v. Sipes,
   386 U.S. 171, 190 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

iv

1

2

FEDERAL STATUTES

3

29 U.S.C. § 159(a) .................................................. 22

29 U.S.C. § 185(a) ................................................... 7

29 U.S.C. §160(b) ................................................... 9

7

FEDERAL RULES

9th Cir. 1994 ..................................................... 17





LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

## MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers, Local 1245 ("Local 1245") hereby gives notice of its motion, and does hereby move this Court for an Order dismissing the Amended Complaint (#49) against Local 1245 by plaintiffs, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion will be heard on March 6, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, or at such other time as the Court may order, in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, 4th Floor, Oakland, California. This Motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be represented to the Court at the time of the hearing.

## RELIEF REQUESTED

This Motion requests that this Court dismiss the claims against Local 1245 with prejudice and without leave to amend one or both of the following grounds: (1) Plaintiffs' claims challenging the actions of Local 1245 are time-barred; and/or (2) Plaintiffs fail to state a claim for breach of the duty of fair representation. Local 1245 will present a proposed order with its reply brief.

## POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs Thomas Knowles and Thomas Hicks are former employees of

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

defendant Pacific Gas & Electric Company ("PG&E") and are former members of defendant International Brotherhood of Electrical Workers Local 1245 ("Local 1245" or "the Union"). (Plaintiffs' First Amended Complaint (#49) [hereinafter "FAC"] ¶¶ 2, 4).[1]  Plaintiffs' employment with PG&E was terminated on May 7, 2001 as part of a workforce reduction.  (FAC, Ex. 4, pp. 5, 8 (Employee Notices)). Plaintiffs allege that PG&E made an oral promise to each of them that they would have a right to re-employment with PG&E for up to sixty months from their last workday.  (FAC, ¶ 8).  Plaintiffs allege that prior to the expiration of the sixty-month period that they both requested re-employment with PG&E but PG&E denied their requests.  Plaintiffs further allege that shortly after PG&E's denial, they approached Local 1245 for assistance, and Local 1245 told plaintiffs that it couldn't help them.  Plaintiffs bring this action alleging, inter alia, that PG&E breached the collective bargaining agreement between Local 1245 and PG&E, which governed the terms of their employment, and that Local 1245 breached its duty of fair representation.  (See FAC, ¶¶ 15-28 (breach of contract), ¶¶ 47-54 (breach of duty of fair representation)).

As shown herein, plaintiffs' First Amended Complaint fails to state a claim against Local 1245 because under any calculation, the claim is time-barred. Additionally, as a matter of law, plaintiffs have not and cannot allege sufficient

---

[1]
Defendant Deanna Radford is an employee of PG&E in its Human Resources Division.  (FAC, ¶ 3).

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

facts to state a claim for breach of duty of fair representation against Local 1245.

Local 1245 respectfully requests that this Court dismiss the plaintiffs' complaint

against it with prejudice and without leave to amend.

## I.  STATEMENT OF ISSUES

Local 1245 presents the following issues in its Motion and this supporting

Memorandum:

1.  Whether plaintiffs' claims are time-barred because they accrued

more than six months prior to when plaintiffs filed the instant

complaint against Local 1245, or even prior to when plaintiffs filed

their previous two complaints against defendants PG&E and

Radford;

2.  Whether plaintiffs have failed to state a claim upon which relief may

be granted since plaintiffs have not and cannot allege sufficient facts

to state a duty of fair representation claim against Local 1245.

## II.  LEGAL STANDARD FOR 12(B)(6) MOTION

Pursuant to Rule 12(b)(6), the Court must dismiss an action where, taking

all allegations of material fact as true, it "appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks School of Business, Inc. v.

Symington, 51 F.3d 1480 (9th Cir. 1995).

When deciding whether to grant a motion to dismiss under Rule 12(b)(6), a

court may consider facts and documents which are subject to judicial notice.

3



1

2    Shwarz v. U.S., 234 F.3d 428, 435 (9th Cir. 2000).  See also MGIC Indemnity

3    Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (recognizing that the court

4    may "take judicial notice of matters of public record outside the pleadings.").  A

5
     court may also consider any written instruments attached to the complaint, materials
6
7    incorporated therein by reference and documents integral to the complaint.  Knievel

8    v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (allowing consideration of

9    documents attached to motion to dismiss finding documents were "incorporated by

10   reference" into complaint).

11
                       III.  **STATEMENT OF FACTS**
12
13       The facts and allegations central to Plaintiffs' lawsuit are as follows:[2] In

14   1999, PG&E sold the Geysers, which are power plants formerly operated by PG&E.

15   As part of the divestiture, PG&E was ordered to enter into a two year Operation and

16   Maintenance period ("O&M period"), during which PG&E offered its expertise to

17   the purchaser of the Geysers facilities.  (FAC, ¶ 5).  In anticipation of the layoffs to
18
19   occur at the end of divestiture, PG&E and Local 1245 negotiated and entered into a

20   letter of agreement to identify benefits, in addition to those specified in the

21   Collective Bargaining Agreement, to be given to employees affected by divestiture.

22   The Letter of Agreement provided that eligible employees had a right to preferential

23

24   _____

25       [2]
     In making its Motion under Fed. R. Civ. P. 12(b)(6), Local 1245 accepts as true the
26   allegations in plaintiffs' FAC, and in the documents attached to the FAC.  Local 1245
     also refers to prior proceedings in this Court, including this Court's previous Order
27   (#48) dismissing plaintiffs' original complaint.

