Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:    (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.<br><br>Defendants. | Case No.:  C-07-2284-JCS<br><br>**PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' OPPOSITION TO DEFENDANT IBEW LOCAL 1245'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION.**<br><br>Date: March 6, 2008<br>Time: 2:00 p.m.<br>Dept.: 2<br>Judge: Hon. Claudia Wilken<br><br>Complaint Filed: April 27, 2007 |

////

////

*Knowles & Hicks v. PG & E, et al.*                                        1
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1

**TABLE OF AUTHORITIES**

2                                                                              **Page**

3   **Federal Cases:**

4   *Allen v. United Food & Commercial Workers Int'l Union*

5   [43 F.3d 424 (9th Cir. 1994)]............................................................  7

6   *Atkins v. Union Pac. R.R.* [685 F.2d 1146, 1149 (9th Cir.1982)]..........................  6

7   *Clayton v. Int'l Union, UAW* [451 U.S. 679].....................................................  8

8   *Conley v. Int'l Bhd. of Elec. Workers* [810 F.2d 913, 915 (9th Cir. 1987)]................  8

9   *Donald v. Cook County Sheriff's Dep't.* [95 F.3d 548 (7th Cir. 1996)]......................  12

    *Galindo v. Stoody Co.* [793 F.2d 1502 (9th Cir. 1986)]........................................  7, 8
10
    *G.F. Co. v. Pan Ocean Shipping Co.* [(9th Cir 1994) 23 F3d 1498]........................  11
11
    *Huseman v. Icicle Seafoods, Inc.* [471 F.3d 1116 (9th Cir. 2006)]..........................  5, 6
12
    *In re Dominguez v. Miller* [(9th Cir 1995) 51 F3d 1502].....................................  9, 11
13
    *Jablon v. Dean Witter & Co.* [614 F.2d 677 (9th Cir. 1980)]..................................  5
14
    *Korn v. Royal Caribbean Cruise Line, Inc.* [724 F.2d 1397 (9th Cir.1984)]...............  10
15
    *Martell v. Trilogy, Ltd.* [(9th Cir 1989) 872 F2d 322].......................................  9
16
    *Motley v. Parks* [198 F.R.D. 532].................................................................  12
17
    *Mt. Hood Stages, Inc. v. Greyhound Corp.* [616 F.2d 394 (9th Cir. 1980)]..............  8
18
    *O'Donnell v. Vencor Inc.* [466 F.3d 1104 (9th Cir. 2006)] ..................................  10
19
    *Spietz v. Kaiser Aluminum and Chemical Corp.* [(1987) 672 F.Supp. 1368]...............  10
20
    *Union Pac. R.R. Co. v. Nevada Power Co.* [(9th Cir 1991) 950 F2d 1429]................  9
21
    *Wilke v. Bob's Route 53 Shell Station* [36 F. Supp. 2d 1068 (N.D.Ill. 1999)]..............  12
22

23  **Federal Statutes:**

    National Labor Relations Action Section 10b...........................................  5, 6, 8
24
    Fed R Civ P 15(c)..................................................................................  9, 11, 12
25
    29 U.S.C. § 185(a) ................................................................................  8
26
    29 U.S.C.A. § 159.................................................................................  5
27  / / / /

28

*Knowles & Hicks v. PG & E, et al.*                                2
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3    COMES NOW PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS'

4    Opposition to Defendant IBEW Local 1245's Motion to Dismiss for Failure to State a Claim.

5

6    ## I.    INTRODUCTION

Plaintiffs Thomas Knowles and Thomas Hicks (hereinafter collectively called

7    "Plaintiffs") filed an action in Superior Court. Shortly thereafter, Plaintiffs were informed by

8    Defendant Pacific Gas & Electric Company (hereinafter called "Defendant PG & E") that the

9    case must be removed to federal court. Plaintiffs voluntarily removed the case to federal court.

