1  JENNIFER L. MARSTON, CSB #250018
   jmarston@leonardcarder.com
2  SANFORD N. NATHAN, CSB #47016
   snkz@mtelco.net
3  LEONARD, CARDER, LLP
4  1330 Broadway, Suite 1450
   Oakland, California 94612
5  Telephone: (510) 272-0169
   Facsimile: (510) 272-0174
6
7  Attorneys for Defendant IBEW Local 1245

8

9

10              UNITED STATES DISTRICT COURT FOR THE

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  THOMAS KNOWLES and            )  Case No. C07 2284-CW
    THOMAS HICKS,                 )
14                                )  **DEFENDANT IBEW LOCAL 1245's**
                                  )  **REPLY IN SUPPORT OF MOTION**
15          Plaintiffs,           )  **TO DISMISS FOR FAILURE TO**
    v.                            )  **STATE A CLAIM**
16                                )
    PACIFIC GAS & ELECTRIC COMPANY, )
17  DEANNA RADFORD, LOCAL UNION   )  (Fed. R. Civ. P. 12(b)(6))
    NUMBER 1245 OF INTERNATIONAL  )
18  BROTHERHOOD OF ELECTRICAL     )  Date:       March 6, 2008
    WORKERS,                      )  Time:       2:00 p.m.
19                                )  Courtroom:  2
                                  )  Judge:      Hon. Claudia Wilken
20          Defendants.           )
                                  )
21  ─────────────────────────────

22

23

24

25

26

27

28

**INTRODUCTION**

On November 29, 2007, in dismissing plaintiffs' first Federal Court complaint, this Court clearly instructed plaintiffs that if they chose to re-file their lawsuit, ***"[t]hey must . . . allege, if they can truthfully do so, that their union violated its duty of fair representation,"*** and that their LMRA claims were timely or otherwise saved by equitable tolling or equitable estoppel. (Order (#48), p. 21, lines 17-22 (emphasis added)).  After reviewing plaintiffs' opposition to Local 1245's Motion to Dismiss, it is even more apparent that plaintiffs have not and cannot allege sufficient facts to state a duty of fair representation claim against the Union, and plaintiffs concede that their claim is untimely.  Local 1245, therefore, respectfully requests this Court grant its Motion to Dismiss, and to dismiss plaintiffs' claim against the Union with prejudice.[1]

**ARGUMENT**

**I.     Plaintiffs have not alleged, as they must, that the Union acted arbitrarily, discriminatorily, or in bad faith in declining to assist the plaintiffs in enforcing their right to preferential re-employment, and therefore, plaintiffs' duty of fair representation claim fails as a matter of law.**

To make out a claim for breach of duty of fair representation, plaintiffs must allege that Local 1245 acted discriminatorily or in bad faith when it did not assist plaintiffs with their preferential employment rights.  Vaca v. Sipes, 386 U.S. 171, 190 (1967); Patterson v. Internt. Bhd. of Teamsters, Local 959, 121 F.3d 1345, 1349 (9th Cir. 1997).  As explained in Local 1245's Motion, plaintiffs' allegations regarding the Union's conduct fall far short of such an allegation. (Local 1245 P&A Mem., p. 23-25).

Instead of responding to Local 1245's argument in their opposition, plaintiffs merely recite the allegations in the First Amended Complaint ("FAC"), contending that the Local 1245 breached its duty of fair representation by "failing to investigate Plaintiffs' complaint, failing to provide administrative remedies, failing to communicate with Defendant PG&E regarding Plaintiffs' grievances, and failing to enforce the collective bargaining agreement." (See Opp'n,

---

[1]Local 1245 also requests that the Court strike Exhibit A(Hicks Declaration) from the plaintiffs' opposition since it is a inappropriate for consideration on a Rule 12(b)(6) Motion.  Fed. R. Civ. P. 12(b)(6).

