SANFORD N. NATHAN, CSB # 47016
JENNIFER L. MARSTON, CSB # 250018
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: 510/272-0169
Fax: 510/272-0174

Attorneys for Defendant IBEW Local 1245

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, LOCAL UNION NUMBER 1245 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS<br><br>    Defendants. | Case No.  C-07-2284-CW<br><br>**[PROPOSED] ORDER GRANTING IBEW LOCAL 1245'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:    March 6, 2008<br>Time:   2:00 p.m.<br>Judge:  Hon. Claudia Wilken |

    Defendant International Brotherhood of Electrical Workers Local 1245's ("Local 1245") motion to dismiss Plaintiff's First Amended Complaint (#49) pursuant to Federal Rule of Civil Procedure 12(b)(6) came on for duly noticed hearing on March 6, 2008. _____ appeared for plaintiffs. _____ appeared for defendants PG&E, and Radford.  Jennifer Marston appeared for defendant Local 1245.

    Based upon the documents submitted and the arguments made, and good cause appearing, Local 1245's motion is GRANTED, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court finds that Plaintiffs have failed to state a claim upon which relief may be granted for the following reasons:

    Plaintiffs' claims challenging the alleged conduct of Union representatives are time-barred because they accrued more than six months before they filed the instant complaint against Local 1245 on December 5, 2007, or even before Plaintiffs filed either of their two

previous complaints.  See <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 164-165 (1983).

In the alternative, Defendant's Motion must be granted because Plaintiffs' claims fail to state a claim upon which relief may be granted.  A union cannot be found to have breached its duty of fair representation unless its conduct is arbitrary, discriminatory or in bad faith.  <u>Vaca v. Stipes</u>, 386 U.S. 171, 190 (1967); <u>Paterson v. Internt. Bhd. Of Teamsters, Local 959</u>, 121 F.3d 1345, 1349 (9th Cir. 1997).  Plaintiffs have not alleged sufficient facts which, if true, suggest that Local 1245 acted arbitrary, discriminatory, or in bad faith when it informed Plaintiffs that it could not assist them in their efforts to force PG&E to honor its oral promise.

THEREFORE, IT IS ORDERED that Local 1245's motion to dismiss is GRANTED and Plaintiffs' claims against Local 1245 are DISMISSED WITH PREJUDICE, and without leave to amend.

Dated:_____

 

HON. CLAUDIA WILKEN
United States District Court Judge

2
[PROPOSED] ORDER GRANTING IBEW LOCAL 1245'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT