LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and DEANNA RADFORD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,<br><br>Defendant. | Case No. C 07-2284-CW<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>[L.R. 3-12(b)]<br><br>Complaint Filed: April 27, 2007 |

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ADMINISTRATIVE MOTION
TO RELATE CASES (Case No. C 07-2284-CW)

## I. INTRODUCTION

Pursuant to Local Rule 3-12(b), Defendant Pacific Gas and Electric Company ("Defendant" or "PG&E") respectfully requests the Court find that the instant action filed by Plaintiffs Thomas Knowles and Thomas Hicks (collectively "Plaintiffs") (the "Knowles/Hicks Action") is related to an action filed by Pacific Gas and Electric Company ("PG&E") on February 29, 2008 seeking an order vacating an interim award in arbitration proceedings initiated by Plaintiffs against PG&E.

## II. DISCUSSION

### A. The Related Case.

The case related to the Knowles/Hicks Action is entitled In the Matter of the Arbitration between Pacific Gas & Electric Company v. Thomas Knowles and Thomas Hicks, Action No. Action No. CV-08-1211-TEH, United States District Court for the Northern District of California, San Francisco Division, filed February 29, 2008 ("the Arbitration Action").

### B. The Knowles Hicks Action and the Arbitration Action Concern the Same Parties, Transactions and Alleged Events.

#### 1. The Knowles/Hicks Action.

Plaintiffs are former fleet maintenance employees for PG&E and were members of a collective bargaining unit – The International Brotherhood of Electrical Workers, Local 1245. In May 2001, Plaintiffs were laid off and, in July 2001, each executed a Severance Agreement and Release ("Severance Agreements"). The Severance Agreements specifically confirmed the parties' intent to "compromise, resolve, settle and terminate any dispute or claim between them with respect to [plaintiffs'] employment with PG&E and severance therefrom."

On April 26, 2007, Plaintiffs filed the Knowles/Hicks Action in the United States District Court, Northern District of California. Plaintiffs asserted causes of action for breach of contract based on an alleged promise to re-employment rights, breach of implied covenant of good faith and fair dealing and age discrimination in violation of the Fair Employment and Housing Act, Cal. Gov't Code §§12940 et seq. ("FEHA"). Plaintiffs named PG&E and PG&E Human Resources Consultant Deanna Radford as defendants.

1    On or about July 30, 2007, PG&E filed a motion to dismiss the Knowles/Hicks Action based on preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. §§185 et seq. ("LMRA"). On November 29, 2007, the Court granted PG&E's motion to dismiss with leave to amend to allege viable claims under LMRA, if possible.

On or about December 5, 2007, Plaintiffs filed an Amended Complaint alleging the same underlying facts and asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, age discrimination in violation of the FEHA, breach of the duty of fair representation and fraud. Plaintiffs named PG&E, Deanna Radford and Local Union Number 1245 of the International Brotherhood of Electrical Workers ("Local 1245") as defendants. PG&E filed a motion to dismiss the Amended Complaint, which motion will be heard by the Court on March 6, 2008.

### 2. The Arbitration Action.

On or about January 12, 2007, Knowles and Hicks each filed a demand for arbitration with the American Arbitration Association seeking arbitration of a dispute involving "breach of a severance & release agreement between claimant[s] and PG&E." Knowles and Hicks alleged the same facts as in the Knowles/Hicks Action, namely, that PG&E breached an alleged contract by failing to provide them with preferential rights to reemployment.

On or about June 8, 2007, PG&E filed a motion to dismiss the arbitration for reasons including that Knowles and Hicks' claims were preempted by Section 301 of the LMRA. On December 3, 2007, the arbitrator made an interim award granting in part and denying in part PG&E's motion to dismiss.

PG&E filed the Arbitration Action on February 29, 2008 asking the Court to vacate the arbitrator's interim award that Knowles and Hicks' breach of oral agreement and breach of implied covenant of good faith and fair dealing claims were arbitrable and not preempted by Section 301 of the LMRA.

3.   **The Parties, Transactions and Events Alleged in Both Actions are the Same.**

The Knowles/Hicks Action and the Arbitration Action involve substantially the same parties, transactions and events. Specifically, both actions are premised on Knowles and Hicks' allegation that PG&E breached an oral agreement to provide them with reemployment rights. Both actions seek the same relief, namely reemployment rights. The inclusion of Local 1245 and Deanna Radford as defendants in the Knowles/Hicks Action (but not in the Arbitration Action) may raise additional legal issues in the Knowles/Hicks Action, but it does not detract from the similarities noted above. PG&E finally notes that while such a showing is not required to find two cases related, the Knowles/Hicks Action and the Arbitration Action involve an identical legal issue, specifically, whether Knowles and Hicks' claims for breach of oral agreement and breach of implied covenant of good faith and fair dealing are preempted by Section 301 of the LMRA.

C.   **Duplication of Labor and Expenses or Conflicting Results May Occur if the Cases are Conducted Before Different Judges.**

The Knowles/Hicks Action and the Arbitration Action both involve the key issue of whether Knowles and Hicks' claims for breach of oral agreement and breach of implied covenant of good faith and fair dealing are preempted by Section 301 of the LMRA. If the cases are conducted before different judges, there exists a danger of inconsistent rulings and conflicting results. Having the two actions before a single judge will further judicial economy, insure consistent rulings and protect against unnecessary inconvenience and expense.

Civil Local Rule 3-12 seeks to promote judicial economy and avoid unduly burdensome duplication of labor and expenses through identifying related cases early in the proceedings. *See* Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 WL 22387598 (N.D. Cal., October 14, 2003); Fonovisa v. Napster, Inc., 2002 WL 398676 (N.D. Cal., January 28, 2002). The Knowles/Hicks Action and the Arbitration Actions thus satisfy the requirements for relation under Civil Local Rule 3-12.

3

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ADMINISTRATIVE MOTION
TO RELATE CASES (Case No. C 07-2284-CW)

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests a finding that the Knowles/Hicks Action and the Arbitration Action are related, and that both actions be assigned to the Honorable Claudia Wilken.

DATED: February 29, 2008          LAFAYETTE & KUMAGAI LLP

/s/ Susan T. Kumagai
SUSAN T. KUMAGAI
Attorneys for Defendant
PACIFIC GAS & ELECTRINC COMPANY

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on February 29, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Susan T., Kumagai
SUSAN T. KUMAGAI

N:\Documents\PGE\Know\Pldg\Motion to Relate Cases.doc
LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605