# Exhibit B

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Petitioner
PACIFIC GAS AND ELECTRIC COMPANY



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

  

| In the matter of the Arbitration between | Case No. |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | **PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING** |
| Petitioner, | |
| And | |
| THOMAS KNOWLES and THOMAS HICKS, | |
| Respondents. | |

Petitioner Pacific Gas and Electric Company ("Petitioner" or "PG&E") respectfully

requests an order vacating an interim arbitration award issued by Norman Brand of the American

Arbitration Association. The underlying arbitration was initiated by Respondents Thomas

Knowles ("Knowles") and Thomas Hicks ("Hicks") (collectively "Respondents"). The ground

1

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING

**Exhibit B**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  for vacating the Interim Award is that the Arbitrator acted in manifest disregard of the law when

2  he found that Respondents' state law claims for alleged breach of oral agreement and violation of

3  the covenant of good faith and fair dealing are arbitrable and not preempted under Section 301 of

4  the Labor Management Relations Act., 29 U.S.C. §§185 *et seq.* ("LMRA").

5      Petitioner seeks to vacate the Interim Award pursuant to the Federal Arbitration Act, 9

6  U.S.C. §§10 *et seq.* and a stay of the arbitration proceedings pending the motion to vacate the

7  Interim Award.

8      Petitioner respectfully alleges as follows:

9  **PARTIES**

10      1.    Petitioner PG&E is a regulated utility that provides gas and electric power to

11  Northern and Central California. PG&E is a California corporation with its principal place of

12  business in San Francisco, California.

13      2.    Respondents Knowles and Hicks are former PG&E employees. They were

14  employed as Fleet Maintenance Mechanics and were members of a bargaining unit represented

15  by the Local Union Number 1245 of the International Brotherhood of Electrical Workers

16  ("IBEW"). While employed by PG&E, Knowles and Hicks' employment was governed by the

17  terms of an agreement between Pacific Gas and Electric Company and the IBEW ("the CBA").

18  **JURISDICTION**

19      3.    This Court has jurisdiction to adjudicate this petition pursuant to the Federal

20  Arbitration Act, 9 U.S.C. §10(a), because this matter presents a federal question as to the

21  interpretation and applicability of the doctrine of claim preemption under Section 301 of the

22  LMRA.

23  **INTRADISTRICT ASSIGNMENT**

24      4.    This Court is the proper court for this matter because the events giving rise to this

25  petition, specifically, the entry of the Arbitrator's Interim Award, occurred in San Francisco,

26  California.

27

28

*Left margin (vertical):* LAFAYETTE & KUMAGAI LLP — ATTORNEYS AT LAW — 100 SPEAR STREET, SUITE 600 — SAN FRANCISCO, CALIFORNIA 94105 — (415) 357-4600 — FAX (415) 357-4605

2

### THE SEVERANCE AGREEMENTS

5.      On or about July 6, 2001, PG&E and Knowles entered into a written Severance Agreement and Release regarding Knowles' employment with PG&E and separation therefrom. Among other things, Knowles agreed to release PG&E from any claims, rights or privileges that he may have had relating to his employment with PG&E in exchange for valuable consideration, including a cash payment of $58,183.24 to Knowles. A true and correct copy of this Severance Agreement and Release (hereafter referred to as "Knowles' Severance Agreement and Release") is hereto attached as Exhibit A and incorporated as if set forth herein by reference.

6.      On or about July 2, 2001, PG&E and Hicks entered into a written Severance Agreement and Release regarding Hicks' employment with PG&E and separation therefrom. Among other things, Hicks agreed to release PG&E from any claims, rights or privileges that he may have had relating to his employment with PG&E in exchange for valuable consideration, including a cash payment of $67,520.59 to Hicks. A true and correct copy of this Severance Agreement and Release (hereafter referred to as "Hicks' Severance Agreement and Release") is hereto attached as Exhibit B and incorporated as if set forth herein by reference.

