LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
PACIFIC GAS & ELECTRIC COMPANY

LEONARD CARDER LLP.
JENNIFER MARSTON (State Bar No. 250018)
1330 Broadway, Suite 1450
Oakland, California 94612
Telephone:   (510) 272-0169
Facsimile:    (510) 272-0174

Attorneys for Defendant
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, LOCAL #1245

BECK LAW, P.C.
DANIEL B. BECK (State Bar No. 63865)
MAHSA GHOLAMI (State Bar No. 235634)
2681 Cleveland Avenue
Santa Rosa, California 95403
Telephone:   (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Plaintiffs
THOMAS KNOWLES and THOMAS HICKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>Defendants. | Case No. C 07-2284 CW<br><br>**CONTINUED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    May 6, 2008<br>Time:    2:00 p.m.<br>Location: Courtroom 2<br>Judge:   Hon. Claudia Wilken |

1

CONTINUED JOINT CASE MANAGEMENT STATEMENT
Case No. 07-2284 CW

Plaintiffs Thomas Knowles and Thomas Hicks, and defendants Pacific Gas and Electric Company ("PG&E") and the International Brotherhood of Electrical Workers Local #1245 ("IBEW") (collectively referred to as "defendants") hereby submit the following Continued Joint Case Management Conference Statement.

**(1)   Jurisdiction and Service**

Since PG&E and Plaintiffs filed their initial Joint Case Management Conference Statement (#35), the Court granted PG&E's motion to dismiss. Thereafter, Plaintiffs filed an Amended Complaint (#49) alleging against PG&E claims for breach of contract, breach of implied covenant of good faith and fair dealing, employment discrimination and fraud. The Amended Complaint also added IBEW as a defendant, and in the Amended Complaint, Plaintiffs alleged that IBEW had breached its duty of fair representation to Plaintiffs. The claim against IBEW arises under federal law and is governed by a six month statute of limitations. No dispute exists as to the Court's exercise of personal jurisdiction or as to venue. Similarly, no dispute exists as to service of the Amended Complaint. Neither defendant has answered the Amended Complaint.

**(2)   Factual Issues in Dispute**

Plaintiffs argue that they are entitled to preferential re-hire rights based upon an alleged oral promise by a PG&E H.R. representative, which purported to extend preferential re-hire rights provided to certain employees under the Collective Bargaining Agreement ("CBA"). Plaintiffs further allege that IBEW breached its duty of fair representation in failing to assist plaintiffs in enforcing plaintiffs' right to preferential re-hire rights, and that PG&E discriminated against them based on their age in violation of the California Fair Employment and Housing Act, Cal. Govt. § 12940, et seq. Defendants deny Plaintiffs' allegations.

**(3)   Legal Issues in Dispute**

1.   The following principal legal issues are in dispute:

   a.   whether plaintiffs are entitled to a 60-month re-hire preference;

   b.   whether PG&E breached an alleged oral promise to plaintiffs for 60 months preferential re-hire rights.

   c. whether PG&E discriminated against plaintiffs based on age in denying preferential re-employment rights;

   d. whether PG&E committed fraud against the plaintiffs;

   e. whether IBEW breached its duty of fair representation to the plaintiffs;

   f. whether plaintiffs were injured.

**(4) Motions**

PG&E and IBEW filed motions to dismiss the plaintiffs' claims, which motions were heard on March 6, 2008. The Court took the motions under consideration.

PG&E has filed a Petition to Vacate the Interim Arbitration Award in a separate arbitration proceeding. The Court found this matter to be related to the instant case.

**(5)-(7) Motion, Amendments, and Evidence Preservation**

Parties have no further information to share at this time.

**(8) Discovery**

No discovery has been taken to date in this case. PG&E and plaintiffs agreed to a stay of discovery in the arbitration proceedings (described below) pending the Court's ruling on the pending petition to vacate the arbitration award.

