LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:   (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520
dprc@pge.com

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and DEANNA RADFORD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,<br><br>Defendant. | Case No. C 07-2284 CW<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION FOR COSTS AND ATTORNEY FEES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    June 26, 2008<br>Time:    2:00 p.m.<br>Location: Courtroom 2<br>Judge:   Hon. Claudia Wilken<br><br>Amended Complaint Filed: Dec. 5, 2007 |

---

DEFENDANT PG&E'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ..................................................................................2

II. STATEMENT OF FACTS ......................................................................................2

III. DISCUSSION ..........................................................................................................4

    A. Plaintiffs' Federal Question Suit is Governed by Federal Law, Which Allows Payment of Attorney Fees Pursuant to Contractual Provisions ..............4

        1. Contracts Containing Attorney Fees Provisions Are Valid .....................4

        2. PG&E's Calculation of Attorney Fees is Just and Reasonable ................6

        3. Defendants Seek Recovery of Attorney Fees At Lower Than the Prevailing Hourly Rate in the San Francisco Bay Area ..........................8

IV. CONCLUSION ......................................................................................................12

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

i

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. C 07-2284 CW

TABLE OF AUTHORITIES

Page

Federal Cases

Austin v. CCC Information Services, Inc. Benefit Plan,
  2007 WL 867755, *1 (9th Cir. 2007) .................................................................................. 5

Caudle v. Bristow Optical Co., Inc.,
  224 F.3d 1014 (9th Cir. 2000) .......................................................................................... 6

El Dorado Irrigation Dist. v. Traylor Bros., Inc.,
  2007 WL 512428, *5 (E.D.Cal. 2007) ............................................................................. 7

Garnes v. Barnhardt,
  2006 WL 249522, *7 (N.D.Cal. 2006) ............................................................................ 8

In re HPL Technologies, Inc. Securities Litigation,
  366 F.Supp.2d 912 (N.D.Cal. 2005) ................................................................................ 8

Jaeger v. Canadian Bank of Commerce,
  327 F.2d 743 (9th Cir. 1964) ............................................................................................ 5

Laffey v. Northwest Airlines, Inc.,
  572 F.Supp. 354 (D.D.C. 1983) ....................................................................................... 8

National Gypsum Co. v. Steel Systems Intern., Inc.,
  1988 WL 135780, *4 (D.Or. 1988) .................................................................................. 6

Palomas Land & Cattle Co. v. Baldwin,
  189 F.2d 936 (9th Cir. 1951) ............................................................................................ 4

Pittsburgh Plate Glass Co. v. Fidelity & Cas. Co. of N.Y.,
  281 F.2d 538 (3d Cir. 1960) ............................................................................................. 6

Scott Paper Co. v. Moore Business Forms, Inc.,
  604 F.Supp. 835 (D.C.Del. 1984) .................................................................................... 6

Van Gerwen v. Guarantee Mut. Life Co.,
  214 F.3d 1041 (9th Cir. 2000) .......................................................................................... 6

Young v. Polo Retail, LLC,
  2007 WL 951821 (N.D.Cal. 2007) ......................................................................... 8, 9, 10

California Cases

Campbell v. Scripps Bank,
  78 Cal.App.4th 1328 (2000) ............................................................................................. 5

PLCM Group v. Drexler,
  22 Cal.4th 1084 (2000) ..................................................................................................... 7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

ii

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. C 07-2284 CW

Stokus v. Marsh,
  217 Cal.App.3d 647 (1990) ................................................................................. 5

**Code of Federal Regulations**

29 U.S.C. § 158 ......................................................................................................... 3

**State Statutes**

Cal. Civ. Code § 1717(a) ........................................................................................... 5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

iii

DEFENDANT PG&E'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. C 07-2284 CW

# NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on June 26, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard in the above-titled court, located at 1301 Clay Street, Suite 400S, Oakland, California 94612-5212, Defendant Pacific Gas and Electric Company ("PG&E") will, and hereby does, move this Court pursuant to Rule 7 of the Federal Rules of Civil Procedure, and Civil L.R. 7 and Civil L.R. 54.6 of the Northern District Local Rules of Court, for an order awarding its costs, including attorney fees, incurred in defending this civil lawsuit.

