Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20. <br><br> Defendants. | Case No.:   C-07-2284-CW <br><br> **PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** <br><br> Date: June 26, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Judge: Honorable Claudia Wilken |

////

////

1

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1

**TABLE OF CONTENTS**

2     I.      INTRODUCTION............................................................................   4

3     II.     BACKGROUND.............................................................................   4-5

4     III.    ARGUMENTS................................................................................   5

5               a.   The Court Found That Plaintiffs' Case Was A Section 301 Action
                     And Was Not Part Of The Severance Agreements That They Had
6                    Entered Into.  Defendant PG & E Argued This Point Unequivocally
                     And Therefore, PG & E Should Not Be Permitted To Use A Clause
7                    From A Severance Agreement When They Were Clear That This
                     Action Was Unrelated To Such Agreement....................................   6-8
8

9               b.   Attorney Fees Are Generally Not Awarded....................................   8-10

10              c.   In The Severance Agreements, The Attorney Fees Clause Is Only
                     Applicable When Plaintiffs Challenge the Validity Of The Severance
11                   Agreements.  That is Not What Plaintiffs Did In This Action, And
                     Therefore, The Attorney Fees Provision Cannot Be Invoked................   10
12

13              d.   Plaintiffs' Action Has Not Be Determined Or Finalized Yet And Whether
                     An Award For Attorney Fees Is To Be Granted Should Be Left Up To
14                   The Arbitrator Ruling On The Actual Claims..................................   10

15
                e.   The Amount For Attorney Fees Requested By PG  & E Is Inappropriate
16                   And Unearned..............................................................................   11-14
17                          i.      PG & E is Not Entitled to Attorney Fees and Costs for
                                    Work Performed in Arbitration...................................   11-13
18                          ii.     Plaintiffs Request an In Camera Examination of PG & E's
                                    Actual Time Entries and Bills.....................................   13-14
19

20              f.   The Severance Agreement Does Not Allow For Attorney Fees If Plaintiffs
                     Make A Claim Under The Age Discrimination And Employment Act......   14
21

22

23    IV.     CONCLUSION..............................................................................   14-15

24

25

26

27

28

2

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**Federal Cases:**

*Caudle v. Bristow Optical Co.* (9th Cir. 2000) 224 F.3d 1014................................... 11

*City of New Orleans v. New Orleans Water Works Co.*, 142 U.S. 79 (1891)................ 7

*DeCoe v. Gen. Motors Corp.* (6th Cir. 1994) 32 F.3d 212, 216............................... 6

*Fox v. Parker Hannifin Corp.* (6th Cir. 1990) 914 F.2d 795, 799-800....................... 6

*Jaeger v. Canadian Bank of Commerce* 32 F.2d 743 (9th Cir. 1964)......................... 6, 7

*Livadas v.Bradshaw*, 512 U.S. 107, 124 (1994)................................................. 6

**State Cases:**

*Salgado v. County of Los Angeles* (1998) 19 C4th 629, 651.................................... 8

*PLCM Group, Inc. v. Drexler* (2000) 22 C4th 1084, 1095-1096............................... 11

*San Dieguito Partnership v. San Dieguito River Valley Regional Etc.*
*Authority* (1998, Cal App 4th Dist) 61 Cal App 4th 910....................................... 13

**Federal Statutes:**

29 U.S.C. § 185.................................................................................throughout

**State Statutes:**

California Civil Code §1717...................................................................throughout

3

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

**MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS'
Opposition to Defendant PACIFIC GAS AND ELECTRIC COMPANY'S Motion for Costs and
Attorney Fees.

## I.    INTRODUCTION

Plaintiffs Thomas Knowles and Thomas Hicks (hereinafter collectively called
"Plaintiffs") filed an action in Superior Court. Shortly thereafter, Plaintiffs were informed by
Defendant Pacific Gas & Electric Company (hereinafter called "Defendant PG & E") that the
case must be removed to federal court. Plaintiffs removed the case to federal court. Further,
Plaintiffs were informed by Defendant PG & E that the entire action was bound by an arbitration
clause, and that any remedy that Plaintiffs might have would only be determined by arbitration.
Defendant PG & E notified Plaintiffs that if they did not voluntarily dismiss their action,
Defendant PG & E would make a motion to compel arbitration. Plaintiffs agreed and dismissed
the action, without prejudice. The parties agreed upon an arbitrator and submitted their
arguments to arbitration.

