Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.<br><br>Defendants. | Case No.:   C-07-2284-CW<br><br>**PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: June 26, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Honorable Claudia Wilken |

Plaintiffs THOMAS KNOWLES and THOMAS HICKS HEREBY OBJECTS to Defendant PACIFIC GAS AND ELECTRIC COMPANY'S Request for Judicial Notice of the Severance Agreements, marked as Exhibits A and B to Defendants Pacific Gas and Electric's Request for Judicial Notice in Support of Motion for Attorney Fees.

As discussed in detail in Plaintiffs' Opposition to Defendants Motion for Costs and Attorney Fees, the Severance Agreements are separate and distinct from Plaintiffs' claims. PG & E has made this absolutely clear throughout this action. From the beginning, PG & E's argument has been that Plaintiffs' claims are independent and unrelated to the Severance Agreements they entered into. That is why PG & E opposed Plaintiffs attempts to arbitrate the claims—PG & E insisted that the claims were not arbitrable because there was no contractual obligation to arbitrate a breach of an oral agreement that PG & E claimed was based on a

*Knowles & Hicks v. PG & E, et al.*     1
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Objection to Defendant PG & E's Request for Judicial Notice

Collective Bargaining Agreement. PG & E was unequivocal in its opinion that the arbitration clause contained in the Severance Agreements had nothing to do with Plaintiffs' claims and that the Agreements should be ignored altogether. Only now, seeing that they only have one opportunity to try for attorney fees, they suddenly want to use the very document they aggressively distinguished.

Judicial notice is permitted only when it is authorized or required by law. The Court has wide discretion in this area since the document that PG & E is requesting to be judicially noticed is permissive. PG & E is document shopping. The Severance Agreements attached to PG & E's Request for Judicial Notice were found to be separate and distinct from Plaintiffs' claims. PG & E has repeatedly and consistently argued this point. Furthermore, the matter to be given judicial notice must be relevant to the case [*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal. 4th 1057, 1063; *Del Mar Terrace Conservancy, Inc. v. City Council* (1992) 10 Cal. App. 4th 712, 744; see Evid. Code § 350 (relevance requirement); see also *ITT Telecom Products Corp. v. Dooley* (1989) 214 Cal. App. 3d 307, 313 n.4 (appellate court declining request to take judicial notice of order terminating federal court action when party failed to show its relevance)]. Because the Agreements are not relevant to the federal action, the Court should not take judicial notice of them. Plaintiffs respectfully request that the Court deny Defendant PG & E's request for judicial notice of the Severance Agreements.

Respectfully Submitted,

Dated: June 5, 2008

BECK LAW, P.C.

By: _____
Mahsa Gholami, Esq.
Attorney for Plaintiffs

*Knowles & Hicks v. PG & E, et al.*   2
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Objection to Defendant PG & E's Request for Judicial Notice