1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  SUSAN T. KUMAGAI (State Bar No. 127667)
   GLEN E. TURNER (State Bar No. 212417)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone:   (415) 357-4600
   Facsimile:   (415) 357-4605
5  skumagai@lkclaw.com
   gturner@lkclaw.com
6
   STEPHEN L. SCHIRLE (State Bar No. 96085)
7  MARK H. PENSKAR (State Bar No. 77725)
   DARREN P. ROACH (State Bar No. 159998)
8  77 Beale Street, B30A
   P.O. Box 7442
9  San Francisco, California 94105
   Telephone: (415) 973-6345
10 Facsimile:  (415) 973-5520
   dprc@pge.com
11
   Attorneys for Defendant
12 PACIFIC GAS AND ELECTRIC COMPANY

13

14                    UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17 THOMAS KNOWLES and THOMAS            Case No. C 07-2284 CW
   HICKS,
18                                      **DEFENDANT PACIFIC GAS AND**
              Plaintiffs,               **ELECTRIC COMPANY'S REPLY TO**
19                                      **PLAINTIFFS' OPPOSITION TO**
   vs.                                  **MOTION FOR COSTS AND**
20                                      **ATTORNEY FEES AND**
   PACIFIC GAS AND ELECTRIC             **MEMORANDUM OF POINTS AND**
21 COMPANY, DEANNA RADFORD, and         **AUTHORITIES IN SUPPORT**
   DOES 1-20,                           **THEREOF**
22
              Defendant.                Date:      N/A
23                                      Time:      N/A
                                        Location:  Courtroom 2
24                                      Judge:     Hon. Claudia Wilken
25                                      Amended Complaint Filed:  Dec. 5, 2007
26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION............................................................................ 1

II.   STATEMENT OF ISSUES............................................................... 1

III.  STATEMENT OF FACTS.............................................................…... 2

IV.   DISCUSSION.....................................................…..…….......…..2

   A. Defendant is Entitled to Attorneys' Fees Under the Severance
     Agreements.................................................................................... 2

     1. The Attorneys' Fees Clause in the Severance Agreements Is
       Enforceable............................................................................... 2

       a. The Dispute Triggers the Attorneys' Fees Clause......................... 3

         i.  Plaintiffs' Claims Related to Their Employment
           With PG&E Evoke the Attorneys' Fees Clause...................... 3

         ii. Plaintiffs Have Sought to Set Aside or Challenge
           the Validity of the Severance Agreements..............................5

       b. Attorneys' Fees Issue Is Ripe for Consideration............................ 6

   B.  PG&E's Attorneys' Fees Are Reasonable........................................... 7

     1. PG&E's Motion Does Not Include Work Relating to the Arbitration........ 7

     2. Plaintiffs' Attorneys' Time Spent Is Irrelevant ……………………….....  10

     3. The Age Discrimination Lawful Exercise Clause is Inapplicable............. 10

   C. Plaintiffs Misstate PG&E's Prior Positions on the Severance Agreements....  10

   D. PG&E Does Not See the Need for In Camera Review............................ 11

V.    CONCLUSION.............................................................................11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEF PG&E'S REPLY TO PLFS' OPPO. TO MOTION FOR COSTS AND ATTORNEY FEES AND MEMO.
OF PTS AND AUTHO. IN SUPPORT THEREOF
Case No. C 07-2284 CW

i

1

TABLE OF AUTHORITIES

2

**Page**

3

**Federal Cases**

4

*Ballen v. City of Richmond*
466 F.3d 736, 746 (9th Cir. 2006)……………………..……………………………..9

5

*Gilmer v. Interstate/Johnson Lane Corp.*
500 U.S. 20, 29 (1991)……………………………………………………………10

6

7

*In re Baroff*
105 F.3d 439 (1997)……………………………………………………………4, 5

8

*INS v. Jean*
496 U.S. 154, 165 (1990) …………………………..……………………………..7

9

10

*Schlobohm v. Pepperidge Farm, Inc*
806 F.2d 578, 580 (5th Cir. 1986) ……………………..……………………………7

11

**California Cases**

12

*Indenco, Inc. v. Evans*
201 Cal.App.2d 369, 374 (1964)………..……………………………………..…3

13

*Perry v. Robertson*
201 Cal.App.3d 333, 343 (1988)……………………………………..………..6

14

15

*Poseidon Development, Inc. v. Woodland Lane Estates, LLC*
152 Cal.App.4th 1106, 1113 (2007) ……………………………………..……3

