LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520
dprc@pge.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20,<br><br>　　　　Defendant. | Case No. C 07-2284 CW<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      June 26, 2008<br>Time:      2:00 p.m.<br>Location: Courtroom 2<br>Judge:     Hon. Claudia Wilken<br><br>Amended Complaint Filed: Dec. 5, 2007 |

## **INTRODUCTION**

Plaintiffs Thomas Knowles and Thomas Hicks objects to Defendant PG&E's Request for Judicial Notice on the grounds that the Severance Agreements are "separate and distinct from Plaintiffs' claims." Plaintiffs' assertions are completely meritless.

1  The Severance Agreements were attached to Defendant PG&E's counterclaim in support of their cause of action for breach of contract against Plaintiffs for bringing the underlying action. In its November 29, 2007 Order granting Defendant's First Motion to Dismiss, the Court sustained defendant's request to take judicial notice of the Severance Agreements. (Order Granting Defendant PG&E's Motion to Dismiss With Leave to Amend at 7:5-6.)  A court may take judicial notice of its own records.  See, Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157; Hymes v. Procunier, 428 F.2d 824, 824 (9th Cir. 1970).

One of the issues in this action is, and has been, that Defendant has been forced to litigate Plaintiffs' claims for breach of contract in violation of the Severance Agreements.

Further, even if true, as asserted by Plaintiffs, that Defendant argued that claims relating to Plaintiffs' prior employment are subject to the arbitration provision contained in the Severance Agreements, said defense is evidence that the Severance Agreements are part of the record in this action.

Clearly, the Severance Agreements were relevant to Plaintiffs' claims in this action.  The Severance Agreements are cognizable because they are integral to Plaintiffs' complaint and their authenticity cannot be denied.  See, e.g., Parrino v. FHP, Inc., 146 F.3d 699, 706, fn. 4 (9th Cir. 1998).

Plaintiffs' objection to Defendant's Request for Judicial Notice should be overruled.

DATED:  June 12, 2008            LAFAYETTE & KUMAGAI LLP

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
PACIFIC GAS & ELECTRIC COMPANY

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on June 12, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI

PGE\Know\Pldg\Mot for atty fees\Resp to Obj to RJN.doc