1

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)

2

SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN E. TURNER (State Bar No. 212417)

3

100 Spear Street, Suite 600
San Francisco, California 94105

4

Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

5

skumagai@lkclaw.com
gturner@lkclaw.com

6

7

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)

8

DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A

P.O. Box 7442

9

San Francisco, California 94105
Telephone: (415) 973-6345

10

Facsimile: (415) 973-5520
dprc@pge.com

11

12

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

13

14

UNITED STATES DISTRICT COURT

15

FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17

THOMAS KNOWLES and THOMAS
HICKS,

18

Plaintiffs,

19

vs.

20

PACIFIC GAS AND ELECTRIC
COMPANY, DEANNA RADFORD, and

21

DOES 1-20,

22

Defendant.

23

24

Case No. C 07-2284 CW

**DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S OBJECTIONS
TO PLAINTIFFS' EVIDENCE IN
OPPOSITION TO DEFENDANT'S
MOTION FOR COSTS AND
ATTORNEY FEES**

Date:        June 26, 2008
Time:        2:00 p.m.
Location:  Courtroom 2
Judge:      Hon. Claudia Wilken

Amended Complaint Filed:  Dec. 5, 2007

25

26

Defendant Pacific Gas and Electric Company ("PG&E") objects to plaintiffs' counsel's

27

declaration in support of Plaintiffs' Opposition to Defendant's Motion for Costs and Attorneys'

28

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Fees ("Plaintiff's Declaration").  Plaintiffs' declaration should be stricken for the following reason:

1.    Lack of Foundation:  Plaintiffs' counsel ("declarant") has not laid an adequate foundation to establish her personal knowledge of the subject matter.  A witness may not testify to any matter unless sufficient evidence is introduced to support a finding of the witness' personal knowledge of the subject matter.  Fed. R. Evid. 602.  Slevin v. Home Depot, 120 F.Supp.2d 822, 828-29 (N.D.Cal. 2000) (evidence objection sustained for lack of foundation); Visser v. Packer Engineering Associates, Inc., 924 F.2d 655 (7th Cir. 1991) (testimony in an affidavit is not admissible if it is outside personal knowledge.)

2.    Relevancy:  The declarant's statements are irrelevant to the motion at issues and are immaterial.  Only relevant evidence is admissible – that is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable of less probable that it would be without the evidence.  Fed. R. Evid. 401.  Gibbs v. Am. Airlines, Inc. (1999) 74 Cal.App.4th 14 (notwithstanding authority).

3.    Hearsay:  The declarant's statements regarding PG&E's conduct are hearsay.  No out of court statements to prove the truth of the matter asserting is allowed into evidence.  Fed. R. Evid. 802.  United States v. 0.59 Acres of Land, 109 F.3d 1493, 1495 (9th Cir. 1997); People v. Clark (1996) 45 Cal.App.4th 1147, 1156.

4.    Improper Opinion:  The declarant's statements do not determine any fact at issue rather they are conclusory and argumentative.  "Lay witnesses may only offer opinions which are rationally base don their perception and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.  They may not testify to legal conclusions or opinions that require special expertise or training."  Fed. R. Evid. 701.  National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997) (conclusory allegations without factual support are insufficient to defeat summary judgment;); Guthrey v. California (1998) 63 Cal.App.4[th] 1108, 1120 (plaintiff's declaration was objectionable because it was based on opinion and conclusions instead of evidentiary facts).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES
Case No. C 07-2284 CW

5.    <u>Speculation</u>:  The declarant's statement speculate facts not within her personal knowledge.  She provides no facts proving that PG&E performed in the matter alleged.  A lay witness may only testify about facts within his personal knowledge or matters he personally perceived.  Fed. R. Evid. 602, 701.

Defendant specifically objects to Plaintiffs' declaration as follows:

| **PLAINTIFF'S EVIDENCE** | **DEFENDANT'S OBJECTIONS** |
|---|---|
| 1.   Declaration of Mahsa Gholami In Support Of Opposition to Defendant PG&E's Motion for Costs and Attorney Fees ("Gholami Decl.") at ¶ 3. <br><br> Defendant PG&E has aggressively, in both written and oral communication, made it clear that they will not agree to arbitrate Plaintiffs' claims.  PG&E insists that the matters are not arbitrable because they are independent from the Severance Agreements that Plaintiffs entered into.  All of PG&E's moving papers, both in federal court and arbitration, confirm their adamant protest to any connection between the Severance Agreements and Plaintiffs' claims. | 1.   Lacks foundation; Relevancy; Argument |
| 2.   Gholami Decl. at ¶ 4. <br><br> PG&E still disagrees with the arbitrability of these claims.  PG&E left no choice for Plaintiffs but to file in federal court since they would not agree to arbitrate the disputes.  Plaintiffs filed their action in federal court because that was their only choice.  PG&E would not agree to arbitrate the disputes and insisted that the issues were unrelated to the Severance Agreements.  It is unreasonable, improper, contradictory, and inappropriate for PG&E to ask the Court to apply a paragraph from a document when they aggressively argued that another paragraph from that same document was in applicable. | 2.   Lacks foundation; Relevancy; Argument |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN
OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES
Case No. C 07-2284 CW

