IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES AND THOMAS HICKS,<br><br>  Plaintiffs,<br><br>  v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br>DEANNA RADFORD, AND DOES 1-20,<br><br>  Defendants.<br>_____/ | No. C 07-2284 CW<br><br>**AMENDED** ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND **AND SETTING CASE MANAGEMENT CONFERENCE FOR COUNTERCLAIMS** |

Defendants Pacific Gas & Electric Company (PG&E) and Deanna Radford move pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Plaintiffs' first, second, third, and fifth claims as time-barred and for failure to state a claim upon which relief can be granted. Defendant International Brotherhood of Electrical Workers, Local 1245 (IBEW) moves separately pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' fourth claim as time-barred and for failure to state a claim upon which relief can be granted. Plaintiffs oppose these motions. The motions were heard on March 6, 2008. Having considered oral argument on the motions and all of the papers filed by the parties,

this Court GRANTS PG&E and IBEW's motion to dismiss, without leave to amend.

BACKGROUND

The facts are described in the Court's November 29, 2007 Order. Additional relevant facts are taken from Plaintiffs' First Amended Complaint (FAC) and from the documents of which the Court took judicial notice in the November 29, 2007 Order. (November 29, 2007 Order at 6.)

Plaintiffs allege that PG&E, through its employee Deanna Radford, orally represented to them that they were entitled to a sixty-month preferential re-employment benefit, although they do not say when she did so. (FAC at ¶ 6.) Plaintiffs' employment with PG&E was terminated on May 7, 2001. (Id. Exh. 4, at 5, 8 (Employee Notices.)) They signed severance agreements in June, 2001. Prior to January 24, 2006, Plaintiffs both requested re-employment with PG&E, but PG&E denied their requests and denied ever making a promise of re-employment. (Id. at ¶ 9.) Plaintiffs allege that they approached IBEW for assistance, and were told that their problem was not a union issue so IBEW could not help them. (Id. at ¶ 10.)

Plaintiffs do not provide the date that they first complained to IBEW. They do say that they tried to exercise their re-employment rights with PG&E, that they went immediately to IBEW upon PG&E's denial, and that they then sent PG&E a demand letter on January 24, 2006. (Id. at ¶ 68.) On November 26, 2007, Plaintiffs sent a letter to IBEW in which they requested enforcement of PG&E's promise of the sixty-month right to re-employment preference. (Id.

2

at ¶ 11).

## PROCEDURAL HISTORY

On August 23, 2006, Plaintiffs filed an action in state court against Defendant PG&E for failing to provide the sixty-month preferential re-employment benefit, alleging five state law causes of action: (1) breach of contract; (2) request for specific performance; (3) breach of implied covenant of good faith and fair dealing; (4) age discrimination in violation of the California Fair Employment and Housing Act (FEHA), California Government Code § 12940(a); and (5) malice, oppression and fraud. On October 16, 2006, Defendants removed that action to this Court. See Knowles v. Pacific Gas & Electric, C 06-6430 EMC. On October 30, 2006, Plaintiffs voluntarily dismissed that case without prejudice in order to pursue arbitration.

On April 26, 2007, Plaintiffs filed a new federal complaint against PG&E and Deanna Radford, a PG&E employee. Plaintiffs alleged the same five causes of action they had stated in their August 23, 2006 complaint.

On November 29, 2007, this Court granted, with leave to amend, Defendant PG&E's motion to dismiss Plaintiffs' complaint, concluding that Plaintiffs' causes of actions for breach of contract, specific performance, breach of the implied covenant of good faith and fair dealing, and age discrimination under FEHA were preempted by § 301 of the Labor Management Relations Act (LMRA).[1]

---

[1] At the time PG&E filed its motion to dismiss, Radford had not yet been served.

