Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.<br><br>Defendants. | Case No.:  C-07-2284-CW<br><br>**DECLARATION OF ATTORNEY JAMES SANSONE IN SUPPORT OF PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' SUR-OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Date: June 26, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Honorable Claudia Wilken |

I, James Sansone, declare as follows:

1) I am an attorney, licensed to practice before the Courts in the State of California and the United States District Court for the Northern District of California. I am an attorney for Beck Law, P.C. attorneys of record for Plaintiffs THOMAS KNOWLES and THOMAS HICKS. I have personal knowledge of the facts stated in this declaration or have reviewed my file to refresh my recollection. I could competently testify thereto if called as a witness.

1

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur-Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

2) On July 23, 2008 Plaintiffs Thomas Knowles and Thomas Hicks and Defendant Pacific Gas & Electric Company attended an arbitration hearing before Arbitrator Norman Brand on Defendant PG&E's Motion for Summary Judgment.

3) Arbitrator Brand issued his ruling and final judgment on July 27, 2008.

4) Arbitrator Brand's ruling, (Ruling on Summary Judgment and Attorney Fees page 8, second paragraph), clearly states "[c]laimants did not initiate a proceeding to set aside the SAR, [Severance and Release Agreement], and ¶11, [of the SAR], does not make them liable for PG&E costs (including attorney's fees) expended in the federal court action."

5) Both this federal court action and the arbitration have identical parties. Both actions include PG&E, Thomas Knowles, and Thomas Hicks.

6) PG & E has insisted that these claims have nothing to do with Plaintiffs' Severance Agreements. Now, and only because if benefits them, they want to use the Agreements to get their fees paid. They should not be permitted to contradict their arguments now.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct. Executed this 31st day of July 2008, at Santa Rosa, California.

Respectfully Submitted,

_____
James V. Sansone, Esq.

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur-Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

# PROOF OF SERVICE

CASE NAME: *Thomas Knowles and Thomas Hicks vs. PG&E, et al.*

COURT and CASE NO.: C-07-02284-CW

DOCUMENT NAME: Declaration of Attorney James Sansone in Support of Plaintiffs Thomas Knowels and Thomas Hicks' Sur-Opposition to Defendants' Motion for Costs and Attorney Fees; Memorandum of Points and Authorities in Support Thereof.

I declare as follows:

I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my business name and address is: 2681 Cleveland Avenue, Santa Rosa, CA 95403.

On **July 31, 2008**, I caused to be served said document on the following parties involved as follows:

Darren P. Roach, Esq.  
Pacific Gas & Electric  
P.O. Box 7442  
San Francisco, CA 94120  
(415) 973-5531, fax

Susan Kumagai, Esq.  
Lafayette & Kumagai LLP  
100 Spear Street, Suite 600  
San Francisco, CA 94105  
(415) 357-4605, fax

__XX__ BY MAIL: I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at Santa Rosa, CA. (CCP §1013(a)(1)).

__XX__ VIA FACSIMILE TRANSMISSION. (CCP §1013)

*Melanie Jackson* (signature)  
Melanie Jackson, Paralegal