Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:    (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20.<br><br>Defendants. | Case No.:  C-07-2284-CW<br><br>**PLAINTIFFS THOMAS KNOWLES AND THOMAS HICKS' SUR-OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Date: June 26, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Honorable Claudia Wilken |

## I.    INTRODUCTION

On July 23, 2008 Plaintiffs Thomas Knowles and Thomas Hicks (hereinafter collectively called "Plaintiffs") and Defendant Pacific Gas & Electric Company (hereinafter called "Defendant PG&E") attended an arbitration hearing before Arbitrator Norman Brand on Defendant PG&E's Motion for Summary Judgment.  Arbitrator Brand granted in full PG&E's Motion for Summary Judgment but ruled that PG&E was not entitled to reimbursement of their attorney's fees.  Specifically, Arbitrator Brand held that "[c]laimants did not initiate a proceeding to set aside the SAR, [Severance and Release Agreement], and ¶11, [of the SAR], does not make them liable for PG&E costs (including attorney's fees) expended in the federal court action."

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur- Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

III.    **ARGUMENT**

A. DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES SHOULD BE
DENIED BASED UPON RES JUDICATA.

The doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy. The doctrine has a double aspect. In its primary aspect, commonly known as "claim preclusion," it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [*People v. Barragan* (2004) 32 Cal. 4th 236]

Res judicata applies when an earlier suit before a court of competent jurisdiction: 1) involved the same claim or cause of action, 2) reached a final judgment on the merits and 3) involved identical parties. [*Mpoyo v. Litton Electro-Optical Systems* (9th Circuit) 430 F.3d 985,987]

Here, res judicata prevents Defendant PG&E from bringing its Motion for Costs and Attorney Fees in this court.

1) Same Claim or Cause of Action

In this action, as well as the recently concluded arbitration, PG&E asserts that they are entitled to their attorney's fees based exclusively on the grounds that Plaintiffs breached paragraph eleven (11) of the Severance and Release Agreement. PG&E's claims and cause of action in federal court and arbitration are identical.

2) Final Judgment on the Merits

Once the award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification. [Cal Code Civ Proc § 1287.4] Here, Arbitrator Brand issued his ruling and final judgment on July 27, 2008.

/ / /

2

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur- Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

1    Arbitrator Brand's ruling, (Ruling on Summary Judgment and Attorney Fees page 8, second

2    paragraph), clearly states "[c]laimants did not initiate a proceeding to set aside the SAR,

3    [Severance and Release Agreement], and ¶11, [of the SAR], does not make them liable for

4    PG&E costs (including attorney's fees) expended in the federal court action."

5        3)  Identical Parties

6        Both this federal court action and the arbitration have identical parties.  Both actions include

7    PG&E, Thomas Knowles, and Thomas Hicks.

8        Based on the foregoing reasons, Defendant PG&E's claim for costs and attorney's fees is

9    barred by the doctrine of res judicata.

10    B.  DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES SHOULD BE
         DENIED BASED UPON COLLATERAL ESTOPPEL.
11

12    Under the doctrine of collateral estoppel, or "issue preclusion," a court's decision on an issue

13    of fact or law necessary to the judgment precludes the parties from re-litigating the same issue as

14    part of a different cause of action.  [Allen v. McCurry (1980) 449 U.S. 90, 94; *Parklane Hosiery*

15    *Co, Inc. v. Shore* (1979) 439 U.S. 322, 326; *San Remo Hotel, L.P. City & County of San*

16    *Francisco, Calif.* (2005) 545 U.S. 323, 336]

17    Collateral estoppel may be asserted if 1) there was a full and fair opportunity to litigate the

18    identical issue in the prior action, 2) the issue was actually litigated in the prior action, 3) the

19    issue was decided in a final judgment on the merits and was necessary to the judgment, and 4)

20    the party against whom issue preclusion is asserted was a party or in privity with a party to the

21    original action. [*Syverson v. International Business Machines Corp.* (9th Cir. 2007) 472 f.3d

22    1072, 1079]

23        1)  Full and Fair Opportunity to Litigate Identical Issue

24    In this action, as well as the recently concluded arbitration, PG&E asserts that they are

25    entitled to their attorney's fees based exclusively on the grounds that Plaintiffs breached

26    paragraph eleven (11) of the Severance and Release Agreement.  PG&E's claims and cause of

27    action in federal court and arbitration are identical.  PG&E had a full and fair opportunity, and in

28    fact did litigate this issue in arbitration.