28                                    4
     DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2   re-employment with PG&E for sixty months following lay-off, and that

3   determination of employees covered under the Agreement was to be governed by

4   the parties' grievance procedure. (Order (#48), p. 3 (describing Letter of

5   Agreement); FAC, ¶ 6).

6

7        Plaintiffs were employees of PG&E at the time of the divestiture and

8   worked as fleet maintenance employees at the Geysers. (FAC, ¶ 6; Order (#48), p.

9   2 line 9). In 1999, plaintiffs and PG&E agreed that, in exchange for plaintiffs

10  working through the two year O&M period, plaintiffs would be given a sixty month

11  right to re-employment which would run from their last day of work with PG&E.

12  (FAC, ¶ 16). While PG&E never told plaintiffs that it considered them to be

13

14  covered employees under the Letter of Agreement, plaintiffs allege that, during the

15  two year O&M period, PG&E repeated its promises to plaintiffs that they would

16  also receive a sixty month right to preferential re-employment at the conclusion of

17  their employment with PG&E. (FAC, ¶ 18). Plaintiffs' employment with PG&E

18  was terminated on May 7, 2001. (FAC, Ex. 4, pp. 5, 8 (Employee Notices)). On or

19
    around July 2, 2001, plaintiffs each separately executed a Severance Agreement and
20
21  Release and with it each received more than $58,000 as consideration. The

22  plaintiffs' Severance Agreements did not mention a right to preferential re-

23  employment. (Order (#48), p. 4; FAC, ¶ 8).

24
         Prior to expiration of the sixty month period, plaintiffs contacted PG&E and
25
26  attempted to exercise their right to re-employment. Shortly thereafter, PG&E

27  refused to honor plaintiffs' right to re-employment. (FAC, ¶¶ 9, 68). Upon receipt

28
                                        5

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



1

2    of PG&E's refusal, plaintiffs "immediately went to Defendant IBEW, requesting

3    relief in response to PG&E's refusal to honor their right to re-employment." (FAC,

4
     ¶¶ 9-10).  Plaintiffs allege that Local 1245 told plaintiffs that it could not assist
5
     them, that it would not investigate plaintiffs' contentions, and that plaintiffs had to
6
7    deal with PG&E on their own. (FAC, ¶ 10).  Thereafter, in a letter to PG&E, dated

8    January 24, 2006, plaintiffs requested again that PG&E grant plaintiffs preferential

9    re-employment rights. (FAC, Ex. 4, p. 1 (Pls.' Counsel Ltr to PG&E dated January

10   24, 2006)).

11
         On August 23, 2006, plaintiffs filed an action in state court against PG&E
12
13   and Radford alleging breach of contract, specific performance, breach of implied

14   covenant of good faith and fair dealing, employment discrimination, and fraud.  On

15   October 16, 2006, defendants removed the lawsuit to this Court. (See Case No. 06-

16   CV-06430-EMC, Notice of Removal (#1)).[3]  On November 30, 2006, the plaintiffs,

17   PG&E, and Radford voluntarily dismissed the case, apparently to initiate arbitration

18
     proceedings as provided under the Severance Agreements. (Case No. 06-CV-
19
20   06430-EMC, Notice (#8); Order (#48), p. 5 lines 14-15).

21       On April 26, 2007, plaintiffs returned to this Court and filed another

22   complaint against PG&E and Radford alleging the same claims that they had raised

23

24   _____
         3
25   For the Court's convenience, any citations to proceedings in plaintiffs' prior
     separately-filed lawsuit, Case No. 06-CV-06430-EMC, will include the case number,
26   while citations to the Court's record in the instant proceeding will not include a case
     number unless necessary to avoid confusion.
27

28                                        6
     DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2  in the earlier lawsuit. (Case No. 07-CV-02284-CW, Complaint (#1)). On August

3  15, 2007, PG&E moved to dismiss plaintiffs' complaint, arguing that plaintiffs'

4  claims were preempted under § 301 of the Labor Management Relations Act

5  ("LMRA"), 29 U.S.C. § 185(a). (PG&E Motion (#19)). The Court held oral

6

7  argument on PG&E's Motion on November 15, 2007. (Minute Entry (#47)).

8     Through a letter dated November 26, 2007, plaintiffs attempted to make a

9  second request to the Union to intercede and force PG&E to honor the oral

10  promises made to plaintiffs regarding their re-employment rights. Plaintiffs allege

11  that Local 1245 "arbitrarily decided to ignore Plaintiffs' complaints," and did not

12
   respond to this letter. (FAC, ¶ 52). However, it appears that this letter was mailed
13
   to PG&E, not Local 1245, as it is addressed to PG&E's address: Director, HR
14
15  Service Center, 245 Market Street, San Francisco, California 94105. (See FAC, Ex.

16  1 (Nov. 26, 2007 Letter)). Plaintiffs do not allege that they sent the letter (or even a

17  copy of the letter) to Local 1245.