10    Further, Plaintiffs were informed by Defendant PG & E that the entire action was bound by an

11    arbitration clause, and that any remedy that Plaintiffs might have would only be determined by

12    arbitration. Defendant PG & E notified Plaintiffs that if they did not voluntarily dismiss their

13    action, Defendant PG & E would make a motion to compel arbitration. Plaintiffs agreed and

14    dismissed the action, without prejudice. The parties agreed upon an arbitrator and submitted

15    their arguments to arbitration.

16    Then, Defendant PG & E changed their argument. They notified Plaintiffs that the

17    arbitration clause was inapplicable and that if Plaintiffs had any recourse, it would be exclusively

through the federal court. Plaintiffs were left with no choice but to re-file in federal court.

18    Defendant PG & E has from the very beginning done everything possible to twist this case

19    around, and to prevent Plaintiffs from obtaining employee benefits that they had been promised,

20    and benefits that they had detrimentally relied upon.

21    Plaintiffs' union, IBEW Local 1245, has not done much better in protecting Plaintiffs'

22    rights. Plaintiffs requested that their union, Defendant IBEW, represent them in obtaining their

23    60 month right to re-employment. This request was rejected twice, once shortly after Defendant

24    PG & E refused to honor their agreement and a second time recently. Defendant IBEW never

25    even bothered to investigate the oral agreement or the fraud by PG & E, and arbitrarily dismissed

26    Plaintiffs' grievances. Not only did Defendant IBEW fail to represent Plaintiffs or investigate

their grievance, they also expressly told Plaintiffs that this issue did not concern them since it

27    was premised on an oral agreement independent of the CBA. Defendant IBEW notified

28    Plaintiffs that they needed to directly pursue PG & E. Plaintiffs were under the reasonable

*Knowles & Hicks v. PG & E, et al.*                    3
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

impression, from their union's own words, that this was not a CBA issue, but a simple breach of contract for which they needed to seek relief.  Now, Defendant IBEW has filed this instant Motion to Dismiss.

## II.    BACKGROUND

Plaintiffs were employees of Defendant PG & E.  As discussed in detail in Plaintiffs' Amended Complaint, a divestiture occurred in 1999, where the California Public Utility Commission placed an obligation on Defendant PG & E to have a two year Operation and Maintenance period (hereinafter called "O & M period").  During this time, Defendant PG & E's expertise were to be made available to whoever purchased the power plant.  Defendant PG & E created a benefits package for all power generation employees affected by the divestiture.  The benefits package included a sixty (60) month right to re-employment with Defendant PG & E. Plaintiffs were affected by the divestiture.  They were promised the 60 month right to re-employment and because of such promise, they entered into a Severance Agreement.  Further, and because of the promised 60 month right to re-employment, Plaintiffs did not exercise their right to re-employment until shortly before the 60 months had ended.

Plaintiffs detrimentally relied on their promised 60 month right to re-employment. Defendant PG & E made this promise to them to induce them to accept the severance agreement and work at the Geysers.  Plaintiffs have already, through their own investigation and discovery, obtained statements from PG & E employees and supervisors, which support and confirm such oral agreement by Defendant PG & E.

## III.    ARGUMENT

A. DEFENDANT IBEW BREACHED THEIR DUTY OF REPRESENTATION AND PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR SUCH CONDUCT.

Defendant IBEW had a duty to serve the interests of Plaintiffs as members of the union, without hostility or discrimination toward them, to exercise their discretion with complete good faith and honesty, and to avoid arbitrary conduct.  By failing to investigate Plaintiffs' complaint, failing to provide administrative remedies, failing to communicate with Defendant PG & E regarding Plaintiffs' grievances, and failing to enforce the collective bargaining agreement,

*Knowles & Hicks v. PG & E, et al.*                    4
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

Defendant IBEW's conduct was arbitrary, discriminatory and in bad faith. By quickly dismissing Plaintiffs' grievances before determining whether they were meritorious and by failing to enforce the CBA, Defendant IBEW's conduct was arbitrary, discriminatory and in bad faith. (29 U.S.C.A. § 159) Defendant IBEW breached their duty of representation towards Plaintiffs, and as such, it is liable to Plaintiffs. Further, Defendant IBEW breached their duty to investigate by quickly dismissing Plaintiffs and failing to take any action in response to Plaintiffs' grievance. Plaintiffs advised Defendant IBEW that they had been defrauded by PG & E, but Defendant IBEW did not even consider such grievance.