_____
DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

p. 4, lines 26-28, p. 5 line 1).  However, as Local 1245 pointed out in its Motion, even accepting

these allegations as true, they do not at all suggest that the Union acted irrationally, or with an

improper purpose.  Without any allegation of intent to act with improper purpose, plaintiffs have

alleged, at most, that the Union acted negligently, which is not a sufficient ground to support a

duty of fair representation claim.  United Steelworkers of America, AFL-CIO-CLC v. Rawson,

495 U.S. 362, 372 (1990) (mere negligence, even in enforcement of collective bargaining

agreement, does not state claim for breach of duty of fair representation).  Even plaintiffs

concede this in their opposition, as they continue to characterize the Union as having

"summarily" and "haphazardly" dismissed the plaintiffs and their dispute with PG&E about re-

employment rights.  (Opp'n, p. 6, lines 11-13 (stating "[t]he **union summarily dismissed

[plaintiffs']** concerns, stating that it was not a union problem.  After being **haphazardly

dismissed by the Union** . . .") (emphasis added)).

Additionally, plaintiffs attempt to save their duty of fair representation claim by arguing

facts not alleged in the FAC, which are outside the Court's consideration of this Motion.

Specifically, plaintiffs assert in their opposition that they "advised Defendant IBEW that they had

been defrauded by PG&E, but Defendant IBEW did not even consider such grievance."  (Opp'n,

p. 5, lines 6-7).  This allegation is nowhere mentioned in plaintiffs' FAC, and even if it were true,

which it is not, it is a disputed fact outside of the pleadings which cannot be considered on a

motion to dismiss under Rule 12(b)(6).  See e.g., Schneider v. Cal. Dep't. of Corr., 151 F.3d

1194, 1197 n. 1 (9th Cir.1998) (holding that "[i]n determining the propriety of a Rule 12(b)(6)

dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a

memorandum in opposition to a defendant's motion to dismiss.")[2]

---

[2]Facts raised for the first time in a plaintiff's opposition papers can be considered by the court
in determining whether to grant leave to amend in dismissing the complaint.  See Orion Tire Corp.
v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001). The Union respectfully
requests that this Court not grant plaintiffs leave to file an amended complaint on the basis of this
new allegation because it does not save plaintiffs' duty of fair representation claim.  While plaintiffs
now allege that they informed the Union that they were defrauded by PG&E, plaintiffs do not allege
that PG&E's alleged fraud required the Union to do anything under its duty of fair representation,
or that the Union acted arbitrarily, discriminatorily, or in bad faith in failing to act.  Also, plaintiffs

1

2

**II.     Moreover, as Local 1245 explained in its Motion, plaintiffs' duty of fair representation claim is time-barred under any calculation.**

3

4

    **A.     Plaintiffs readily admit they filed their first complaint against PG&E and Radford more than six months after the Union allegedly failed to assist them.**

5

6

7

8

9

10

11

12

13

14

Even if the Court were to allow this FAC to relate back to the plaintiffs' very first complaint, which was filed in state court against PG&E and Radford on August 23, 2006, plaintiffs' duty of fair representation claim would still be time-barred because it is undisputed that this complaint was filed more than six months after the Union allegedly failed to assist plaintiffs in enforcing their right to preferential re-employment rights.  In their opposition, plaintiffs admit that they ***"delay[ed in] initiating timely legal proceedings, within the six month statute of limitations as set out in § 10(b) of the National Labor Relations Act."***.  (See Opp'n, p. 6, lines 19-21 (emphasis added)).  Thus, it cannot be disputed that plaintiffs' claims are time-barred even using the oldest complaint, and as described below, equitable estoppel and equitable tolling do not save plaintiffs' untimely claim against Local 1245.