7.      The Knowles' Severance Agreement and Release and the Hicks' Severance Agreement and Release (collectively referred to as "the Severance Agreements") both involve commerce because materials generated during Respondents' employment were used in commerce and PG&E was engaged in activities that affected commerce.

8.      Under the Severance Agreements, Knowles and Hicks each agreed to hold PG&E harmless from actions, causes of action and claims relating to his employment with PG&E including those arising under federal, state or local laws relating to employment discrimination based on age, contract or tort. (Severance Agreements, ¶ 4) Further, Knowles and Hicks understood the release extended to all claims whatsoever, known or unknown, under section 1542 of the California Civil Code. (Severance Agreements, ¶ 5)

9.      In Paragraph 6 of the Severance Agreements, Knowles and Hicks each promised "not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any claim released by him/her under this Severance Agreement and Release." They agreed that a violation

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

1    of this paragraph constituted a material breach of the Severance Agreements. (Severance

2    Agreements, ¶ 6)

3          10.    In Paragraph 11 of the Severance Agreements, Knowles and Hicks agreed that

4    "[a]ny dispute regarding any aspect of this Severance Agreement and Release, including its

5    validity, interpretation, or any action which would constitute a violation of this Severance

6    Agreement and Release (hereinafter referred to as an 'arbitrable dispute') shall be resolved by an

7    experienced arbitrator . . . ."

8          11.    In Paragraph 15 of the Severance Agreements, Knowles and Hicks agreed that the

9    Severance Agreements fully superseded any and all prior agreements and understandings, and

10   that any future agreements had to be contained in a writing executed by an authorized PG&E

11   official. In Paragraph 16, Knowles and Hicks agreed that they understood the terms of the

12   Severance Agreements, had been advised to seek legal counsel of their choosing, and that the

13   only agreements made are those contained in the Severance Agreements. (Severance Agreements

14   ¶¶ 15-16) Finally, Knowles and Hicks were warned as follows: "PLEASE READ

15   CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE INCLUDES A

16   RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS." (Severance Agreements, Pg. 5)

17                          **THE PRIOR CIVIL ACTIONS**

18         12.    On or about August 23, 2006, Knowles and Hicks filed a civil lawsuit against

19   PG&E in the Superior Court for the State of California alleging breach of the Severance

20   Agreements ("the first civil action"). PG&E removed the first civil action to this Court and, on

21   or about October 30, 2006, Knowles and Hicks voluntarily dismissed the first civil action.

22         13.    On or about April 26, 2007, Knowles and Hicks initiated a second civil action

23   against PG&E in this Court entitled *Thomas Knowles and Thomas Hicks v. Pacific Gas And*

24   *Electric Company, Deanna Radford, and Does 1-20*, Action No. C 07-2284, claiming breach of

25   contract, breach of the covenant of good faith and fair dealing, and age discrimination ("the

26   second civil action"). Knowles and Hicks sought damages for alleged denial of re-employment

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

4

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING

1  benefits in the second civil action.  The claims asserted in Knowles and Hicks' second civil

2  action are identical to the claims asserted in the arbitration which is the subject of this Petition.[1]

3       14    Knowles and Hicks' attempt to assert the identical claims and recover the identical

4  relief in two forums (private arbitration and civil litigation) violates the primary right doctrine.

5       15.   On or about July 30, 2007, PG&E filed a motion to dismiss the second civil action

6  filed by Knowles and Hicks.  On November 29, 2007, the Court granted PG&E's motion to

7  dismiss because it determined that Respondents' claims were preempted by Section 301 of the

8  LMRA.  The Court accorded Respondents leave to amend to allege viable claims under the

9  LMRA, if possible.  A true and correct copy of the Court's Order Granting Defendant PG&E's

10  Motion to Dismiss with Leave to Amend is hereto attached as Exhibit C and incorporated as if set

11  forth herein by reference.

12       16.   On or about December 5, 2007, Knowles and Hicks filed an Amended Complaint

13  in the second civil action.