  1. Subjects On Which Discovery May Be Needed:

The parties anticipate that discovery will be needed on the following subjects:

   a. plaintiffs' entitlement to re-employment preference under the pertinent CBA;

   b. reasons for the denial of benefits to plaintiffs;

   c. plaintiffs' alleged emotional distress.

   d. plaintiffs' damages

   e, mitigation of damages.

  2. Dates For Completion Of Discovery:

Non-Expert Discovery is proposed to be completed by February 2009. Expert witnesses are proposed to be designated and reports served by March 2009. Supplemental rebuttal experts

3

are proposed to be designated and reports served by April 2009. Expert witness discovery is proposed to be completed by May 2009.

**(9)   Related Cases**

An arbitration concerning plaintiffs' severance agreements, under the auspices of the American Arbitration Association, Norman Brand, Arbitrator, AAA Case No. 74 166 039 07 TMS, is pending. A petition to vacate an Interim Award issued under that proceeding is before this Court (Case C-08-1211).

**(10)   Relief**

Plaintiff Hicks seeks $1,108,515.30 in lost wages and future earnings, $414,000 in medical benefits, $13,800 in utility discounts, attorney's fees and costs, and punitive damages.

Plaintiff Knowles seeks $1,414,522.50 in lost wages and future earnings, $522,000 in medical benefits, $17,400 in utility discounts, attorney's fees and costs, and punitive damages.

In its counter-claim, PG&E seeks the return of $58,183.24 from plaintiff Knowles and $67,520.59 from plaintiff Hicks, plus attorney's fees and costs.

**(11)   Settlement and ADR**

Parties have not discussed settlement. Besides the arbitration discussed in preceding section, no other alternative forms of dispute resolution have been tried or discussed.

**(14)   Other References**

Not applicable to this proceeding.

**(15)   Narrowing of Issues**

The parties do not agree to any further narrowing of the issues at this time. At this time, the parties also do not have any suggestions to expedite the presentation of evidence at trial.

**(16)   Expedited Schedule**

The parties have not agreed to an expedited schedule.

**(17)   Proposed Scheduling**

The parties propose the following schedule:

a.   Non-Expert Discovery cut-off                February 2009

b.   Designation of expert witnesses

4

|  |  |  |
|---|---|---|
|  | and reports | March 2009 |
| c. | Designation of supplemental/ rebuttal experts and reports | April 2009 |
| d. | Expert witness discovery cut-off | May 2009 |
| e. | Last day to file dispositive motions | June 2009 |
| f. | Trial | September 2009 |

**(18)   Trial**

Plaintiffs have demanded trial by jury.  The trial is expected to last 15 days.

**(19)   Disclosure of Non-party Interested Entities or Persons**

PG&E Corporation is the holding company for defendant Pacific Gas and Electric Company.

**(20)   Other Matters**

None.

Dated:  April 29, 2008                              LAFAYETTE & KUMAGAI LLP

                                                                 */s/ Susan T. Kumagai*
                                                                 SUSAN T. KUMAGAI
                                                                 Attorneys for Defendant and Counterclaimant
                                                                 PACIFIC GAS & ELECTRIC


Dated: April 29, 2008                               LEONARD, CARDER LLP

                                                                  */s/ Jennifer Marston*
                                                                 JENNIFER MARSTON
                                                                 Attorneys for Defendant
                                                                 IBEW LOCAL 1245


Dated: April 29, 2008                               BECK LAW, P.C.

                                                                  */s/ Mahsa Gholami*
                                                                 MAHSA GHOLAMI
                                                                 Attorneys for Plaintiffs
                                                                 THOMAS KNOWLES AND THOMAS HICKS

5

CONTINUED JOINT CASE MANAGEMENT STATEMENT
Case No. 07-2284 CW

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on April 29, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ *Susan T, Kumagai*
SUSAN T. KUMAGAI

PGE\Know\Pldg\Cont Jt CMC ste.doc