The Motion for Attorney Fees is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings on file herein and such arguments and admissible evidence as may be presented at the time of hearing.[1]

## STATEMENT OF ISSUES AND RELIEF REQUESTED

1. **PG&E requests an award of attorney fees because the plaintiffs are contractually obligated to pay attorney fees to PG&E upon a failed attempt to challenge the validity of the Severance Agreements. Defendant's total request, fully explained <u>infra</u>, is for $72,871.24.** Each plaintiff signed a Severance Agreement with PG&E. Except for the identities of the plaintiffs contained therein and a difference in the sums paid under the agreement to each plaintiff, the two agreements are identical. (Request for Judicial Notice ("RJN"), Exh. A ("Knowles Agreement") and Exh. B ("Hicks Agreement") (collectively "the Severance Agreements").

Each Severance Agreement provides, in paragraph 11, that if Knowles and/or Hicks should attempt to set aside or challenge the validity of the Severance Agreement and fail, he or they would be required to pay to PG&E its costs, including attorney fees, incurred as a result of such challenge. Plaintiffs challenged the Severance Agreement when they argued in paragraphs 56-61 of their Amended Complaint that they were fraudulently induced to enter into it. This Court rejected that challenge when it dismissed plaintiffs' claims without leave to amend, and

---

[1] The Court's Docket indicates that this case is closed. Because of the pendency of its counter-claim, PG&E believes this litigation is still open, pursuant to Fed. R. Civ. Proc. 54(b)

therefore each plaintiff is liable to PG&E for its costs including attorney fees incurred in defending this suit.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     SUMMARY OF ARGUMENT

Plaintiffs Knowles and Hicks each voluntarily entered into a Severance Agreement at the end of his employment. In exchange for a sum of cash money exceeding $58,000, each plaintiff covenanted to release all claims against PG&E, not to bring a lawsuit against PG&E, and in the case that he brought such a civil suit and failed, to reimburse PG&E its costs of the suit, including attorney fees. The Severance Agreements are valid under California law, and attorney-fee agreements of this sort are valid under federal law. Plaintiffs brought a civil suit against PG&E and failed, and are due to reimburse to PG&E its costs of defending the suit, including attorney fees.

### II.    STATEMENT OF FACTS

Plaintiffs were employed at a PG&E power plant called the Geysers. (Amended Complaint, ¶¶ 2, 5.) PG&E operated the Geysers until 1999 when it sold the plant, and for two years thereafter during an "Operation and Maintenance" period mandated by the California Public Utilities Commission. (Id. at ¶ 5

After the expiration of the operation and maintenance agreement, PG&E no longer required employees to work at the plant. On July 2, 2001, each executed a Severance Agreement and Release ("Severance Agreement"). Request for Judicial Notice ("RJN"), Exhs. A ("Hicks Agreement") and B ("Knowles Agreement") (collectively, the "Severance Agreements" or the "Agreements"). Each plaintiff received more than $58,000 as consideration for promises and releases that included:

- **Release of Claims**: Each plaintiff released PG&E from all causes of action, claims, and liabilities of any kind relating to plaintiffs' employment with PG&E. RJN, Exhs. A-B, ¶ 4.

---

[2] Plaintiffs are also liable to PG&E under the Severance Agreements for forfeiture of the amounts paid to them under those Agreements  PG&E has pending a counter-claim to recover those amounts.

2

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

- **Review of Agreement/Consultation of Counsel**: Each affirmed that he had been given an opportunity to review the contents of the agreement and had been advised to consult legal counsel of his choosing. (Id.**Error! Bookmark not defined.**, at ¶ 16.)

- **Covenant Not to File A Claim**: Each agreed not to initiate any lawsuit or proceeding against PG&E, and to forfeit the amount paid to him under the Severance Agreements upon initiating such a suit or proceeding. (Id.**Error! Bookmark not defined.**, at ¶¶ 11-12.)

- **Covenant to Pay Attorney's Fees**: Each agreed to be liable for PG&E's court costs and attorney fees in the event that he should initiate an unsuccessful challenge to the Severance Agreement. Id. at ¶ 11.

On or about August 23, 2006, plaintiffs filed a civil lawsuit raising released claims (the "first action"), specifically, breach of contract, breach of the covenant of good faith and fair dealing, and age discrimination, along with arguments denominated as claims for "specific performance" and "malice, fraud, and oppression." Not only was this first action in derogation of the Severance Agreements' general waiver of all claims and covenant not to file a lawsuit, but the contract and age claims raised therein were specifically foreclosed by paragraph 4 of those Agreements. Since the Severance Agreements barred the first action, and since the complaint did not mention those Agreements, PG&E's attorney Darren Roach was uncertain whether plaintiffs' counsel was aware of existence of these Agreements. Consequently, he informed plaintiff's counsel of the Severance Agreements, suggested that plaintiffs' recourse was, pursuant to the Agreements, in arbitration, and presented a copy of the Agreements to counsel for plaintiffs.

On or about October 30, 2006, plaintiffs voluntarily dismissed the first action and later filed a demand for arbitration with the American Arbitration Association to address the claims raised in the first action. Due to a misunderstanding regarding the arbitration process, plaintiffs filed the subject lawsuit on April 26, 2007 ("second action"), raising the same claims of breach of contract, breach of the covenant of good faith, age discrimination, "specific performance," and "malice, fraud and oppression" as in the first action and in the pending arbitration.

Defendants moved for dismissal on the grounds that the action was preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 158 ("Section 301"). The action was dismissed on November 29, 2007, with leave to amend and re-file as a Section 301 case. Plaintiffs so amended and re-filed on December 5, 2007 their Amended Complaint alleging

3

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

breach of the labor contract between PG&E and the International Brotherhood of Electrical Workers ("IBEW") against PG&E, fraud against PG&E and individual defendant Deanna Radford, and breach of the duty of fair representation against IBEW. Defendants again moved to dismiss the case on the grounds that plaintiffs' complaint failed to state a claim. On May 5, 2008, the District Court dismissed plaintiffs' Amended Complaint with prejudice.

Each of plaintiffs' complaints violated the Severance Agreements by alleging released claims. The rejection of plaintiffs' claims entitled PG&E to recover its attorney fees pursuant to paragraph 11 of the Agreements. Defendant PG&E's outside counsel, Lafayette & Kumagai LLP, expended attorney and paralegal time, and costs, valued at $46,011.81 on the case. PG&E expended attorney and paralegal time valued at $26,836.34 on the case. The total amount of costs and attorney fees charged to the case here by defendant is $72,848.15.

Defendant's calculations leading to these figures are fully explained in Exhibit A to the Declaration of Glen Turner In Support of Defendant's Motion for Attorney Fees (the "Turner Dec."), "Explanation of Attorney Fees," Exhibit B of the Turner Dec., "Detail of LK Attorney Fees," which shows the amount of time expended by LK's attorneys per specific date and task, and by Exhibit C of the Turner Dec., PG&E's Billing Records. Exhibit B is based on LK's pertinent billing records. Since LK's billing records are an internal LK set of documents containing detail of the work done on the case by LK's attorneys, they are protected by the attorney work product privilege and have not been submitted. PG&E is prepared to submit these records to the Court under seal for in camera review upon request, pursuant to Civil L.R. 54-6(b)(2).

### III. DISCUSSION

**A.   Plaintiffs' Federal Question Suit is Governed by Federal Law, Which Allows Payment of Attorney Fees Pursuant to Contractual Provisions.**

**1.   Contracts Containing Attorney Fees Provisions Are Valid.**

This Court exercised federal question jurisdiction because of the Section 301 claims, and pendent jurisdiction over the fraud claim in the amended complaint. In such a case, the allowance or disallowance of attorney fees is governed by federal law, not by state law. Palomas

4

Land & Cattle Co. v. Baldwin, 189 F.2d 936, 938 (9th Cir. 1951). Federal common law recognizes the post-judgment payment of attorney fees according to contractual stipulation. Jaeger v. Canadian Bank of Commerce, 327 F.2d 743, 745 (9th Cir. 1964). In a case similar to the one at bar, the Ninth Circuit stated as follows:

> Austin covenanted not to file any lawsuit asserting a claim waived under the settlement agreement's broad release clause. She further agreed to indemnify the released parties for attorneys' fees if she violated her covenant not to assert waived claims. We therefore conclude that the district court's award of attorneys' fees, supported by the express language of the parties' agreement, was not an abuse of discretion.

Austin v. CCC Information Services, Inc. Benefit Plan, 2007 WL 867755, *1 (9th Cir. 2007).

In the instant case, along with an attorney fees clause similar to that in Austin, plaintiffs covenanted not to file lawsuits asserting any claim waived under a broad release clause. (Severance Agreements, ¶¶ 4, 6.) Just as attorney fees were awarded to defendant CCC in the Austin case, here defendant PG&E should be awarded its attorney fees under the clear contractual language and pursuant to the case law.

Defendant is also entitled to its attorney fees under California law. In California, when a contractual provision awards attorney fees to only one party, that provision is made reciprocal by matter of law, such that attorney fees should be awarded to whichever party is the prevailing party. See, e.g., Campbell v. Scripps Bank, 78 Cal.App.4th 1328, 1336-1337 (2000). Cal. Civ. Code § 1717(a). In Stokus v. Marsh, where the plaintiff finally prevailed on the third of three similar unlawful detainer actions, the court held the plaintiff to have been the prevailing party and, ruling that the work done in the two previous actions had been integral to the plaintiffs' success in the third action, found that attorney fees for the three related actions were due to the plaintiff as a prevailing party. Stokus v. Marsh, 217 Cal.App.3d 647, 650-51, 655 (1990). The Stokus court stated:

> [I]f suit is filed, there is no sound reason why the trial court should exclude these prior services in determining a reasonable fee merely because performed before the action is commenced. The statute contemplates reimbursement for the attorney's fees reasonably incurred in preparing for trial. It would be ridiculous to require the attorney to repeat formally all of this work after the complaint is filed in order to protect his client's rights.

5

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

1  Id. at 655. Similarly, here, the action filed in federal court in 2007 was virtually identical to the
2  first federal action filed in 2006, and the work done in the initial action was integral to
3  defendant's ultimate success. See Declaration of Darren P. Roach In Support of Defendant's
4  Motion for Attorney Fees ("Roach Dec."), ¶¶ 14, 16. All of the attorney fees incurred by PG&E
5  in the civil court cases are recoverable under California law.

6          **2.      PG&E's Calculation of Attorney Fees is Just and Reasonable.**

7         Defendant's amount of time billed in the case and hourly rates for attorneys and assistants
8  are reasonable under existing Ninth Circuit decisional law. District courts in the Ninth Circuit
9  calculate the amount of attorney fees due a successful applicant by determining a "lodestar"
10 amount, calculated by multiplying the number of hours reasonably billed to the litigation by a
11 reasonable hourly rate for attorneys practicing in the area. Caudle v. Bristow Optical Co., Inc.,
12 224 F.3d 1014, 1028 (9th Cir. 2000). Although the lodestar amount may in rare cases be adjusted
13 for such extrinsic factors as work quality, it is in most cases the presumptively correct fee due to
14 the applicant. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1047 (9th Cir. 2000).
15        In-house counsel fees are also recoverable. Ninth Circuit decisional case law on the
16 allowance of attorney fees to in-house counsel is scarce, but the Third Circuit has declared that
17 "[t]here is no reason in law or in equity why the insurer should benefit from Pittsburgh's choice to
18 proceed with some of the work through its own legal department." Pittsburgh Plate Glass Co. v.
19 Fidelity & Cas. Co. of N. Y., 281 F.2d 538, 542 (3d Cir. 1960) (allowing attorney fees to inside
20 counsel); see also National Gypsum Co. v. Steel Systems Intern., Inc., 1988 WL 135780, *4
21 (D.Or. 1988) ("Reimbursement of attorney fees for services performed by in-house counsel may
22 be obtained where in-house counsel actually performs the work of an attorney in the case.") (not
23 reported). Of particular applicability in this case, where plaintiffs filed a lawsuit activating a
24 clearly worded contractual attorney fee provision designed to deter such lawsuits, is the reasoning
25 of the Delaware District Court: "If in-house counsel is a primary participant in a lawsuit and not
26 awarded fees, then the losing party will be undeterred by the threat of a fee award, knowing that
27 in-house counsel will not be compensated." Scott Paper Co. v. Moore Business Forms, Inc., 604
28 F.Supp. 835, 837 (D.C.Del. 1984).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

As for California law, the California Supreme Court has allowed corporations represented by in house counsel to recover attorney fees for work done as attorneys in litigation. El Dorado Irrigation Dist. v. Traylor Bros., Inc., 2007 WL 512428, *5 (E.D.Cal. 2007), citing PLCM Group v. Drexler 22 Cal.4th 1084 (2000). As the California Court stated, "[t]he Court of Appeal concluded that the superior court had authority under Civil Code section 1717 to award attorney fees to in-house counsel. We agree." PLCM Group at 1091.

Thus, whether operating under state or federal law, the rule is the same: the work of in-house counsel is compensable when in-house counsel actually performs the work of attorneys in litigation. Here, PG&E's in-house counsel carried the entire litigative load up to the point in time where the second federal case was opened and the Lafayette and Kumagai firm was hired on as co-counsel, and functioned as fully-involved co-counsel thereafter. Roach Dec., ¶¶ 3-4.

In this case, the calculation of fees is explained infra and more fully in "Explanation of Attorney Fees," Exh. A to the Turner Dec. The number of hours billed is reasonable given the level of opposition by plaintiffs' counsel. PG&E attempted to resolve this matter without resort to courts before plaintiffs filed the first action. Defendant explained to plaintiffs that the litigation was improper. Plaintiffs initially dismissed their court case but later decided to file a second federal action, even though the second action was identical to the first action, and even though plaintiffs also had pending by that time an arbitration covering the same issues. Plaintiffs' filing of actions in multiple venues needlessly complicated the case and the litigative process PG&E was forced to engage in. PG&E's tasks for the court case alone included preparing for initial disclosures, conducting case-related investigations into documents and witnesses, preparing for two case management conferences, preparing an answer and a counter-claim, filing two motions to dismiss, and coordination with co-defendants Deanna Radford and the International Brotherhood of Electrical Workers ("IBEW"). Furthermore, every strategic and tactical decision in the court case was complicated by considerations of how that decision might impact the arbitration case, and vice versa, necessitating a greater than normal participation of senior counsel in making calls to unravel these knots.

///

7

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

### 3. Defendants Seek Recovery of Attorney Fees At Lower Than the Prevailing Hourly Rate in the San Francisco Bay Area.

Attorneys Gary T. Lafayette and Susan T. Kumagai bill PG&E $270/hour for their services. Declaration of Glen Turner In Support of Motion for Attorney Fees ("Turner Dec."), Exh. B, "Detail of Attorney Fees," ("Exh. B"), ¶ 5. Attorney Glen Turner bills PG&E $234/hour for his services. Id. Paralegals Anna Ludwig and Trinh Ngo bill PG&E $90/hour for their services. Id.

PG&E seeks recovery based on hourly rates that are much lower than what the Northern District has deemed the prevailing hourly rate for attorneys practicing in San Francisco. In three cases, the Northern District has approved of rates based on hour rate calculations called the Laffey Matrix for determining attorney's fees. The Laffey Matrix is a matrix of hourly rates for attorneys of varying experience levels and paralegals, extrapolated based on the Consumer Price Index by the Civil Division of the U.S. Attorney's Office for the District of Columbia from the hourly rates approved by the District Court in Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985). RJN, Exh. C, "United States Attorney's Office for the District of Columbia, Laffey Matrix 2003-2008," Explanatory Notes 1-3, URL http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html, last viewed May 15, 2008 at 6:02 p.m. The court in Young v. Polo Retail, LLC called the Laffey Matrix a "reliable official source for [hourly attorney fee] rates that vary by experience levels. Young v. Polo Retail, LLC, 2007 WL 951821, *7 (N.D.Cal. 2007)

Several reported decisions in the Northern District find reliance on the "Laffey Matrix" preferable to reliance on the actual billing rate charged by the attorneys involved in the case. See, e.g., Young at *8; In re HPL Technologies, Inc. Securities Litigation, 366 F.Supp.2d 912, 921-22 (N.D.Cal. 2005); Garnes v. Barnhardt, 2006 WL 249522, *7 (N.D.Cal. 2006) (calculating Los Angeles rates) (not published).

Laffey Matrix rates for attorneys practicing in San Francisco, as of 2007, were calculated by the court in Young v. Polo Retail, LLC:

8

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

> Attorneys with 20 or more years of experience bill $425/hour; attorneys with 11-19 years of experience bill $376/hour; attorneys with 8-10 years of experience bill $305/hour; attorneys with 4-7 years of experience bill $245/hour; attorneys with 3 or fewer years of experience bill $200/hour; and paralegals bill $120/hour.

Young v. Polo Retail, LLC 2007 WL 951821, *8 (N.D.Cal. 2007); see also RJN, Exh. C, "United States Attorney's Office for the District of Columbia, Laffey Matrix 2003-2008," URL http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html, last viewed May 15, 2008 at 6:02 p.m. (showing 2008 Laffey Matrix rates for the District of Columbia of $440/hour for attorneys with 20+ years experience, $390/hour for attorneys with 11/19 years experience, $255/hour for attorneys with 4-7 years experience, and $125/hour for paralegals); RJN, Exh. D, Wikipedia entry on "Laffey Matrix," URL http://en.wikipedia.org/wiki/Laffey_Matrix, last viewed May 15, 2008 at 6:05 p.m. (includes matrix showing reasonable billing hours for several urban areas 2006-07 including San Francisco, with San Francisco rates of $434/hour for attorneys with 20+ years experience, $383/hour for attorneys with 11-19 years experience, $250/hour for attorneys with 4-7 years experience, and $134/hour for paralegals).

The following reasonable hourly rates are based either on Defendant's Request for Judicial Notice, Exhs. A and B, or on Northern District cases cited supra.

**Reasonable Hourly Rates for Attorneys Practicing in San Francisco, Per Source**
**(All Calculations Based on the Laffey Matrix)**

| Years of Practice | D.C. U.S. Attorney's Office (2008) | Laffey Matrix Wikipedia Entry (2006-07) | Young v. Polo Retail LLC (2007) | In re HPL Technologies, Inc. Securities Litigation (2006) |
|---|---|---|---|---|
| 20+ | 440 | 434 | 425 | 425 |
| 11-19 | 390 | 383 | 376 | N/A |
| 8-10 | 315 | 311 | 305 | 305 |
| 4-7 | 255 | 250 | 245 | 245 |
| 1-3 | 215 | 209 | 200 | 200 |
| Paralegal | 125 | 118 | 120 | 120 |

9

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

The hourly rates charged by LK and PG&E attorneys and paralegals in the table below are taken from the Turner Dec., Exh. A. The Laffey Rates in the table below are taken from the above table and based on the sources used therein.

**Actual Hourly Rates Requested Here**

| Attorney | Years practice | Actual Rate | Laffey Rate[3] | Discount |
|---|---|---|---|---|
| **LK Attorneys** | | | | |
| Gary Lafayette | 29 | $270 | $425-440 | $155-170/hour |
| Susan Kumagai | 21 | $270 | $425-440 | $155-170/hour |
| Glen Turner | 7 | $234 | $245-255 | $11-21/hour |
| Anna Ludwig/ Trinh Ngo | Paralegal | $90 | $118-125 | $28-35/hour |
| **PGE Attorneys** | | | | |
| Darren Roach | 16 | $252 | $376-390 | $124-138/hour |
| Mark Penskar | 31 | $270 | $425-440 | $155-170/hour |
| Ann Loper | Paralegal | $90 | $118-125 | $28-35/hour |

All applicable attorneys and paralegals, both from LK and from PG&E, practice in San Francisco. Based on the Laffey Matrix rate as adapted by Chief Judge Walker in Young, attorneys Lafayette, Kumagai, and Penskar, who each have over 20 years experience, (Turner Dec., ¶¶ 11-12); Roach Dec., ¶ 8), would charge $425/hour; attorney Roach, who has 16 years experience (Roach Dec., ¶ 7), would charge $376/hour; attorney Turner, who has seven years experience (Turner Dec. at ¶ 13), would charge $245/hour, and paralegals Ludwig, Ngo and Roper would charge $120/hour. We believe that the Laffey Matrix rates demonstrate conclusively that the actual hourly rates sought here, $270/hour for Lafayette, Kumagai, and

---

[3] Based on chart, supra, entitled "Reasonable Hourly Rates for Attorneys Practicing in San Francisco, Per Source."

Penskar, $252/hour for Roach, $234/hour for Turner, and $90/hour for Ludwig, Ngo and Roper are highly reasonable.

## TIME, RATES, AND TOTAL AMOUNTS CHARGED

| Attorney | Hours Worked | Multiplier[4] | Actual Rate | Total |
|---|---|---|---|---|
| **LK Personnel** | | | | |
| Gary Lafayette | 2.8 | .4538 | $270 | $343.07 |
| Susan Kumagai | 59.4<br>12.2 | N/A<br>.4538 | $270 | $16,038.00<br>$ 1,494.81<br>TOTAL =<br>$17,532.81 |
| Glen Turner | 111.9<br>3.3 | N/A<br>.4538 | $234 | $26,184.60<br>$   352.74<br>TOTAL =<br>$26,536.60 |
| Anna Ludwig/<br>Trinh Ngo | 8.0<br>5.7 | N/A<br>.2575 | $90 | $   801.00<br>$   108.92<br>TOTAL =<br>$   909.92 |
| **PGE Personnel** | | | | |
| Darren Roach | 35.25<br>108.5 | N/A<br>.4538 | $252 | $ 8,883.00<br>$12,489.82<br>TOTAL =<br>$21,372.82 |
| Mark Penskar | 1.75<br>11.5 | N/A<br>.4538 | $270 | $   472.50<br>$ 1,418.36<br>TOTAL =<br>$ 1,890.86 |
| Ann Loper | 26.5<br>51.75 | N/A<br>.2575 | | $ 2,385.00<br>$ 1,187.66<br>TOTAL =<br>$ 3,572.66 |

## SUMS FROM ABOVE CALCULATIONS

| LK Attorneys | LK Paralegals | LK Costs | LK Total | PG&E Attorneys | PG&E Paralegals | PG&E Total | OVERALL TOTAL |
|---|---|---|---|---|---|---|---|
| $44,413.22 | $798.09 | $823.67 | $46,034.90 | $23,263.68 | $3572.66 | $26,836.34 | $72,871.24 |

---

[4] See Turner Dec., Exh. A. The multiplier is used for indivisible time and not used for divisible time.

11

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES
Case No. C 07-2284 CW

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## IV. CONCLUSION

Plaintiffs voluntarily signed valid Severance Agreements, where they promised in exchange for cash money to, among other things, reimburse to PG&E its attorney fees in the case that they should challenge the Severance Agreements and fail. Plaintiffs have challenged the Severance Agreements and failed. PG&E has fully documented a claim for attorney fees and costs in the amount of $72,871.24 expended in defending this case, and prays that this Court should issue an Order awarding that amount to PG&E.

DATED: May 19, 2008                 LAFAYETTE & KUMAGAI LLP

/s/ Glen Turner
GLEN TURNER
Attorneys for Defendants
PACIFIC GAS & ELECTRIC COMPANY
and DEANNA RADFORD

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on May 19, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Glen Turner
GLEN TURNER

N:\Documents\PGE\Know\Pldg\Motion for atty fees.doc