Then, Defendant PG & E changed their argument. They notified Plaintiffs that the
arbitration clause was inapplicable, that the Severance Agreements had nothing to do with
Plaintiffs' claims, and that if Plaintiffs had any recourse, it would be exclusively through the
federal court. Plaintiffs were left with no choice but to re-file in federal court. PG & E made it
absolutely clear that the Severance Agreements had nothing to do with the complaint and that
this was a strict Collective Bargaining Agreement issue. Even when Plaintiffs attempted to
arbitrate, PG & E filed a Motion to Dismiss the Arbitration, claiming that the parties were not
bound by an arbitration clause. Now, after arguing this all along, PG & E has switched their
arguments yet again, now claiming that because of an attorney's fees provision in the *same
Severance Agreement*, they are entitled to fees.

## II.    BACKGROUND

Plaintiffs were employees of Defendant PG & E. As discussed in detail in Plaintiffs'
Complaint, a divestiture occurred in 1999, where the California Public Utility Commission

4

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

placed an obligation on Defendant PG & E to have a two year Operation and Maintenance period (hereinafter called "O & M period").  Plaintiffs were orally promised preferential re-hire benefits for 60 months.  Defendant claims that the entire action was preempted by Section 301 of the Labor Management Relations Act and that the claims are completely independent on the Severance Agreements executed by Plaintiffs.

Before re-filing their action in Federal Court, Plaintiffs specifically requested that since the parties were in arbitration, that Defendant agree to toll the statute of limitations and wait for the outcome of the arbitration.  Defendant would not do so, and Plaintiffs had no choice but to file their action in Federal Court.  In fact, PG & E insisted that the parties were NOT bound by the arbitration clause because Plaintiffs' claims had nothing to do with the Severance Agreements they entered into.  Although the Federal Court dismissed the action, initially, they granted the dismissal with leave to amend.  After amending the complaint, the Court concluded that Section 301 preempted the action and that despite Plaintiffs' equitable arguments, the action must be dismissed.  The Court specifically stated that both sides should bear their own costs. Nothing about Plaintiffs' claims were frivolous and based on the moving papers and oral arguments, it is evident that this was a very difficult set of facts.  Even the arbitrator, reviewing the same facts and hearing the same arguments, came to a different ruling than the Federal Court judge.

Now, PG & E is doing what they have done from the very beginning—using any and every argument that suits them for what they want.  Now, they want to use the Severance Agreement to get attorney's fees, after spending months in Federal Court convincing the Court that the Severance Agreement was completely separate and independent from Plaintiffs' claims.

### III.    ARGUMENT

### DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES SHOULD BE DENIED BASED UPON THE UNDERLYING CIRCUMSTANCES AND PG & E'S POSITION IN THIS CASE.

Defendant has, from the very beginning, done everything to prove to this Court that Plaintiffs' action have nothing to do with the Severance Agreements, that Plaintiffs' claims are dependent on the Collective Bargaining Agreement, and that Plaintiffs are not entitled to

5

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

arbitration because the Severance Agreements are completely inapplicable to this case.

Ironically, now that it benefits them, Defendant suddenly wants to use the Severance Agreement. They adamantly refuted the arbitration clause in the Agreement, yet now, are fighting for the attorney's fees clause of that same Agreement. Defendant PG & E will say anything and will completely contradict itself over and over in order to get what they want. In both the federal case and arbitration case, they have steadfastly refuted any connection between Plaintiffs' claims and the Severance Agreements (hereinafter called "Agreement"). Now, after getting what they want in the Federal Court, they want to use that same Agreement, take back all of their previous arguments, and ask the Court to give them relief based on such Agreement.

A. The Court Found That Plaintiffs' Case Was A Section 301 Action And Was Not Part Of The Severance Agreements That They Had Entered Into. Defendant PG & E Argued This Point Unequivocally And Therefore, PG & E Should Not Be Permitted To Use A Clause From A Severance Agreement When They Were Clear That This Action Was Unrelated To Such Agreement.

From the beginning of this case, PG & E has argued that Plaintiffs' action has absolutely nothing to do with the Severance Agreements. They have made this argument evident in both the federal action and the arbitration. In both cases, they have filed Motions to Dismiss. Their motion was denied in arbitration, but was granted in Federal Court. The Federal Court found that Plaintiffs' claims were preempted by Section 301 of the LMRA. [*see Fox v. Parker Hannifin Corp.* (6th Cir. 1990) 914 F.2d 795, 799-800; see also *DeCoe v. Gen. Motors Corp.* (6th Cir. 1994) 32 F.3d 212, 216 ("[S]ection 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms."); *Livadas v.Bradshaw*, 512 U.S. 107, 124 (1994)]

Defendant PG & E uses *Jaeger v. Canadian Bank of Commerce* (32 F.2d 743 (9th Cir. 1964)) to support its request for attorney fees pursuant to contract. However, *Jaeger* is clearly distinguishable from the case at bar because here, unlike *Jaeger*, there is no contractual agreement to pay attorney fees. In *Jaeger*, the court granted attorney fees because it found that the note that was in dispute contained an attorney fees provision. However, the *Jaeger* court also found that an award of attorney fees cannot be extended "to unrelated matters and to legal expense incurred by the holder in connection with them, for it is elementary that a party to a

6

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

contract is held *only to that liability which falls fairly within the terms of the contract.* 'Courts have no power to make new contracts or to impose new terms upon parties to contracts without their consent.'" (*Id.* at p. 745, *quoting from City of New Orleans v. New Orleans Water Works Co.,* 142 U.S. 79 (1891).

PG & E has made it absolutely clear that Plaintiffs' action has nothing to do with the Severance Agreements. Therefore, they should not be able to "fact or documemt shop" now and use the Agreements they so adamantly denied before in order to get attorney fees. The Severance Agreements attached to PG & E's instant motion states in pertinent part:

> 11. …[Hicks/Knowles] further understands and agrees that, if his/her attempt to *set aside or challenge the validity of this Severance Agreement and Release* is rejected, he/she shall pay to PG&E any loss, cost, damage, or expense, including, without limitation, attorney's fees PG&E incurred in the proceeding… (see Defendants Pacific Gas and Electric's Request for Judicial Notice in Support of Motion for Attorney Fees, Exhibits A and B, emphasis added)

Here, PG & E is attempting to use Paragraph 11 of the Agreements to get their costs and attorney's fees paid by Plaintiffs. However, what is absolutely evident throughout the history of this case is that PG & E has argued from the beginning that Plaintiffs' action has nothing to do with their Severance Agreements. In both the Federal Court and arbitration, they have made this point clear. Plaintiffs request that the Court examine Defendants' Motion to Dismiss the Federal Complaint and Defendants' Second Motion to Dismiss the First Amended Complaint. Also, under Section III (Legal Analysis), Subsection A.1. of PG & E's Motion to Dismiss Arbitration Claim of Thomas Knowles and Thomas Hicks, PG & E's opinion is unmistakable:

> The Severance Agreement is an unambiguous written contract. The arbitration clause permits arbitration of disputes arising out of that agreement, *not arbitration of all claims arising out of employment*…Claimants assert three claims, but none of them dispute a provision of a Severance Agreement. An arbitration clause determines the scope of an arbitration, and an arbitrator may consider only disputes that are encompassed by an arbitration agreement. A party is not required to arbitrate any dispute it has not agreed to arbitrate. (see EXHIBIT 1 of Declaration of Mahsa Gholami, Esq. in Support of Plaintiffs' Opposition to Defendant's Motion for Costs and Attorney Fees and Plaintiffs' Objection to Defendant's Request for Judicial Notice, p. 4, Section A.1., emphasis added)

> ….

> The Severance Agreement's arbitration clause limits arbitration to disputes as to the written contract. The scope of the arbitration clause does not encompass claims based on a separate and distinct oral contract. (see EXHIBIT 1 of Declaration of Mahsa Gholami, Esq. in Support

7

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1   of Plaintiffs' Opposition to Defendant's Motion for Costs and Attorney Fees and Plaintiffs'
2   Objection to Defendant's Request for Judicial Notice, p. 6, Section A.3.b.)

3   PG & E's Motion to Dismiss the Arbitration Claim of Plaintiffs is filled with statements similar
4   to the above; PG & E's Motion to Dismiss the federal action is also filled with similar
5   arguments.  PG & E makes it absolutely clear that Plaintiffs cannot arbitrate this dispute.  They
6   insist that the claims have nothing to do with the Severance Agreements, and therefore, are not
7   arbitrable.  They gave Plaintiffs no choice but to argue their case in the Federal Court since PG
8   & E would not agree to arbitrate the dispute.

9       PG & E is adamant about the fact that the arbitration clause in the Agreements is inapplicable
10  since Plaintiffs' claims are "a separate and distinct oral contract" allegation.  Ironically now,
11  when it suits them, they want to "document shop" and use that same Agreement that they so
12  aggressively insisted was irrelevant to this case.  Interpreting PG & E's own words, Plaintiffs'
13  federal action did not attempt to challenge the validity or set aside the Severance Agreements.
14  Moreover, Paragraph 11 of the Agreements cannot be invoked because it is "separate and
    distinct" from Plaintiffs' claims.

15      Defendant PG & E's statements have been consistent—they claim that Plaintiffs' causes of
16  action and allegation for breach of oral contract has nothing to do with the Severance
17  Agreements they entered into.  That is why they have aggressively tried to dismiss the action in
18  arbitration.  If PG & E believed that the claims were related to the Severance Agreements, then
19  they would not be doing everything possible to get this case out of arbitration.  PG & E denies
20  the arbitrability of this action and denies that it has any connection to the Severance Agreements.
21  Therefore, this attempt to suddenly pull the Agreements into Federal Court in order to obtain
22  attorney fees is deceitful, contradictory, and improper.

23      B.  Attorney Fees Are Generally Not Awarded.

24      In the absence of either a provision in the parties' agreement for the allocation of attorney's
25  fees to the prevailing party (or otherwise), or a statute dictating an award of fees, each party
26  bears its own attorney's fees [see Salgado v. County of Los Angeles (1998) 19 C4th 629, 651].
27  California follows what is commonly referred to as the American rule, which provides that each
28  party to a lawsuit must ordinarily pay his own attorney fees.

8

Knowles & Hicks v. PG & E, et al.
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1

2    Here, Defendant PG & E was granted a dismissal of the Section 301 action filed by Plaintiffs.

3    However, there is no contractual or statutory basis in which this entitled PG & E to attorney fees.

4    Defendant PG & E is making a desperate reach for a clause contained in Plaintiffs' Severance

5    Agreements—Agreements that PG & E has steadfastly contended have nothing to do with

6    Plaintiffs' complaint and have nothing to do with Plaintiffs' causes of action.

7    The Severance Agreements should not be considered in Defendant PG & E's Motion for

8    Attorney Fees and Costs since the Court made it clear that this was a Section 301 action based on

9    the CBA and PG & E made it clear that the Severance Agreements had nothing to do with

10    Plaintiffs' claims. Even assuming, <u>arguendo</u>, that PG & E had any basis to request their fees and

11    costs pursuant to Paragraph 11, attorney fees and costs should still be denied because Paragraph

12    11 is one-sided, inequitable, and unconscionable. An award of attorney fees and costs under

13    Paragraph 11 would be contradictory to the intent behind Cal. Civ. §1717's allowance of

14    attorney fees.

15    Paragraph 11 of the Severance Agreements does not give any potential relief to Plaintiffs.

16    For example, if their "attempt to set aside or challenge the validity of this Severance Agreement

17    and Release is" *granted*, Plaintiffs do not have any option of obtaining "any loss, cost, damage,

18    or expense, including, without limitation, attorney's fees [they] incurred in the proceeding." In

19    short, Paragraph 11's attorney fees clause is one-sided, unfair, and inequitable since it only gives

20    *PG & E* the option to get attorney fees and costs.

21    Nonetheless, even if the attorney fees clause was still found to be valid, it would be

22    inapplicable to the case at bar. Here, PG & E is asking for attorney's fees incurred in defending

23    a Section 301 action. There is no statute or contractual basis for such award of attorney's fees

24    and therefore, their request should be denied. <u>PG & E cannot argue that the Severance</u>

25    <u>Agreements should be ignored and that they have nothing to do with Plaintiffs' claims, and then</u>

26    <u>after getting what they want based on such argument, creatively bring the Agreements back to</u>

27    <u>get fees and costs.</u> Finally, it should be noted that the Court already ruled that both sides should

28

9

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1    bear their own costs in this action.  Defendant PG & E was not awarded costs then, and it should

2    not be awarded costs now.

3

4       C.  <u>In The Severance Agreements, The Attorney Fees Clause Is Only Applicable When
         Plaintiffs Challenge The Validity Of The Severance Agreements. That Is Not What Plaintiffs</u>

5       <u>Did In This Action, And Therefore, Attorney Fees Cannot Be Invoked.</u>

6

7       Paragraph 11 of the Agreements only allows attorney fees and costs to be awarded *if*

     Plaintiffs attempt to set aside or challenge the validity of the Agreements.  Plaintiffs have not
8
     done either action and therefore, Paragraph 11 cannot be invoked.  In Plaintiffs arguments, they
9
     stated that they entered into oral agreements with PG & E.  Pursuant to such oral agreements for
10
     a 60 month preferential right to re-employment, Plaintiffs entered into the Severance
11
     Agreements.  Plaintiffs have never challenged the validity of the Agreements, nor have they ever
12
     attempted to set aside the Agreements.  Instead, they have claimed that there was a breach of an
13
     oral agreement. This oral agreement does not invalidate or challenge the Severance Agreements.
14
     Therefore, Paragraph 11 of the Agreements is not invoked even if, <u>arguendo</u>, the Agreements
15
     were related to this case.

16
        D.  <u>Plaintiffs' Action Has Not Be Determined Or Finalized Yet And Whether An Award For
17      Attorney Fees Is To Be Granted Should Be Left Up To The Arbitrator Ruling On The Actual
        Claims.</u>
18

19      Currently, the parties are pursuing arbitration.  This was after much difficulty and resistance

     by PG & E, who insisted that the action was not arbitrable.  Defendant PG & E argued that the
20
     Plaintiffs' claims were not arbitrable despite an arbitration clause in Plaintiffs' Severance
21
     Agreements.  Even though they made such arguments in both the Federal Court and arbitration,
22
     they are now trying to use that same Agreement to enforce an attorney fees clause.  Defendant
23
     PG & E's Motion to Dismiss was denied in arbitration and there is currently an August 2008
24
     arbitration date on the issues.  Whether attorney fees should be granted is a decision for the
25
     arbitrator, not this Court.  The final outcome of this case has not been decided and since PG & E
26
     denies any relation between Plaintiffs' claims and the Agreements, the request for attorney fees
27
     and costs should be denied and if applicable, PG & E should request such award in arbitration.

28
                                            10

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

E.  The Amount For Attorney Fees Requested By PG & E Is Inappropriate And Unearned.

As a general rule, the determination of what constitutes a reasonable attorney's fees is left up to the discretion of the court. (*PLCM Group, Inc. v. Drexler* (2000) 22 C4th 1084, 1095-1096) PG & E presented practically identical arguments and legal research in both its Federal defense and in arbitration. They did little more than copy/paste their arguments from the arbitration to the federal documents. Furthermore, Darren Roach, Esq. was not really part of the federal action. PG & E appears to have numerous attorneys, all seasoned and each capable of handling the issues on their own, reviewing and preparing the same documents. Plaintiffs should not have to pay for PG & E's counsels' "education" if they required extensive and unreasonable time to prepare documents and have several equally capable attorneys in their office assist in this matter. Plaintiffs' attorney fees did not reach even close to what Defendant PG & E is requesting. Furthermore, all of the work Defendant PG & E did, except for the couple court appearances that were made, was practically identical to the work they already were performing in the arbitration. To award PG & E attorney fees for work that they had already performed in the arbitration is unreasonable and unfair.

> Calculating the lodestar requires the district court to find the product of the number of hours the attorneys *reasonably* expended and the rate the attorneys reasonably charged, *with reasonableness informed by various considerations*, including the plaintiff's success…(Citation)…The precision with which the district court relays this calculation is somewhat discretionary, but we do require the district court to "'articulate with sufficient clarity'" the manner in which it adjusts the lodestar figure… (*Caudle v. Bristow Optical Co.* (9th Cir. 2000) 224 F.3d 1014, emphasis added)

Here, the requested attorney fees, amount expended, time expended, and number of seasoned attorneys expended to defend the federal action is far from reasonable.

     i.     PG & E IS NOT ENTITLED TO ATTORNEY FEES AND COSTS FOR WORK PERFORMED IN ARBITRATION YET THAT IS PRECISELY WHAT THEY ARE ASKING THIS COURT TO AWARD.

In Exhibit A to Declaration of Glen Turner in Support of Defendants' Motion for Costs and Attorney Fees, Mr. Turner even includes "all time spent on the arbitration" (see Declaration of Glen Turner in Support of Defendants' Motion for Costs and Attorney Fees, p. 3:12) Even "case strategy," "case intake," "communication with co-counsel at PG & E," "document management," and "miscellaneous matters" have to do, at least in part, with the arbitration. Those types of

11

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1  work are in fact for the arbitration since we were initially arguing this matter in arbitration. PG

2  & E is definitely not entitled to fees for work performed for the arbitration since that action is

3  still moving forward and so far, they have not succeeded in their attempts to dismiss the case.

4  (see p.3, lines 14-17 and 19 of Mr. Turner's Declaration for citations from the quoted items

5  above)  Even more shocking, PG & E is including work performed for "the petition for vacatur

6  and petition to relate case in the district court." (see p. 3:13 of Mr. Turner's Declaration)  They

7  did not prevail on their Motion to Vacate the Arbitrator's Interim Award and to Stay Arbitration.

8  They are not entitled to any attorney fees for the work performed preparing such documents and

9  legal research.

10      PG & E performed almost the identical tasks for federal court that they already had

11  performed for the arbitration, except for a couple court appearances and a Joint Case

12  Management Conference Statement.  Further, they claim that they needed several attorneys to do

13  this when it is obvious that each of them had the experience and knowledge to handle it alone.  In

14  Mr. Turner's Declaration, he states that attorneys Kumagai and Lafayette both have over 20

15  years of experience. (see p. 4, paragraphs 13 and 14)  Mr. Turner states that he has over 8 years

16  of experience (see p. 4, paragraph 15).  He goes on to explain how attorney Mark Penskar has

17  over 30 years of experience (see p. 7:22-23 of Exhibit A to Mr. Turner's Declaration entitled

18  Explanation of Defendant's Attorney Fees Charged) Attorney Darren Roach has over 15 years of

19  experience (see Declaration of Darren P. Roach in Support of Defendants' Motion for Costs and

20  Attorney Fees, p. 2, paragraph 4).  Much of their billing was unnecessary and duplicative since

21  the work was already done in arbitration.  Furthermore, PG & E did not need several seasoned,

22  experienced attorneys reviewing, preparing, and discussing the same claims and arguments.

23      The amount of time and amount of attorneys required to defend this action suggests that PG

24  & E over-billed, billed for their education and training, double-billed, and/or did not have the

25  competence to have one or two of their experienced attorneys handling this case since they

26  seemed to need numerous ones.  Plaintiffs' counsel could have also had every attorney in their

27  office review documents and discuss the facts, but that would be inappropriate and unreasonable.

28  Similarly, Defendant PG & E should not be rewarded for their over-billing and double-billing

12

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

practices. All of the work performed had already been performed at arbitration. Furthermore, the time and amount of the billing is unreasonable. The fact that PG & E is attempting to get their attorney fees for an arbitration that is ongoing and one that they have not been granted any relief thus far is shocking and deceptive. That arbitration is a separate matter from the federal case. PG & E's actions in this motion demonstrate inequity and unreasonableness. Not only have they document shopped and decided to use a Severance Agreement they adamantly argued was separate and distinct from Plaintiffs' claims, but they are also trying to get attorney fees for the arbitration paid by the federal court even though they have not succeeded thus far in arbitration. This improper conduct should not be condoned.

Furthermore, the objective of Cal. Civ. § 1717 is to reimburse a party for attorney fees that the party has paid, or to indemnify the party for fees that the party has become liable to pay, provided the fees so paid or incurred are reasonable. [*see San Dieguito Partnership v. San Dieguito River Valley Regional Etc. Authority* (1998, Cal App 4th Dist) 61 Cal App 4th 910]. Here, Defendant PG & E is requesting attorney's fees in part for work that they performed when they were in-house counsel. PG & E did not actually *pay* anything additional to that which they would have paid anyways for their in-house counsel. Therefore, PG & E should not be entitled to attorney fees that they have not been paid nor have they earned. Although it is true that in-house counsel may still be entitled to attorney fees, again, the argument is still that the work was the same work that was already performed for the arbitration. PG & E is not entitled to the outlandish attorney fees they are requesting for having several, experienced attorneys prepare and argue a Motion to Dismiss that was already prepared in the arbitration.

ii.    PLAINTIFFS REQUEST AN IN CAMERA EXAMINATION OF PG & E'S ACTUAL TIME ENTRIES AND BILLS.

Finally, Plaintiffs request that the Court do an in camera examination of the actual bills and time entries by PG & E's counsel to determine the reasonableness of them. The "Details of the Fees Charged," attached to Mr. Turner's Declaration, does not provide enough information of what work was done, what work was unreasonable and double-billing, and what work had to do with arbitration. Even if the Court compares PG & E's Motion to Dismiss the Arbitration and

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

PG & E's Motion to Dismiss the Federal Action, the similarities are evident and PG & E's insistence that over $70,000.00 was spent in attorney fees *for just the federal case* will clearly be inappropriate. Even in the declarations of counsel, they discuss work that was specifically performed during arbitration. The arbitration is still active, and PG & E has no basis to request attorney fees and costs for their work on the arbitration. Specifically, Mr. Penskar and Mr. Roach's office should not be charging anything for the federal case since the LK firm was the active attorneys in that case.

F.   The Severance Agreement Does Not Allow For Attorney Fees If Plaintiffs Make A Claim Under The Age Discrimination And Employment Act.

The final sentence contained in the Agreements' Paragraph 11 states that:

[t]he parties agree that this paragraph shall not apply to the lawful exercise of any right [Plaintiffs] may have under the Age Discrimination and Employment Act and that such matters shall be governed by the provisions of said Act. (see Defendants Pacific Gas and Electric's Request for Judicial Notice in Support of Motion for Attorney Fees, Exhibits A and B)

In the case at bar, Plaintiffs' complaint and amended complaint included a cause of action for Age Discrimination. Plaintiffs previously requested and received Right to Sue letters from Fair Employment and Housing, and following such letters, filed suit. Defendant PG & E's claim for attorney fees and costs incurred in defending the Federal action is based, in part, on their defense of the Age Discrimination action. Even if Paragraph 11 of the Agreements was entertained by this Court, Defendant PG & E should still not be awarded attorney fees and costs since Plaintiffs' claims included a cause of action for Age Discrimination. Defendant PG & E is not entitled to reimbursement of attorney fees and costs pursuant to the defense of such claim.

## IV. CONCLUSION

Plaintiffs' action was found to be preempted by Section 301 of the Labor Management Relations Act. The Court found that Plaintiffs' claims were dependent on their Collective Bargaining Agreement. This was PG & E's position from the beginning, and PG & E adamantly argued that the Severance Agreements had nothing to do with Plaintiffs' claims. Defendant PG

14

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1  & E cannot now, suddenly, bring up the Severance Agreements in order to obtain attorney fees

2  from a provision contained in such Agreements when they have consistently argued that this case

3  has nothing to do with Severance Agreements.  Based on the foregoing arguments, as well as the

4  Court's understanding of this case's history, Plaintiffs respectfully ask that the Court deny

5  Defendant PG & E's request for attorney fees and costs.  If there is ever a point to make such

6  determination, it should be left to the arbitrator.

7

8                                                       Respectfully Submitted,

9  Dated: June 5, 2008                                  BECK LAW, P.C.

10

11

12                                          By:         _____

13                                                      Mahsa Gholami, Esq.
                                                        Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Opposition to Defendant PG & E's Motion For Costs and Attorney Fees