16

17

*Segal v. Silberstein*
156 Cal.App.4th 627, 633 (2007)………………………………………..…3, 4, 10

18

**Federal Statutes**

19

29 U.S.C. § 626(f)                                                        10

20

**California Statutes**

21

Cal. Civil Code § 1717…………………………………………………………4

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

ii

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

PG&E sought Severance Agreements from plaintiffs partially because it wished to purchase litigation peace from lawsuits relating to plaintiffs' employment. Knowles and Hicks each received more than $50,000.00 as consideration for the promise not to file a lawsuit or proceeding related to their employment (plaintiffs agreed "not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any claim released by him/her under this Severance Agreement and Release."). Despite these written agreements, and despite plaintiffs' counsel's knowledge of the existence of these agreements, plaintiffs filed two lawsuits related to their employment. The dismissal with prejudice of the second lawsuit entitles PG&E to collect contractual attorneys' fees.

Plaintiffs advance several arguments but have not disputed the facts essential to this motion:

1.  they knowingly and intentionally executed the Severance Agreements,

2.  plaintiffs' counsel knew of these Agreements,

3.  the Agreements contain an undisputed and valid attorneys' fees clause,

4.  plaintiffs filed a lawsuit with knowledge of the Agreements,

5.  the Complaint and Amended Complaint sought restoration of benefits allegedly due, damages and other relief from PG&E despite the Agreements, i.e., the plaintiffs sought to set aside those Agreements and their effect, and

6.  the Court dismissed plaintiffs' challenge with prejudice.

Any other arguments are an attempt to deflect the Court from these main issues. Plaintiff's primary arguments are either irrelevant to this motion or legally insufficient.

## II.    STATEMENT OF ISSUES

1.    Whether the Severance Agreements entered into by the parties entitle defendant PG&E to attorneys' fees because plaintiffs knowingly initiated a lawsuit pursuing claims explicitly barred by those Agreements; and

///

1

2.    Whether the attorneys' fees requested by PG&E are based on reasonable hourly rates and reasonable expenditure of time (PG&E is not seeking costs of the related arbitration or costs of this motion for fees, and is charging hourly rates lower than rates approved by the Ninth Circuit).

### III.    STATEMENT OF FACTS

Plaintiffs Knowles and Hicks each voluntarily entered into a Severance Agreement.  In exchange for more than $58,000.00 each, Knowles and Hicks each agreed to release all claims against PG&E, and in the event he filed such a claim and failed, PG&E was entitled to its costs of the suit, including attorneys' fees.  Contractual attorney-fee provisions are valid under California and federal law.  Plaintiffs filed two civil suits against PG&E in violation of the Severance Agreements.  This Court dismissed their action with prejudice on May 5, 2008.  Because of the dismissal, PG&E is entitled to its attorneys' fees for defending the suits.

### IV.    DISCUSSION

**A.    Defendant is Entitled to Attorneys' Fees Under the Severance Agreements.**

The Severance Agreements between PG&E and the plaintiffs contain a valid, applicable attorneys' fees provision triggered by this dispute.  The fees provision makes the requested fees ripe for award at this time.

Plaintiffs explicitly challenged the Severance Agreements on multiple occasions.  This entire proceeding invokes PG&E's right to receive attorneys' fees under those Agreements.

**1.    The Attorneys' fees Clause in the Severance Agreements Is Enforceable.**

A reading of the Agreements shows that the parties intended to "compromise, resolve, settle, and terminate *any* dispute or claim between them with respect to [plaintiffs'] employment with PG&E and severance therefrom."  Severance Agreements at p. 1.  Plaintiffs also agreed not to initiate a lawsuit on a released claim (including discrimination, contract, and tort claims).  Id. at ¶ 4.  The attorneys' fees clause at issue declares that if one of the plaintiffs

initiates a proceeding . . . to set aside or challenge the validity of this Severance Agreement and Release . . . [and] his/her attempt to set aside or challenge the validity of this Severance Agreement and Release is rejected, he/she shall pay to PG&E any loss, cost, damage, or expense, including, without limitation, attorneys' fees

DEF PG&E'S REPLY TO PLFS' OPPO. TO MOTION FOR COSTS AND ATTORNEY FEES AND MEMO. OF PTS AND AUTHO. IN SUPPORT THEREOF
Case No. C 07-2284 CW

2

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    PG&E incurred in the proceeding, within seven (7) calendar days from the final
     decision rejecting his/her attempt.

2    Severance Agreements at ¶ 11.  The only issues are whether the plaintiffs initiated a proceeding

3    they agreed not to pursue and whether the proceeding was rejected.  The answers to both those

4    questions are in the affirmative.

5              **a.       This Dispute Triggers the Attorneys' Fees Clause.**

6              **i.       Plaintiffs' Claims Related to Their Employment With PG&E
                           Evoke the Attorneys' Fees Clause**.

7    

8         Plaintiffs would have this Court focus narrowly on the construction of the specific clause

9    authorizing attorneys' fees, without considering the context of the entire agreement.  (Plaintiffs'

10   Memorandum of Points and Authorities in Opposition to Defendants' Motion for Costs and

11   Attorneys' Fees ("Plaintiffs' Opp.") at 10:6-14.)  While this approach conflicts with California's

12   rules regarding contractual interpretation, the attorneys' fees clause, whether read alone or with

13   the entire agreement, allows PG&E to recover its fees.

14        A contract must be viewed "as a whole, avoiding a piecemeal, strict construction

15   approach."  Segal v. Silberstein, 156 Cal.App.4th 627, 633 (2007); see also Poseidon

16   Development, Inc. v. Woodland Lane Estates, LLC, 152 Cal.App.4th 1106, 1113 (2007)

17   ("Specific provisions of a contract should not be considered in isolation."); Indenco, Inc. v.

18   Evans, 201 Cal.App.2d 369, 374 (1964) ("It is a primary rule of interpretation that . . . the

19   intention of the parties must be collected from the entire instrument and not detached portions

20   thereof, it being necessary to consider all of the parts to determine the meaning of any particular

21   part as well as of the whole.").  "The overriding goal of contract interpretation is to give effect to

22   the mutual intention of the parties at the time of contracting."  Poseidon Development at 1114.

23        In this case, the opening paragraph of the Severance Agreements provides that the

24   plaintiffs "wish to compromise, resolve, settle, and terminate *any* dispute or claim between them

25   with respect to [plaintiffs'] employment with PG&E and severance therefrom."  Severance

26   Agreements at p. 1.  A reading of the entire agreement shows that the intent of the parties to the

27   Agreements was for PG&E to pay consideration in exchange for a release by the plaintiffs of "all

28   actions, causes of action, claims, disputes, judgments, obligations, damages, liabilities of

DEF PG&E'S REPLY TO PLFS' OPPO. TO MOTION FOR COSTS AND ATTORNEY FEES AND MEMO.
OF PTS AND AUTHO. IN SUPPORT THEREOF
Case No. C 07-2284 CW

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

whatsoever kind and character." Id. at ¶ 4. The Severance Agreements also contain an integration clause and a no modifications clause intended to assure that the release of claims was absolute and applied to all claims. Id. at ¶ 15.

Since the intent of the entire agreement was to bar all claims related to the plaintiffs' employment, the intent of the attorneys' fees clause at paragraph 11 was to avoid forcing PG&E to expend time and expense defending against any such claims. However, that is just what has happened here--the plaintiffs sought to pursue employment claims barred by the Severance Agreements, and they cannot recover without effectively setting aside the Severance Agreements.

Read as a whole, the Agreements provide that if the plaintiffs initiate any proceeding wherein they bring a claim based on their employment, plaintiffs are liable to PG&E for its attorneys' fees incurred in such proceeding if the plaintiffs do not prevail. Such is the case here. To hold that the attorneys' fees provision is activated only when plaintiffs bring a proceeding such as a declaratory judgment proceeding for the sole purpose of setting aside the Severance Agreements is contrary to the explicit language of the Agreements and would be to indulge in the sort of "piecemeal, strict constructionist approach" that is disfavored by the courts. Segal 156 Cal.App.4th at 633.

The Ninth Circuit addressed similar issues in In re Baroff, 105 F.3d 439 (1997), and held that an attorneys' fees provision contained in an agreement of settlement and release was applicable when the prevailing party had used the agreement to defend an action barred by the release agreement. The settlement agreement in Baroff provided that *if a party brought an action to enforce the agreement*, the losing party would pay the prevailing party's attorneys' fees. Id. Appellant filed for bankruptcy and appellee filed an action for nondischargeability, seeking to bar appellant's alleged oral debts from bankruptcy discharge. Id. Appellant successfully defended the action using the settlement agreement's broad release of claims. Id. at 441. On appeal, the Ninth Circuit held the action to be "an action on that contract" because appellant had defended based on the settlement agreement and awarded attorneys' fees under the agreement because the granting of appellee's claim by the bankruptcy court "effectively would have avoided or rescinded the release in the settlement agreement." Id. at 442.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEF PG&E'S REPLY TO PLFS' OPPO. TO MOTION FOR COSTS AND ATTORNEY FEES AND MEMO.
OF PTS AND AUTHO. IN SUPPORT THEREOF
Case No. C 07-2284 CW

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Here, as in <u>Baroff</u>, the parties entered into a broad agreement to release claims.  Other similarities with Baroff include:

- a party brought an action on a claim barred by the agreement's broad release of claims;

- the action was not an action to enforce the settlement agreement;

- the other party defended by using the agreement's broad release of claims; and

- plaintiff had pursued a claim barred by the settlement agreement which, if granted, "effectively would have avoided or rescinded the release in the settlement agreements."

Here, as in <u>Baroff</u>, the action is an action on the Severance Agreements and PG&E should be awarded attorneys' fees incurred in defending against the action.

### ii.    Plaintiffs Have Sought to Set Aside or Challenge the Validity of the Severance Agreements.

Plaintiffs have throughout these proceedings explicitly sought to set aside or challenge the validity of the Severance Agreements.

Initially, plaintiffs did not even mention the Severance Agreements in their April 2007 Complaint.  However, plaintiffs did file breach of contract, breach of the covenant of good faith and fair dealing, discrimination, and "malice, oppression and fraud" claims related to their employment and the termination thereof.  All of these claims violated the Agreements and were filed after PG&E had specifically informed plaintiffs of the existence of the Agreements.  Although plaintiffs' complaint attempted to ignore the Agreements entirely, PG&E argued that the Severance Agreements are inextricably intertwined with, and in fact bar, plaintiffs' entire lawsuit.  (<u>See</u> Defendant PG&E's Motion to Dismiss Plaintiff's Complaint, filed July 30, 2007, at 9:22-11:14.)

Thereafter, plaintiffs explicitly challenged the Severance Agreements.  In their Opposition to defendant's first motion to dismiss filed by PG&E on July 30, 2007, plaintiffs argued that the Severance Agreements were unconscionable and unenforceable.  (Plaintiffs' Opposition to Defendants' Motion to Dismiss at 12:21-13:14; 14:7-11.)  Plaintiffs called the Severance Agreements "adhesion contracts that left Plaintiffs without the requisite notice or reasonable expectations they were entitled to receive."  (<u>Id</u>. at 13:11-14.)

5

PG&E's motion to dismiss was granted with leave to amend and plaintiffs subsequently filed an Amended Complaint. In their Amended Complaint, plaintiffs argued that they were fraudulently induced to enter into the Severance Agreements because they did not wish their claims to be governed by the Agreements. (Amended Complaint at ¶¶ 56-61.) Like their unconscionability claim, which plaintiffs argued made the Severance Agreements unenforceable, a fraudulent inducement claim constitutes an attempt to set aside the Agreements, thus triggering the attorneys' fees clause. Under California law, a fraudulent inducement claim "seeks to avoid the contract rather than to enforce it; the essential claim is `I would not have entered into this contract had I known the truth.'" Perry v. Robertson, 201 Cal.App.3d 333, 343 (1988). That "essential claim" is exactly what was alleged here, where plaintiffs claim that the alleged "misrepresentation was material since it caused Plaintiffs into entering Severance Agreements with Defendant PG&E." (Amended Complaint at ¶ 59.) Plaintiffs asserted that they entered into the Severance Agreements in justifiable reliance upon the alleged misrepresentation. Id. at ¶ 61.

These direct attempts to challenge the Severance Agreements indubitably make this proceeding "a proceeding . . . to set aside or challenge the validity of this Severance Agreement and Release." (Severance Agreements at ¶ 11.) The language of the attorneys' fees provision makes plaintiffs liable to PG&E for "attorneys' fees PG&E incurred *in the proceeding*," and not merely for attorneys' fees incurred responding directly to plaintiffs' fraudulent inducement and unconscionability challenges to the Agreements. Id. (emphasis added).

### b.    Attorneys' Fees Issue Is Ripe For Consideration.

Plaintiffs also claim that attorneys' fees should not be rewarded now because this case has not been "finalized" in arbitration. Plaintiffs cite to no authority for this view, nor do they make any argument based on the Severance Agreements' language.

PG&E's right to attorneys' fees is triggered by the language of the Agreements. Paragraph 11 of the Severance Agreements requires plaintiffs to pay defendant's attorneys' fees within seven days of the rejection of the civil claim. Judgment was entered in this case in favor of defendant PG&E on May 5, 2008. Under the clear contractual language, plaintiffs' obligation

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

6

1  to pay attorneys' fees incurred in this action is based entirely on the rejection of plaintiffs' claim

2  by the Court.[1]

3  **B.    PG&E's Attorneys' fees Are Reasonable.**

4      Plaintiffs' arguments that PG&E's attorneys' fees are unreasonable are either factually

5  inaccurate or legally unsupported.

6      Plaintiffs' assertion that PG&E over-spent on this case, essentially because plaintiffs

7  claim they did the job for less, should carry no weight.  PG&E has documented its time in detail,

8  down to the amount of time spent by individual attorneys on individual tasks by date.  Plaintiffs

9  cannot make bald objections without specificity.

10      Plaintiffs do not dispute that the hourly rates charged by PG&E's counsel are

11  substantially below the rates charged by counsel of similar experience practicing in this area, as is

12  set forth in defendant's moving papers.  Additionally, defendant is not seeking payment for time

13  spent on the motion for attorneys' fees, even though such "fees on fees" have been approved by

14  the United States Supreme Court.  INS v. Jean, 496 U.S. 154, 165 (1990).  These are important

15  factors the Court should bear in mind when evaluating the reasonableness of PG&E's claimed

16  fees.

17      **1.    PG&E's Motion Does Not Include Work Relating to the Arbitration.**

18      Plaintiffs devote an entire section of their memorandum to an argument that PG&E is not

19  entitled to attorneys' fees and costs for work performed in arbitration.[2]  (Plaintiffs' Opp., pp.

20

21  _____

22  [1] Plaintiffs chose the strategic action of filing two separate proceedings and should not now be excused
    from the consequences of their litigation decision.  Plaintiffs, over defendant's objections, went forward

23  with the prosecution of two proceedings.  As plaintiffs have repeatedly noted, PG&E provided plaintiffs'
    counsel with copies of the Severance Agreements and requested she not pursue a civil claim.  However,

24  plaintiffs decided that a civil action—though very close if not identical to the claims they filed in
    arbitration—was the best strategic decision.  This civil proceeding was dismissed with prejudice and

25  obviously is distinct and separate from the arbitration proceeding.  Plaintiffs chose this course of action,
    understanding the risk of the fee provision.

26  [2] Although defendant is not, in fact, seeking recovery for work on the arbitration, courts have awarded
    fees for work on a civil proceeding and related arbitration proceedings.  Schlobohm v. Pepperidge Farm,

27  Inc., 806 F.2d 578, 580 (5th Cir. 1986).  PG&E's decision not to request compensation for hours spent on
    the arbitration is another indicator of the reasonableness of its request.

28

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   11:22-13:21.)  In fact, PG&E does not request compensation for work performed for the

2   arbitration.  Plaintiffs simply misinterpreted defendant's papers.

3       In summary, PG&E submitted a detailed declaration, with supporting exhibits,

4   identifying:  (1) work performed solely for the underlying civil action, for which PG&E seeks

5   100% fee recovery, (2) work performed solely on the arbitration for which PG&E does <u>not</u> seek

6   fees; and (3) some time that is indivisible—meaning attorney time for work performed in defense

7   both of the arbitration and the court action, for which PG&E is seeking recovery of only a portion

8   (less than 50%).

9       In the Declaration of Glen Turner in Support of Defendants' Motion for Costs and

10  Attorneys' fees ("Turner Decl."), Turner identified all tasks that have been undertaken by

11  attorneys at PG&E and at Lafayette & Kumagai LLP on this case.  (Turner Decl. at ¶ 5.)

12  Plaintiffs somehow infer from this that PG&E is seeking attorneys' fees for all time expended on

13  all tasks identified.  (Plaintiffs' Opp., pp. 11:24-12:9.)

14      Defendant's "Explanation of Attorneys' Fees," ("Explanation") provides defendant's

15  explanation of PG&E's actual charges.  The Explanation states that *time spent on tasks clearly*

16  *related to the arbitration is not charged for here at all*.  (<u>See</u> Turner Decl., Exh. A at p. 1:24; <u>see</u>

17  <u>also</u> Turner Decl., Exh. B (detailing time charged by task and date, and including no arbitration

18  tasks).

19      Plaintiffs also complain that "`case strategy,' `case intake,' `communication with co-

20  counsel at PG&E,' `document management,' and `miscellaneous matters' have to do, at least in

21  part, with the arbitration."  (Plaintiffs' Opp., p. 11:22-24.)  This is correct, and defendant only

22  seeks a fraction of this time--because it is impossible to precisely divide between the civil action

23  and the arbitration.  (Turner Decl., Exh. A at pp. 2:25-3:23.)  For example, attorneys at Lafayette

24  & Kumagai ("LK") expended 171.3 hours on tasks only related to the Court case and 203.7 hours

25  on tasks assignable to the arbitration, for a total of 375 assignable hours (referred to as "divisible

26  time" in the Explanation.)  <u>Id</u>. at p. 3:6-13.  This time is calculated to mean that LK attorneys

27  expended **45.68%** of 375, which means that LK attorneys expended 45.68% of their divisible

28  time on the court case.  But attorneys at LK also expended an additional 15.5 hours on tasks

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

8

1   that arguably assist both the Court case and the arbitration ("indivisible hours").  Turner Decl.,

2   Exh. B.  Since it is not easy to separate "indivisible time," PG&E multiplied those hours by

3   **.4568**, which means that PG&E is seeking recovery here for 45.68% of the "indivisible hours."

4        PG&E provided the Court its mathematical fee analysis.  While plaintiffs baldly claim

5   defendant's fees are high, they do not dispute PG&E's methodology.  PG&E's efforts are a

6   reasonable division of these hours between the Court action and arbitration.  Similarly, defendant

7   made a reasonable division of the time expended by PG&E's in-house attorneys between this

8   Court action and arbitration.  (Id. at pp. 6:23-7:20.)

9        **2.     Plaintiffs' Attorneys' Time Spent Is Irrelevant.**

10       Plaintiffs make the blanket assertion that PG&E's attorneys' fees are unreasonable

11  because plaintiffs say they would have spent less time on the same work.  Plaintiffs' Opp. at

12  11:4-12; 12:10-13:9.  Plaintiffs offer no authority for this proposition.  See Ballen v. City of

13  Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (refusing to reduce fees award although appellant

14  argued it had expended "significantly fewer hours" on the case).  The Court has no basis to

15  assume plaintiffs' time is reasonable.  Indeed, it is just as reasonable to assume that plaintiffs

16  were not zealous in the investigation and work-up of their case.

17       The underlying action involved contract and tort claims, federal preemption, multiple

18  doctrines under the Labor Management Relations Act, discrimination law, arbitration, equitable

19  estoppel, the primary rights doctrine, and contractual interpretation issues including doctrines of

20  integration, merger, prior oral negotiations, parol evidence, universal release, release of future

21  claims, unconscionability, fraud, liquidated damages, attorneys' fees and more.  PG&E was

22  reasonable in the time expended addressing all of the issues for their case in which it prevailed.

23       **3.     The Age Discrimination Lawful Exercise Clause is Inapplicable.**

24       Plaintiffs' cite to paragraph 11 misleads the Court with a flawed reading of this provision.

25  Not only do plaintiffs misquote the Severance Agreements, but their contractual interpretation is

26  erroneous.

27       Paragraph 11 does not refer to the making of "a claim," as plaintiffs assert, but states

28  instead that "this paragraph shall not apply to the lawful exercise of any right [plaintiff] may

9

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   have under the Age Discrimination and Employment Act and that such matters shall be governed

2   by the provisions of said Act." The plaintiffs could only reach the result they argue through

3   disfavored "piecemeal" contract interpretation that does not consider the entire contract. <u>Segal v.</u>

4   <u>Silberstein</u>, 156 Cal.App.4th 627, 633 (2007). The subject provision does *not* use the word

5   "claim" and could not be referring to "claims," because the plaintiffs waived the right to file

6   claims for age discrimination in paragraphs, 4, 5, 6 and 14 of the Agreements. Therefore, the

7   subject clause in paragraph 11 does not refer to claims and does not permit the filing of a claim.

8   The clause in paragraph 11 refers to only one lawful right: the right to rescind the Severance

9   Agreement within 45 days before signing or 7 days after signing pursuant to the provisions of the

10  Older Workers Benefit Protection Act.[3]  29 U.S.C. § 626(f). Those provisions are included in

11  paragraph 14 of the Agreements.

**C.      Plaintiffs Misstate PG&E's Prior Positions on the Severance Agreements.**

13          Plaintiffs unsupported allegations of "double-dealing and dishonesty" are irrelevant here.

14  Indeed, PG&E never argued that the Severance Agreements are inapplicable to plaintiffs' claims.

15          Plaintiffs claim PG&E "changed their argument"; "switched their arguments yet again";

16  "will say anything and will completely contradict itself over and over in order to get what they

17  want"; "take back all of their previous arguments"; and "now, when it suits them, they want to

18  `document shop'" (Plaintiffs' Opp. at 4:17; 4:23-24; 6:4-5; 6:8-9; 8:10-11). Remarkably,

19  plaintiffs assert that "this attempt to suddenly pull the Agreements into Federal Court in order to

20  obtain attorneys' fees is deceitful, contradictory, and improper." (<u>Id</u>. at 8:20-21).

21          The claim of sudden notice is not true. PG&E attached the Severance Agreements, on

22  July 30, 2007, to its counter-claim alleging breach of the Severance Agreements and seeking fees

23  and restitution under the Agreements. (<u>See</u> Pacific Gas & Electric Company's Counterclaim For

24  Breach of Contract Against Counterdefendants Thomas Knowles and Thomas Hicks, ¶¶ 6-23.)

25  Also, in its first motion to dismiss plaintiffs' complaint, filed July 30, 2007, PG&E argued that

26

27

28  _____
[3] The Older Workers Benefit Protection Act is an amendment to the ADEA. <u>Gilmer v. Interstate/Johnson Lane</u>
<u>Corp.</u>, 500 U.S. 20, 29 (1991).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

10

1  the Severance Agreements barred plaintiffs' claims.  (Defendant PG&E's Motion to Dismiss

2  Plaintiff's Complaint at 9:22-11:14 ("Plaintiffs Waived Their Right To Sue Pursuant To The

3  Severance Agreements.")).

4       Further, plaintiffs have provided no legal authority or argument as to whether it would

5  have any effect on the disposition of PG&E's attorneys' fees motion even if PG&E *had* done

6  what plaintiffs claim.  Plaintiffs' argument that PG&E has changed positions should be

7  disregarded.

8  **D.   PG&E Does Not See the Need for In Camera Review.**

9       PG&E remains willing to provide its billing records to the Court for in camera review

10 upon request.  We have not provided these records to this point because these bills contain

11 privileged information.

12                    **V.   CONCLUSION**

13      Plaintiffs voluntarily signed valid Severance Agreements, where they promised in

14 exchange for cash money to, among other things, reimburse to PG&E its attorneys' fees in the

15 case that plaintiffs should challenge the Severance Agreements and fail.  Plaintiffs have

16 challenged the Severance Agreements and failed.  PG&E has fully documented a claim for

17 attorneys' fees and costs in the amount of $72,871.24 expended in defending this case, and prays

18 that this Court should issue an Order awarding that amount to PG&E.

19

20 DATED:  June 12, 2008              LAFAYETTE & KUMAGAI LLP

21

22                              */s/ Glen Turner*_____
                               GLEN TURNER
23                             Attorneys for Defendant
                               PACIFIC GAS & ELECTRIC COMPANY
24

25                    **CERTIFICATE OF SERVICE**

26      I certify that a copy of this document was served electronically on June 12, 2008, on
   counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by
27 use of the Court's ECF system.

28                              */s/ Glen Turner*_____
                               GLEN TURNER                              11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605