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

| PLAINTIFF'S EVIDENCE | DEFENDANT'S OBJECTIONS |
|---|---|
| 3.   Gholami Decl. at ¶ 5.<br><br>When Plaintiffs attempted to arbitrate the dispute, PG&E's counsel told my office that the case was not arbitrable. | 3.   Hearsay; Relevancy |
| 4.   Gholami Decl. at ¶ 5.<br><br>PG&E filed a Motion to Dismiss the Arbitration based on such belief. | 4.   Lacks foundation; Relevancy; Argument |
| 5.   Gholami Decl. at ¶ 5, Exh. 1.<br><br>I received a copy of such Motion to Dismiss from PG&E's counsel, addressed to Arbitrator Norman Brand.  A true and accurate copy of such motion is marked as EXHIBIT 1, and incorporated by reference herein. | 5.   Relevancy |
| 6.   Gholami Decl. at ¶ 6.<br><br>Plaintiffs have expended much time and money in their efforts to fight for the rights that PG&E promised them.  That is all they want.  Despite PG&E's statements in their moving papers that "PG&E attempted to resolve this matter with resort to courts . . ." (see p. 7:14-15 of Defendant's Notice of Motion and Motion for Attorney Fees), this is not true.  PG&E refused to negotiate or discuss informal resolutions.  All they have done is twisted this case around, using their big-firm tactics to bully Plaintiffs out of their rights that they were promised and relied upon. | 6.   Argument; Hearsay; Relevancy. |
| 7.   Gholami Decl. at ¶ 7.<br><br>PG&E's counsels' "billing" is also unreasonable.  My office did the same type of work, yet did not incur even close the fees that PG&E incurred.  My office also had to bill for traveling.  Our entire fees earned for the federal case <u>and the arbitration</u> do not come close to PG&E's demand for attorney fees.  I do not find it appropriate or fair that PG&E needed five experienced attorneys from two law firms to defend this action.  All of these fees are said to be earned for only reaching the Motion to Dismiss stage of the litigation. | 7.   Argument; Relevancy |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

| PLAINTIFF'S EVIDENCE | DEFENDANT'S OBJECTIONS |
|---|---|
| 8. Gholami Decl. at ¶ 7.<br><br>Further, PG&E's arguments and legal research were essentially duplicative from the arbitration proceedings, and therefore, PG&E did not really incur the fees they say they did. All they had to do was copy/paste their arguments from the arbitration and make some changes for the federal court. To double-bill for this now is inappropriate. | 8. Lacks Foundation; Relevancy; Speculation; Argument. |
| 9. Gholami Decl. at ¶ 7.<br><br>Finally, Plaintiffs are regular workers and have seriously struggled to pay their fees in this action. Although PG&E hoped that they could bully Plaintiffs out of their claims, Plaintiffs did not give up. Having to pay over $70,000.00 in legal fees for work done in a Motion to Dismiss, before any depositions were even taken, is inequitable, especially since as stated above, PG&E already had many of these arguments and legal research from the arbitration proceedings. | 9. Relevancy; Argument; Lacks Foundation |
| 10. Gholami Decl. at ¶ 8.<br><br>PG&E has insisted that these claims have nothing to do with Plaintiffs' Severance Agreements. Now, and only because if benefits them, they want to use the Agreements to get their fees paid. They should not be permitted to contradict their arguments now. | 10. Argument; Lacks Foundation. |

DATED: June 12, 2008           LAFAYETTE & KUMAGAI LLP


                                _/s/ Glen Turner_____
                                GLEN TURNER
                                Attorneys for Defendant
                                PACIFIC GAS & ELECTRIC COMPANY

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN
OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES
Case No. C 07-2284 CW

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on June 12, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ Glen Turner
GLEN TURNER

PGE\Know\Pldg\Mot for atty fees\Object to Evid - Motion for atty fees.doc

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES
Case No. C 07-2284 CW