3

The Court granted Plaintiffs leave to amend to state a claim under LMRA. In the November 29, 2007 Order, the Court also dismissed Plaintiffs' fraud claim and granted leave to amend to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

This Court explained:

> When § 301 preempts a state law claim, that claim may be effectively re-characterized as one brought under § 301 for breach of the collective bargaining agreement. <u>Young</u>, 830 F.2d at 997. However, an "employee seeking a remedy for an alleged breach of the collective bargaining agreement must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit . . . under 301(a) of the Labor Management Relations Act." <u>Clayton v. Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am.</u>, 451 U.S. 679, 681 (1981). Moreover, in order for an employee to recover under § 301, he must also show that his union breached its duty of representation. <u>Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558, 564 (1990).
>
> . . .
>
> The Supreme Court has held that actions under the LMRA are governed by the six-month statute of limitations set out in § 10(b) of the National Labor Relations Act. <u>DelCostello v. Teamsters</u>, 462 U.S. 151, 163-164 (1983). Claims outside of that six-month period are subject to dismissal. <u>Id.</u> at 155. However, a statute of limitations may be tolled under either the doctrine of equitable tolling or the doctrine of equitable estoppel. <u>Huseman v. Icicle Seafoods, Inc.</u>, 471 F.3d 1116, 1120 (9th Cir. 2006). Therefore, if Plaintiffs file an amended complaint, they must allege the LMRA claims are exhausted and timely, and if not, they must allege how equitable tolling or equitable estoppel apply. They must also allege, if they can truthfully do so, that their union violated its duty of fair representation.

4

(November 29, 2007 Order at 20-21.)

On December 5, 2007, Plaintiffs filed their FAC in which they allege the following causes of action: (1) breach of contract against Defendants PG&E and Deanna Radford in violation of § 301 of the LMRA; (2) breach of the implied covenant of good faith and fair dealing against Defendants PG&E and Deanna Radford in violation of § 301 of the LMRA; (3) age discrimination in employment under FEHA against Defendants PG&E and Deanna Radford; (4) breach of the duty of fair representation by IBEW in violation of § 301 of the LMRA and (5) fraud against Defendants PG&E and Deanna Radford.

In the November 29, 2007 Order, Plaintiffs were instructed that their age discrimination in employment claim was preempted by the LMRA and could only be stated as a claim under § 301 of the LMRA. (November 29, 2007 Order at 15.) Despite this instruction, Plaintiffs again plead a FEHA claim. (FAC at ¶ 44.) Therefore, the FEHA claim construed as an LMRA claim.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as the statute of limitations. See Jablon v.

5

1  Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on
2  statute of limitations grounds can be granted pursuant to Rule
3  12(b)(6) "only if the assertions of the complaint, read with the
4  required liberality, would not permit the plaintiff to prove that
5  the statute was tolled." Id.
6      In considering whether the complaint is sufficient to state a
7  claim, the court will take all material allegations as true and
8  construe them in the light most favorable to the plaintiff. NL
9  Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
10 Although the court is generally confined to consideration of the
11 allegations in the pleadings, when the complaint is accompanied by
12 attached documents, such documents are deemed part of the complaint
13 and may be considered in evaluating the merits of a Rule 12(b)(6)
14 motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th
15 Cir. 1987).
16     When granting a motion to dismiss, the court is generally
17 required to grant the plaintiff leave to amend, even if no request
18 to amend the pleading was made, unless amendment would be futile.
19 Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
20 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment
21 would be futile, the court examines whether the complaint could be
22 amended to cure the defect requiring dismissal "without
23 contradicting any of the allegations of [the] original complaint."
24 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
25 Leave to amend should be liberally granted, but an amended
26 complaint cannot allege facts inconsistent with the challenged
27 pleading. Id. at 296-97. The court has broad discretion to deny
28

6

1  leave to amend once the plaintiff has already had an opportunity to
2  amend.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th
3  Cir. 1987).

## DISCUSSION

I.   Breach of Duty of Fair Representation Against IBEW

   A.   Statute of Limitations

   Under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), a plaintiff has six months to bring a claim against a union for breach of the duty of fair representation. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983).  Generally, the limitations period begins to run when the employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]."  Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986) (internal quotations and citations omitted).  When the claim is based on a failure of the union to process a grievance, the cause of action generally accrues when the employee learns or should have learned of the union's decision.  Id.

   In their FAC, Plaintiffs' fourth cause of action alleges that IBEW breached its duty of fair representation by failing to investigate Plaintiffs' oral complaints, to pursue administrative remedies for Plaintiffs, to communicate with Defendant PG&E regarding Plaintiffs' grievances and to enforce the collective bargaining agreement.  Plaintiffs allege that IBEW's actions were arbitrary, discriminatory and in bad faith.  Defendant IBEW argues that Plaintiffs' claim is barred by the statute of limitations and, alternatively, fails to allege facts giving rise to a claim against

7

it.

Plaintiffs respond that their complaint is timely because the statute of limitations is tolled under the doctrine of equitable estoppel, equitable tolling or the relation back doctrine. Plaintiffs do not provide the dates of certain relevant events. However, by at least January 24, 2006, the date that Plaintiffs sent a letter to PG&E after they allegedly were turned away from IBEW, Plaintiffs had notice of both PG&E's and IBEW's adverse decisions.

Plaintiffs' cause of action against IBEW, therefore, accrued before January 24, 2006. Under the six-month statute of limitation, Plaintiffs had, at the latest, until July 25, 2006 to file a claim against IBEW. Plaintiffs filed their claim against IBEW on December 5, 2007, after the statute of limitations had run. Therefore, if neither equitable tolling nor estoppel applies, Plaintiffs' fourth cause of action against IBEW is time-barred.

        1.  Equitable Estoppel

"Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). To invoke equitable estoppel, plaintiffs must allege facts indicative of "improper purpose by the defendant, or of the defendant's actual or constructive knowledge that its conduct was deceptive." Stallcop v. Kaiser Foundation Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987). "Conduct or representations" by the defendant that "tend to lull the plaintiff into a false sense of security can estop the defendant from raising the statute of limitations, on the general

8

1  equitable principle that no man may take advantage of his own
2  wrong."  Atkins v. Union Pacific R. Co., 685 F.2d 1146, 1149 (9th
3  Cir. 1982) (internal quotations omitted); Huseman v. Icicle
4  Seafoods, Inc., 471 F.3d 1116, 1121 (9th Cir. 2006).  A plaintiff
5  must show that the defendant engaged in "affirmative misconduct."
6  Diaz v. Safeway Inc., 2007 WL 2793367, at *5 (N.D. Cal.) (citing
7  Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001)).
8  "Affirmative misconduct" involves "a deliberate lie" or "a pattern
9  of false promises."  Id.

10     Although Plaintiffs state that they relied upon IBEW's
11 representation that their right to re-employment was not a union
12 issue, they fail to allege facts indicating that IBEW acted
13 deceptively.  (FAC at ¶¶ 68, 74.)  Plaintiffs only allege that they
14 were "haphazardly dismissed by the union."  (Id.)  IBEW's alleged
15 "haphazard" dismissal does not amount to deception.  At most, based
16 on the allegations in the FAC, someone in the IBEW office gave
17 Plaintiffs incorrect information.  (Id.)  Furthermore, Plaintiffs'
18 allegation that PG&E's actions lulled them into a false sense of
19 security does not implicate IBEW in any misrepresentation.  (Id. at
20 ¶ 74.)

21     Plaintiffs argue that their allegations that IBEW's failure to
22 investigate their complaint, to pursue administrative remedies, to
23 communicate with Defendant PG&E regarding their grievances and to
24 enforce the collective bargaining agreement were arbitrary,
25 discriminatory and in bad faith are sufficient to show equitable
26 estoppel.  Plaintiffs are mistaken.  These conclusory allegations
27 comprise their duty of fair representation claim but do not also

9

serve to state the deception requirement for equitable estoppel.

Plaintiffs argue that, because IBEW told them their claim was not a union issue, they did not have notice of a claim against IBEW until the hearing when the Court ruled that their claims were preempted by § 301 of the LMRA. This argument is unpersuasive. Plaintiffs had notice of their claim against IBEW on the day that the union refused to represent them, which was before January 24, 2006. Therefore, Plaintiffs fail to provide factual allegations supporting a basis for equitable estoppel.

### 2. Equitable Tolling

Equitable tolling may be invoked to "excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." Leorna v. United States Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997). "Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, <u>despite all due diligence</u>, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Huseman, 471 F.3d at 1120 (9th Cir. 2006) (internal quotations and citations omitted) (emphasis in original). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Courts apply the doctrine of equitable tolling only sparingly, and are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal

rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Moreover, "'once a claimant retains counsel, tolling ceases because [the claimant] has gained the means of knowledge of [the claimant's] rights and can be charged with constructive knowledge of the law's requirements.'" Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002) (quoting Leorna, 105 F.3d at 551.)

According to their FAC, not only had Plaintiffs' grievance been rejected by IBEW, but Plaintiffs had retained counsel by at least January 24, 2006. (FAC at ¶ 68.) Therefore, by that date, Plaintiffs had constructive if not actual knowledge of IBEW's possible breach of duty.

Plaintiffs contend that they waited until August, 2006 to file their state law claims because they first wanted to receive right-to-sue letters from the California Department of Fair Employment and Housing (DFEH). (Id. at ¶ 68). However, Plaintiffs did not need right-to-sue letters from the DFEH to sue their union for breach of duty of representation under the LMRA. Plaintiffs do not explain why exhaustion with the DFEH should toll the statute of limitations on their LMRA claim against IBEW. Therefore, equitable tolling does not apply.

       3. Relation Back

Plaintiffs argue that their duty of fair representation claim relates back to the date of their original complaint, which was filed on August 23, 2006. (Id. at ¶ 78.) Under Federal Rule of Civil Procedure 15(c), a new claim relates back to the date of an original pleading if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

11

1  pleading." Fed. R. Civ. P. 15(c)(2); Mayle v. Felix, 545 U.S. 644,
2  656 (2005).  "The relation back doctrine allows untimely claims to
3  be deemed timely by treating the claims as if they had been filed
4  when the timely claims were filed." Mandacina v. United States,
5  328 F.3d 993, 1000 (8th Cir. 2003).  The relation back doctrine
6  does not help Plaintiffs here because even their original complaint
7  was filed after the July 25, 2006 deadline.
8      Furthermore, for relation back to apply, a new defendant must
9  have had notice of the claim against it.  Plaintiffs fail to allege
10 that IBEW received notice before Plaintiffs wrote to it on November
11 26, 2007, after the statute of limitations had run.
12     B. Failure to State a Claim
13     Even if Plaintiffs' claims here were not time-barred, they
14 fail to state a claim that IBEW breached its duty of fair
15 representation.  In order to bring a successful claim for breach of
16 the duty of fair representation under the LMRA against a union, a
17 plaintiff must demonstrate that the union's "actions are either
18 'arbitrary, discriminatory, or in bad faith,'" a standard that
19 applies to "all union activity." Air Line Pilots v. O'Neill, 499
20 U.S. 65, 67 (1991) (quoting Vaca v. Sipes, 386 U.S. 171, 190
21 (1967)).  The Supreme Court explained that a "union's actions are
22 arbitrary only if, in light of the factual and legal landscape at
23 the time of the union's actions, the union's behavior is so far
24 outside a 'wide range of reasonableness,' as to be irrational."
25 Id. (citations omitted).  For a plaintiff to prove that a union's
26 actions were discriminatory or in bad faith, "[t]here must be
27 'substantial evidence of fraud, deceitful action or dishonest
28

12

conduct.'" <u>Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of America v. Lockridge</u>, 403 U.S. 274, 299 (1971) (quoting <u>Humphrey v. Moore</u>, 375 U.S. 335, 348 (1964)).

Plaintiffs do not allege that the union acted with fraud, deceit, or misconduct.  Instead, Plaintiffs summarily contend that "by failing to investigate Plaintiffs' complaint, failing to provide administrative remedies, failing to communicate with Defendant PG&E regarding Plaintiffs' grievances, and failing to enforce the collective bargaining agreement, Defendant IBEW's conduct was arbitrary, discriminatory and in bad faith."  (FAC at ¶ 51).  Plaintiffs do not provide any facts that explain how IBEW's failure to act constituted fraud, deceitful action or dishonest conduct.  In fact, Plaintiffs later characterize IBEW's actions as "haphazard," which undercuts their contention that IBEW was driven by an illegal motive.  (FAC at ¶ 66.)  Even if Plaintiffs' claims were not time-barred, they would be dismissed for failure to state a claim under the LMRA.

Therefore, Plaintiffs' claim for breach of the duty of fair representation against IBEW is dismissed.  Leave to amend is denied because Plaintiffs have been given an opportunity to allege any facts that would excuse the fact that the claim was filed outside the statutory time limit, and they have not done so.

II.  Claims Against PG&E

A.  LMRA Claim

In their first, second and third causes of action, Plaintiffs allege PG&E violated § 301 of the LMRA.  In order to bring a claim under § 301 of the LMRA against an employer, plaintiffs must have

13

first exhausted any contractual remedies in the collective bargaining agreement and must show that their union breached its duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 184-86 (1967); DelCostello, 462 U.S. at 165. Under the LMRA, claims against an employer are "inextricably interdependent" with claims against a union. DelCostello, 462 U.S. at 164. Although a plaintiff is not required to sue the union in order to bring a claim against an employer, a plaintiff is required to "carry the burden of demonstrating a breach of duty by the Union." Id. at 165. Plaintiffs have six months after their cause of action accrues to file a § 301 claim against an employer. Id. at 171-172. Because Plaintiffs do not have a viable claim against IBEW, their § 301 claims against PG&E must fail.

Defendants PG&E and Deanna Radford also move to dismiss Plaintiffs' LMRA claims as time-barred and argue that neither equitable tolling nor equitable estoppel apply.

### 1. Statute of Limitations

The six-month limitations period of Section 10(b) begins to run on the date that Plaintiffs "knew or should have known of the defendant's wrongdoing." Allen v. United Food & Commercial Workers Int'l Union, 43 F.3d 424, 427 (9th Cir. 1994) (citing Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1396 (9th Cir. 1986)). Based on their allegations, Plaintiffs knew of Defendant PG&E's wrongful conduct by January 24, 2006. (FAC at ¶ 68.) Plaintiffs filed their complaint against Defendant PG&E in August, 2006, after the six month statutory period had run. Therefore, Plaintiffs' claims against PG&E are

14

time-barred, unless equitable estoppel or equitable tolling applies.

### a. Equitable Estoppel

Plaintiffs argue that PG&E lulled them into a false sense of security and, therefore, should be estopped from raising the statute of limitations. (FAC at ¶ 74.) A plaintiff's reliance upon a defendant's representations during litigation does not trigger equitable estoppel because the opposing party has no duty to inform the plaintiff of the statute of limitations. Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998) (citing Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987)). Moreover, it is a plaintiff's responsibility to adhere to the procedural requirements underlying his claim and it is not the defendant's duty to advise the plaintiff where an action might be present. Williams v. United States, 711 F.2d 893, 899 (9th Cir. 1983); Diaz v. Safeway Inc., 2007 WL 2793367, *5 (N.D. Cal.).

Plaintiffs contend that they relied on PG&E's argument that their August, 2006 state court complaint should be dismissed to pursue arbitration. They allege that, once in arbitration, PG&E "claimed that Plaintiffs' causes of action are not arbitrable and they must exclusively be handled at the federal level." (FAC at ¶ 70.) Plaintiffs' argument fails for three reasons. First, PG&E's actions occurred after the statute of limitations had run; thus they have no bearing upon Plaintiffs' failure to file within the statute of limitations. Second, Defendant PG&E had no duty to advise Plaintiffs' counsel on the procedural requirements for pursing an LMRA claim. Third, Plaintiffs' counsel could not rely

15

1  on arguments made by PG&E regarding the proper procedure to pursue
2  Plaintiffs' claims.  Therefore, Plaintiffs' argument for equitable
3  estoppel fails.

### b. Equitable Tolling

As stated previously, equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. Huseman, 471 F.3d at 1120. Plaintiffs do not allege that they were unable to obtain vital information bearing on the existence of their LMRA claim. Therefore equitable tolling does not apply, and Plaintiffs' LMRA claims against PG&E must be dismissed as time-barred.

### B. Fraud

In the November 29, 2007 Order, the Court granted Plaintiffs leave to amend to plead a fraud claim with the particularity required by Rule 9(b). (November 29, 2007 Order at 17.) Such allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987) (superseded on other grounds), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded on other grounds).

16

1    In their FAC, Plaintiffs allege that Defendants PG&E and
2 Radford's oral promise of a sixty-month right to re-employment was
3 a material misrepresentation intended to induce Plaintiffs into
4 "entering into Severance Agreements and working during the O&M
5 period."  (FAC at ¶ 58.)

6    Plaintiffs have not provided the date that PG&E and Radford
7 made the oral promise, but they allege the oral promise was made to
8 induce them (1) to continuing working during the O&M period and (2)
9 to enter into the severance agreements.  These two time periods
10 were over two years apart.  The first was during their employment
11 with PG&E and the second was after they were laid off.

12    A fraud claim may be preempted by the LMRA.  The preemptive
13 force of § 301 of the LMRA "extends to fraud claims when resolution
14 of the claims is inextricably intertwined with terms in a labor
15 contract."  Aquilera v. Pirelli Armstrong Tire Corp., 223 F.3d
16 1010, 1016 (9th Cir 2000); Bale v. General Telephone Co., 795 F.2d
17 775, 779-80 (9th Cir. 1986).

18    If the oral promise was made during the O&M period, when
19 Plaintiffs' employment was covered by the CBA, their fraud claim
20 would be preempted by § 301 of the LMRA and would be time-barred.

21    If the oral promise was made to induce Plaintiffs to enter
22 into the severance agreements, after they were no longer employed
23 by PG&E or covered by the CBA, then the oral promise could be
24 covered by the severance agreements' arbitration clause.  In fact,
25 on December 3, 2007, the arbitrator issued an interim award that
26 held in part, "Claimants' allegation of an oral agreement to
27 provide them a sixty month preferential right to rehire -- as part

28                                17

of the Severance Agreement and Release, or to induce them to sign it -- is arbitrable."

Accordingly, Plaintiffs' fraud claim must be dismissed, either as preempted by § 301 of the LMRA, or as subject to arbitration.

III. Claims Against Deanna Radford

Because Deanna Radford is not a proper defendant in a LMRA claim, all LMRA claims against her are dismissed without leave to amend on this ground as well. Williams v. Kiewit Pacific Co., 2006 WL 213745, *2 (N.D. Cal.) (explaining that "§ 301 suits are confined to Defendants who are signatories of the collective bargaining agreement under which they are brought.")

CONCLUSION

Based on the foregoing, Defendants' motions to dismiss are granted. Dismissal is without leave to amend. **Defendants' counter claims are still pending. A case management conference regarding the counterclaims is scheduled for Tuesday, August 5, 2008 at 2:00 pm.**

IT IS SO ORDERED.

Dated: 7/8/08

CLAUDIA WILKEN
United States District Judge

18