/ / /                                                      3

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.:  C-07-2284 CW
Plaintiffs' Sur- Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

2)  Issue Was Actually Litigated in Prior Action

The issue of payment of attorney's fees and costs was litigated, not only in PG&E's Motion for Summary Judgment, but also in oral arguments at the hearing.  PG&E presented their evidence, oral and written arguments and lost this issue.

3)  Issue Was Decided in a Final Judgment

Once the award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification.  [Cal Code Civ Proc § 1287.4]  Here, Arbitrator Brand issued his ruling and final judgment on July 27, 2008.

Arbitrator Brand's ruling, (Ruling on Summary Judgment and Attorney Fees page 8, second paragraph), clearly states "[c]laimants did not initiate a proceeding to set aside the SAR, [Severance and Release Agreement], and ¶11, [of the SAR], does not make them liable for PG&E costs (including attorney's fees) expended in the federal court action."

4)  Party Against Whom Issue Preclusion is Asserted Was a Party or In Privity With a Party To The Original Action

Both this federal court action and the arbitration have identical parties.  Both actions include PG&E, Thomas Knowles, and Thomas Hicks.

Based on the foregoing reasons, Defendant PG&E's claim for costs and attorney's fees is barred by the doctrine of collateral estoppel.

C.  DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES SHOULD BE DENIED BECAUSE PLAINTIFFS' ACTION WAS NOT BASED ON THE SEVERANCE AGREEMENT.

Defendant has, from the start, done everything to prove to this Court that Plaintiffs' action has nothing to do with the Severance Agreements, yet ironically, now that it benefits them, Defendant suddenly wants to use the Severance Agreement.  They adamantly refuted the arbitration clause in the Agreement, yet now, are fighting for the attorney's fees clause of that same Agreement.  Defendant PG&E can't be allowed to pick and choose when they want the Severance Agreement to apply and when they don't want it to apply based on what will give them the greatest relief.

4

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur- Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

# IV. CONCLUSION

A Motion for Summary Judgment was decided in PG&E's favor on July 27, 2008. This decision not only did not award PG&E costs and attorney's fees, but specifically stated "[c]laimants did not initiate a proceeding to set aside the SAR, [Severance and Release Agreement], and ¶11, [of the SAR], does not make them liable for PG&E costs (including attorney's fees) expended in the federal court action." Based upon the doctrines of res judicata and collateral estoppel Defendant PG&E's claim for costs and attorney's fees must be denied.

Moreover, Plaintiffs' action was found to be preempted by Section 301 of the Labor Management Relations Act. The Court found that Plaintiffs' claims were dependent on their Collective Bargaining Agreement. This was PG & E's position from the beginning, and PG & E adamantly argued that the Severance Agreements had nothing to do with Plaintiffs' claims. Defendant PG & E cannot now, suddenly, bring up the Severance Agreements in order to obtain attorney fees from a provision contained in such Agreements when they have consistently argued that this case has nothing to do with Severance Agreements.

Based on the foregoing arguments, as well as the Court's understanding of this case's history, Plaintiffs respectfully ask that the Court deny Defendant PG & E's request for attorney fees and costs.


                                        Respectfully Submitted,

Dated: July 31, 2008                    BECK LAW, P.C.



                        By: _____
                            James V. Sansone, Esq.

*Knowles & Hicks v. PG & E, et al.*
United States District Court Case No.: C-07-2284 CW
Plaintiffs' Sur- Opposition to Defendant PG & E's Motion For Costs and Attorney Fees

**PROOF OF SERVICE**

CASE NAME:                 *Thomas Knowles and Thomas Hicks vs. PG&E, et al.*

COURT and CASE NO.:        C-07-02284-CW

DOCUMENT NAME:             Plaintiffs Thomas Knowels and Thomas Kicks' Sur-Opposition to
                           Defendants' Motion for Costs and Attorney Fees; Memorandum of
                           Points and Authorities in Support Thereof.

I declare as follows:

I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my

business name and address is: 2681 Cleveland Avenue, Santa Rosa, CA 95403.

On **July 31, 2008**, I caused to be served said document on the following parties involved as

follows:

Darren P. Roach, Esq.                      Susan Kumagai, Esq.
Pacific Gas & Electric                     Lafayette & Kumagai LLP
P.O. Box 7442                              100 Spear Street, Suite 600
San Francisco, CA 94120                    San Francisco, CA 94105
(415) 973-5531, fax                        (415) 357-4605, fax


 XX  BY MAIL:  I caused each such envelope above, with postage thereon fully prepaid, to be

placed in the United States mail at Santa Rosa, CA. (CCP §1013(a)(1)).


 XX  VIA FACSIMILE TRANSMISSION. (CCP §1013)


                                           Melanie Jackson
                                           Melanie Jackson, Paralegal