18
     On November 29, 2007, this Court granted PG&E's Motion and dismissed
19
20  plaintiffs' Complaint but granted plaintiffs leave to file an amended Complaint. In

21  granting plaintiffs leave to amend, the Court instructed plaintiffs that if they chose

22  to re-file their Complaint as an action under LMRA § 301,

23        they must allege the LMRA claims are exhausted and timely, and if
24        not, they must allege how equitable tolling and equitable estoppel
          apply. They must also allege, if they can truthfully do so, that their
25        union violated its duty of fair representation.

26  (Order (#48), p. 21 lines 17-22).

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

On December 5, 2007, plaintiffs filed their amended complaint (#49) citing that this Court had jurisdiction under LMRA § 301, and alleging against PG&E and Radford breach of contract, breach of implied covenant of good faith and fair dealing, employment discrimination, and fraud. (See generally FAC). And for the first time, plaintiffs also named Local 1245 as a defendant, alleging that it breached its duty of fair representation that it owed to plaintiffs when it told plaintiffs that it could not assist them in getting PG&E to honor its promise of preferential re-employment rights. (FAC, ¶¶ 47-54).

## IV. ARGUMENT

As will be explained more fully below, plaintiffs' claims against Local 1245 are time-barred under any calculation. First, under settled labor law, to be timely, plaintiffs' claims must have accrued not later than June 6, 2007, six months prior to the filing of the instant complaint, which plaintiffs cannot demonstrate. Plaintiffs also cannot make the necessary showing to establish that the filing date should "relate back" to either of the earlier dates on which plaintiffs filed their other complaints against PG&E and Radford. Moreover, relation back does not save plaintiffs' claims against Local 1245 because these claims undisputedly accrued more than six months before the filing of plaintiffs' first lawsuit. Finally, equitable tolling and equitable estoppel do not apply to save plaintiffs' untimely complaint.

/ / /

/ / /

1

2    A.    **Plaintiffs' Claims Challenging the Alleged Actions of Union**
           **Representatives in 2006 Are Clearly Time-Barred Because All of the**
3          **Events More than Six Months Before Plaintiffs Filed Their Complaint**
4          **against Local 1245.**

5          In <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151,

6    164-165 (1983), the Supreme Court held that in a "hybrid" breach of the collective

7    bargaining agreement/breach of the duty of fair representation action, such as this

8    case, the two claims are "inextricably interdependent." To prevail against a union
9
     or an employer, the plaintiff must establish <u>both</u> a breach of the collective
10
11   bargaining agreement <u>and</u> a breach of the duty of fair representation. <u>Id</u>. (citations

12   omitted). Additionally, the Court held that the applicable statute of limitations for

13   such claims is the six-month statute of limitations found in Section 10(b) of the

14   National Labor Relations Act, 29 U.S.C. §160(b) (hereinafter "Section 10(b)"). <u>Id</u>.
15
     at 169-172. <u>See also</u> <u>Harris v. Alumax Mill Prods., Inc.</u>, 897 F.2d 400, 403 (9th
16
17   Cir. 1990).

18         The six-month limitations period of Section 10(b) begins to run on the date

19   that Plaintiff knew or reasonably should have known of the facts underlying his

20   claim. <u>Allen v. United Food & Commercial Workers Int'l Union</u>, 43 F.3d 424, 427

21   (9th Cir. 1994).
22
23         Because plaintiffs filed their complaint against Local 1245 on December 5,

24   2007, to be timely, their claims must not have accrued later than June 6, 2007.

25         In considering plaintiffs' allegations in the FAC, plaintiffs' claims regarding

26   the Union's failure to assist plaintiffs in seeking enforcement of their oral promise

27

28                                    9

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

with PG&E accrued long before June 6, 2007. Plaintiffs allege the following:

Plaintiffs' last day of work with PG&E was May 7, 2001, and thus, their sixty

month right to re-employment expired on or about May 7, 2006, a date well outside

the limitations period. Plaintiffs further allege that prior to that expiration date,

they contacted PG&E, and PG&E refused to honor its oral promise with plaintiffs.

According to plaintiffs, "immediately" after receiving PG&E's refusal and

sometime before January 24, 2006, plaintiffs contacted Local 1245, who allegedly

told plaintiffs that it would not investigate their claims, that it could not provide

them with any assistance, and that plaintiffs would have deal with PG&E on their

own. According to the allegations in their amended complaint, all of these acts took

place well before June 6, 2007.[4]

---

[4]

Plaintiffs cannot point to their November 26, 2007 letter to "restart" the statute of
limitations period for three reasons. Most importantly, plaintiffs did not address the
letter to the Union but rather to PG&E as PG&E's address is 245 Market Street, San
Francisco, California. Plaintiffs have not alleged that they sent the letter (or even a
copy) to the Union.

Additionally, even if the Union had received the plaintiffs' letter, the Union
would not have been able to pursue a grievance on behalf of the plaintiffs because by
the time that the letter was sent, the time period established under the parties'
collective bargaining agreement for filing a grievance had long expired. The
Collective Bargaining Agreement provides that "[a] grievance which involves the
discharge of an employee must be filed not later than 14 calendar days after the
employee is notified in writing of the discharge," and "[a] grievance which does not
involve the grievant's discharge must be filed not later than 30 days after the date of
the action complained of, or the date the employee became aware of the incident which
is the basis for the grievance, whichever is later." (FAC, ¶ 54 & Ex. 3 (CBA, §
102.3(a)(1)-(2)) (time limits for filing grievances)). As the facts outlined above
establish, the time period long ago expired for the Union to file a grievance under the
collective bargaining agreement.

Finally, even putting aside plaintiffs' failure to send the letter to the Union and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

Moreover, the allegations in the amended complaint establish that plaintiffs had knowledge of each of the above facts long before June 6, 2007. (See, e.g., FAC, ¶¶ 9, 68 (alleging Union directly informed plaintiffs that it could not assist them sometime before January 24, 2006)). Thus, Plaintiff's claims based on any of these allegations are time-barred by Section 10(b).

**B.    Plaintiffs' Filing Date Does Not "Relate Back" to Either of the Dates on Which Plaintiffs Filed Their Prior Complaints. Moreover, Relation Back Would be Futile Because the Events at Issue Undisputedly Occurred More than Six Months Prior to the Filing of the Plaintiffs' Very First Complaint Against PG&E and Radford.**

In an attempt to save their untimely complaint, plaintiffs make generic allegations in the FAC that the FAC should relate back to one of the earlier filing dates. However, these allegations are not supported by the facts alleged by plaintiffs and do not meet Rule 15's requirements. Thus, this Court should not apply the relation back doctrine to find that the limitations period commenced at either of the dates that plaintiffs filed their prior lawsuits. Moreover, granting relation back would be futile because the events at issue occurred more than six months before plaintiffs filed their first lawsuit.

///

///

the timeliness issue, the letter does not trigger a later limitations period because this duty of fair representation claim stems from the Union's initial failure to assist plaintiffs, which occurred more than six months ago.

11



1

2    **1.    Under Rule 15's plain language, plaintiffs' complaint cannot**
          **relate back to the August 23, 2006 complaint because that was a**
3         **separate proceeding, and as plaintiffs *concede,* the events at issue**
          **occurred more than six months before the filing of that**
4         **complaint.**

5

6    While plaintiffs do not specify in their FAC to which filing date this

7    amended complaint should relate back, the Court should reject, under Rule 15's

8    plain language, any suggestion by plaintiffs that the limitations period should run

9    from August 23, 2006, the date they filed their first complaint in state court against

10   PG&E and Radford.  Under Fed. R. Civ. P. 15, in limited circumstances, "[a]n

11   [otherwise untimely] amendment to a pleading [can] relate[] back to the date of the

12   original pleading," and thus, be considered timely.  However, as the statute's plain

13   language suggests, relation back only applies to filing of an amendment to

14

15   pleadings in the <u>same</u> cause action, and Rule 15 does not apply to attempts to relate

16   back to an earlier but separately-filed proceeding.  See <u>O'Donnell v. Vencor, Inc.</u>,

17   466 F.3d 1104, 1111 (9th Cir. 2006) (holding that plaintiff's second complaint did

18

19   not "relate back" to her previously dismissed complaint because "her second

20   complaint was not an 'amendment' to her first complaint, but rather a separate

21   filing.").

22   Even if this Court were to find that the amended complaint "relates back" to

23   August 23, 2006, the Court must nevertheless grant Local 1245's Motion because

24   plaintiffs have <u>conceded</u> in the FAC that the events allegedly giving rise to Local

25
26   1245's liability occurred more than six months prior to this date.  Significantly,

27   plaintiffs concede that they contacted Local 1245 <u>before</u> they wrote their January

28                                        12
     DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2    24, 2006 letter to PG&E. (FAC, ¶ 68 (alleging after being turned away by Union,

3    plaintiffs' counsel contacted PG&E to make second demand for re-employment)).

4    In this same paragraph, plaintiffs acknowledge that there was *"over six months*

5    *from the date of the [January 24, 2006] communication between Plaintiffs'*

6
     *counsel and PG&E"* and when plaintiffs filed their first complaint. (FAC, ¶ 68
7

8    lines 3-4). Since plaintiffs' claim against Local 1245 accrued when Local 1245

9    informed plaintiffs that it would not be able to assist them, Allen, 43 F.3d at 427,

10   and plaintiffs have alleged that this occurred prior to their January 24, 2006 letter to

11   PG&E, it is clear that their claim against the Union is time-barred, even if the

12
     limitations period is calculated from August 23, 2006.
13

14        **2.    The Court also should also not relate back the filing date to**
              **April 26, 2007, and in any event, the claim would still be time-**
15            **barred.**

16        This Court should also not find that plaintiffs' untimely amended complaint

17   against Local 1245 relates back to April 26, 2007, the date that plaintiffs originally

18
     filed the instant lawsuit against PG&E and Radford because, as described above, it
19

20   would be futile since the claims are clearly time-barred. Additionally, plaintiffs can

21   not make the requisite showing under Fed. R. Civ. P. 15 for applying relation back

22   to add Local 1245 as defendants. Rule 15 provides that an amendment changing the

23   party or the naming of the party shall be allowed to relate back to the date of the

24
     original pleading provided that it can be shown that, within the 120 days of the
25

26   filing of the original pleading, the party to be brought in by amendment:

27        (i) *received such notice of the action that it will not be prejudiced*

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



*in defending on the merits;* and

(ii) *knew or should have known that the action would have been brought against it, but for a mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  Plaintiffs' amended complaint alleging a claim against Local 1245 does not meet Rule 15(c)(1)(C)'s requirements because plaintiffs do not allege that Local 1245 received any notice of the lawsuit prior to service of the FAC, Local 1245 is prejudiced by having to defend against this untimely claim, and plaintiffs did not make an identity mistake in not naming Local 1245 in their original complaint as they have known Local 1245's role since the Union informed plaintiffs that it could not assist them.

> **a.    Local 1245 did not receive notice of the original action within 120 days of its filing.**

As a preliminary requirement for an amended pleading, which adds a new party, to relate back to the original pleading, it must be shown that the new party received notice of the original lawsuit within 120 days of its filing.  Fed. R. Civ. P. 15(c)(1)(C).  Since plaintiffs filed their original complaint on April 26, 2007, they must allege facts which establish that they notified Local 1245 of the lawsuit within the 120 days of its filing, i.e. August 24, 2007.  Plaintiffs have not alleged <u>any</u> facts which establish that Local 1245 had any notice of its original pleading prior to when plaintiffs filed and served the instant complaint on Local 1245.  (<u>See, e.g.,</u> FAC, ¶ 78).  At most, plaintiffs have alleged that the Union "knew or should have known" of the litigation based upon plaintiffs' request for assistance back in 2006.  (FAC, ¶

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2    78). However, even accepting this statement as true, this does not establish that the

3    Union had notice of this <u>lawsuit</u> against Local 1245 or that plaintiffs intended to file

4    suit against Local 1245, or much less, that Local 1245 knew that plaintiffs disagreed

5    with the Union's conclusion that PG&E and plaintiffs had to resolve the issue

6    without Local 1245.

7

8              **b.    Moreover, Local 1245 is prejudiced in maintaining its**
                    **defense to the lawsuit because it stems from events that**
9                   **occurred long ago.**

10         Plaintiffs' assertion, without explanation, that the Union will not be

11   prejudiced by their late addition to this litigation is plainly contradicted by the

12   circumstances (FAC, ¶ 78) and thus, must be rejected. As described above, it

13

14   appears that the alleged events took place about two years ago, and even though the

15   plaintiffs have been trying to litigate their claims against Radford and PG&E in

16   different forums for over a year, Local 1245 has never been given notice of this

17   lawsuit until now. Nor does Local 1245 have sufficient common interests with the

18   other defendants to impute their knowledge of the lawsuit to Local 1245. Since

19   Local 1245 has not had any notice of the lawsuit, it has not had the opportunity to

20

21   make any investigation into the facts as alleged by plaintiffs. With the passage of

22   time, witnesses' memories fade, and other types of evidence disappear. Thus,

23   plaintiffs' failure to give Local 1245 notice, and the delays that they've built into

24   this litigation hinder Local 1245's ability to defend itself in this lawsuit, and the

25

26   Court should not allow plaintiffs to add Local 1245. <u>See also</u> Korn v. Royal

27   Caribbean Cruise Line, Inc., 724 F.2d 1397, 1400 (9th Cir. 1984) (recognizing, in

28
                                          15

1

2    evaluating whether to allow a plaintiff to amend its complaint to add another

3    defendant, that "timely notice within the statute of limitations period was one

4    manner of assuring that the party to be added had the opportunity to investigate the

5    facts giving rise to the claim before they became stale.").

6

7          **c.    Finally, Local 1245 did not know, nor should it have**
            **known, that but for a mistake, they would have been**
8          **named as a defendant in plaintiffs' lawsuit.**

9          Finally, Rule 15(c)(1)(C)(ii) requires that plaintiffs show that Local 1245, as

10    the newly added defendant, "knew or should have known that the action would

11    have been brought against it, but for a mistake concerning the proper party's

12    identity." Plaintiffs appear to make two allegations to establish this requirement.

13    Plaintiffs generally allege that "IBEW knew or should have known of the action

14    since they were notified by Plaintiffs about the breach of contract, and advised

15    Plaintiffs to seek relief on their own against Defendant PG&E." (FAC, ¶ 78).

16

17    Plaintiffs also allege that the Union never advised plaintiffs of what to do after the

18    Union denied its grievance. (FAC, ¶ 76).

19

20          Plaintiffs' generic allegations fail to establish that plaintiffs had mistakenly

21    identified the parties to be sued, and for this reason, there's been no showing that

22    Local 1245 knew or should have known that but for a mistake in identity, that they

23    would have been named a defendant to this lawsuit.[5] If anything, the allegations

24

25          5

26    Plaintiffs' letter to PG&E, dated January 24, 2006, also indicates that plaintiffs
      understood their right to sue over the breach in preferential re-employment rights, and
27    confirms that plaintiffs chose at that time not to sue the Union. (See FAC, Ex. 4, p. 2

28                                    16
      DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



suggest that plaintiffs <u>believed</u> from their first and only contact with Local 1245

that they could seek to hold the Union liable for its failure to act on their behalf, and

thus, there was no mistaken identity on their part. The plaintiffs' allegation that the

CBA is ambiguous does not come close to showing that plaintiffs mistook Local

1245's identity. Moreover, plaintiffs do not allege in their complaint that the filing

date should relate back to one of the earlier filing dates because they mistakenly

failed to name Local 1245 in their prior actions. (FAC, ¶ 78 (plaintiffs' allegations

regarding relation back doctrine)).

Under these circumstances, to allow plaintiffs to add Local 1245 to this

lawsuit would be contrary to the language of Rule 15 as well as its intent.

Considering its plain  language, Rule 15 allows a plaintiff to <u>change</u> a party or

<u>change</u> the naming of a party, but does not allow a plaintiff to <u>add</u> defendants to the

existing ones. <u>See</u> Fed. R. Civ. P. 15(c)(1)(C) (providing requirements to "change[]

the party or the naming of the party"). Indeed, this Court has recognized that it will

not allow an amended complaint to relate back to a prior filed complaint where the

plaintiff has long known of the existence and identity of the party to be added. As

this Court explained, in another case, it "will not permit relation back of the

proposed amendment because plaintiff seeks to add new defendants, the existence

of whom she had known about since the day [of their legal injury] and the identity

(declaring that "if . . . PG&E refuses to honor their reemployment, then my Client's
will take the appropriate steps in order to enforce the agreements for which they
detrimentally relied on")).

17
DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169   FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

of whom she had known about for ten months before seeking leave to amend." Pembroke v. City of San Rafael, 1994 WL 443683, *3 (N.D. Cal. 1994).

As in Pembroke, plaintiffs here have known since before they commenced any of this litigation of the identity and role of Local 1245 because Local 1245 directly informed plaintiffs that it would not assist them, and it appears that this occurred nearly two years ago. (FAC, ¶ 68). Thus, there was no confusion by plaintiffs about Local 1245's identity or its involvement, and it has not been shown that Local 1245 knew or reasonably should have known that plaintiffs meant to sue them. See also G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994 (stating "'Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party.'"); D'Orazio v. McGraw Edison Power System Div., 802 F.Supp. 1297, 1307 (W.D. Pa. 1992) (refusing to apply relation back to plaintiffs' second amended complaint, which added a duty of fair representation claim against union, because original complaint failed to allege any arbitrary or bad faith conduct by union, only the employer, and finding claim against union was time-barred).[6]

---

[6]

Plaintiffs' citation to Spietz v. Kaiser Aluminum and Chemical Corp., 672 F.Supp. 1368 (W.D. Wash. 1987) is inapposite. First, it is contrary to the law of this District, see, e.g., Pembroke v. City of San Rafael, 1994 WL 443683 (N.D. Cal. 1994), and it is factually distinguishable.

In Spietz, the Court allowed the plaintiff's amended complaint which added the plaintiff's union as a defendant and a duty of fair representation claim against the union over its failure to arbitrate plaintiff's grievance. The Court allowed the amendment because the plaintiff had filed his amended complaint only twenty-six days after the statute of limitations expired and the union did not argue that it lacked notice

18



1

2  **C.**  **Equitable Tolling Does Not Apply Because Plaintiffs Have Not**

3      **Exercised All (or Any) Due Diligence in Determining Their Legal**
        **Options against Local 1245.**

4

5      As described above, plaintiffs' claim against Local 1245 is clearly time-

6  barred, and to get around this, plaintiffs generically argue that the statute of

7  limitations should be equitably tolled. Plaintiffs' allegations are off-point, and do

8  not demonstrate that they exercised any diligence in pursuing their claims against

9  Local 1245 or that they were prevented in any way from pursuing their claims from

10  Local 1245.

11      "Equitable tolling 'focuses on whether there was excusable delay by the

12  plaintiff' and "may be applied if, *despite all due diligence*, a plaintiff is unable to

13  obtain vital information bearing on the existence of his claim." Huseman v. Icicle

14  Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (citation omitted) (emphasis in

15  original). To be entitled to invoke this doctrine, a plaintiff must demonstrate that

16  they have "not slept on their rights, but rather, have been prevented from asserting

17

18

19  _____

    of the lawsuit or that it was prejudiced by the late amendment. Additionally, the Court
20  noted that the plaintiff had made several phone calls to the Union about his grievance
    after the Union had informed plaintiff of its refusal to arbitrate. 672 F.Supp. at 1370-
21  71. For all of these reasons, the Court concluded that the union had notice of the
    lawsuit and would not be prejudiced in being added to complaint. Id. (concluding that
22  the proximity of the events and the union's failure to challenge notice suggests "that
    some informal notice of the initial institution of the lawsuit was probably received by
23  the Union.").
24      The facts in this case are dramatically different and require a different result.
    Plaintiffs are seeking to add Local 1245 years after the statute of limitations expired,
25  and by this motion, Local 1245 has vigorously protested its lack of notice of the
    lawsuit, and the prejudice it faces in trying to defend against this lawsuit due to the
26  passage of time. For all of these reasons, this Court should not allow the complaint to
    relate back as the Court did in Spietz.
27

28                                    19
    _____
    DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174



LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2    them." Burnett v. New York Cent. R. Co., 380 U.S. 424, 429 (1965). "The

3    absolute lack of any effort on [plaintiffs'] part to inquire about available options

4    defeats [their] equitable tolling claim." Huseman, 471 F.3d at 1120.

5

6        Plaintiffs' allegations do not show due diligence on their part in determining

7    their options against Local 1245, and if anything, they concede that they did not

8    exercise such due diligence. First, plaintiffs allege, "[t]he procedural history of this

9    case, coupled with PG&E's deceptive and chaotic responses to Plaintiffs'

10   grievances, make it evident that Plaintiffs have demonstrated the requisite due

11   diligence for equitable tolling." (FAC, ¶ 77). This statement refers to absolutely no

12   incidents that prevented plaintiffs from pursuing their claims against the Union.

13

14   Moreover, plaintiffs' other allegations undermine their argument that they exercised

15   due diligence because plaintiffs do not allege that they ever followed up with the

16   Union or even investigated whether the Union's initial decision that it could not

17   help plaintiffs was correct. (See FAC, ¶ 68 (merely alleging the Union told

18   plaintiffs before January 24, 2006 that they needed to deal with PG&E alone); ¶ 74

19

20   (same); ¶ 76 (alleging that plaintiffs did not understand the CBA's language but not

21   that plaintiffs ever approached the Union for assistance in interpreting the CBA or

22   to reconsider its decision to help plaintiffs)). Simply put, the FAC does not allege

23   that plaintiffs exercised all due diligence in investigating their claims against the

24   Union, and that plaintiffs were prevented from pursuing their claims against the

25   Union. Rather, the allegations plainly confirm that while plaintiffs were  pursuing

26

27   PG&E and Radford in state court, federal court, and arbitration, they were sleeping

28
                                    20

1

2   on whatever legal recourse they believed they had against the Union.[7]  Therefore,

3   the statute of limitations should not be tolled on plaintiffs' duty of fair

4   representation claim.

5
6   **D.    Local 1245 is Not Equitably Estopped from Asserting Plaintiffs' Claims are Time-Barred Because Plaintiffs have Not Alleged that Local 1245 Acted (Deceptively or Otherwise) to Prevent Plaintiffs from Exercising Their Rights.**

7

8
9   Plaintiffs also allege in their FAC that Local 1245 should be equitably

10  estopped from arguing that plaintiffs' claim is time-barred.  The Court should reject

11  this contention as well.

12      To establish equitable estoppel, a plaintiff must allege: (1) that they actually

13  and reasonably relied upon defendant's conduct and representations; and (2) that

14  defendants acted with improper purpose or had actual or constructive knowledge of

15  the deceptive nature of its conduct.  The Court should also consider "the extent to

16  which the purposes of the limitations period have been satisfied."  O'Donnell, 466

17
18  F.3d at 1111 (quoting Santa Maria v. Pac Bell, 202 F.3d 1170, 1176 (9th Cir. 2000)).

19  However, "[e]quitable estoppel is not warranted [where] there is no 'evidence of

20  improper purpose on the part of defendant, or of defendant's actual or constructive

21

22

23  ----
    [7]
    Additionally, plaintiffs' assertion that they sued as soon as they received a right-to-sue
24  letter from the Department of Fair Employment & Housing ("DFEH") is beside the
    point. (See FAC, ¶ 68).  Any delays incurred in the receipt of a right-to-sue-letter do
25  nothing to toll the statute of limitations for a duty of fair representation claim against a
    union because plaintiffs were not required to have the right-to-sue letter in order to sue
26  the Union.  And moreoever, plaintiffs did not sue the Union until nearly sixteen
    months after receiving the right-to-sue letter.
27

28                      21

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2  knowledge of the deceptive nature of its act.'" Id. (quoting Santa Maria, 202 F.3d at

3  1176).

4

5  Plaintiffs do not allege any facts to justify invoking equitable estoppel

6  against Local 1245. First, the only action which they allege that relates to the

7  instant claim against the Union does not establish that the Union acted with an

8  improper purpose or had any knowledge that it had somehow deceived the

9  plaintiffs. The plaintiffs do not allege anything more than the Union told them on

10  one occasion about two years ago that they could not help them enforce their oral

11  promise with PG&E. Beyond their unsuccessful attempt to contact the Union in

12  November 2007, plaintiffs do not allege that they ever followed up with the Union

13

14  regarding its initial answer. Further, plaintiffs do not allege any conduct on the part

15  of the Union in deceiving plaintiffs about their legal rights. Finally, the purposes of

16  the limitations period have also not been satisfied since, as described above,

17  plaintiffs never provided the Union with any notice of its lawsuits until they served

18  the Union with the FAC, and the six month statute of limitations has long run.

19

20  For these reasons, Local 1245 respectfully requests that the Court find that it

21  is not equitably estopped from arguing that plaintiffs' claims are time-barred.

22  **E.    Finally, as a Matter of Law, Plaintiffs Have Not and Cannot Allege**
23  **Sufficient Facts to State a Claim for Breach of Duty of Fair**
      **Representation against Local 1245.**

24  Plaintiffs' claims arising out of the alleged conduct of Union representatives

25  also fail as a matter of law. The Union owes a duty of fair representation to its

26  members, which derives from Section 9(a) of the LMRA. See 29 U.S.C. § 159(a);

27

28                                          22
      DEFENDANT IBEW LOCAL 1245 MOTION TO DISMISS: Case No. C 07-2284-CW

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

*Retana v. Apartment, Motel, Hotel & Elevator Operators Union, Local No. 14*, 453

F.2d 1018, 1021-22 (9th Cir. 1972). The standard for breach of this duty is

extremely deferential to a union's judgment. A union cannot be found to have

breached its duty of fair representation unless its conduct is arbitrary, discriminatory

or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Patterson v. Internt. Bhd.*

*of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997). A union's "actions

are arbitrary only if, in light of the factual and legal landscape at the time of the

union's actions, the union's behavior is so far outside a 'wide range of

reasonableness,' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S.

65, 67 (1991) (citations omitted); *Bautista v. Pan Am. World Airlines, Inc.*, 828

F.2d 546, 549 (9th Cir.1987). To demonstrate bad faith, a plaintiff must establish

that the conduct of the Union was tainted by improper prejudice or produce

"substantial evidence of fraud, deceitful action or dishonest conduct on the part of

the union." *Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of*

*America v. Lockridge*, 403 U.S. 274, 299 (1971) (internal quotations omitted);

*Crusos v. United Trasp. Union, Local 1201*, 768 F.2d 970, 973 (9th Cir. 1986).

Plaintiffs allege that they approached the Union sometime before January

24, 2006, about PG&E's refusal to honor its promise of re-employment rights, and

requested the Union's assistance. The Union informed plaintiffs that it could not

help them, and that they must deal with PG&E on their own. (FAC, ¶¶ 48, 49, 68).

Plaintiffs allege that the Union, "[b]y failing to investigate Plaintiffs' complaint,

failing to provide administrative remedies, failing to communicate with Defendant

23

PG&E regarding Plaintiffs' grievances, and failing to enforce the collective bargaining agreement [acted] arbitrary, discriminatory and in bad faith." (FAC, ¶ 51). These are the sole grounds upon which plaintiffs base their duty of fair representation claim, and none are sufficient to give rise to a claim.

These allegations are insufficient because they fail to identify what specifically plaintiffs wished Local 1245 to do, nearly five years after plaintiffs' employment had ended. Moreover, plaintiffs have alleged no facts to suggest that the Union's decision not to intercede in plaintiffs' dispute with PG&E was tainted by improper prejudice, fraud, dishonesty or deceit. Given that this is plaintiffs' third attempt to file a complaint over the alleged oral promises, it is unlikely that they will be able to state sufficient facts to support a duty of fair representation claim against Local 1245.

Even plaintiffs appear to concede that the Union did not act discriminatorily, arbitrarily or in bad faith toward plaintiffs because throughout the FAC, they characterize the Union's conduct as "haphazard" which is synonymous with negligent. (See, e.g., FAC, ¶¶ 10, 66, 74). What is more, even if the allegations suggested that the Union had been negligent in failing to get involved with plaintiffs' dispute with PG&E (which they do not), negligence is not sufficient grounds to support a duty of fair representation claim. See, e.g., United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 372 (1990) (mere negligence, even in enforcement of collective bargaining agreement, does not state claim for breach of duty of fair representation); Castelli v. Douglas Aircraft

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

24



1

2    <u>Co.</u>, 752 F.2d 1480, 1482 (9th Cir. 1985) (same).

3        Thus, plaintiffs' claim that Local 1245 breached its duty of fair

4    representation must be dismissed because plaintiffs have not and cannot allege

5    sufficient facts to state a claim for relief.

6

7                              **CONCLUSION**

8        Plaintiffs have failed to state a claim against Local 1245. Therefore, for the

9    reasons described herein, Local 1245 respectfully requests that the Plaintiffs' claim

10   against the Union be dismissed with prejudice and without leave to amend.

11   DATED:   January 22, 2008

12
                                    LEONARD CARDER, LLP
13

14                              By: /s/  Jennifer L. Marston
                                    Jennifer L. Marston
15                                  Attorneys for IBEW Local 1245

16

17

18

19

20

21

22

23

24

25

26

27

28                                     25

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2
## PROOF OF SERVICE

3        I am employed in Alameda County, California. I am over the age of eighteen
4  (18) years and not a party to the within action. My business address is 1330
   Broadway, Suite 1450, Oakland, California 94612. January 22, 2008, I served the
5  following document:

6     **DEFENDANT IBEW LOCAL 1245'S MOTION TO DISMISS FOR
7     FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS &
      AUTHORITIES**

8        I electronically filed the foregoing document with the Clerk of Court using the
9  CM/ECF system which sent notification of such filings to the following:

10  Daniel B. Beck, Esq.              danbeck@becklaw.net
11  Mahsa Gholami, Esq.               mgholami@becklaw.net
    Darren P. Roach                   dprc@pge.com
12  Susan T. Kumagai                  skumagai@lfclaw.com
13  Glen E. Turner                    gturner@lkclaw.com

14       I declare under penalty of perjury under the laws of the State of California that
    the foregoing is true and correct.
15
16       Executed at Oakland, California on January 22, 2008.
17

18                        /s/ Jennifer L. Marston
19                        Jennifer L. Marston

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174