Defendant IBEW expressly advised Plaintiffs that this was not a union issue and that Plaintiffs would need to deal with PG & E directly for relief. From such representation, Plaintiffs reasonably and logically concluded that this was not a CBA or union issue, and was an independent, breach of contract dispute. Because of this, Plaintiffs had no reason to know of a 6 month statute of limitations. It was only when the Court ruled that their action was dependent on the CBA that Plaintiffs knew or should have known that the union breached their duty of representation by their actions and inactions. Plaintiffs have adequately stated a claim for breach of duty of representation against Defendant IBEW.

B.   PLAINTIFFS' CLAIMS CHALLENGING THE ALLEGED ACTIONS OF DEFENDANT IBEW ARE NOT TIME-BARRED BY THE SIX-MONTH LIMITATIONS PERIOD OF SECTION 10(B) OF THE NATIONAL LABOR RELATIONS ACT.

When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." [*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)] In contrast, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding. [*Id.*] Equitable tolling "focuses on whether there was excusable delay by the plaintiff" and "may be applied if, *despite all due diligence,* a plaintiff is unable to obtain vital information bearing on the existence of his claim." [*Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006).] In *Huseman*, the court found that the "absolute lack of any effort [on Mr. Huseman's] part to inquire about available options defeats his equitable tolling claim." (p. 1120) This situation is distinguishable from the case at bar since here, Plaintiffs made

*Knowles & Hicks v. PG & E, et al.*                                    5
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1  substantial efforts to determine their available remedies.  Here, Plaintiffs have not "slept on their
2  rights," but instead, have "been prevented from asserting them" by Defendants. (*see Huseman,*
3  *supra* at p. 1120)  The procedural history of this case, coupled with PG & E's deceptive and
4  chaotic responses to Plaintiffs' grievances, make it evident that Plaintiffs have demonstrated the
5  requisite due diligence for equitable tolling.
6      The statute of limitations may be tolled under the doctrine of equitable estoppel. [*see*
7  *Huseman* at p. 1120]  Specifically the courts have held that, "conduct or representations by the
8  defendant-employer which tend to lull the plaintiff into a false sense of security, can estop the
9  defendant from raising the statute of limitations, on the general equitable principle that no man
10  may take advantage of his own wrong." [*Atkins v. Union Pac. R.R.*, 685 F.2d 1146, 1149 (9th
11  Cir.1982)]  Plaintiffs first approached their union regarding the PG & E's fraudulent promises.
12  The union summarily dismissed their concerns, stating that it was not a union problem.  After
13  being haphazardly dismissed by the union, the misrepresentation from Defendant PG & E
14  occurred.  Defendant PG & E first informed Plaintiffs that their concerns are subject to
15  arbitration.  In reliance on this statement from Defendant PG & E, Plaintiffs dismissed their
16  superior court action (without prejudice).  Once in arbitration, Defendant PG & E argued that the
17  action belongs exclusively in federal court, not arbitration.  Following this and to protect their
18  rights, Plaintiffs re-filed a complaint in federal court.  Defendants' conduct and representations
19  lulled the Plaintiffs into a false sense of security and therefore, they are estopped from raising the
20  statute of limitations.  Defendants should not benefit from their own wrongful conduct and delay.
21      Defendant IBEW's misrepresentations directly induced Plaintiffs to delay initiating timely
22  legal proceedings, within the six-month statute of limitations as set out in § 10(b) of the National
23  Labor Relations Act, preserving Plaintiffs' claims against Defendants IBEW and PG & E.  As
24  such, Defendant IBEW is estopped from their reliance, if any, on the statute of limitations.
25      Further, the CBA is silent as to what steps Plaintiffs are to take after the union denies their
26  grievance.  This ambiguity caused confusion for Plaintiffs and caused them not to know what
27  specific action they were required to take next.  Defendant IBEW never explained or advised
28  Plaintiffs what actions they could pursue after being denied by their union.  Defendant PG & E,
on the other hand, advised Plaintiffs that their exclusive remedy was arbitration, a contention that
they now adamantly deny.  Any delay in this case caused by Plaintiffs is excusable as discussed
herein.

*Knowles & Hicks v. PG & E, et al.*                6
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1    Courts have generally found that a claim accrues and the six-month statute of limitations

2    starts to run when an employee "discovers, or in the exercise of reasonable diligence should have

3    discovered, the acts constituting the alleged [violation]." [*Galindo v. Stoody Co.*, 793 F.2d 1502,

4    1509 (9th Cir. 1986); *see also Allen v. United Food & Commercial Workers Int'l Union,* 43 F.3d

5    424, 427 (9th Cir. 1994) (stating that a cause of action accrues when a plaintiff knows or should

6    know of wrongdoing and can successfully maintain a suit in district court)]

7    Here, Plaintiffs could not have known of the union's wrongdoing at the time they were

8    informed that they would have to handle this problem on their own because they believed

9    Defendant IBEW. Defendant IBEW expressly told Plaintiffs that the union had nothing to do

10    with Plaintiffs' grievances and that Plaintiffs would need to deal with PG & E on their own.

11    Defendant IBEW specifically found that Plaintiffs' grievances were independent of the CBA. As

12    the court held in Defendant PG & E's first Motion to Dismiss, Plaintiffs' oral contract *was*

13    dependent on the CBA and therefore, the union *did* have a duty to represent them. Up until such

14    ruling was made, Plaintiffs had no reason to believe that their union breached their duty of

15    representation because they believed their union when IBEW told them that the breach of

16    contract case had nothing to do with them. Plaintiffs did not know of the wrongdoing until very

17    recently.

18    Based on Defendant IBEW's capricious dismissal of their concerns, Plaintiffs filed a civil

19    action in superior court. They did exactly what Defendant IBEW told them—they pursued PG &

20    E on their own. Following this, Defendant PG & E's counsel notified Plaintiffs that they could

21    not pursue an action in court because of the arbitration clause in the parties' agreement. In fact,

22    PG & E threatened to compel arbitration if Plaintiffs did not voluntarily submit their grievance to

23    arbitration. Subsequently, the parties stipulated to dismiss the action without prejudice and

24    pursue arbitration. Once in arbitration, Defendant PG & E argued that the action belongs

25    exclusively in federal court, not arbitration. Following this and to protect their rights, Plaintiffs

26    re-filed a complaint in federal court. Up until the ruling following Defendant PG & E's first

27    Motion to Dismiss, Plaintiffs reasonably believed that (1) their action was independent of the

28

*Knowles & Hicks v. PG & E, et al.*                7
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1  CBA because it was an oral contract that induced them into entering severance agreements and

2  (2) Defendant IBEW expressly told them it was not a union issue.

3      Defendant IBEW's actions of notifying Plaintiffs that the breach of oral contract was not a

4  union issue clearly meant that the union did not have a duty to represent them and the union was

5  not involved in the agreement.  After the court held that Plaintiffs' causes of action were pre-

6  empted by Section 301 (except for the fraud cause of action), Plaintiffs realized that Defendant

7  IBEW *was* involved, had a duty to represent them, and breached such duty when they summarily

8  dismissed Plaintiffs' grievance and sent them on the wrong path by notifying them that this was

9  not a union issue.

10      Plaintiffs did not discover Defendant IBEW's actions were wrongful until on or about

11  September 17, 2007, which was the day Plaintiffs learned that their action was subject to the

12  Labor Management Relations Act.  Plaintiffs immediately re-filed their complaint in federal

13  court, well within the six month statutes of limitations period of Section (10)b.

14      Moreover, although a claim may accrue when an employee learns of a union's breach of duty,

15  the statute of limitations may be tolled while a plaintiff pursues resolution of a dispute through

16  internal union grievance and arbitration procedures that are mandated by a collective bargaining

17  agreement. [*Conley v. Int'l Bhd. of Elec. Workers,* 810 F.2d 913, 915 (9th Cir. 1987) (citing

18  *Clayton v. Int'l Union, UAW,* 451 U.S. 679, 702-03, 101 S. Ct. 2088, 68 L. Ed. 2d 538 (1981));

19  *Galindo,* 793 F.2d at 1510]  In fact, equitable tolling is most appropriate when the plaintiff is

20  required to avail himself of an alternate course of action as a precondition to filing suit. [*see Mt.

21  Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394, 400 (9th Cir. 1980)]  Here, Plaintiffs were

22  engulfed in arbitration proceedings with PG&E, which was mandated by their collective

23  bargaining agreement.  This, in and of itself, is enough to toll the six month statute of limitations

24  period of Section (10)b.

25      Base on all of the foregoing reasons, Plaintiffs respectfully request that this Court deny

26  Defendants' IBEW motion to dismiss because Plaintiffs' claims are not barred by the six month

27  statute of limitations period and even if the Plaintiffs exceeded the 6 month statute of limitations,

28

*Knowles & Hicks v. PG & E, et al.*                    8
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1    the doctrines of equitable estoppel and equitable tolling bar Defendant IBEW from dismissing
2    this action.

3    **C. PLAINTIFFS' FILING DATE "RELATES BACK" TO THE DATES ON WHICH**
4    **PLAINTIFFS FILED THEIR PRIOR COMPLAINTS.**

5    An amendment of a pleading adding or renaming parties relates back to the date of filing
6    of the original pleading if both of the following are true Fed R Civ P 15(c)(3):

7    • The claim or defense is transactionally related to the claim or defense asserted in
8    the original pleading.

9    • The party to be added (1) must have received notice of the action so that he or she
10   will not be prejudiced in maintaining a defense on the merits, and (2) the notice
11   must be such that the party either knew or should have known that, but for a
12   mistake concerning the identity of the proper party, the action would have been
     brought against him or her originally.
13

14   I. Underline When Amendment to Add Claim or Defense Is Transactionally Related to
     Original Claims.
15   An amendment of a pleading relates back to the date of filing of the original pleading
16   when the claim or defense asserted in the amended pleading arose out of the conduct,
17   transaction, or occurrence set forth or attempted to be set forth in the original pleading (Fed R
18   Civ P 15(c)(2)). That is, the original and amended pleadings must share a "common core of
19   operative facts" [*Martell v. Trilogy, Ltd.* (9th Cir 1989) 872 F2d 322, 325]
20   The purpose of the transactional relationship requirement is to ensure that the original
21   defendant had sufficient notice of the new claim. Accordingly, in determining whether the claims
22   are transactionally related, a court will consider whether the facts pleaded to support the original
23   claim gave the defendant fair notice of the transaction or occurrence underlying the claim added
24   by the amendment [*Union Pac. R.R. Co. v. Nevada Power Co.* (9th Cir 1991) 950 F2d 1429,
25   1431-1433)] Courts will also consider whether the two claims will rely on the same evidence [*In
26   re Dominguez v. Miller* (9th Cir 1995) 51 F3d 1502, 1510] Here, not only do the claims in the
27   amended complaint rely on the same evidence, the facts arise out of the exact same conduct and
28   occurrences as set forth in Plaintiffs' original complaint.

*Knowles & Hicks v. PG & E, et al.*          9
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1    Defendant IBEW sites *O'Donnell v. Vencor Inc.*, 466 F.3d 1104 (9th Cir. 2006), for the

2    proposition that an amended filing does not relate back because plaintiff's second complaint was

3    not an amendment to her first complaint, but rather a separate filing. In *O'Donnell*, the

4    employee's first complaint asserted claims under Title VII. Thereafter, the employer filed for

5    bankruptcy and an automatic stay was issued. During the pendency of the stay, the employee's

6    first complaint was dismissed without prejudice for failure to prosecute. After the automatic stay

7    was lifted, the employee filed a second complaint repeating her Title VII and ADEA claims. In

8    an amendment to the second complaint, the employee advanced new claims under the EPA.

9    In contrast, each of the causes of action in Plaintiffs' re-filed complaint are not new claims—

10   they all essentially refer to the same actions on the part of the Defendants. At most, Plaintiffs

11   only have been mistaken as to the nature of the case and/or the legal theory on which they can

12   prevail. The re-filed complaint is essentially an amended complaint since the only reason why

13   Plaintiffs' dismissed their first complaint was due to the deception of Defendant PG & E.

14   In *Spietz v. Kaiser Aluminum and Chemical Corp.* [(1987) 672 F.Supp. 1368], the

15   plaintiff argued the Relation-Back Doctrine in response to the statute of limitations issue.

16   In order for an amendment to relate back to the date of the original pleading, the claim asserted

17   in the amended pleading must have arisen out of the same transaction set forth in the original

18   pleading, the added party shall have received adequate notice of the pending action and will not

19   suffer prejudice in defending its interest because of the late filing, and that the added party knew

20   or should have known that, but for the error of the plaintiff, the action would have named him as

21   a defendant originally. Notification of the institution of an action is not required to be formal

22   notice. [*Id.*; see also *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir.1984)]

23   In *Spietz*, the court found that the Relation-Back Doctrine applied and allowed the

24   amended complaint to go forward despite the timeliness issue. Here, Defendants have been

25   aware of this action since the beginning. Defendant IBEW knew or should have known of the

26   action since they were notified by Plaintiffs about the breach of contract, and advised Plaintiffs

27   to seek relief on their own against Defendant PG & E. The claims being asserted in this

28   amended complaint arise out of the same transaction set forth in the original pleading. Further,

Defendant IBEW will not suffer prejudice in defending its interest because the action is filed at

*Knowles & Hicks v. PG & E, et al.*          10
United States District Court Case No.: C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1    this time.  Therefore, the Relation-Back Doctrine should apply in response to the statute of

2    limitations issue in this case.

3           II.  Added Party Must Receive Notice of Action.

4           The party to be brought in by amendment must receive notice of the action so that the party

5    will not be prejudiced in maintaining a defense on the merits (Fed R Civ P 15(c)(3)).  Notice

6    need not be formal. [see In re Dominguez v. Miller (9th Cir 1995) 51 F3d 1502, 1509-1510]

7    Courts may find notice when there is sufficient "community of interest" between the originally

8    named party and the party named in the amendment to justify imputing knowledge of the action

9    from the former to the latter.  This occurs when the parties are so closely related in their business

10   operations or other activities that the institution of an action against one serves to provide notice

11   of the litigation to the other (G.F. Co. v. Pan Ocean Shipping Co. (9th Cir 1994) 23 F3d 1498,

12   1502-1503).

13          Here, Defendant IBEW knew of the dispute or breach over the oral contract between

14   Plaintiffs and Defendant PG & E from the very beginning because Plaintiffs immediately went to

15   their union after being denied their right to re-employment.  Defendant IBEW expressly advised

16   Plaintiffs that this was not a union issue, or said another way, this was not part of the CBA.

17   Therefore, Plaintiffs were told to deal with PG & E on their own.  Defendant IBEW is the entity

18   that steered Plaintiffs in the wrong direction.  They have been aware of this grievance from the

     very beginning, and therefore, they will not be prejudiced by being added as a party now.

19

20          III.  Added Party Must Know of Mistake As to Identity and Must Not be Prejudiced in
                  Maintaining a Defense on the Merits.

21

22          Relation back requires that the party to be brought in by the amendment knew or should have

23   known that, but for a mistake concerning the identity of the proper party, the action would have

     been brought against the new party (Fed R Civ P 15(c)(3)).

24          Defendant IBEW knew or should have known that they had a duty of representation towards

25   Plaintiffs and if they dismissed Plaintiffs as they did, an action would be brought against them.

26   Plaintiffs clearly had a mistaken identity as to the proper parties to be included in a civil action.

27   That mistake was based on Defendant IBEW's express representations.  Furthermore, as stated

28   above, Defendant IBEW has known of this action from the very beginning, has misrepresented

Knowles & Hicks v. PG & E, et al.                    11
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1    the nature of the action to avoid involvement, and Defendant IBEW will not be prejudiced by

2    being included as a defendant now.

3

4        D.  <u>THERE IS GOOD CAUSE FOR THE COURT TO EXTEND THE 120-DAY TIME
        LIMIT FOR SERVICE UNDER USCS FED RULES CIV PROC R 15(C)(1)(C).</u>

5

6        Where granting leave to amend is properly granted, and the amendment relates back to the

7    filing of the original complaint under Rule 15(c)(3), there is good cause for extending the time

8    for service under Rule 4(m). [*Motley v. Parks*, 198 F.R.D. 532, 533 (D. Cal. 2000) (citing

9    *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir. 1996); *Wilke v. Bob's Route 53
     Shell Station*, 36 F. Supp. 2d 1068 (N.D.Ill. 1999)]

10       Here, Plaintiffs have received nothing but inequity from defendants.  They were promised a

11   60 month right to re-employment. They negotiated such right, and only when they were finally

12   given such right did they enter into Severance Agreements with Defendant PG & E.  Plaintiffs,

13   justifiably relying on Defendant PG & E's representations, did not elect their right to re-

14   employment until shortly before the 60 months had elapsed.  As soon as Plaintiffs were denied

15   their right to re-employment, they went to their union for relief.  Defendant IBEW summarily

16   dismissed their complaints, and represented to Plaintiffs that this was not a union issue and had

17   nothing to do with the CBA.  Plaintiffs were told to deal with Defendant PG & E on their own.

18   Plaintiffs did so, and only recently after the Court held that this was a CBA issue did they realize

19   that their union breached its duty of representation.

20       There is good cause for the court to extend the time limit for service under USCA.

     Therefore, Plaintiffs respectfully ask that the Court deny this Motion to Dismiss and bar

21   Defendants from arguing the statute of limitations.

22

23   / / / /

24   / / / /

25   / / / /

26

27

28

*Knowles & Hicks v. PG & E, et al.*       12
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

1

## IV.     CONCLUSION

2       Based on the foregoing, as well as the related moving papers and procedural history of

3   this case, Plaintiffs respectfully request that the Court deny Defendant IBEW's Motion to

4   Dismiss.  The unique facts and circumstances in this case would allow the Court to properly toll

5   and/or estop any statute of limitations issues. A true and accurate copy of Plaintiff Thomas

6   Hick's Declaration, previously filed with Plaintiffs' Opposition to Defendant PG & E's Motion

7   to Dismiss Amended Complaint, is marked as **EXHIBIT A**, and incorporated by reference

8   herein.

9

10  Dated: February 14, 2008                          Respectfully Submitted,

11                                                    BECK LAW, P.C.

12

13                                  By:     _____

14                                                    Mahsa Gholami, Esq.
                                                      Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Knowles & Hicks v. PG & E, et al.*                    13
United States District Court Case No.:  C-07-2284
Plaintiffs' Opposition to Defendant IBEW's Motion to Dismiss

**EXHIBIT A**

Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS KNOWLES and THOMAS HICKS,

Plaintiffs,

v.

PACIFIC GAS & ELECTRIC COMPANY,
DEANNA RADFORD, and DOES 1-20.

Defendants.

Case No.:  C-07-2284-CW

DECLARATION OF PLAINTIFF
THOMAS HICKS IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO
DEFENDANTS PG & E AND DEANNA
RADFORD'S MOTION TO DISMISS
AMENDED COMPLAINT

Date: January 31, 2008
Time: 2:00 p.m.
Dept.: A
Judge: Honorable Claudia Wilken

Amended Complaint Filed: December 5, 2007

I, THOMAS HICKS, declare as follows:

1.     I am competent to testify as to the matters set forth herein.  If called as a witness, I could and would testify as to the matters set forth below.  I have knowledge of all the matters set forth below based on first-hand personal knowledge except for the matters alleged on information and belief, and so to those matters, I believe them to be true.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss.

2.     I was promised a 60 month right to re-employment.  My co-worker, Plaintiff THOMAS KNOWLES, was given this same oral agreement.  Shortly before the 60 month time

*Knowles & Hicks v. PG & E, et al.*                1
United States District Court Case No.:  C-07-2284
Plaintiff Thomas Hicks' Declaration in Support of
Opposition to Defendants' Motion to Dismiss
Plaintiffs' First Amended Complaint

1  period had elapsed, I elected my right to preferential employment with PG & E.  PG & E rejected

2  my request.

3      3.    Thomas Knowles and I contacted our union with regards to this dispute.  We

4  spoke with Roy Runnings and Rich Cowart, our area representatives.  We were told by Mr.

5  Runnings and Mr. Cowart that they could not do anything about this situation and that we should

6  directly contact PG & E to obtain relief.  We then contacted Robert Choate, Mr. Runnings and

7  Mr. Cowart's supervisor.  Again, we were advised by Mr. Choate to deal with PG & E on our

8  own because according to them, this was not a union problem.

9      4.    We were under the reasonable understanding that this was not a union issue, or a

10 failure to represent by the union.  Instead, we believed that this was a breach of oral agreement

11 between ourselves and PG & E, one in which we needed to pursue legally to obtain relief.  It was

12 our understanding that this oral agreement did not have anything to do with the collective

13 bargaining agreement, since the union advised us that this was not their issue and the oral

14 agreement was separate from the CBA and dependent on our act of executing Severance

15 Agreements.

16     5.    Both myself and Thomas Knowles had 60 month rights to re-employment with

17 PG & E.  We relied on this right and have suffered detrimental consequences as a result of PG &

18 E's failure to honor their end of the agreement.

19

20     I declare under penalty of perjury under the laws of the State of California that the

21 foregoing is true and correct, and that this declaration was executed on January 15, 2008 at Santa

22 Rosa, California.

23

24

Thomas Hicks

25

26

27

28

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284
Plaintiff Thomas Hicks' Declaration in Support of
Opposition to Defendants' Motion to Dismiss
Plaintiffs' First Amended Complaint                           2

## PROOF OF SERVICE

| CASE NAME | Thomas Knowles and Thomas Hicks v. Pacific Gas and Electric Company, Deanna Radford, and Does 1 - 20 |
| --- | --- |
| CASE NO. | C-07-2284-JCS |
| DOCUMENT NAME | Proof of Service to Plaintiffs Thomas Knowles and Thomas Hicks' Opposition to Defendant IBEW Local 1245's Motion to Dismiss for Failure to State a Claim; Memorandum of Points and Authorities in Support of Opposition |

I declare as follows: I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my business name and address is: BECK LAW, P.C., 2681 Cleveland Ave., Santa Rosa, CA 95403.

On February 14, 2008, I caused to be served said document on the following parties involved as follows:

| Darren P. Roach, Esq.<br>Pacific Gas and Electric Company<br>Post Office Box 7442 B30A<br>San Francisco, CA 94120<br>(415) 973-5531, fax | |
| --- | --- |
| Lafayette & Kumagai, LLP<br>Susan T. Kumagai<br>100 Spear Street, Suite 600<br>San Francisco, CA 94105<br>(415) 357-4605 Fax | Leonard Carder, LLP<br>Jennifer L. Marston, Esq.<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612<br>(510) 272-0174 Fax |

☒    VIA FACSIMILE TRANSMISSION (CCP §1013)

☒    BY MAIL: I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at Santa Rosa, California. (CCP §1013(a)(1)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 14, 2008, in Santa Rosa, CA.

_Tina Vasques_

**Tina Vasques, Legal Assistant**

1