15

    **B.     Moreover, plaintiffs cannot satisfy Rule 15's requirements in order to relate the FAC back to the filing dates of their prior state or federal complaints.**

16

17

18

        **1.     The 2006 state court complaint was a <u>separate</u> proceeding filed in a <u>different</u> court from plaintiffs' two federal complaints, and thus, plaintiffs cannot relate the FAC back to this complaint.**

19

20

21

22

23

24

25

26

Plaintiffs make the novel legal argument that their FAC should "relate back" to the 2006 state court complaint because, in their view, the FAC is "essentially an amended complaint" to the voluntarily dismissed state court complaint.  (Opp'n, p. 10, lines 12-13). According to plaintiffs, their claims in the FAC are not new but "essentially refer to the same actions on the part of Defendants," and therefore, the Court should ignore the express language of Rule 15 which mandates that a complaint may only relate back to a complaint filed <u>in the same proceeding</u>.  <u>See</u> Fed. R. Civ. P. 15 (specifying circumstances when "[a]n amendment to a pleading relates back to the date of the <u>original</u> pleading.") (emphasis added).  Not surprisingly,

27

28

do not allege that this conversation happened within the limitations period.

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

1  plaintiffs do not offer any legal authority in support of its novel suggestion that the Court should

2  feel free to ignore Rule 15's plain language and relate back the FAC to a Complaint filed on an

3  entirely different proceeding in an entirely different court.

4          Since there is no legal authority to support their position, plaintiffs mis-state the holding

5  in O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1111 (9th Cir. 2006).  According to plaintiffs, the

6  O'Donnell Court did not allow Plaintiff's second complaint to relate back to the first because the

7  plaintiff had alleged different claims in each complaint.  (Opp'n, p. 10, lines 1-13).

8          However, this is not what the Court held in O'Donnell.  In O'Donnell, the plaintiff's

9  complaint alleging claims under Title VII of the Civil Rights Act, and the Age Discrimination in

10  Employment Act ("ADEA") was dismissed for the plaintiff's failure to prosecute.  On September

11  27, 2001, after plaintiff's first complaint was dismissed, plaintiff filed a second complaint

12  alleging the very same Title VII and ADEA claims, and on December 1, 2003, plaintiff sought to

13  amend that second complaint by adding a claim under the Equal Pay Act ("EPA").  The district

14  court dismissed the entire second complaint, finding it was time-barred.  In affirming the district

15  court's dismissal of the Title VII and ADEA claims, the Ninth Circuit held that those claims

16  could not "relate back" to the original complaint because the second complaint was a separate

17  filing, and not an amendment to the previously dismissed complaint.  466 F.3d at 1111

18  (explaining that "O'Donnell's second complaint does not 'relate back' to her first complaint

19  because her second complaint was not an 'amendment' to her first complaint, but rather a

20  separate filing.").  On the other hand, the court did allow the plaintiff to pursue her EPA claims

21  because those were an amendment to her second complaint, not a separate filing.  466 F.3d at

22  1112 (noting "O'Donnell's EPA claims, by contrast, are timely because ... the December 1, 2003

23  amendment asserting the EPA claims 'relates back' to the second complaint filed September 27,

24  2001.").

25          The holding in O'Donnell squarely applies here, and dictates that the plaintiffs' FAC

26  cannot relate back to the previously filed and dismissed state court complaint because the FAC

27  does not seek to amend this complaint but is a separate filing in a different forum.

28

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

**2.      Even assuming plaintiffs' claim against Local 1245 arose out of the same transaction as the claims alleged against the other defendants, plaintiffs cannot meet Rule 15's other requirements which are intended to ensure a new defendant had adequate notice of the lawsuit.**

As plaintiffs concede, the purpose of Rule 15, including its transactional relationship requirement, is to ensure that the defendant had adequate notice of the new claim to minimize any prejudice to the defendant. (Opp'n, p. 9, lines 20-21). Consistent with this purpose, Rule 15 requires, for an amendment adding a new party to relate back to a previously filed pleading, the following: (1) the new party had notice of the action within 120 days of filing the original pleading; (2) they will not be prejudiced; and (3) they knew or should have known that, but for an identity mistake, they would have been named as a party in the original pleading. See Fed. R. Civ. P. 15(c)(1). Here, even assuming that the claims against all defendants arose out of the same transaction or occurrence, as plaintiffs' contend, plaintiffs cannot meet Rule 15's other requirements that are designed to ensure a party to be joined had adequate notice and will not suffer prejudice.

**a.      Plaintiffs cannot show that Local 1245 had notice prior to its late entry into this litigation.**

Plaintiffs attempt to argue that formal notice is not required. Rather, Plaintiff claims it is enough for them to argue that Local 1245 should have known of the litigation based upon the 2006 conversation between Local 1245 representatives and plaintiffs. (Opp'n, p. 10, lines 20-27). While Local 1245 agrees that Rule 15 does not require <u>formal</u> notice of the lawsuit, this does not mean, as plaintiffs suggest, that no notice need to be given to Local 1245 at all before being brought in as a defendant.

Importantly, Rule 15's language confirms Local 1245's view, <u>not</u> plaintiffs.' See Fed. R. Civ. P. 13(c)(1)(C)(i) (specifying that a party may only be added if they "received such notice of the action that it will not be prejudiced."). Additionally, by stating that the new party must receive notice of the action <u>within</u> 120 days of filing the pleading, Rule 15 plainly requires some type of notice of the lawsuit <u>after</u> the lawsuit has been filed, which plaintiffs do not even suggest they provided Local 1245. This language confirms that simply alleging that Local 1245 had

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

1   notice of the facts which later lead the plaintiffs to file their claim against Local 1245 does not

2   satisfy this rule.[3]

3       On a practical level, plaintiffs' argument does not work.  As explained more fully in

4   Local 1245's Motion, just because a Local 1245 representative had a conversation with plaintiffs

5   in 2006 does not even establishing that Local 1245 had notice that the plaintiffs disagreed with

6   Local 1245's conclusion.  At a minimum, common sense dictates that at least this level of notice

7   would be a prerequisite to finding a party had notice that they were going to be sued.[4]

8           **b.     Plaintiffs do not respond to Local 1245's showing of prejudice.**

9       Plaintiffs have also not demonstrated, as they must through their FAC or opposition, that

10  Local 1245 will not be prejudiced by being brought into the lawsuit.  Fed. R. Civ. P.

11  15(c)(1)(C)(i) (requiring that it be shown that party to be added "will not be prejudiced in

12  defending on the merits").  Plaintiffs do not even address Local 1245's specific showing of

13  prejudice in its Motion.  (See Local 1245 P&A Mem., p. 15-16 (discussing in-depth prejudice to

14  be suffered by Local 1245, if added as a defendant at this time)).  Indeed, on the few occasions in

15  their opposition where they blithely state Local 1245 will not suffer prejudice, plaintiffs fail to

16  offer any explanation –other than conclusory argument– as to why Local 1245 will not be

17  prejudiced.  (See e.g., Opp'n, p. 10, lines 27-28 ("[f]urther, Defendant IBEW will not suffer

18  prejudice in defending its interests because this action is filed at this time."); p. 12, lines 1-2

19

20  ----------

21  [3]Spietz v. Kaiser Aluminum and Chemical Corp., 672 F.Supp. 1368, 1370-71 (W.D. Wash. 1987) does not support Plaintiff's position that no notice is necessary because in that case the Court determined the Defendant-Union had notice.  Spietz further does not support plaintiffs' cause because in that case, the Union did not argue that they would be prejudiced by their late joinder.  Id. (See also Local 1245 P&A Mem., pp. 18-19, n.6 (discussing Spietz).  Plaintiffs do not attempt to resolve these critical differences between Spietz and the present case, which weigh against allowing the untimely complaint against Local 1245 to go forward.

22

23

24

25  [4]While plaintiffs generally discuss that notice can be imputed where there is a community of interest among defendants, plaintiffs fail to discuss at all whether there is any community of interest between Local 1245 and the other defendants, despite Local 1245's showing in its Motion that no such community of interest.  (Compare Opp'n, p. 11 lines 7-11, with Local 1245 P&A Mem., p. 15, lines 17-18).  Thus, the Court should reject any suggestion that Local 1245 had notice by way of its "community of interests" with the other defendants.

26

27

28

("Defendant IBEW will not be prejudiced by being included as a defendant.").

    **c.**  **Plaintiffs also readily admit that they did not suffer from mistaken identity in not previously naming Local 1245 as a defendant.**

   Finally, as described, Rule 15 allows a new party to be added to replace an existing party only where the new party knew or should have known that but for a mistake in identity by the plaintiffs, that they would have been originally named as party.  <u>See</u> Fed. R. Civ. P. 15(c)(1)(C)(ii) (a plaintiff must show that the party proposed to be added "knew or should have known that the action would have been brought against it, <u>but for</u> a mistake concerning the proper party's identity (emphasis added)).  Significantly, plaintiffs admit that they did not make a mistake in identity.  In their opposition, in explaining why Local 1245 was not originally named as a defendant, plaintiffs state, ***"[a]t most, Plaintiffs only have been mistaken as to the nature of the case and/or the legal theory on which they can prevail."***  (Opp'n, p. 10, lines 10-12).

   Plaintiffs do not allege that they mistook some other party for the liable party, instead of Local 1245.  Rather, Plaintiffs concede that they now simply wish to add a new party whose identity they knew all along (Local 1245) and a <u>new legal theory</u> to the existing lawsuit.  (<u>Id.</u>, p. 11, lines 24-27).  Under the clear mandate of Rule 15, plaintiffs' admitted failure to appreciate the nature of their case is an insufficient ground to allow them to now add Local 1245 and a duty of fair representation against it.  <u>See also</u> <u>G.F. Co. v. Pan Ocean Shipping Co.</u>, Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994); <u>Pembroke v. City of San Rafael</u>, 1994 WL 443683, *3 (N.D. Cal. 1994).

    **3.**  **Plaintiffs cannot show good cause under Rule 4(m).**

   Plaintiffs also request that the Court extend the 120 day time limit for service in Fed. R. Civ. P. 4(m).  (Opp'n, p. 12, lines 9-22). Before receiving this extension, plaintiffs must show the FAC should relate back to the earlier complaint, which they cannot.  Moreover, Local 1245 asserts that the same reasons discussed in its Motion and this Reply that require this Court to not grant relation back also weigh heavily against finding good cause to grant an extension under Rule 4(m).

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

**III.    The doctrines of equitable estoppel and equitable tolling do not apply to save these grossly untimely claims.**

**A.    Equitable tolling does not apply because plaintiffs did not allege any diligence in pursuing their claims against Local 1245.**

In their opposition, plaintiffs confirm they did not exercise any diligence in pursuing their duty of fair representation claim, and they do not explain how they were prevented by Local 1245 from exercising this diligence.

Under the most liberal reading of plaintiffs' opposition and the FAC, it appears they allege that the six month limitations period should be equitably tolled because plaintiffs made "substantial efforts" to determine their legal remedies but were prevented from discovering their rights because the collective bargaining agreement was ambiguous and, plaintiffs were required to follow the arbitration procedures under the collective bargaining agreement.  (See Opp'n, p.6, lines 1-5, p. 8, lines 14-24).  Plaintiffs' argument lacks any basis in fact and fails to point to any actions by Local 1245 that prevented plaintiffs from discovering their duty of fair representation claim.

First, plaintiffs' only "substantial efforts" have been in suing PG&E and Radford in federal court, state court and arbitration over the past year and a half, and this does not suggest in any way that plaintiffs were thereby prevented from exercising any diligence in pursuing their purported claim against Local 1245.  If anything, plaintiffs' proven ability and willingness to sue the other defendants in various forums over the oral contract undercuts any suggestion that they were somehow prevented by Local 1245 from suing it from the outset of their litigation.

As plaintiffs concede, the statute of limitations runs from when a plaintiff through "the exercise of reasonable diligence should have discovered the acts constituting the alleged violation."  (Opp'n, p. 7, lines 1-6 (emphasis added) (quotations omitted)).  The law supporting a duty of fair representation claim, such as plaintiffs,' was settled well before 2006.  See, e.g. Vaca v. Sipes 386 U.S. 171 (1967).  According to the FAC, plaintiffs were directly denied by Local 1245 sometime before January 24, 2006.  Though Plaintiffs now complain the collective bargaining agreement was ambiguous, plaintiffs, through following-up with the Union or even

1    cursory legal research in 2006, could have determined then whether to bring a duty of fair

2    representation claim against Local 1245.  Given this, it is entirely beside the point that plaintiffs

3    now argue that they didn't know of Local 1245's potential liability until September 17, 2007, the

4    date of this Court's order. (Opp'n, p.8, lines 10-12).[5]

5        It is apparent that plaintiffs simply failed to exercise reasonable diligence (or any

6    diligence for that matter) in evaluating their potential claims against the Union.  Besides feebly

7    arguing that the collective bargaining agreement was ambiguous and pointing to one contact and

8    one denial by Local 1245, plaintiffs fail to allege any facts to show they exercised reasonable

9    diligence but were prevented by Local 1245 from pursuing their claims against it.

10       Finally, plaintiffs assert that they were prevented from suing Local 1245 because they

11   were pursuing arbitration under the collective bargaining agreement.  (Opp'n, p.8, lines 21-24).

12   However, again this is a fact not alleged in plaintiffs' FAC, and moreover, plaintiffs have alleged

13   no facts showing that Local 1245 was a party to that arbitration, as it would be if the arbitration

14   were brought under the collective bargaining agreement to which it is a party. (See FAC, Ex. 3

15   (CBA, § 102 - Grievance Procedure)).

16       **B.    Equitable estoppel does not apply because plaintiffs fail to allege that Local
             1245 acted with an improper purpose or knowingly deceived plaintiffs.**

17

18       As described in Local 1245's motion, to be able to invoke equitable estoppel, plaintiffs

19   must allege "improper purpose on the part of Local 1245, or of Local 1245's actual or

20   constructive knowledge of the deceptive nature of its act." O'Donnell, 466 F.3d at 1111.

21   Plaintiffs have not met this burden in their FAC or opposition.  While plaintiffs allege that Local

22   1245 gave them wrong information, plaintiffs do not assert that Local 1245 acted with an intent

23

24       [5]Further it appears that plaintiffs knew or reasonably should have known at least as of
     October 16, 2006 of the potential duty of fair representation claim as defendant PG&E's Notice of
25   Removal of plaintiffs' 2006 state court complaint plainly states the case falls under LMRA § 301.
     (See Case No. 06-CV-06430-EMC, Notice of Removal (#1), Ex. A, p. 2 (explaining there is "federal
26   question jurisdiction over [plaintiffs' claims] pursuant to *29 U.S.C. § 185(a).*) (emphasis added)).
     As described in Local 1245's motion, this document, as part of the court's public record, is
27   appropriate for review on consideration of Local 1245's Rule 12(b)(6) Motion.  (Local 1245 P&A
     Mem., p. 3-4).
28

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW

to deceive them or with some other improper purpose.  Thus, at most, plaintiffs have asserted that Local 1245 acted <u>negligently</u> in failing to assist them with their claims PG&E.  (<u>See</u>, <u>e.g.</u>, Opp'n, p. 6, lines 10-13 (characterizing Local 1245 as having "summarily" and "haphazardly" dismissed plaintiffs).  While plaintiffs go on at length about PG&E's conduct, which conduct, even if true, does not prevent Local 1245, a separate entity, from asserting equitable estoppel.

### CONCLUSION

Plaintiffs have failed to state a claim against Local 1245.  Therefore, for the reasons described herein, Local 1245 respectfully requests that the Plaintiffs' claim against the Union be dismissed with prejudice and without leave to amend.

DATED: February 21, 2008

/s/ Jennifer Marston
Jennifer L. Marston
Attorney for Defendant IBEW Local 1245

DEFENDANT IBEW LOCAL 1245's REPLY IN SUPPORT OF MOTION TO DISMISS; Case No. C 07-2284-CW