14       17.   On or about December 26, 2007, PG&E filed a Motion to Dismiss the Amended

15  Complaint in the second civil action.

16       18.   PG&E's motion to dismiss the Amended Complaint in the second civil action will

17  be heard on March 6, 2008.

18              **CHALLENGED ARBITRATION AWARD**

19       19.   On or about January 12, 2007 (after filing and voluntarily dismissing the first civil

20  action and before filing the second civil action), Respondents filed demands for arbitration with

21  the American Arbitration Association alleging breach of written contract, specifically denial of

22  alleged "promised employment benefits and preferential rights to re-employment" and age

23  discrimination.  Respondents later, on March 21, 2007, alleged the promise for preferential re-

24  hire rights was made orally, therefore, their claim included breach of an oral agreement.

25       20.   PG&E filed a motion to dismiss the arbitration on June 8, 2007, based upon,

26  among other grounds, preemption under Section 301 of the LMRA.  PG&E also claimed the

27

28

---

[1] Petitioner is filing an Administrative Motion to Relate Cases pursuant to Local Rule 3-12(b) concurrently herewith.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

written contract did not provide a basis for arbitration. Respondents opposed the motion.
Arbitrator Norman Brand of the American Arbitration Association (the "Arbitrator") held a
hearing on August 14, 2007, in the City and County of San Francisco, State of California, which
is within the district in which this Court sits, at which both parties appeared and provided
argument and evidence on PG&E's motion to dismiss.

21.    At the hearing on PG&E's motion to dismiss, the Arbitrator requested that the
parties provide supplemental briefing on the issue of whether preemption under Section 301 of
the LMRA applied to the arbitration. Both parties provided supplemental briefing.

22.    On December 3, 2007, in San Francisco, California, the Arbitrator made an
Interim Award, in writing, granting in part and denying in part PG&E's motion to dismiss (the
"Interim Award"). The Arbitrator's Interim Award was delivered to the parties. (A true and
correct copy of the Interim Award is hereto attached as Exhibit D and incorporated as if set forth
herein by reference.)

23.    In making the Interim Award, the Arbitrator exceeded his powers and acted in
manifest disregard of the law by finding that Respondents' claim for breach of an alleged oral
promise of re-employment rights – a right that exists only under the CBA – and a companion
claim for violation of the implied covenant of good faith and fair dealing could be arbitrated
because the claim "does not assert any right allegedly created by" the CBA (Arbitration Award,
Pg. 7) and "does not require [the arbitrator] to interpret the CBA." (Arbitration Award, Pg. 9)
The Arbitrator recognized that any claim requiring interpretation of the CBA is preempted under
Section 301 of the LMRA as demonstrated by his request for additional briefing on Section 301
preemption and his finding that Respondents "cannot arbitrate their rights under the CBA in this
arbitration." (Arbitration Award, Pg. 9) The Arbitrator disregarded Section 301, however, in
concluding that "there does not appear to be any basis for applying Section 301 to preemption to
prevent arbitration of this claim." (Arbitration Award, Pg. 9)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    Further, the Arbitrator erred in finding that the parties agreed to litigate a claim for breach

2  of an oral contract. No written agreement exists or has ever been presented that demonstrates a

3  mutual understanding that the parties would accept arbitration of a claim for breach of an oral

4  contract.

5    WHEREFORE, Petitioner moves the Court for:

6    1.    An order staying all arbitration proceedings pending the civil action;

7    2.    An order vacating the Interim Arbitration award to the extent it denied Petitioner's

8  Motion to Dismiss;

9    3.    Costs of suit and attorney fees; and

10    4.    Such other relief as the Court may see fit to grant.

11

12  Dated: February 27, 2008                    LAFAYETTE & KUMAGAI LLP

13

14

15                                              SUSAN T. KUMAGAI
                                                Attorneys for Petitioner
16                                              PACIFIC GAS AND ELECTRIC COMPANY

17  N:\Documents\PGE\Know\Pldg\Petition to Vacate Arbitator's Award.doc

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING